# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF TENNESSEE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 2:21-CV-00080-JRG-CRW |
| WALGREEN COMPANY, | ) ) ) |
| Defendant. | ) ) ) |

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS I-VI OF PLAINTIFFS' COMPLAINT**

The Chamber of Commerce of the United States of America ("Chamber"), a non-party to this action, respectfully requests leave to file the attached brief as *amicus curiae* in support of Walgreen Co. ("Walgreens"). A proposed order granting this motion is also attached. Walgreens has consented to the filing of this brief; counsel for the United States has indicated that Plaintiffs will determine what position to take after reviewing this motion and the proposed brief.

No Federal Rule of Civil Procedure or Local Rule governs *amicus* participation in this Court. *Amicus* participation therefore "is a privilege within 'the sound discretion of the courts,'" *Graham v. Potter*, No. 1:06-CV-166, 2006 WL 3740851, at *1 n.1 (E.D. Tenn. Dec. 15, 2006) (quoting *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991)), and judges in this District have previously granted leave for the filing of *amicus* briefs where appropriate. *See Verble v. Morgan Stanley Smith Barney*, LLC, No. 3:15-cv-74-TAV-CCS, 2015 WL 12930320, at *1 (E.D. Tenn. Apr. 9, 2015); *Kucera v. Jefferson County Board of School Commissioners*, No. 3:03-cv-593-CLC-DCP, 2013 WL 654922, at *5 n.6 (E.D. Tenn. Feb. 21, 2013).

Leave is appropriate here because the proposed brief, informed by the Chamber's unique perspective, will assist the Court's decisionmaking process, underscoring the broader implications of the issues raised by this case. The Chamber is the world's largest business federation. It represents approximately 300,000 direct members and indirectly represents the interests of more than 3 million companies and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files *amicus* briefs in cases, like this one, that raise issues of concern to the nation's business community.

False Claims Act cases touch on nearly every sector of the economy, including defense, education, banking, technology, and healthcare, and can exact a substantial economic toll. Companies can spend hundreds of thousands or even millions of dollars fielding discovery demands in a single case. Given the combination of the Act's unusually draconian liability provisions—treble damages plus per-claim penalties—and enormous litigation costs, even meritless cases can be used to extract substantial settlements, particularly if the statutory and constitutional boundaries of liability under the Act are not properly enforced. As a result, cases involving the proper application of the Act are of particular concern to the Chamber and its members.

As explained in the attached brief, the complaint in this case reflects a novel and dangerous theory of reverse false-claims liability that, if accepted, would unjustifiably transform many bona-fide recoupment disputes into claims for treble damages plus penalties. Plaintiffs' theory also would chill businesses from engaging in appropriate and beneficial conduct in response to allegations of potential overpayments, such as conducting internal investigations and engaging

2

Case 2:21-cv-00080-JRG-CRW   Document 21   Filed 08/09/21   Page 2 of 5   PageID #: 170

with the government to discuss the issues. The attached brief argues that this theory is not supported by the terms of the False Claims Act or by governing precedent.

In the absence of a rule governing the length of an *amicus* brief in federal district court, the Chamber has limited its brief to less than half the length of Walgreens' memorandum of law in support of its motion to dismiss, *cf.* Fed. R. App. P. 29(a)(5) (*amicus* brief in court of appeals is limited to no more than half the length of the principal brief of the party the *amicus* supports), and has addressed only the reverse false-claim issues raised by the complaint in an effort to avoid duplication. Moreover, the Chamber is filing this motion two weeks before Plaintiffs' opposition to Walgreens' motion to dismiss is due to be filed, ensuring that Plaintiffs will have adequate time to respond to the Chamber's brief. The Chamber therefore respectfully submits that allowing its brief to be filed would not burden or prejudice any party.

For these reasons, the Court should accept the attached *amicus* brief for filing.

Respectfully submitted,

/s/

I. Cason Hewgley IV (Tenn. Bar No. 36045)
KING & SPALDING LLP
1100 Louisiana Street
Suite 4100
Houston, TX 77002
(713) 751-3200
chewgley@kslaw.com

Jeffrey S. Bucholtz*
Jeremy M. Bylund*
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 737-0500
jbucholtz@kslaw.com
jbylund@kslaw.com

*Counsel for Amicus Curiae*

*\*Pro hac vice applications forthcoming*

## CORPORATE DISCLOSURE STATEMENT

In accordance with Federal Rule of Civil Procedure 7.1, the Chamber of Commerce of the United States of America ("Chamber") states that it is a non-profit, tax-exempt organization incorporated in the District of Columbia. The Chamber has no parent corporation, and no publicly held company has 10% or greater ownership in the Chamber.

I. Cason Hewgley IV

*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

                                        I. Cason Hewgley IV