UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF TENNESSEE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  No. 2:21-CV-00080-JRG-CRW |
| WALGREEN COMPANY, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Joint Status Report and Request for Status Conference [Doc. 66], in which Plaintiffs request a status conference so they can discuss with the Court a stay of discovery until "after disposition of Defendant's pending motion to dismiss," [*id.* at 1]. According to Plaintiffs, a stay of discovery pending resolution of the motion to dismiss is necessary because the Court's ruling on the motion "may have a significant impact on the necessary scope of further discovery." [*Id.* at 5]. In response, Defendant Walgreen Company opposes Plaintiffs' motion, arguing, in part, that the pending motion to dismiss is an insufficient reason for a stay of discovery. [Def.'s Status Report, Doc. 67, at 2].

The Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). In exercising its discretion in this area, the Court's customary practice, absent an agreement between the parties to a case, has been to decline to stay discovery in response to a pending dispositive motion. *See, e.g.*, *SNMP Research., Inc. v. Broadcom Inc.*, No. 3:20-cv-451-CEA-DCP, 2021 WL 2636011, at *5 (E.D. Tenn. June 25, 2021) ("[T]he mere filing of a dispositive motion, such as a . . . motion

to dismiss, is insufficient to support a stay of discovery." (quotation omitted)); *Acad. of Allergy & Asthma in Primacy Care v. Amerigroup Tenn., Inc.*, No. 3:19-cv-00180, 2020 WL 8254263, at *3 (E.D. Tenn. Aug. 12, 2020) ("Here, this Court finds applicable the general rule that 'the mere filing of a dispositive motion,' such as a motion to dismiss, 'is insufficient to support a stay of discovery.'" (quotation omitted)). Indeed, the Court's scheduling order specifically states that "[t]here shall be no stay of discovery pending disposition of any motion absent a showing of good cause." [Scheduling Order, Doc. 26, at 4]; *see generally* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Plaintiffs never objected to this provision of the scheduling order, *see* [Scheduling Order at 1 (stating that parties must make any objections to the scheduling order within ten days of its entry)], which put the parties on notice that the Court follows the general rule that a dispositive motion is not justification for a stay of discovery. Now, in an effort to show good cause for a stay, Plaintiffs claim that their written responses to discovery will depend on the admissions, denials, and defenses that Walgreen will ultimately present in its responsive pleading, which the Court has given Walgreen leave to file after its ruling on the motion to dismiss, if necessary. Plaintiffs, however, did not oppose Walgreen's request to withhold a responsive pleading. *See* [Def.'s Mot. for Leave, Doc. 11, at 1]. Also, Walgreen filed various motions to supplement its motion to dismiss, and Plaintiffs did not oppose the majority of them, either. Those motions—and the accompanying responses, replies, sur replies, and responses to sur replies—have only further delayed a ruling on the motion to dismiss.

In short, the fact that the motion to dismiss is still pending, and causing Plaintiffs some distress about the status of discovery, is partly a situation of their own making. Their failure to object to the scheduling order, their non-opposition to Walgreen's request for leave to file a

responsive pleading in its own time, and their acquiescence to and participation in perpetual rounds of briefing do not demonstrate diligence on their part, as it pertains to the circumstances that have now given rise to their request for a stay. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of [the] 'good cause' standard is the moving party's diligence in attempting to meet the [scheduling] order's requirements."). The Court is therefore not inclined to hold a status conference in response to Plaintiffs' motion, nor will it grant a stay of discovery for the reasons they have identified in their motion. If Plaintiffs, in lieu of a stay, wish to pursue an extension of any of the discovery deadlines, they may file a motion, and the magistrate judge will address it. Plaintiffs' request for a status conference [Doc. 66] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

3

Case 2:21-cv-00080-JRG-CRW   Document 68   Filed 01/27/22   Page 3 of 3   PageID #: 1369