UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 2:21-CV-80 |
| vs. | ) | |
| | ) | |
| WALGREEN COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Court conducted hearings to address discovery disputes on December 14, 2021, February 17, 2022, and March 3, 2022. *See* [Docs. 61, 83, and 95]. At the February 17 hearing, the Court ordered counsel for the State of Tennessee, Walgreen, and third-party Magellan to meet in-person, with the United States participating either in person or remotely, to work toward a resolution of a dispute involving discoverable information held by Magellan. [Doc. 84]. A letter memorializing the progress from that meeting was jointly submitted to the Court on March 1, 2022. In it, counsel advised that they had narrowed the topics to be addressed during a Rule 30(b)(6) deposition of Magellan's representative and had also agreed to a general framework for document discovery from Magellan. At the March 3 hearing addressing counsel's progress, the Court commended counsel for working diligently to resolve their discovery dispute without additional Court intervention. For reasons set forth on the record and those offered below, the Court orders as follows:

1. Walgreen's Motion to Compel Plaintiffs' Compliance with Discovery Obligation [Doc. 45] is **DENIED** without prejudice. In so ruling, the Court finds that the issues

raised in the Motion concern discovery to be produced by Magellan. Counsel has jointly advised the Court that they believe they have worked through the mechanics of what discovery Magellan will provide and how the company will provide it. Counsel has advised that who will pay for the production of the discovery at issue is still in dispute and that issue is addressed below.

2. Plaintiffs' Motion to Amend/Revise Scheduling Order [Doc. 69] is **GRANTED** in part and **DENIED** in part. In considering this Motion during the March 3 hearing, the Court found that good cause existed to provide counsel with some additional time given health issues experienced by counsel for the State of Tennessee, which necessitated the withdrawal of certain counsel and the addition of outside counsel. At the same time, the Court advised counsel that the modifications made would not serve as justification for a later request to continue the trial. For reasons set forth on the record, the Court modifies the following dates:

| Important Scheduling Dates[1] | |
|---|---|
| Fact Discovery Closes: | **Monday, June 27, 2022** |
| Plaintiffs' Expert Disclosures Due: | **Friday, July 1, 2022** |
| Defendant's Expert Disclosures Due: | **Monday, August 1, 2022** |
| Expert Discovery Closes: | **Friday, August 19, 2022** |
| Objections to Expert Testimony Due: | **Monday August 29, 2022** |
| Alternative Dispute Resolution/Mediation Notice Due: | **Monday, August 29, 2022** |
| Dispositive Motions Deadline: | **Thursday, September 15, 2022** |

---

[1] All deadlines not expressly modified by this Order shall remain in place.

3. Walgreen's Motion to Compel Magellan to Sit for a Deposition and to Produce Responsive Documents [Doc. 70] is **DENIED** without prejudice. In so ruling, the Court notes that this matter was addressed by counsel at a Court-ordered meet-and-confer and the parties appear to have resolved most, if not all, disputes related to the deposition. Should counsel later conclude that Court intervention is necessary, counsel SHALL email the Court to request a discovery dispute conference pursuant to the Court's preferences. *See* https://www.tned.uscourts.gov/content/cynthia-r-wyrick-united-states-magistrate-judge.

4. Walgreen's Motion to Expedite Briefing on its Motion to Compel Document 70 [Doc. 71] is **DENIED** as moot.

5. The State of Tennessee's Motion to Continue February 17, 2022 Hearing [Doc. 75] is **DENIED** as moot.

As referenced above, the primary discovery dispute remaining for resolution is who will pay the very significant cost associated with Magellan's production of electronically stored information ("ESI"). The Court does not have before it at this time the information necessary to properly address the dispute; therefore, Magellan is **ORDERED** to file a motion with its request for allocation of costs associated with producing the discovery at issue no later than 8 a.m. Eastern on Wednesday, March 9, 2022. The motion shall include legal support for any requested cost shifting and shall also provide detailed cost estimates related to production of the ESI at issue. All parties wishing to file a response to the motion shall do so by 8 a.m. Eastern on March 16, 2022. Any replies will be due on or before 8 a.m. Eastern on March 21, 2022. During this briefing period and pending the Court's ruling, Magellan shall continue to move forward with the production of

discovery; however, the costs incurred by the company throughout this period shall be subject to later reallocation by the Court.

      SO ORDERED:

/s Cynthia Richardson Wyrick<br>United States Magistrate Judge