IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF TENNESSEE, <br><br> *Plaintiffs*, <br><br> v. <br><br> WALGREEN CO., <br><br> *Defendant*. | Case No. 2:21-CV-00080-JRG-CRW |

**STATE OF TENNESSEE'S RESPONSE TO NON-PARTY MAGELLAN MEDICAID ADMINISTRATION, INC.'S MOTION TO ALLOCATE COST**

Plaintiff State of Tennessee ("State"), by and through counsel, files this response to the motion of non-party Magellan Medicaid Administration, Inc. ("Magellan") to allocate the cost of electronic discovery requested by Defendant Walgreen Co. ("Walgreens"). (Doc. 100 ("Magellan's Motion")). As is clear from Magellan's Motion, it is Walgreens' overly broad discovery combined with its counsel's unwillingness to appropriately narrow that discovery until the eleventh hour that has driven Magellan's ESI costs to date and its estimated future costs. Of course, this is discovery sought by Walgreens from a non-party, presumably because Walgreens believes it will aid its defense. The State agrees that Magellan should not have to continue to bear the costs for its ESI vendor, an expense which Magellan is incurring solely because of discovery sought by Walgreens, and respectfully urges this Court to order that Walgreens pay Magellan's expenses for this ESI discovery moving forward.

**FACTUAL AND PROCEDURAL HISTORY**

This case involves the admitted forgery and fraud of Walgreens manager Amber Reilly regarding certain Hepatitis C prescription drug claims of 65 TennCare enrollees. Complaint, Doc.

1, ¶¶ 2-4, 39-74. In October 2016, Ms. Reilly pled guilty to healthcare fraud and was sentenced by this Court to eighteen months in prison. *Id.*, Plea Agreement (Ex. B), Doc. 1-2. Meanwhile, Walgreens has pocketed the money generated by its manager's healthcare fraud, which led to the instant litigation. The fraudulent payments to Walgreens exceed $5.9 million. *Id.*, ¶ 88. Instead of reimbursing the United States and State of Tennessee for these fraudulent payments, Walgreens has chosen to defend the case aggressively.

The State of Tennessee has spent months dealing with the overly broad discovery requests submitted by Walgreens to Plaintiffs and Magellan. Magellan served as the pharmacy benefit manager for the State's Medicaid Program ("TennCare") from December 20, 2012 through December 31, 2019. *See id.*, ¶ 21. On November 2, 2021, the State produced the underlying claim documentation obtained from Magellan for the 65 TennCare enrollees. *See* Bates Stamped Document Nos. TN-TEMP008273-8274; 8281-9751. The State also produced Magellan contracts, contract amendments, requests for proposal, and prior authorization criteria. *See* Bates Stamped Document Nos. TN-TEMP0010189-16074. The State initially produced 25,608 pages of documents, of which 7,357 pages were Magellan-related claim administration and contract documents. On December 13, 2021, Plaintiffs jointly produced an additional 9,303 pages of documents, which again included Magellan claim documents on the 65 TennCare enrollees. *See* Bates Stamped Document Nos. GOV-MAG-000001 to -1517.

Notwithstanding these document productions, Walgreens continues to seek additional broad electronically stored information ("ESI") from Plaintiffs and Magellan. Plaintiffs have collected 579,387 ESI documents (over half a terabyte of data from 19 different TennCare custodians dating back to the year 2010) that were responsive to the search terms proposed by Walgreens. These 579,387 documents are being prepared for review for production, relevancy,

2

and privilege at tremendous cost, time, and resources to Plaintiffs and ultimately their taxpayers. At the same time, Walgreens has been seeking similar broad ESI discovery from non-party Magellan that is the subject of the instant motion. In its motion, Magellan accurately summarizes the months and months of discussions over this ESI discovery and the refusal of Walgreens to reduce the scope of its proposed search terms in any meaningful way until this Court's recent intervention requiring an in-person meeting. *See* Declaration of John David Collins, Doc. 100-1, ¶¶ 17-18, Exs. G and H. The State respectfully submits that the email correspondence between counsel submitted by Magellan with the declaration speaks for itself as to which party is responsible for this discovery dispute.

On March 4, 2022, this Court ordered non-party Magellan and the parties to address the issues of allocation of costs for the ESI discovery requested of Magellan by Walgreens. Doc. 97.

## LEGAL ARGUMENT

**The Court Should Allocate the Full ESI Discovery Costs of Magellan to Walgreens.**

This Court has the discretion to allocate the expenses of ESI discovery to the requesting party Walgreens. In numerous cases, federal courts have allocated the costs of ESI discovery either in whole or part to the requesting party. *See*, *e.g.*, *Linder v. Calero-Portocarrero*, 183 F.R.D. 314, 322 (D.D.C. 1998) (requesting party ordered to pay for half the cost of compliance of subpoena for non-party government agencies); *United States ex rel. Strauser v. Stephen L. LaFrance Holdings, Inc.*, No. MC 20-5 (CKK), 2020 WL 2496986, at *5 (D.D.C. May 14, 2020) (requesting party ordered to pay 60% of the costs); *Linglong Americas Inc. v. Horizon Tire, Inc.*, No. 1:15CV1240, 2018 WL 1631341, at *1–3 (N.D. Ohio Apr. 4, 2018) (requesting party ordered to pay 100% of the costs); *Prescient Acquisition Group, Inc. v. MJ Publishing Trust*, No. 05-cv-6298, 2006 WL 2996645, at *3 (S.D.N.Y. Oct. 13, 2006) (dividing fees in half where "[t]he facts

