IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF TENNESSEE,<br><br>    Plaintiffs,<br><br> v.<br><br>WALGREEN CO.,<br><br>    Defendant. | Case No. 2:21-CV-00080-JRG-CRW |

## DECLARATION OF MICHAEL R. DZIUBAN

I, Michael R. Dziuban, declare as follows:

1. I am over 18 years of age. I have personal knowledge of the facts set forth in this declaration, and could and would testify competently thereto if called to do so.

2. I am an attorney with the law firm of Gibson, Dunn & Crutcher LLP, which represents Defendant Walgreen Co. ("Walgreens") in the above-captioned action. I am licensed to practice in the District of Columbia and the Commonwealth of Virginia, and am admitted to practice *pro hac vice* before this Court in this Action.

3. On December 20, 2021, Walgreens, the Plaintiffs, and Magellan, each via their counsel, held a telephonic meet-and-confer regarding Magellan's document productions. I participated in this telephone conference. Among the topics of discussion was whether Walgreens would be willing to narrow the timeframe applied to searches of Magellan's electronically stored information ("ESI"), rather than apply the full 2010–present timeframe included in Walgreens' requests for production. On behalf of Walgreens, I stated in sum and substance that, reserving all

rights, Walgreens would be willing to start with the use of a 2014–2016 timeframe to search the data for ESI custodians who served as prior authorization reviewers.

4. On January 7, 2022, Walgreens, the Plaintiffs, and Magellan, each via their counsel, held another telephonic meet-and-confer regarding Magellan's document productions. I participated in this telephone conference. Among the topics of discussion was the possibility of limiting Magellan's ESI searches to the period pre-dating the end of Magellan's pharmacy benefits manager contract with TennCare. As counsel for Walgreens, I stated in sum and substance that Walgreens would be amenable to such a limitation if Magellan wished to identify custodians it believed were unlikely to have responsive information beyond the end of the contract (for example, information related to the government's investigation that preceded the filing of this Action).

5. The document attached hereto at **Exhibit A** contains true and accurate copies of the following emails:

- M. Dziuban Email to J. Collins et al., Feb. 17, 2022
- J. Collins Email to M. Dziuban et al., Feb. 21, 2022
- M. Dziuban Email to J. Collins et al., Feb. 24, 2022

6. The document attached hereto at **Exhibit B** is a true and accurate copy of the letter the parties sent to the Court on March 1, 2022 following their in-person meet-and-confer on February 25, 2022.

7. The document attached hereto at **Exhibit C** contains a true and accurate copy of an email sent by Todd Panciera, one of Magellan's attorneys, to counsel for Walgreens and for the Plaintiffs, on March 3, 2022.

8. The document attached hereto at **Exhibit D** contains true and accurate copies of the following emails:

- M. Dziuban Email to J. Collins et al., Mar. 4, 2022
- J. Collins Email to M. Dziuban et al., Mar. 4, 2022

9. The document attached hereto at **Exhibit E** contains a true and accurate copy of an email I sent to counsel for Plaintiffs, on November 8, 2021.

10. The document attached hereto at **Exhibit F** contains a true and accurate copy of an email sent by Andrew Campbell, one of the State's former attorneys, to counsel for Walgreens and for the Plaintiffs, on December 20, 2021.

11. The document attached hereto at **Exhibit G** contains true and accurate copies of the following emails:

- M. Dziuban Email to J. Collins et al., Jan. 14, 2022
- J. Collins Email to M. Dziuban et al., Jan. 20, 2022

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on March 17, 2022.

_____
Michael R. Dziuban