3

do not lend themselves to an obvious methodology to determine what is reasonable for the plaintiff to bear"); *In Re: Epipen Marketing, Sales Practices and Antitrust Litigation*, No. 17-md-2785, 2018 WL 3062416, at *4 (D. Kan. June 20, 2018) (making requesting party pay for 50% of costs for subpoena production by non-party); *Dow Chemical v. Reinhard*, No. M8-85, 2008 WL 1968302, at * 2 (S.D.N.Y. Apr. 29, 2008) (splitting costs of compliance with subpoena evenly between requesting party and non-party where there was no proposal for cost splitting and no evidence of bad faith).

In this case, the Court should allocate 100% of the ESI costs to requesting party Walgreens. As noted in Magellan's motion, the projected total vendor expense is estimated between $148,826.98 and $167,674.98. Non-Party Magellan's Motion to Allocate Cost, Doc. 100, p. 14. This is a significant discovery cost for a non-party to bear in any case, much less one in which it has no financial interest. And as noted above, this is not a typical civil case. This case arises from the admitted criminal acts of Walgreens' manager Amber Reilly. For the past five years, Walgreens has enjoyed the use of the $5.9 million that was the fruit of its manager's fraud against the government plaintiffs. The interest alone earned by Walgreens on the $5.9 million over the past five years would more than pay for this ESI discovery. Walgreens should not be allowed to extract any more payments from non-parties such as Magellan or from Plaintiffs whose taxpayers fund the TennCare program. In addition, Plaintiffs have already produced the underlying claim documentation from Magellan at no cost to Walgreens. Walgreens is now seeking to go beyond Plaintiffs' document production with extensive ESI discovery of Magellan's internal documents and emails. Under these circumstances, Walgreens should bear the full costs of this intrusive and expensive ESI discovery.

## CONCLUSION

For the above reasons, Plaintiff State of Tennessee respectfully requests that the Court allocate 100% of the costs of the Magellan ESI discovery to the requesting party Walgreens; and such other relief as the Court deems appropriate.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

By: */s/* W. Anthony Hullender
W. ANTHONY HULLENDER (TN BPR 19436)
Senior Assistant Attorney General
Medicaid Fraud and Integrity Unit
P.O. Box 20207
Nashville, TN 37202-0207
(615) 532-2536
Tony.Hullender@ag.tn.gov

DAVID M. RUDOLPH (TN BPR 13402)
Senior Assistant Attorney General
Tennessee Attorney General's Office
One Commerce Square
40 South Main Street, Suite 1014
Memphis, TN 38103-1877
901-543-4162
david.rudolph@ag.tn.gov

JEF FEIBELMAN (TN BPR 7677)
Burch Porter and Johnson, PLLC
130 N. Court
Memphis, TN 38104
901-524-5109
jfeibelman@bpjlaw.com

JONATHAN LAKEY (TN BPR 16788)
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, TN 38103
901-524-5000
jlakey@bpjlaw.com

MELISSA ANN MARAVICH (TN BPR 13876)
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, TN 38103
(901) 524-5000
mmaravich@bpjlaw.com
*Counsel for the State of Tennessee*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt:

Reed Brodsky (rbrodsky@gibsondunn.com)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

Jonathan M Phillips (jphillips@gibsondunn.com)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue NW
Washington, DC 20036-5303

Michael R. Dziuban (mdziuban@gibsondunn.com)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue NW
Washington, DC 20036-5303

Clint J. Woodfin (cwoodfin@spicerfirm.com)
Spicer Rudstrom, PLLC
800 S. Gay Street, Suite 1400
Knoxville, TN 37929
*Counsel for Defendant Walgreen Co.*

Robert C. McConkey, III (robert.mcconkey@usdoj.gov)
U.S. Department of Justice (Knox USAO)
Office of U.S. Attorney
800 Market Street, Suite 211
Knoxville, TN 37902

Joseph C. Rodriguez (joe.rodriguez@usdoj.gov)
U.S. Department of Justice (Knox USAO)
Office of U.S. Attorney
800 Market Street, Suite 211

6

Knoxville, TN 37902
*Counsel for the United States of America*

John David Collins (jcollins@mcglaw.com)
Maynard Cooper & Gale, P.C.
1901 Sixth Ave. North
Regions Harbert Plaza
Suite 2400
Birmingham, AL 35203

Erica W Barnes (ebarnes@mcglaw.com)
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
Regions Harbert Plaza, Suite 2400
Birmingham, AL 35203-2618
*Counsel for Non-Party Magellan Medicaid Administration, Inc.*

        /s/ W. Anthony Hullender