# EXHIBIT A

| From: | Dziuban, Michael R. |
| --- | --- |
| To: | Todd Panciera; John David Collins; Leslie Bridges |
| Cc: | Brodsky, Reed; Phillips, Jonathan M.; Katterhagen, Jillian N.; Broggini, Francesca; Clint Woodfin (cwoodfin@spicerfirm.com); Nate Casey; David M. Rudolph; Erica Williamson Barnes; Dianna B. Shew; McConkey, Robert (USATNE); Rodriguez, Joe (USATNE) |
| Subject: | RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses |
| Date: | Friday, February 25, 2022 11:08:28 AM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |

Thanks, Todd.  Could you confirm whether the job roles provided are those held by these individuals in the October 1, 2014 – December 31, 2016 time period, or their most recent titles (or something else, such as the roles they were hired into initially)?  While we are willing, as I noted below, to consider limiting the review for at least some custodians to the October 1, 2014 – December 31, 2016 time period, it is harder for us to productively consider that possibility if we have incomplete information about the individuals' roles over the full 2010-present period.  Can you please provide roles/titles for each person for the full period, to the extent different from what is already listed in what you provided?

Thanks,

Michael

**Michael R. Dziuban**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

**From:** Todd Panciera <TPanciera@maynardcooper.com>
**Sent:** Friday, February 25, 2022 10:05 AM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; John David Collins
<JCollins@maynardcooper.com>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M.
<JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini,
Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com)
<cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph
<David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Dianna B.
Shew <Dianna.Shew@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>;
Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb.
14, 2022 discovery responses

[WARNING: External Email]

Good morning, Counsel.  In advance of our meeting, I have updated the custodian report we previously provided you to reflect the job roles for the Prior Authorization Reviewers.  For ease of reference, I have highlighted the clinical pharmacists.

**Todd Panciera**
Associate | Cybersecurity & Privacy
P: 205.488.3641
TPanciera@maynardcooper.com | V-card
—

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

   

**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Thursday, February 24, 2022 11:33 AM
**To:** John David Collins <JCollins@maynardcooper.com>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd Panciera <TPanciera@maynardcooper.com>; Dianna B. Shew <Dianna.Shew@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Subject:** [WARNING: MESSAGE ENCRYPTED]RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

John David:

Yesterday you said you hoped to provide an update by this morning in response to our email of Tuesday evening.  Please advise, as we have not heard from you.

Relatedly, in advance of our meeting tomorrow at 11am CT in Nashville, we write to outline steps we are willing to consider in order to facilitate Magellan's timely production of relevant information in this case.  We will be prepared tomorrow to discuss these in more detail, and we ask that you be prepared to do so, as well, including by working between now and then to gather whatever information is necessary to make our discussion of these items as productive as possible.

1. Time period.  We are willing to consider the following:

    a.   Limiting the search term hits for the prior authorization reviewer custodians to the pre-December 31, 2016 time period.

b.   Foregoing review of some or all custodians' search term hits prior to October 1, 2014, if Magellan can identify specific types of documents sufficient to address Walgreens' requests related to the pre-October 2014 timeframe.

2. <u>Custodians</u>.  We are willing to consider the following:

   a.   Foregoing review of prior authorization reviewer custodians, if any, whom Magellan believes are irrelevant to this case.  Right now we have no meaningful way of differentiating a given prior authorization reviewer from the others in terms of their roles and responsibilities – for example, in terms of whether they worked only on Hepatitis C or also worked on other disease states.  If Magellan provides us with information that goes to the relevance of one or more prior authorization reviewers to this case, we are willing to consider whether that information justifies foregoing review of those custodians' documents.

   b.   Foregoing review of some or all prior authorization reviewer custodians who were pharmacy technicians rather than clinical pharmacists.  Based on the State's response to Interrogatory No. 9, we understand that the pharmacy technicians served a first-level review function while the clinical pharmacists performed second-level review and were the ones who actually made the prior authorization determinations.  Again, we would need Magellan to tell us who held which roles, and we expect that information would be straightforward to gather from the company's employment records.  We would reserve rights to request review of the emails of any pharmacy technician who we believe is relevant based on Magellan's past or future productions.

3. <u>Search terms</u>.  We are willing to consider the following:

   a.   Limiting certain search strings to certain custodians or groups of custodians, depending on the custodians' roles and the issues the search strings in question are meant to address.  We cannot engage in a meaningful dialogue on this point, however, without a full custodian breakdown of the sort we requested below, for <u>all</u> custodians for whom we originally requested searches be run.

   b.   Refining search strings that Magellan believes are generating false hits.  We drafted these search terms in a way we thought was narrowly tailored, but we are willing to consider modifications if you have reason to believe the terms are pulling in a disproportionate volume of irrelevant documents.  Because Magellan has access to the search term hits and we don't, we would expect Magellan to undertake the process of assessing the potential for false positives (e.g., by reviewing samples of search term hits) and of proposing edits to the search terms in order to address any issues identified in that process.

4. <u>TAR</u>.  We remain willing to consider TAR according to the terms set forth in our most

recent email below.

   a.  We have attached our attempt at the "crosswalk" you requested between our
       RFPs and our search terms.  (It is password-protected; I will send the
       password separately.)  As you can see, each search string has multiple RFPs
       to which it is related.  This confirms our view that the "crosswalk" approach
       would not be helpful to the TAR process, and it highlights the importance of
       a comprehensive responsiveness review rather than a review that limits
       certain search term hits to a review for certain issues or requests.  Please note
       that we also reserve all rights to supplement the search terms to account for
       Walgreens' Third RFPs, which remain the subject of meet-and-confer
       discussions with the government.

**Michael R. Dziuban**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

---

**From:** John David Collins <JCollins@maynardcooper.com>
**Sent:** Wednesday, February 23, 2022 3:51 PM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M.
<JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini,
Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com)
<cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph
<David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd
Panciera <TPanciera@maynardcooper.com>; Dianna B. Shew <Dianna.Shew@ag.tn.gov>;
McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE)
<Joe.Rodriguez@usdoj.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb.
14, 2022 discovery responses

[WARNING: External Email]

Good afternoon.  Friday at 11am works.  Michael – We are in the process of addressing the follow up
questions/issues raised in your email below and I hope to be in a position to provide you with a
response by tomorrow morning.  Thanks,

JDC

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

   A LexMundi Member

**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Tuesday, February 22, 2022 9:36 PM
**To:** Leslie Bridges <Leslie.Bridges@ag.tn.gov>; John David Collins <JCollins@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd Panciera <TPanciera@maynardcooper.com>; Dianna B. Shew <Dianna.Shew@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

Leslie:

Thank you.  This Friday works.  I would propose an 11am start if that works for others.

John David:

Thanks for the information you provided yesterday.  We have responded below to the points you raised.

1. While we appreciate the updated hit report, it doesn't enable us to see the breakdown of each search string's hits by custodian, which is critical information if we are to confer meaningfully about the search terms.  For example, if a particular search term is generating a high volume of hits for one custodian but a low volume for another, and the custodians have similar overall document counts prior to the running of search terms, that would suggest that the high hit count for the first custodian is driven by true hits and not by false positives.  Please provide an updated report that shows, for each custodian, the number of search term hits for each search string.  Please also provide an explanation for why this hit report still only covers 13 out of the dozens of custodians whose data we asked you to search.  We made that request two months ago, you identified the data for everyone a month ago, and it is now nearly seven months since we served our first RFPs.

Regarding TAR:

2.

    a. <u>Sample sets</u>.  The whole point of these is to "teach" the TAR system the parameters of responsiveness in this case, so a responsiveness review prior to giving us the sample sets defeats the purpose of using TAR.  To the extent Magellan is concerned about the production of confidential information not relevant to this case, the Protective Order addresses that by providing a procedure for designating documents "CONFIDENTIAL."  We certainly understand the privilege concern, but that too can be addressed with a privilege filter prior to production (for example, filtering out from the sample any emails on which a known attorney email address or outside counsel email domain appears) and by the clawback provisions of the Protective Order.

    b. <u>Search term / discovery request crosswalk</u>.  We do not understand how the crosswalk will facilitate or improve the TAR process, but we are willing to attempt to generate the crosswalk you suggest to demonstrate that the search terms were tailored to the requests.  To be clear, we would expect that all documents that hit on a search string would go into a single review population, and each document in that population (or the sample thereof) would be reviewed for responsiveness to *all* of the requests that call for email communications.

    c. <u>"Sufficient to show."</u>  We have reviewed our RFPs and do not believe that a "documents sufficient to show" limitation is appropriate for any of the RFPs that do not already have it.  Our understanding from our meet-and-confers is that FirstTrax, which Magellan uses for prior authorization request disposition and clinical notes, is Magellan's only centralized repository of information potentially relevant to this case.  If we have misunderstood something in this regard, please let us know.  Assuming we have not, then it does not seem to us that there is any pre-defined universe of documents that could be used to satisfy any of Walgreens' requests, such that a "sufficient to show" limitation would be appropriate.

    d. <u>Privilege review</u>.  Your proposal to not hold up the production of responsive non-privileged documents makes sense to us.  Again, presumably you would run your privilege review in parallel on documents that hit on known attorney email addresses or privilege designation language, and any documents that fall out of that review would go back into the proposed TAR process.

    e. <u>Documents requiring manual review</u>.  Please clarify why you think Excels wouldn't be susceptible to TAR; to the extent they are text-based, we would think TAR wouldn't be an issue.  We think the same would be true of hard-copy documents, at least to the extent they can be OCR'd.  And even if handwritten text cannot be OCR'd, the TAR system should be capable of "learning" how to handle such documents if a sufficient volume of sample documents are coded and fed into the system.  Please let us know how you propose to identify files in all of these categories, as well as what the volume of such files currently is.

**Michael R. Dziuban**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

**From:** Leslie Bridges <Leslie.Bridges@ag.tn.gov>
**Sent:** Tuesday, February 22, 2022 5:19 PM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M.
<JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini,
Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com)
<cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph
<David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd
Panciera <TPanciera@maynardcooper.com>; Dianna B. Shew <Dianna.Shew@ag.tn.gov>;
McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; John David Collins
<JCollins@maynardcooper.com>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb.
14, 2022 discovery responses

[WARNING: External Email]

Michael I am sorry that tomorrow morning has filled up for me but I think it may be best to
discuss our responses to the request for admission at a later date anyway.
The purpose of this email is to confirm a meeting in Nashville between us in accordance with
last week's order from the Magistrate. Is Friday good for you all? If so, let me know what
time you would like to begin.
Finally, I didn't see a response to John David's email. Obviously, we would benefit from
hearing back from you before our meeting.


Leslie Ann Bridges
Counsel to the Attorney General
Office of the Attorney General
Post Office Box 20207
Nashville, TN 37202-0207
(615) 741-4710
Leslie.Bridges@ag.tn.gov



**From:** John David Collins <JCollins@maynardcooper.com>
**Sent:** Monday, February 21, 2022 10:14 AM

**To:** Dianna B. Shew <Dianna.Shew@ag.tn.gov>; Dziuban, Michael R. <MDziuban@gibsondunn.com>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd Panciera <TPanciera@maynardcooper.com>
**Subject:** [WARNING: MESSAGE ENCRYPTED]RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

Michael,

I am writing to follow up on the questions/issues raised in your Feb. 17 email. Our responses to your specific requests are below:

1. **A breakdown of search term hits by search string, year, and custodian.** Please see the attached hit report, which includes a breakdown of search hits by search string and by custodian for all 7 custodians Walgreens previously identified as "priority," as well as six additional corporate-level custodians. This file is password-protected. I will send the password under separate cover. Our vendor is currently looking into how search hits could be provided by year as you requested. Please note that these are the most up-to-date hits for these searches. They include the results of de-duplication, and also e-mail threading, which our vendor completed on Friday.

2. **Magellan's position on whether it will agree to technology-assisted review ("TAR") of the search term hits.** Magellan is amenable to supplementing human review with some technology-assisted review. We have reached out to our vendor to gain a greater understanding of how TAR would work in their platform. That said, we have a few points with respect to your specific proposals in a. - e., below –

   a. Magellan is unwilling to produce "sample sets" of Magellan materials to you sight-unseen without reviewing these materials for responsiveness and privilege. To the extent your proposal would have us do so, we cannot agree.

   b. As an alternative, we propose Walgreens prepare for Magellan's review a crosswalk of Walgreens' discovery requests, which maps Walgreens' search terms to the specific Requests for Production so that the parties can agree at the outset what documents would be considered responsive to Walgreens' discovery requests. This would ensure TAR is adequately trained to find responsive documents, and would provide a reference point for any future dispute that may arise with respect to responsiveness.

   c. Additionally, please identify whether any Requests could be modified to allow production of responsive documents on a "sufficient-to-show" basis, rather than producing "any and all" responsive files.

   d. As you have pointed out, privilege review would likely need to be a manual process. We are open to having TAR assist in identifying potentially-privileged materials that

could be manually reviewed and released as necessary. This process could be done iteratively, so as not to hold up production of responsive, non-privileged documents.

e.  *See* paragraph a., above. Relatedly, TAR is inadequate to evaluate certain types of files such as Excel spreadsheets, and files containing handwritten notes or other non-text-based information. These files would likewise require manual review.

Thanks,

JDC

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

   A LexMundi Member

---

**From:** John David Collins
**Sent:** Friday, February 18, 2022 2:18 PM
**To:** 'Dianna B. Shew' <Dianna.Shew@ag.tn.gov>; Dziuban, Michael R. <MDziuban@gibsondunn.com>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd Panciera <TPanciera@maynardcooper.com>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

Good afternoon. Thursday (2/24) or Friday (2/25) would work best for me.

Michael: Thanks for your email (below). We are reviewing your questions/suggestions (some of which require input from our vendor) and will get back to you on those points either later today or Monday am.

Also, please include Erica Barnes and Todd Panciera (copied) in my office on email communications as they are also assisting on this case.

Thanks,

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card
———
1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

   A LexMundi Member

---

**From:** Dianna B. Shew <Dianna.Shew@ag.tn.gov>
**Sent:** Friday, February 18, 2022 9:08 AM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>; John David Collins <JCollins@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

Good morning,

Our preference is Nashville. We will get back to everyone on our available dates. Everyone please select dates based upon your ability to travel to Nashville.

Dianna

**Dianna Baker Shew**
Senior Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
p. 615.532.1969
dianna.shew@ag.tn.gov



**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Thursday, February 17, 2022 4:18 PM
**To:** Dianna B. Shew <Dianna.Shew@ag.tn.gov>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>;
McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE)
<Joe.Rodriguez@usdoj.gov>; John David Collins <JCollins@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M.
<JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini,
Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com)
<cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph
<David.Rudolph@ag.tn.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb.
14, 2022 discovery responses

Counsel:

We are willing to convene in Nashville and can, in the alternative, host in Washington, DC.
Please let us know your preference. We propose next Wednesday (2/23), Thursday (2/24), or
Friday (2/25) for the meeting.

To make the meeting more efficient, we request that Magellan provide the following in
advance of the meeting:

1. A breakdown of search term hits by search string, year, and custodian, for as many
   custodians as it is possible to process in advance of the meeting. If any custodians
   cannot be loaded for searching by the time of the meeting, we ask that Magellan provide
   an explanation of why not. We also request that the hits be provided after deduplication
   across custodians and, if possible, application of email threading to further streamline
   the volume of unique documents for review.

2. Magellan's position on whether it will agree to technology-assisted review ("TAR") of
   the search term hits. Reserving all rights, we would propose something along the
   following lines, subject to confirmation with the appropriate eDiscovery experts/vendor:
   a. Magellan's vendor provides separate sample sets of search term hits to each of
      Magellan, the government, and Walgreens.

   b. By a date certain, each party reviews its sample set for responsiveness, and the
      responsiveness calls are fed back into the TAR platform.

   c. The TAR platform then codes the full set of search term hits for responsiveness,
      and the responsive documents are produced without manual review.

   d. To the extent additional sample sets are needed to "teach" the TAR system, those

are provided and reviewed on a rolling basis.

    e.   We are open to the possibility of manual review by Magellan of documents hitting on privilege terms, and we would remind you that the Protective Order in this case includes a clawback procedure.

Best regards,

Michael


**Michael R. Dziuban**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

---

**From:** Dianna B. Shew <Dianna.Shew@ag.tn.gov>
**Sent:** Thursday, February 17, 2022 4:26 PM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>; John David Collins <JCollins@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses


**[WARNING: External Email]**


      As the Magistrate has directed the parties to meet and confer in person, we recommend the meeting take place in Nashville.  Nashville is the most central location, and our office has a very large conference room suitable for such a meeting.  I am sure we will be back in touch regarding dates in the very near future.

                              Dianna

**Dianna Baker Shew**
Senior Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN  37202

p. 615.532.1969
[dianna.shew@ag.tn.gov](mailto:dianna.shew@ag.tn.gov)



---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

# EXHIBIT B

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

March 1, 2022

VIA ELECTRONIC MAIL

The Honorable Cynthia R. Wyrick
United States Magistrate Judge
U.S. District Court for the Eastern District of Tennessee
Greeneville Division
220 West Depot Street, Suite 306
Greeneville, TN 37743

Re:    *United States of America et al. v. Walgreen Co.*, No. 21-cv-00080-JRG-CRW

Dear Judge Wyrick:

The parties and Magellan met-and-conferred last Friday, February 25, 2022, pursuant to your February 17 oral order and February 18 written order in relation to Walgreens' February 9 motion to compel (the "Motion to Compel"). Counsel for Magellan, the State, and Walgreens attended in person at the office of the Tennessee Attorney General in Nashville. Counsel for the United States from the Knoxville U.S. Attorney's Office attended remotely via videoconference. Over the course of nearly four and a half hours, Walgreens and Magellan made significant progress regarding both document discovery from Magellan and Magellan's Rule 30(b)(6) testimony related to document preservation. The parties look forward to updating the Court during the hearing scheduled for March 3, 2022, and respectfully request that, in light of the progress made during and since the February 25 meet-and-confer, the Court hold the March 3 hearing via videoconference.

What follows is a more detailed update regarding the parties' progress on these issues, and the areas where the parties continue to confer or where disputes remain.

Document discovery. Walgreens and Magellan preliminarily agreed to the following:

1.  Modifications to Walgreens' proposed search terms in order to cut down on the volume of reviewable material;

2.  modifications to the date range for Magellan's review of email hits for corporate-level and prior authorization reviewer custodians, to further reduce the volume of reviewable material, pending confirmation from Magellan of certain details about those

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

Case 2:21-cv-00080-JRG-CRW   Document 107-2   Filed 03/17/22   Page 17 of 92   PageID #:
1807

**GIBSON DUNN**

individuals that Walgreens believes may bear on the likelihood of finding responsive material; and

3. use of technology-assisted review to further reduce manual review of potentially responsive documents and thereby reduce the costs of review.

At this time, Walgreens and Magellan have preliminarily resolved the document request disputes at issue in Walgreens' Motion to Compel, subject to Magellan's confirmation of the points in item 2 above. Both sides anticipate Magellan will provide that information in a timely fashion this week. The parties will confer further as necessary depending on the information Magellan provides, and will advise the Court if they are unable to agree on any issues arising out of such discussions.

The parties continue to disagree about the costs of ESI discovery as well as allocation of those costs. The parties will endeavor to communicate on this matter again in advance of the March 3 hearing once Magellan implements the revised search protocol.

Rule 30(b)(6) topics related to preservation. The February 25 meet-and-confer also addressed Magellan's objections to Walgreens' Rule 30(b)(6) deposition topics related to document preservation. Walgreens and Magellan made progress to reduce the number of outstanding objections by Magellan to those topics, subject to confirmation of some additional details by the parties; however, the parties remain in dispute about the following deposition topics:

4. Magellan and Walgreens are continuing to discuss Topic 5 (Magellan's knowledge of the investigation that preceded this Action), which is one of the Topics that was a subject of the Motion to Compel. *See* ECF 70 at 12-13. Magellan has expressed concerns that this Topic is premature for two reasons. First, Walgreens has addressed an identical Topic to the State; the State has not yet been deposed; and much, if not all, of the information responsive to this Topic will be overlapping. Second, in order to properly prepare a witness on this Topic, Magellan will need to review emails that have not yet been fully identified or produced. Walgreens' position is that Magellan has an obligation to prepare a witness on the topic notwithstanding the current status of document discovery (the delays in which are a problem of the government's and Magellan's making, not Walgreens'). Walgreens maintains that in light of the discovery schedule the parties do not have the luxury of time to sequence all document discovery before depositions or the State's deposition before Magellan's. Walgreens and Magellan will endeavor to communicate again on this matter in advance of the March 3 hearing in order to report to the Court on further progress.

# GIBSON DUNN

5. Regarding Topics 7, 8, and 9 (document holds, both as related directly to this Action and as related to other cases and that Magellan believes had the effect of preserving information relevant to this Action); Topic 12 (analyses of whether relevant information was actually preserved); and Topic 13 (data lost or destroyed before the implementation of any document hold): Walgreens and Magellan are assessing their respective positions in light of the meet-and-confer and assessing whether any dispute remains on these Topics. Walgreens and Magellan will endeavor to communicate again on these matters in advance of the March 3 hearing in order to report to the Court on further progress.

The parties thank the Court for its time and consideration.

Respectfully submitted,

_/s/ Reed Brodsky_                                    _/s/ John David Collins_
Reed Brodsky                                          John David Collins
Jonathan M. Phillips                                  Erica Barnes
Michael R. Dziuban                                    _Counsel for Magellan_
_Counsel for Walgreen Co._


_/s/ Leslie Ann Bridges_                              _/s/ Robert C. McConkey, III_
Leslie Ann Bridges                                    Robert C. McConkey, III
W. Anthony Hullender                                  Joseph C. Rodriguez
_Counsel for the State of Tennessee_                  _Counsel for the United States_

# EXHIBIT C

| | |
|---|---|
| **From:** | Todd Panciera |
| **To:** | John David Collins; Dziuban, Michael R. |
| **Cc:** | Brodsky, Reed; Phillips, Jonathan M.; Katterhagen, Jillian N.; Broggini, Francesca; Clint Woodfin (cwoodfin@spicerfirm.com); Nate Casey; David M. Rudolph; Erica Williamson Barnes; Dianna B. Shew; McConkey, Robert (USATNE); Rodriguez, Joe (USATNE); Leslie Bridges |
| **Subject:** | RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses[WARNING: MESSAGE ENCRYPTED][WARNING: MESSAGE ENCRYPTED] |
| **Date:** | Thursday, March 3, 2022 10:34:10 AM |
| **Attachments:** | image011.png image012.png image013.png image014.png image001.png image002.png image003.png image004.png image005.png |

**[WARNING: External Email]**

As a follow-up to John David's e-mail, we are providing the following cost projections for the 13 custodians we have loaded, based on the revised STRS and the other information we have to-date. Please note these costs do not include estimates for processing the additional custodians, review costs for that subset of documents, TAR costs, or hosting costs (which Magellan is still incurring). Our vendor is working to prepare an "all-in" estimate that will factor in these costs. In the meantime, we wanted to provide the following estimates based on what we know now —

1. **ESI processing/consulting costs** incurred January: $36,496.33
2. **ESI processing/consulting costs** incurred February**:** $31,832.46 (a/o February 25, 2022)
3. **Minimum review cost** at 50 document-per-hour rate (excluding TAR): $155,260
4. **Maximum review cost** at 40 document-per-hour rate (excluding TAR): $198,388
5. <u>**Total**</u>: $223,588.79 (min.) to $266,716.79 (max.)

We will provide updated estimates as soon as we have them.

**Todd Panciera**
Associate | Cybersecurity & Privacy
P: 205.488.3641
TPanciera@maynardcooper.com | V-card

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

   A LexMundi Member

---

**From:** John David Collins <JCollins@maynardcooper.com>
**Sent:** Thursday, March 3, 2022 9:15 AM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Todd Panciera <TPanciera@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini,

Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Dianna B. Shew <Dianna.Shew@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses[WARNING: MESSAGE ENCRYPTED][WARNING: MESSAGE ENCRYPTED]

Michael: I am writing in response to your email below. We asked our vendor to run these searches consistent with your redline, with the exception of Search 6b, for which we opted to keep the "AND (TennCare OR Tenn* OR TN)" modifier. As we explained during our meet-and-confer, when we initially ran it, this edit reduced hits for this search from 35,497 hits (124,593 with families) down to 10,426 (21,774 with families). We feel this edit strikes the right balance to retrieve only documents and communications regarding prior authorization criteria related specifically to TennCare and TennCare beneficiaries. The original search string (which contains fairly common terms in the PBM industry) is obviously drawing in a substantial amount of information relating to Magellan's other customers/plans/members and, as such, would fall outside of your RFPs which are tailored to the State.

Regarding the date limitations, we had our vendor apply the following date filters:

1. **For the corporate custodians**, results from October 1, 2014 through present.
2. **For the reviewer custodians**, results from October 1, 2014 through December 31, 2016.

After filtering and threading, the revised searches yielded 37,410 hits (95,735 with families). A detailed report is attached. The password is the same as previously provided to you in our February 21, 2022 e-mail. We are working with our vendor to obtain adjusted cost estimates and will forward that information along upon receipt.

With respect to the corporate custodians, we remain of the opinion that Walgreens' request for email communications that post-date Magellan's contractual relationship with the State (January 1, 2020 to the present date) seeks information beyond the State's custody or control and outside of the scope of the RFPs actually issued to the State. Putting that issue aside, we are evaluating whether the corporate custodians can be limited based on lack of involvement in the underlying investigation (as noted in your email). We also suggest that Walgreens consider proposing a more narrowly tailored search string for the post-contract termination period given Magellan was no longer the State's PBM. Either approach (or both) would likely reduce the hit count reflected in the attached report.

For the pre-October 2014 period, we are looking into whether the records you identified below (e.g., development of PA criteria, audits, etc.) are retained in a central repository outside O365. We recently provided TennCare-specific training materials to the State for review and production, so we assume you will receive those soon.

Finally, regarding your specific questions, below:

1. As discussed during our meet/confer and recent email exchanges, we would like to have a discussion with Walgreens and the State about allocation of costs (or receive further direction from the Court in this regard) before processing this additional data (given the significant front end costs). Also, the first step before processing is to extract the data from

Magellan's system and that process is underway. In the interim, review and production of records can proceed for the 13 custodians Magellan's vendor has already processed.

2.  To the extent any individual reviewer custodian held a different position with the Company during the time period, Magellan has noted the individual's title and the respective dates he or she held the position in an updated custodian chart, attached. Also, at your request during the meet and confer, we followed up on Monica Aaron's position/role with the company (Supervisor, Clinical Pharmacy Operations). Ms. Aaron was a pharmacy technician (not a pharmacist) with additional administrative responsibilities, so she lacked authority to approve (or deny) a request for preauthorization of the DAAs at issue. We do not believe it's necessary to pull her mailbox, but let us know if you disagree.

3.  The Magellan technical team advised that date filtering in O365 is possible. Notwithstanding, the costs to process even a portion of the remaining data will be significant. We are in the process of projecting those costs.

4.  As noted above, we are in the process of identifying records maintained outside of O365 relevant to the topics you set forth in your e-mail.

Once you review, let's schedule a time to discuss. Thanks,

JDC

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

    A LexMundi Member

**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Monday, February 28, 2022 5:54 PM
**To:** Todd Panciera <TPanciera@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Dianna B.

Shew <Dianna.Shew@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>;
Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>;
John David Collins <JCollins@maynardcooper.com>
**Subject:** [WARNING: MESSAGE ENCRYPTED]RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D.
Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses[WARNING: MESSAGE ENCRYPTED]
[WARNING: MESSAGE ENCRYPTED]

Todd:

Thanks. An updated redline is attached reflecting our edits on top of yours. Please proceed
with running the updated terms and letting us know the updated hit counts.

Regarding the date limitations:

- We agree to limit the relevant time period for searches of the prior authorization
  reviewer data to October 1, 2014 (not October 31) through December 31, 2016. We
  reserve all rights to request additional searches for specific prior authorization reviewer
  custodians outside of that timeframe.

- We ask that all eight of the "corporate" custodians' data be searched for the full October
  1, 2014 – present period. We are willing to confer further about this if, for example, any
  of those corporate custodians had no part in the government investigations of this matter
  that began in 2016.

- For the pre-October 2014 period, we are waiting to hear from you about whether any of
  the document/issue categories that we discussed on Friday as being reflected in our
  RFPs (for example, audits, trainings) can be covered via centralized document
  repositories rather than email searches. Barring that, we would request email searches
  for the January 1, 2010 – September 30, 2014 period for the following:
  - All eight of the "corporate" custodians; and

  - Any of the prior authorization reviewer custodians who held, in the pre-October
    2014 period, any role in which they: (1) supervised clinical pharmacists; (2)
    trained clinical pharmacists; and/or (3) participated in the development and/or
    implementation of TennCare's prior authorization criteria for any Hepatitis C
    medication.

  We are also willing to consider a more limited set of search terms for the pre-October
  2014 period, if indeed email searches are conducted rather than relying on centralized
  document repositories.

Further to our discussion on Friday, please also advise as to the following:

- Which custodians' data Magellan is currently working to process in light of the portion
  of our discussion that focused on the reviewers who were clinical pharmacists.

- Full position history information for the prior authorization reviewer custodians. As
  discussed on Friday, we need this information so that we can know the full extent of a

particular custodian's relevance to this case. For example, if someone listed on your chart from Friday as having a non-Clinical Pharmacist role nevertheless had such a role at some point in the October 1, 2014 – December 31, 2016 period, that would be highly relevant to whether that person's data should be searched along with the people actually listed as Clinical Pharmacists.

- The status of efforts to determine Magellan's ability, from a technical standpoint, to apply date limitations to custodian data prior to processing by Magellan's ESI vendor.

- The status of efforts to determine whether any of the following topics/issue areas reflected in Walgreens' RFPs can be addressed through searches of centralized document repositories rather than email searches: (1) training; (2) audits and reviews of PA determinations; (3) development of the TennCare PDL and PA criteria for Hepatitis C medications; and (4) CMS Release No. 172 and the alleged CMS "waiver" of Section 1927 of the Social Security Act.

Thanks,

Michael

**Michael R. Dziuban**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

---

**From:** Todd Panciera <TPanciera@maynardcooper.com>
**Sent:** Monday, February 28, 2022 11:24 AM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Dianna B. Shew <Dianna.Shew@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>; John David Collins <JCollins@maynardcooper.com>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses[WARNING: MESSAGE ENCRYPTED][WARNING: MESSAGE ENCRYPTED]

**[WARNING: External Email]**

Good morning, Michael. Please see attached Magellan's redlines to Walgreen's revised search terms, which reflect the changes we agreed upon during last Friday's meet-and-confer. The password is the same as you provided previously.

Please confirm we should run these revised searches, or send back any proposed edits. Additionally, please confirm you have agreed to limit the relevant time period for these searches to the October 31, 2014 through December 31, 2016 time frame. With respect to the pre-2014 time period, please advise which searches/custodians you would like us to search to accomplish the "limited production" of pre-2014 records you described during our discussion, and whether those searches should be for the January 1, 2010 to October 31, 2014 time frame or for some other range.

Regards,

Todd

**Todd Panciera**
Associate | Cybersecurity & Privacy
P: 205.488.3641
TPanciera@maynardcooper.com | V-card

———

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

   A LexMundi Member

---

**From:** John David Collins <JCollins@maynardcooper.com>
**Sent:** Thursday, February 24, 2022 11:37 AM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd Panciera <TPanciera@maynardcooper.com>; Dianna B. Shew <Dianna.Shew@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

Michael: Following up on your 2/22 email below. Our specific responses to your points are as follows:

1. Please see the attached hit report, which breaks out search terms by custodian (the report is password-protected; the password is the same as previously provided to you). We agree this information may be helpful to drive our discussion. We can discuss at that time whether results can be determined to be "true" based solely on their proportionality to hits for different custodians, as you say.

    As stated at the recent hearing, we have loaded 13 of the custodians (8 corporate custodians

and 5 PA custodians). With the volume of data requested to be loaded, it takes several days to extract and ingest data for each custodian. With respect to several of the 13 custodians Magellan's system repeatedly crashed (due to volume) and the process had to be restarted. As for the remaining 56 PA custodians, Magellan does not view the expense and labor required to process this number of files at this time to be proportional to the needs of the case.

Specifically, our vendor has estimated processing and hosting costs alone for these 56 remaining custodians would top $470,000 (before search terms are even run). Given those costs, it seems more practical to see what is returned for the 5 PA custodians that have been processed.  If data for additional custodians needs to be processed/reviewed the front end costs could be reduced by reducing the number of custodians subject to processing and/or narrowing the time-frame and thus the volume of data.  We would also like to discuss the cost of e-discovery with Walgreens and the State during the meet and confer because even if the scope is narrowed through revised search terms and more limited time-frames, the costs associated with just the custodians who have been processed is significant. Based on Judge Wyrick's statements during the 12/14/2021 hearing and 2/17/2022 regarding cost-shifting it seems clear that she does not expect Magellan to bear the brunt of those costs for the benefit of the parties to this case.

2.  We foresee a couple of problems with your TAR proposal —

   a.  <u>Sample Sets</u> — The TAR process our vendor uses (TAR 2.0) does not rely on a "seed" review to train the computer how to recognize responsive documents.  Modern TAR applies predictive coding in real-time as counsel reviews documents, then feeds new batches of "responsive" documents back to the human reviewers to continue coding. The machine learns which documents are responsive and continues supplying "responsive" documents to the human reviewers until the human reviewers find no non-responsive documents are left within the review set.  At this point, human review ends. The iterative process you have described is the older TAR 1.0.

      Moreover, even if TAR could be "seeded" in the way you describe, it would be highly unusual to give the parties *carte blanche* to review potentially hundreds of very sensitive medical records without first screening them for relevance to this case (either manually or by TAR).  Magellan's prior authorization reviewers evaluate claims for individuals who are not TennCare subscribers and who have no connection to the NDAAs that are the subject of your Requests.  Magellan is obligated to protect these individuals' medical records from disclosure, notwithstanding the Protective Order's protections. Along these same lines, based on the current search terms, irrelevant documents will certainly be drawn in that pertain to unrelated accounts and customers that are subject to agreements that contain confidentiality provisions.

   b.  <u>Search Term/Discovery Request Crosswalk</u> — Developing this crosswalk will enable the parties and Magellan to agree beforehand what types of records would be considered responsive, and will provide human reviewers (who train TAR) with specific guidance for how to code documents.  Reviewers will of course be evaluating records for responsiveness to <u>all</u> Requests.  Presumably, however, well-crafted search terms will

yield responsive records that by-and-large match the Request for which that search term was designed.

c. "Sufficient to Show" — Request No. 6, for example, seeks "all documents and communications" from 2010 to present reflecting training provided to PAs relative to the 4 DAAs. We could produce the training materials specific to TennCare PA requests.

d. Privilege Review — We note agreement on this point.

e. Documents Requiring Manual Review —Excels that contain primarily numbers or non-text data would not be susceptible to TAR. Our vendor's process actually removes non-text-based Excel files and information that does not OCR from the TAR process at the outset of review. We agree some Excel files — and possibly some handwritten text — could be coded using TAR.

Thanks,

JDC

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

   A LexMundi Member

---

**From:** John David Collins
**Sent:** Wednesday, February 23, 2022 2:51 PM
**To:** 'Dziuban, Michael R.' <MDziuban@gibsondunn.com>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd Panciera <TPanciera@maynardcooper.com>; Dianna B. Shew <Dianna.Shew@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb.

14, 2022 discovery responses

Good afternoon.  Friday at 11am works.  Michael – We are in the process of addressing the follow up questions/issues raised in your email below and I hope to be in a position to provide you with a response by tomorrow morning.  Thanks,

JDC

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card

———

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

  

---

**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Tuesday, February 22, 2022 9:36 PM
**To:** Leslie Bridges <Leslie.Bridges@ag.tn.gov>; John David Collins <JCollins@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd Panciera <TPanciera@maynardcooper.com>; Dianna B. Shew <Dianna.Shew@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

Leslie:

Thank you.  This Friday works.  I would propose an 11am start if that works for others.

John David:

Thanks for the information you provided yesterday.  We have responded below to the points you raised.

1. While we appreciate the updated hit report, it doesn't enable us to see the breakdown of each search string's hits by custodian, which is critical information if we are to confer

meaningfully about the search terms. For example, if a particular search term is generating a high volume of hits for one custodian but a low volume for another, and the custodians have similar overall document counts prior to the running of search terms, that would suggest that the high hit count for the first custodian is driven by true hits and not by false positives. Please provide an updated report that shows, for each custodian, the number of search term hits for each search string. Please also provide an explanation for why this hit report still only covers 13 out of the dozens of custodians whose data we asked you to search. We made that request two months ago, you identified the data for everyone a month ago, and it is now nearly seven months since we served our first RFPs.

2. Regarding TAR:

   a. <u>Sample sets</u>. The whole point of these is to "teach" the TAR system the parameters of responsiveness in this case, so a responsiveness review prior to giving us the sample sets defeats the purpose of using TAR. To the extent Magellan is concerned about the production of confidential information not relevant to this case, the Protective Order addresses that by providing a procedure for designating documents "CONFIDENTIAL." We certainly understand the privilege concern, but that too can be addressed with a privilege filter prior to production (for example, filtering out from the sample any emails on which a known attorney email address or outside counsel email domain appears) and by the clawback provisions of the Protective Order.

   b. <u>Search term / discovery request crosswalk</u>. We do not understand how the crosswalk will facilitate or improve the TAR process, but we are willing to attempt to generate the crosswalk you suggest to demonstrate that the search terms were tailored to the requests. To be clear, we would expect that all documents that hit on a search string would go into a single review population, and each document in that population (or the sample thereof) would be reviewed for responsiveness to *all* of the requests that call for email communications.

   c. <u>"Sufficient to show."</u> We have reviewed our RFPs and do not believe that a "documents sufficient to show" limitation is appropriate for any of the RFPs that do not already have it. Our understanding from our meet-and-confers is that FirstTrax, which Magellan uses for prior authorization request disposition and clinical notes, is Magellan's only centralized repository of information potentially relevant to this case. If we have misunderstood something in this regard, please let us know. Assuming we have not, then it does not seem to us that there is any pre-defined universe of documents that could be used to satisfy any of Walgreens' requests, such that a "sufficient to show" limitation would be appropriate.

   d. <u>Privilege review</u>. Your proposal to not hold up the production of responsive non-privileged documents makes sense to us. Again, presumably you would run your privilege review in parallel on documents that hit on known attorney email addresses or privilege designation language, and any documents that fall out of that review would go back into the proposed TAR process.

e.  <u>Documents requiring manual review</u>.  Please clarify why you think Excels wouldn't be susceptible to TAR; to the extent they are text-based, we would think TAR wouldn't be an issue.  We think the same would be true of hard-copy documents, at least to the extent they can be OCR'd.  And even if handwritten text cannot be OCR'd, the TAR system should be capable of "learning" how to handle such documents if a sufficient volume of sample documents are coded and fed into the system.  Please let us know how you propose to identify files in all of these categories, as well as what the volume of such files currently is.

**Michael R. Dziuban**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

**From:** Leslie Bridges <Leslie.Bridges@ag.tn.gov>
**Sent:** Tuesday, February 22, 2022 5:19 PM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin <cwoodfin@spicerfirm.com> <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd Panciera <TPanciera@maynardcooper.com>; Dianna B. Shew <Dianna.Shew@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; John David Collins <JCollins@maynardcooper.com>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

[WARNING: External Email]

Michael I am sorry that  tomorrow morning has filled up for me  but I think it may be best to discuss our responses to the request for admission  at a later date anyway.
The purpose of this email is to confirm a meeting in Nashville between us in accordance with last week's order from the Magistrate.  Is Friday good for you all?  If so, let me know what time you would like to begin.
Finally, I didn't see a response to John David's email.  Obviously, we would benefit from hearing back from you before our meeting.

Leslie Ann Bridges
Counsel to the Attorney General
Office of the Attorney General

Post Office Box 20207
Nashville, TN 37202-0207
(615) 741-4710
Leslie.Bridges@ag.tn.gov



**From:** John David Collins <JCollins@maynardcooper.com>
**Sent:** Monday, February 21, 2022 10:14 AM
**To:** Dianna B. Shew <Dianna.Shew@ag.tn.gov>; Dziuban, Michael R. <MDziuban@gibsondunn.com>;
Leslie Bridges <Leslie.Bridges@ag.tn.gov>; McConkey, Robert (USATNE)
<Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M.
<JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini,
Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com)
<cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph
<David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd
Panciera <TPanciera@maynardcooper.com>
**Subject:** [WARNING: MESSAGE ENCRYPTED]RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D.
Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

Michael,

I am writing to follow up on the questions/issues raised in your Feb. 17 email.  Our responses to your
specific requests are below:

1. **A breakdown of search term hits by search string, year, and custodian.**  Please see the
   attached hit report, which includes a breakdown of search hits by search string and by
   custodian for all 7 custodians Walgreens previously identified as "priority," as well as six
   additional corporate-level custodians.  This file is password-protected.  I will send the
   password under separate cover.  Our vendor is currently looking into how search hits could be
   provided by year as you requested.  Please note that these are the most up-to-date hits for
   these searches.  They include the results of de-duplication, and also e-mail threading, which
   our vendor completed on Friday.

2. **Magellan's position on whether it will agree to technology-assisted review ("TAR") of the
   search term hits.**  Magellan is amenable to supplementing human review with some
   technology-assisted review.  We have reached out to our vendor to gain a greater
   understanding of how TAR would work in their platform.  That said, we have a few points with
   respect to your specific proposals in a. - e., below –

   a. Magellan is unwilling to produce "sample sets" of Magellan materials to you sight-
      unseen without reviewing these materials for responsiveness and privilege.  To the
      extent your proposal would have us do so, we cannot agree.

   b. As an alternative, we propose Walgreens prepare for Magellan's review a crosswalk of
      Walgreens' discovery requests, which maps Walgreens' search terms to the specific

Requests for Production so that the parties can agree at the outset what documents would be considered responsive to Walgreens' discovery requests. This would ensure TAR is adequately trained to find responsive documents, and would provide a reference point for any future dispute that may arise with respect to responsiveness.

c. Additionally, please identify whether any Requests could be modified to allow production of responsive documents on a "sufficient-to-show" basis, rather than producing "any and all" responsive files.

d. As you have pointed out, privilege review would likely need to be a manual process. We are open to having TAR assist in identifying potentially-privileged materials that could be manually reviewed and released as necessary. This process could be done iteratively, so as not to hold up production of responsive, non-privileged documents.

e. *See* paragraph a., above. Relatedly, TAR is inadequate to evaluate certain types of files such as Excel spreadsheets, and files containing handwritten notes or other non-text-based information. These files would likewise require manual review.

Thanks,

JDC

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card
——
1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

   A LexMundi Member

**From:** John David Collins
**Sent:** Friday, February 18, 2022 2:18 PM
**To:** 'Dianna B. Shew' <Dianna.Shew@ag.tn.gov>; Dziuban, Michael R. <MDziuban@gibsondunn.com>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd

Panciera <[TPanciera@maynardcooper.com](mailto:TPanciera@maynardcooper.com)>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

Good afternoon.  Thursday (2/24) or Friday (2/25) would work best for me.

Michael:  Thanks for your email (below). We are reviewing your questions/suggestions (some of which require input from our vendor) and will get back to you on those points either later today or Monday am.

Also, please include Erica Barnes and Todd Panciera (copied) in my office on email communications as they are also assisting on this case.

Thanks,

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
[JCollins@maynardcooper.com](mailto:JCollins@maynardcooper.com) | V-card

---

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

   A LexMundi Member

---

**From:** Dianna B. Shew <[Dianna.Shew@ag.tn.gov](mailto:Dianna.Shew@ag.tn.gov)>
**Sent:** Friday, February 18, 2022 9:08 AM
**To:** Dziuban, Michael R. <[MDziuban@gibsondunn.com](mailto:MDziuban@gibsondunn.com)>; Leslie Bridges <[Leslie.Bridges@ag.tn.gov](mailto:Leslie.Bridges@ag.tn.gov)>; McConkey, Robert (USATNE) <[Robert.McConkey@usdoj.gov](mailto:Robert.McConkey@usdoj.gov)>; Rodriguez, Joe (USATNE) <[Joe.Rodriguez@usdoj.gov](mailto:Joe.Rodriguez@usdoj.gov)>; John David Collins <[JCollins@maynardcooper.com](mailto:JCollins@maynardcooper.com)>
**Cc:** Brodsky, Reed <[RBrodsky@gibsondunn.com](mailto:RBrodsky@gibsondunn.com)>; Phillips, Jonathan M. <[JPhillips@gibsondunn.com](mailto:JPhillips@gibsondunn.com)>; Katterhagen, Jillian N. <[JKatterhagen@gibsondunn.com](mailto:JKatterhagen@gibsondunn.com)>; Broggini, Francesca <[FBroggini@gibsondunn.com](mailto:FBroggini@gibsondunn.com)>; Clint Woodfin ([cwoodfin@spicerfirm.com](mailto:cwoodfin@spicerfirm.com)) <[cwoodfin@spicerfirm.com](mailto:cwoodfin@spicerfirm.com)>; Nate Casey <[Nate.Casey@ag.tn.gov](mailto:Nate.Casey@ag.tn.gov)>; David M. Rudolph <[David.Rudolph@ag.tn.gov](mailto:David.Rudolph@ag.tn.gov)>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

Good morning,

Our preference is Nashville.  We will get back to everyone on our available dates. Everyone please select dates based upon your ability to travel to Nashville.

Dianna

**Dianna Baker Shew**
Senior Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN  37202
p. 615.532.1969
dianna.shew@ag.tn.gov



**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Thursday, February 17, 2022 4:18 PM
**To:** Dianna B. Shew <Dianna.Shew@ag.tn.gov>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>; John David Collins <JCollins@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

Counsel:

We are willing to convene in Nashville and can, in the alternative, host in Washington, DC. Please let us know your preference.  We propose next Wednesday (2/23), Thursday (2/24), or Friday (2/25) for the meeting.

To make the meeting more efficient, we request that Magellan provide the following in advance of the meeting:

1. A breakdown of search term hits by search string, year, and custodian, for as many custodians as it is possible to process in advance of the meeting.  If any custodians cannot be loaded for searching by the time of the meeting, we ask that Magellan provide an explanation of why not.  We also request that the hits be provided after deduplication across custodians and, if possible, application of email threading to further streamline the volume of unique documents for review.

2. Magellan's position on whether it will agree to technology-assisted review ("TAR") of the search term hits.  Reserving all rights, we would propose something along the following lines, subject to confirmation with the appropriate eDiscovery experts/vendor:

a. Magellan's vendor provides separate sample sets of search term hits to each of Magellan, the government, and Walgreens.

b. By a date certain, each party reviews its sample set for responsiveness, and the responsiveness calls are fed back into the TAR platform.

c. The TAR platform then codes the full set of search term hits for responsiveness, and the responsive documents are produced without manual review.

d. To the extent additional sample sets are needed to "teach" the TAR system, those are provided and reviewed on a rolling basis.

e. We are open to the possibility of manual review by Magellan of documents hitting on privilege terms, and we would remind you that the Protective Order in this case includes a clawback procedure.

Best regards,

Michael


**Michael R. Dziuban**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 ▪ M: +1 571.239.1379
MDziuban@gibsondunn.com ▪ www.gibsondunn.com

---

**From:** Dianna B. Shew <Dianna.Shew@ag.tn.gov>
**Sent:** Thursday, February 17, 2022 4:26 PM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>; John David Collins <JCollins@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

[WARNING: External Email]


As the Magistrate has directed the parties to meet and confer in person, we recommend the meeting take place in Nashville. Nashville is the most central location, and our office has

a very large conference room suitable for such a meeting. I am sure we will be back in touch regarding dates in the very near future.

Dianna

**Dianna Baker Shew**
Senior Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
p. 615.532.1969
[dianna.shew@ag.tn.gov](mailto:dianna.shew@ag.tn.gov)



This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at [https://www.gibsondunn.com/](https://www.gibsondunn.com/) for information regarding the firm and/or our privacy policy.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at [https://www.gibsondunn.com/](https://www.gibsondunn.com/) for information regarding the firm and/or our privacy policy.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential

information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

# EXHIBIT D

| | |
|---|---|
| **From:** | John David Collins; Todd Panciera |
| **To:** | Dziuban, Michael R.; Phillips, Jonathan M.; Katterhagen, Jillian N.; Broggini, Francesca; Clint Woodfin (cwoodfin@spicerfirm.com); Nate Casey; David M. Rudolph; Erica Williamson Barnes; Dianna B. Shew; McConkey, Robert (USATNE); Rodriguez, Joe (USATNE); Leslie Bridges |
| **Cc:** | |
| **Subject:** | RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses[WARNING: MESSAGE ENCRYPTED][WARNING: MESSAGE ENCRYPTED][WARNING: MESSAGE ENCRYPTED] |
| **Date:** | Friday, March 4, 2022 3:11:59 PM |
| **Attachments:** | image015.png |
| | image016.png |
| | image017.png |
| | image018.png |
| | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |

**[WARNING: External Email]**

Michael, thanks for your email. We will review your points, below and respond in detail soon. With respect to your fourth point, we did inquire of our vendor regarding the estimated impact of TAR on the figures Todd circulated yesterday morning (See Todd's March 3, 2022 9:34 CST email), which — as he stated — did not factor in the additional 12 custodians, review costs for that subset of documents, or hosting costs. Our vendor has responded and projects (based on their experience with the TAR process and taking into account the volume of documents likely to be excluded here) that TAR will reduce the overall review burden by approximately half. Obviously, this impacts our overall cost projections, which are now reduced from the range we reported yesterday to $155,511.31 (min.) – $177,075.31 (max). Again, this is thanks to TAR potentially reducing the scope of review (and costs) by half, and is subject to change based on changes we make to the search parameters, which we are still negotiating. Keep in mind these estimates do not factor in processing, review, or hosting costs associated with the 12 additional PA reviewer custodians, which we are still working with our client to project.

We provide the above to you in an effort to remain transparent with respect to our costs. As we have done previously, we will continue to provide detailed cost projections broken out by document processing and hosting costs ($77,880.31 projected thru March, 2022) and estimated ESI review costs. Magellan's primary interest remains reducing these costs as much as possible. Thanks,

JDC

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card
——
1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



  

**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Friday, March 4, 2022 10:29 AM
**To:** John David Collins <JCollins@maynardcooper.com>; Todd Panciera
<TPanciera@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M.
<JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini,
Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com)
<cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph
<David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Dianna B.
Shew <Dianna.Shew@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>;
Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb.
14, 2022 discovery responses[WARNING: MESSAGE ENCRYPTED][WARNING: MESSAGE ENCRYPTED]
[WARNING: MESSAGE ENCRYPTED]

John David:

Thanks for your note below.  Here are our responses:

1.  Regarding the "TennCare" etc. limiter on search 6b, we don't think it's appropriate.  If
    Magellan custodians had communications about the issues underlying CMS Release No.
    172 but those communications happened not to also have a nexus to TennCare, the
    communications would still be relevant because they would show how Magellan
    personnel addressed the issues of prior authorization criteria validity in light of the
    Medicaid Act's requirements.  That said, we understand that the search string as
    originally drafted may still be bringing back false hits, and so we're willing to modify it
    as follows:

    ("prior authorization*" OR ((condition* OR criteri* OR limit* OR deny* OR deni*
    OR restrict*) w/5 (cover* OR access* OR treat* OR payment*)) OR formular* OR
    ~~"medically accepted indication" OR "medically necessary" OR "medical necessity"~~
    ~~OR "therapeutic advantage*" OR~~ "disease severity" OR fibrosis OR sobriety OR
    abstinence) ~~AND~~ w/50 (unlawful* OR illegal* OR "contrary to law" OR invalid* OR
    violat* OR "Section 1927" OR "Social Security Act" OR "SSA" OR "Medicaid Act"
    OR "TennCare waiver")

2.  We are open to a narrower set of search terms for the corporate custodians in the period
    post-dating the end of Magellan's contract with the State.  Given that you and your
    client have direct access (and we don't) to the data in a way that allows you to see the
    effect of search term modifications in real time—and given that you have not provided
    us a breakdown of each custodian's search term hits by time period—we request that
    you propose modifications for our consideration.

3. We have reviewed the position information you provided regarding the clinical pharmacists. As we read the most recent spreadsheet, the custodians that fall into that category and that we'd want reviewed—again, reserving rights to seek review of other PA reviewer custodians—are the following 17 individuals:

| Last Name | First Name |
|-----------|------------|
| Aslam | Syeda |
| Barnes | Kimberly |
| Bueno | Julie L. |
| Desai | Mona |
| Edwards | Elaine |
| Fienup | Spencer |
| Fingles | Rand |
| Johnson | Rachel |
| Johnson | Tiffany L. |
| Lau | Jeanette |
| Okaro | Obinna |
| Quintana | Christine |
| Salinas | Juan |
| Slaughter | Leslie R. |
| Vaughan | Ashley |
| Wood | Harrell |
| Wu | Angela |

4. Regarding costs, we expect that the estimate you provide the Court in your upcoming brief will break down—as your estimate yesterday did—the amounts attributable to document review as opposed to document processing. We think it is important that the Court understand this distinction, given the parties' agreement to use TAR, and given the lack of necessity for Magellan to perform a manual privilege review in light of the Protective Order and Walgreens' willingness to enter a FRE 502 stipulation in the event privileged information is disclosed. Similarly, we expect that your estimate will include the effect TAR is likely to have in reducing the costs of the document review. We assume your vendor has sufficient experience with the use of TAR such that it can estimate this effect even without knowing right now exactly how much of the review population TAR is likely to carve out.

5. Does Magellan have insurance that could cover all or part of these costs?

6. Finally, consistent with the Court's statements at yesterday's hearing, we expect Magellan's review and production of the data already processed to continue while the parties are litigating the costs issue. Please let us know when we can expect your first production.

Best regards,

Michael

**Michael R. Dziuban**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

---

**From:** John David Collins <JCollins@maynardcooper.com>
**Sent:** Thursday, March 3, 2022 10:15 AM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Todd Panciera
<TPanciera@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M.
<JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini,
Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com)
<cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph
<David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Dianna B.
Shew <Dianna.Shew@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>;
Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb.
14, 2022 discovery responses[WARNING: MESSAGE ENCRYPTED][WARNING: MESSAGE ENCRYPTED]
[WARNING: MESSAGE ENCRYPTED]

**[WARNING: External Email]**

Michael: I am writing in response to your email below.  We asked our vendor to run these searches
consistent with your redline, with the exception of Search 6b, for which we opted to keep the "AND
(TennCare OR Tenn* OR TN)" modifier.  As we explained during our meet-and-confer, when we
initially ran it, this edit reduced hits for this search from 35,497 hits (124,593 with families) down to
10,426 (21,774 with families). We feel this edit strikes the right balance to retrieve only documents
and communications regarding prior authorization criteria related specifically to TennCare and
TennCare beneficiaries. The original search string (which contains fairly common terms in the PBM
industry) is obviously drawing in a substantial amount of information relating to Magellan's other
customers/plans/members and, as such, would fall outside of your RFPs which are tailored to the
State.

Regarding the date limitations, we had our vendor apply the following date filters:

1. **For the corporate custodians**, results from October 1, 2014 through present.
2. **For the reviewer custodians**, results from October 1, 2014 through December 31, 2016.

After filtering and threading, the revised searches yielded 37,410 hits (95,735 with families).  A
detailed report is attached.  The password is the same as previously provided to you in our February
21, 2022 e-mail.  We are working with our vendor to obtain adjusted cost estimates and will forward
that information along upon receipt.

With respect to the corporate custodians, we remain of the opinion that Walgreens' request for

email communications that post-date Magellan's contractual relationship with the State (January 1, 2020 to the present date) seeks information beyond the State's custody or control and outside of the scope of the RFPs actually issued to the State. Putting that issue aside, we are evaluating whether the corporate custodians can be limited based on lack of involvement in the underlying investigation (as noted in your email). We also suggest that Walgreens consider proposing a more narrowly tailored search string for the post-contract termination period given Magellan was no longer the State's PBM. Either approach (or both) would likely reduce the hit count reflected in the attached report.

For the pre-October 2014 period, we are looking into whether the records you identified below (e.g., development of PA criteria, audits, etc.) are retained in a central repository outside O365. We recently provided TennCare-specific training materials to the State for review and production, so we assume you will receive those soon.

Finally, regarding your specific questions, below:

1. As discussed during our meet/confer and recent email exchanges, we would like to have a discussion with Walgreens and the State about allocation of costs (or receive further direction from the Court in this regard) before processing this additional data (given the significant front end costs). Also, the first step before processing is to extract the data from Magellan's system and that process is underway. In the interim, review and production of records can proceed for the 13 custodians Magellan's vendor has already processed.

2. To the extent any individual reviewer custodian held a different position with the Company during the time period, Magellan has noted the individual's title and the respective dates he or she held the position in an updated custodian chart, attached. Also, at your request during the meet and confer, we followed up on Monica Aaron's position/role with the company (Supervisor, Clinical Pharmacy Operations). Ms. Aaron was a pharmacy technician (not a pharmacist) with additional administrative responsibilities, so she lacked authority to approve (or deny) a request for preauthorization of the DAAs at issue. We do not believe it's necessary to pull her mailbox, but let us know if you disagree.

3. The Magellan technical team advised that date filtering in O365 is possible. Notwithstanding, the costs to process even a portion of the remaining data will be significant. We are in the process of projecting those costs.

4. As noted above, we are in the process of identifying records maintained outside of O365 relevant to the topics you set forth in your e-mail.


Once you review, let's schedule a time to discuss. Thanks,


JDC


**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404

JCollins@maynardcooper.com | V-card

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

   A LexMundi Member

**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Monday, February 28, 2022 5:54 PM
**To:** Todd Panciera <TPanciera@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M.
<JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini,
Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com)
<cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph
<David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Dianna B.
Shew <Dianna.Shew@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>;
Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>;
John David Collins <JCollins@maynardcooper.com>
**Subject:** [WARNING: MESSAGE ENCRYPTED]RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D.
Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses[WARNING: MESSAGE ENCRYPTED]
[WARNING: MESSAGE ENCRYPTED]

Todd:

Thanks. An updated redline is attached reflecting our edits on top of yours. Please proceed
with running the updated terms and letting us know the updated hit counts.

Regarding the date limitations:

- We agree to limit the relevant time period for searches of the prior authorization
  reviewer data to October 1, 2014 (not October 31) through December 31, 2016. We
  reserve all rights to request additional searches for specific prior authorization reviewer
  custodians outside of that timeframe.

- We ask that all eight of the "corporate" custodians' data be searched for the full October
  1, 2014 – present period. We are willing to confer further about this if, for example, any
  of those corporate custodians had no part in the government investigations of this matter
  that began in 2016.

- For the pre-October 2014 period, we are waiting to hear from you about whether any of
  the document/issue categories that we discussed on Friday as being reflected in our
  RFPs (for example, audits, trainings) can be covered via centralized document
  repositories rather than email searches. Barring that, we would request email searches

for the January 1, 2010 – September 30, 2014 period for the following:
- All eight of the "corporate" custodians; and

- Any of the prior authorization reviewer custodians who held, in the pre-October 2014 period, any role in which they: (1) supervised clinical pharmacists; (2) trained clinical pharmacists; and/or (3) participated in the development and/or implementation of TennCare's prior authorization criteria for any Hepatitis C medication.

We are also willing to consider a more limited set of search terms for the pre-October 2014 period, if indeed email searches are conducted rather than relying on centralized document repositories.

Further to our discussion on Friday, please also advise as to the following:

- Which custodians' data Magellan is currently working to process in light of the portion of our discussion that focused on the reviewers who were clinical pharmacists.

- Full position history information for the prior authorization reviewer custodians. As discussed on Friday, we need this information so that we can know the full extent of a particular custodian's relevance to this case. For example, if someone listed on your chart from Friday as having a non-Clinical Pharmacist role nevertheless had such a role at some point in the October 1, 2014 – December 31, 2016 period, that would be highly relevant to whether that person's data should be searched along with the people actually listed as Clinical Pharmacists.

- The status of efforts to determine Magellan's ability, from a technical standpoint, to apply date limitations to custodian data prior to processing by Magellan's ESI vendor.

- The status of efforts to determine whether any of the following topics/issue areas reflected in Walgreens' RFPs can be addressed through searches of centralized document repositories rather than email searches: (1) training; (2) audits and reviews of PA determinations; (3) development of the TennCare PDL and PA criteria for Hepatitis C medications; and (4) CMS Release No. 172 and the alleged CMS "waiver" of Section 1927 of the Social Security Act.

Thanks,

Michael

**Michael R. Dziuban**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

**From:** Todd Panciera <[TPanciera@maynardcooper.com](mailto:TPanciera@maynardcooper.com)>
**Sent:** Monday, February 28, 2022 11:24 AM
**To:** Dziuban, Michael R. <[MDziuban@gibsondunn.com](mailto:MDziuban@gibsondunn.com)>
**Cc:** Brodsky, Reed <[RBrodsky@gibsondunn.com](mailto:RBrodsky@gibsondunn.com)>; Phillips, Jonathan M.
<[JPhillips@gibsondunn.com](mailto:JPhillips@gibsondunn.com)>; Katterhagen, Jillian N. <[JKatterhagen@gibsondunn.com](mailto:JKatterhagen@gibsondunn.com)>; Broggini,
Francesca <[FBroggini@gibsondunn.com](mailto:FBroggini@gibsondunn.com)>; Clint Woodfin ([cwoodfin@spicerfirm.com](mailto:cwoodfin@spicerfirm.com))
<[cwoodfin@spicerfirm.com](mailto:cwoodfin@spicerfirm.com)>; Nate Casey <[Nate.Casey@ag.tn.gov](mailto:Nate.Casey@ag.tn.gov)>; David M. Rudolph
<[David.Rudolph@ag.tn.gov](mailto:David.Rudolph@ag.tn.gov)>; Erica Williamson Barnes <[EBarnes@maynardcooper.com](mailto:EBarnes@maynardcooper.com)>; Dianna B.
Shew <[Dianna.Shew@ag.tn.gov](mailto:Dianna.Shew@ag.tn.gov)>; McConkey, Robert (USATNE) <[Robert.McConkey@usdoj.gov](mailto:Robert.McConkey@usdoj.gov)>;
Rodriguez, Joe (USATNE) <[Joe.Rodriguez@usdoj.gov](mailto:Joe.Rodriguez@usdoj.gov)>; Leslie Bridges <[Leslie.Bridges@ag.tn.gov](mailto:Leslie.Bridges@ag.tn.gov)>;
John David Collins <[JCollins@maynardcooper.com](mailto:JCollins@maynardcooper.com)>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb.
14, 2022 discovery responses[WARNING: MESSAGE ENCRYPTED][WARNING: MESSAGE ENCRYPTED]

<span style="color:red">[WARNING: External Email]</span>

Good morning, Michael.  Please see attached Magellan's redlines to Walgreen's revised search
terms, which reflect the changes we agreed upon during last Friday's meet-and-confer.  The
password is the same as you provided previously.

Please confirm we should run these revised searches, or send back any proposed edits.  Additionally,
please confirm you have agreed to limit the relevant time period for these searches to the October
31, 2014 through December 31, 2016 time frame.  With respect to the pre-2014 time period, please
advise which searches/custodians you would like us to search to accomplish the "limited production"
of pre-2014 records you described during our discussion, and whether those searches should be for
the January 1, 2010 to October 31, 2014 time frame or for some other range.

Regards,

Todd

**Todd Panciera**
Associate | Cybersecurity & Privacy
P: 205.488.3641
[TPanciera@maynardcooper.com](mailto:TPanciera@maynardcooper.com) | V-card

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

  

**From:** John David Collins <[JCollins@maynardcooper.com](mailto:JCollins@maynardcooper.com)>
**Sent:** Thursday, February 24, 2022 11:37 AM
**To:** Dziuban, Michael R. <[MDziuban@gibsondunn.com](mailto:MDziuban@gibsondunn.com)>; Leslie Bridges <[Leslie.Bridges@ag.tn.gov](mailto:Leslie.Bridges@ag.tn.gov)>
**Cc:** Brodsky, Reed <[RBrodsky@gibsondunn.com](mailto:RBrodsky@gibsondunn.com)>; Phillips, Jonathan M.

<JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd Panciera <TPanciera@maynardcooper.com>; Dianna B. Shew <Dianna.Shew@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>

**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

Michael:  Following up on your 2/22 email below.  Our specific responses to your points are as follows:

1. Please see the attached hit report, which breaks out search terms by custodian (the report is password-protected; the password is the same as previously provided to you).  We agree this information may be helpful to drive our discussion.  We can discuss at that time whether results can be determined to be "true" based solely on their proportionality to hits for different custodians, as you say.

   As stated at the recent hearing, we have loaded 13 of the custodians (8 corporate custodians and 5 PA custodians). With the volume of data requested to be loaded, it takes several days to extract and ingest data for each custodian. With respect to several of the 13 custodians Magellan's system repeatedly crashed (due to volume) and the process had to be restarted. As for the remaining 56 PA custodians, Magellan does not view the expense and labor required to process this number of files at this time to be proportional to the needs of the case.

   Specifically, our vendor has estimated processing and hosting costs alone for these 56 remaining custodians would top $470,000 (before search terms are even run). Given those costs, it seems more practical to see what is returned for the 5 PA custodians that have been processed.  If data for additional custodians needs to be processed/reviewed the front end costs could be reduced by reducing the number of custodians subject to processing and/or narrowing the time-frame and thus the volume of data.  We would also like to discuss the cost of e-discovery with Walgreens and the State during the meet and confer because even if the scope is narrowed through revised search terms and more limited time-frames, the costs associated with just the custodians who have been processed is significant. Based on Judge Wyrick's statements during the 12/14/2021 hearing and 2/17/2022 regarding cost-shifting it seems clear that she does not expect Magellan to bear the brunt of those costs for the benefit of the parties to this case.

2. We foresee a couple of problems with your TAR proposal —

   a. Sample Sets — The TAR process our vendor uses (TAR 2.0) does not rely on a "seed" review to train the computer how to recognize responsive documents.  Modern TAR applies predictive coding in real-time as counsel reviews documents, then feeds new batches of "responsive" documents back to the human reviewers to continue coding. The machine learns which documents are responsive and continues supplying "responsive" documents to the human reviewers until the human reviewers find no

non-responsive documents are left within the review set.  At this point, human review ends. The iterative process you have described is the older TAR 1.0.

Moreover, even if TAR could be "seeded" in the way you describe, it would be highly unusual to give the parties *carte blanche* to review potentially hundreds of very sensitive medical records without first screening them for relevance to this case (either manually or by TAR).  Magellan's prior authorization reviewers evaluate claims for individuals who are not TennCare subscribers and who have no connection to the NDAAs that are the subject of your Requests.  Magellan is obligated to protect these individuals' medical records from disclosure, notwithstanding the Protective Order's protections. Along these same lines, based on the current search terms, irrelevant documents will certainly be drawn in that pertain to unrelated accounts and customers that are subject to agreements that contain confidentiality provisions.

b.  <u>Search Term/Discovery Request Crosswalk</u> — Developing this crosswalk will enable the parties and Magellan to agree beforehand what types of records would be considered responsive, and will provide human reviewers (who train TAR) with specific guidance for how to code documents.  Reviewers will of course be evaluating records for responsiveness to <u>all</u> Requests.  Presumably, however, well-crafted search terms will yield responsive records that by-and-large match the Request for which that search term was designed.

c.  "<u>Sufficient to Show</u>" — Request No. 6, for example, seeks "all documents and communications" from 2010 to present reflecting training provided to PAs relative to the 4 DAAs.  We could produce the training materials specific to TennCare PA requests.

d.  <u>Privilege Review</u> — We note agreement on this point.

e.  <u>Documents Requiring Manual Review</u> —Excels that contain primarily numbers or non-text data would not be susceptible to TAR.  Our vendor's process actually removes non-text-based Excel files and information that does not OCR from the TAR process at the outset of review.  We agree some Excel files — and possibly some handwritten text — could be coded using TAR.

Thanks,

JDC


**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card
───
1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

   A LexMundi Member

---

**From:** John David Collins
**Sent:** Wednesday, February 23, 2022 2:51 PM
**To:** 'Dziuban, Michael R.' <MDziuban@gibsondunn.com>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd Panciera <TPanciera@maynardcooper.com>; Dianna B. Shew <Dianna.Shew@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

Good afternoon. Friday at 11am works. Michael – We are in the process of addressing the follow up questions/issues raised in your email below and I hope to be in a position to provide you with a response by tomorrow morning. Thanks,

JDC

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card

---

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

   A LexMundi Member

---

**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Tuesday, February 22, 2022 9:36 PM
**To:** Leslie.Bridges@ag.tn.gov>; John David Collins <JCollins@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini,

Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com)
<cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph
<David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd
Panciera <TPanciera@maynardcooper.com>; Dianna B. Shew <Dianna.Shew@ag.tn.gov>;
McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE)
<Joe.Rodriguez@usdoj.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb.
14, 2022 discovery responses

Leslie:

Thank you.  This Friday works.  I would propose an 11am start if that works for others.

John David:

Thanks for the information you provided yesterday.  We have responded below to the points
you raised.

1.  While we appreciate the updated hit report, it doesn't enable us to see the breakdown of
    each search string's hits by custodian, which is critical information if we are to confer
    meaningfully about the search terms.  For example, if a particular search term is
    generating a high volume of hits for one custodian but a low volume for another, and the
    custodians have similar overall document counts prior to the running of search terms,
    that would suggest that the high hit count for the first custodian is driven by true hits
    and not by false positives.  Please provide an updated report that shows, for each
    custodian, the number of search term hits for each search string.  Please also provide an
    explanation for why this hit report still only covers 13 out of the dozens of custodians
    whose data we asked you to search.  We made that request two months ago, you
    identified the data for everyone a month ago, and it is now nearly seven months since
    we served our first RFPs.

2.  Regarding TAR:
    a.  Sample sets.  The whole point of these is to "teach" the TAR system the
        parameters of responsiveness in this case, so a responsiveness review prior to
        giving us the sample sets defeats the purpose of using TAR.  To the extent
        Magellan is concerned about the production of confidential information not
        relevant to this case, the Protective Order addresses that by providing a procedure
        for designating documents "CONFIDENTIAL."  We certainly understand the
        privilege concern, but that too can be addressed with a privilege filter prior to
        production (for example, filtering out from the sample any emails on which a
        known attorney email address or outside counsel email domain appears) and by
        the clawback provisions of the Protective Order.

    b.  Search term / discovery request crosswalk.  We do not understand how the
        crosswalk will facilitate or improve the TAR process, but we are willing to
        attempt to generate the crosswalk you suggest to demonstrate that the search
        terms were tailored to the requests.  To be clear, we would expect that all

documents that hit on a search string would go into a single review population, and each document in that population (or the sample thereof) would be reviewed for responsiveness to *all* of the requests that call for email communications.

c. "Sufficient to show." We have reviewed our RFPs and do not believe that a "documents sufficient to show" limitation is appropriate for any of the RFPs that do not already have it. Our understanding from our meet-and-confers is that FirstTrax, which Magellan uses for prior authorization request disposition and clinical notes, is Magellan's only centralized repository of information potentially relevant to this case. If we have misunderstood something in this regard, please let us know. Assuming we have not, then it does not seem to us that there is any pre-defined universe of documents that could be used to satisfy any of Walgreens' requests, such that a "sufficient to show" limitation would be appropriate.

d. Privilege review. Your proposal to not hold up the production of responsive non-privileged documents makes sense to us. Again, presumably you would run your privilege review in parallel on documents that hit on known attorney email addresses or privilege designation language, and any documents that fall out of that review would go back into the proposed TAR process.

e. Documents requiring manual review. Please clarify why you think Excels wouldn't be susceptible to TAR; to the extent they are text-based, we would think TAR wouldn't be an issue. We think the same would be true of hard-copy documents, at least to the extent they can be OCR'd. And even if handwritten text cannot be OCR'd, the TAR system should be capable of "learning" how to handle such documents if a sufficient volume of sample documents are coded and fed into the system. Please let us know how you propose to identify files in all of these categories, as well as what the volume of such files currently is.

**Michael R. Dziuban**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

---

**From:** Leslie Bridges <Leslie.Bridges@ag.tn.gov>
**Sent:** Tuesday, February 22, 2022 5:19 PM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph

<David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd
Panciera <TPanciera@maynardcooper.com>; Dianna B. Shew <Dianna.Shew@ag.tn.gov>;
McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; John David Collins
<JCollins@maynardcooper.com>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb.
14, 2022 discovery responses

**[WARNING: External Email]**

Michael I am sorry that  tomorrow morning has filled up for me  but I think it may be best to
discuss our responses to the request for admission  at a later date anyway.
The purpose of this email is to confirm a meeting in Nashville between us in accordance with
last week's order from the Magistrate.  Is Friday good for you all?  If so, let me know what
time you would like to begin.
Finally, I didn't see a response to John David's email.  Obviously, we would benefit from
hearing back from you before our meeting.


Leslie Ann Bridges
Counsel to the Attorney General
Office of the Attorney General
Post Office Box 20207
Nashville, TN 37202-0207
(615) 741-4710
Leslie.Bridges@ag.tn.gov



**From:** John David Collins <JCollins@maynardcooper.com>
**Sent:** Monday, February 21, 2022 10:14 AM
**To:** Dianna B. Shew <Dianna.Shew@ag.tn.gov>; Dziuban, Michael R. <MDziuban@gibsondunn.com>;
Leslie Bridges <Leslie.Bridges@ag.tn.gov>; McConkey, Robert (USATNE)
<Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M.
<JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini,
Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com)
<cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph
<David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd
Panciera <TPanciera@maynardcooper.com>
**Subject:** [WARNING: MESSAGE ENCRYPTED]RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D.
Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses


Michael,

I am writing to follow up on the questions/issues raised in your Feb. 17 email.  Our responses to your
specific requests are below:

1. **A breakdown of search term hits by search string, year, and custodian**. Please see the attached hit report, which includes a breakdown of search hits by search string and by custodian for all 7 custodians Walgreens previously identified as "priority," as well as six additional corporate-level custodians. This file is password-protected. I will send the password under separate cover. Our vendor is currently looking into how search hits could be provided by year as you requested. Please note that these are the most up-to-date hits for these searches. They include the results of de-duplication, and also e-mail threading, which our vendor completed on Friday.

2. **Magellan's position on whether it will agree to technology-assisted review ("TAR") of the search term hits.** Magellan is amenable to supplementing human review with some technology-assisted review. We have reached out to our vendor to gain a greater understanding of how TAR would work in their platform. That said, we have a few points with respect to your specific proposals in a. - e., below –

   a. Magellan is unwilling to produce "sample sets" of Magellan materials to you sight-unseen without reviewing these materials for responsiveness and privilege. To the extent your proposal would have us do so, we cannot agree.

   b. As an alternative, we propose Walgreens prepare for Magellan's review a crosswalk of Walgreens' discovery requests, which maps Walgreens' search terms to the specific Requests for Production so that the parties can agree at the outset what documents would be considered responsive to Walgreens' discovery requests. This would ensure TAR is adequately trained to find responsive documents, and would provide a reference point for any future dispute that may arise with respect to responsiveness.

   c. Additionally, please identify whether any Requests could be modified to allow production of responsive documents on a "sufficient-to-show" basis, rather than producing "any and all" responsive files.

   d. As you have pointed out, privilege review would likely need to be a manual process. We are open to having TAR assist in identifying potentially-privileged materials that could be manually reviewed and released as necessary. This process could be done iteratively, so as not to hold up production of responsive, non-privileged documents.

   e. *See* paragraph a., above. Relatedly, TAR is inadequate to evaluate certain types of files such as Excel spreadsheets, and files containing handwritten notes or other non-text-based information. These files would likewise require manual review.

Thanks,

JDC

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

   A LexMundi Member

**From:** John David Collins
**Sent:** Friday, February 18, 2022 2:18 PM
**To:** 'Dianna B. Shew' <Dianna.Shew@ag.tn.gov>; Dziuban, Michael R.
<MDziuban@gibsondunn.com>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>; McConkey, Robert
(USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M.
<JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini,
Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com)
<cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph
<David.Rudolph@ag.tn.gov>; Erica Williamson Barnes <EBarnes@maynardcooper.com>; Todd
Panciera <TPanciera@maynardcooper.com>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb.
14, 2022 discovery responses

Good afternoon. Thursday (2/24) or Friday (2/25) would work best for me.

Michael: Thanks for your email (below). We are reviewing your questions/suggestions (some of
which require input from our vendor) and will get back to you on those points either later today or
Monday am.

Also, please include Erica Barnes and Todd Panciera (copied) in my office on email communications
as they are also assisting on this case.

Thanks,

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card
___

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

A LexMundi Member



**From:** Dianna B. Shew <Dianna.Shew@ag.tn.gov>
**Sent:** Friday, February 18, 2022 9:08 AM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>; John David Collins <JCollins@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

Good morning,

      Our preference is Nashville.  We will get back to everyone on our available dates. Everyone please select dates based upon your ability to travel to Nashville.

                     Dianna

**Dianna Baker Shew**
Senior Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN  37202
p. 615.532.1969
dianna.shew@ag.tn.gov



**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Thursday, February 17, 2022 4:18 PM
**To:** Dianna B. Shew <Dianna.Shew@ag.tn.gov>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE) <Joe.Rodriguez@usdoj.gov>; John David Collins <JCollins@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini, Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb. 14, 2022 discovery responses

Counsel:

We are willing to convene in Nashville and can, in the alternative, host in Washington, DC. Please let us know your preference. We propose next Wednesday (2/23), Thursday (2/24), or Friday (2/25) for the meeting.

To make the meeting more efficient, we request that Magellan provide the following in advance of the meeting:

1. A breakdown of search term hits by search string, year, and custodian, for as many custodians as it is possible to process in advance of the meeting. If any custodians cannot be loaded for searching by the time of the meeting, we ask that Magellan provide an explanation of why not. We also request that the hits be provided after deduplication across custodians and, if possible, application of email threading to further streamline the volume of unique documents for review.

2. Magellan's position on whether it will agree to technology-assisted review ("TAR") of the search term hits. Reserving all rights, we would propose something along the following lines, subject to confirmation with the appropriate eDiscovery experts/vendor:
   a. Magellan's vendor provides separate sample sets of search term hits to each of Magellan, the government, and Walgreens.

   b. By a date certain, each party reviews its sample set for responsiveness, and the responsiveness calls are fed back into the TAR platform.

   c. The TAR platform then codes the full set of search term hits for responsiveness, and the responsive documents are produced without manual review.

   d. To the extent additional sample sets are needed to "teach" the TAR system, those are provided and reviewed on a rolling basis.

   e. We are open to the possibility of manual review by Magellan of documents hitting on privilege terms, and we would remind you that the Protective Order in this case includes a clawback procedure.

Best regards,

Michael

**Michael R. Dziuban**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5509
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

**From:** Dianna B. Shew <Dianna.Shew@ag.tn.gov>
**Sent:** Thursday, February 17, 2022 4:26 PM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Leslie Bridges <Leslie.Bridges@ag.tn.gov>;
McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Rodriguez, Joe (USATNE)
<Joe.Rodriguez@usdoj.gov>; John David Collins <JCollins@maynardcooper.com>
**Cc:** Brodsky, Reed <RBrodsky@gibsondunn.com>; Phillips, Jonathan M.
<JPhillips@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Broggini,
Francesca <FBroggini@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com)
<cwoodfin@spicerfirm.com>; Nate Casey <Nate.Casey@ag.tn.gov>; David M. Rudolph
<David.Rudolph@ag.tn.gov>
**Subject:** RE: USA & Tenn. v. Walgreen Co., No. 21-cv-00080 (E.D. Tenn.) - Meet-and-confer re Feb.
14, 2022 discovery responses

<span style="color:red">**[WARNING: External Email]**</span>

     As the Magistrate has directed the parties to meet and confer in person, we recommend the meeting take place in Nashville. Nashville is the most central location, and our office has a very large conference room suitable for such a meeting. I am sure we will be back in touch regarding dates in the very near future.

                   Dianna

**Dianna Baker Shew**
Senior Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
p. 615.532.1969
dianna.shew@ag.tn.gov



This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

# EXHIBIT E

| From: | Dziuban, Michael R. |
| --- | --- |
| To: | Philip Bangle; Brodsky, Reed |
| Cc: | McConkey, Robert (USATNE); Andrew B. Campbell; Marian F. Schmidt; Nate Casey; Patricia J. Dillman; Clint Woodfin; Margaret Siller; Tony Hullender; Katterhagen, Jillian N. |
| Subject: | RE: State of Tennessee ESI |
| Date: | Monday, November 8, 2021 6:10:16 PM |

Philip:

Here are revised versions of search strings 6 and 10. We have broken string 6 into two parts for convenience. Please let me know if your vendor continues to experience issues running the strings. Thank you.

| | |
| --- | --- |
| 6a | "Release 172" OR "Release No. 172" OR ("CMS" w/5 "172") OR "Assuring Medicaid Beneficiaries Access to Hepatitis C (HCV) Drugs" |
| 6b | ("prior authorization*" OR ((condition* OR criteri* OR limit* OR den* OR restrict*) w/5 (cover* OR access* treat* OR payment*)) OR formular* OR "medically accepted indication" OR "medically necessary" OR "medical necessity" OR "therapeutic advantage*" OR "disease severity" OR fibrosis OR sobriety OR abstinence) AND (unlawful* OR illegal* OR "contrary to law" OR invalid* OR violat* OR "Section 1927" OR "Social Security Act" OR "SSA" OR "Medicaid Act" OR "TennCare waiver") |
| 10 | (audit* OR review* OR assess* OR evaluat* OR analys?s OR analyz*) w/10 ("DAA" OR "direct-acting antiviral" OR "Hepatitis C" OR "hep C" OR "HCV" OR "Harvoni" OR "Sovaldi" OR "Daklinza" OR "Viekira Pak" OR ledipasvir OR sofosbuvir OR daclatasvir OR ombitasvir OR paritaprevir OR dasabuvir) |

**Michael R. Dziuban**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

---

**From:** Dziuban, Michael R.
**Sent:** Thursday, November 4, 2021 2:51 PM
**To:** Philip Bangle <Philip.Bangle@ag.tn.gov>; Brodsky, Reed <RBrodsky@gibsondunn.com>
**Cc:** McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>; Marian F. Schmidt <Marian.Schmidt@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; Patricia J. Dillman <Patricia.Dillman@ag.tn.gov>; Clint Woodfin <cwoodfin@spicerfirm.com>; Margaret Siller <Maggie.Siller@ag.tn.gov>; Tony Hullender

<Tony.Hullender@ag.tn.gov>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>
**Subject:** RE: State of Tennessee ESI

Philip:

Thanks for your note and for the information. We will get back to you about search strings 6 and 10. Could you please confirm which custodians / document repositories were searched to generate the hit report you sent us yesterday?

Regarding production specifications, I included with my email to Tony yesterday a set of proposed ESI specifications along with a proposed approach to them. I've reattached that email here for convenience.

Best regards,

Michael


**Michael R. Dziuban**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com


**From:** Philip Bangle <Philip.Bangle@ag.tn.gov>
**Sent:** Wednesday, November 3, 2021 6:08 PM
**To:** Brodsky, Reed <RBrodsky@gibsondunn.com>
**Cc:** McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>; Marian F. Schmidt <Marian.Schmidt@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; Patricia J. Dillman <Patricia.Dillman@ag.tn.gov>; Dziuban, Michael R. <MDziuban@gibsondunn.com>; Clint Woodfin <cwoodfin@spicerfirm.com>; Margaret Siller <Maggie.Siller@ag.tn.gov>; Tony Hullender <Tony.Hullender@ag.tn.gov>
**Subject:** State of Tennessee ESI


<span style="color:red">[WARNING: External Email]</span>

Reed – I'm writing to discuss the state of Tennessee's ESI production from TennCare documents. We have two buckets of ESI: 1) the ESI of custodians already in a repository maintained by our vendor and 2) the ESI of new and additional custodians.

With respect to the ESI of custodians already in a repository, we have run your proposed search term strings on that universe of data, which identified 47,749 documents. I have attached the hit report for those proposed search strings applied to this universe. We are preparing those for privilege review and plan to make a rolling production in an effort to get you discovery you can begin reviewing soon.

Our vendor also identified a problem with two of your search strings. They were unable to search using strings #6 and #10. The vendor believes the problem with #6 is the placement of parentheses, and the problem with #10 is the proximity and AND connectors. It cannot search using a string that has AND associated with a proximity search. For example, it cannot process

(A AND Y) W/20 (P AND Q), but it can process (X W/20 Y) AND (P W/20 Q). These two search strings will need to me slightly modified or edited. Please let us know how you want to proceed.

With respect to the ESI of the new and additional custodians, our state central information technology bureau is harvesting that data and transferring it to our vendor. Once that transfer is complete, we will run your proposed search term strings on that universe, as well.

Finally, what is your preferred protocol for receiving productions?


Regards,


Philip Bangle

Assistant Attorney General

Office of the Tennessee Attorney General

# EXHIBIT F

| From: | Andrew B. Campbell |
| To: | Dziuban, Michael R. |
| Cc: | Rose, Erika E.; Tony Hullender; Nate Casey; McConkey, Robert (USATNE); Phillips, Jonathan M.; Brodsky, Reed; Katterhagen, Jillian N.; John Collins; Clint Woodfin (cwoodfin@spicerfirm.com) |
| Subject: | RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens" discovery responses; meet-and-confer per today"s motion hearing |
| Date: | Monday, December 20, 2021 4:16:34 PM |
| Attachments: | Walgreens Proposed Search Terms.DOCX |

[WARNING: External Email]

Michael:

Following up on our conversation today, please find attached the revised list of Walgreens' search terms that I previously forwarded to Magellan.

Thanks.

Andrew B. Campbell, Esq.
Senior Assistant Attorney General
Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
p. 615.532.0356
Andrew.Campbell@ag.tn.gov



**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Monday, December 20, 2021 12:03 PM
**To:** Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>
**Cc:** Rose, Erika E. <EERose@magellanhealth.com>; Tony Hullender <Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed <RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; John Collins <JCollins@maynardcooper.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>
**Subject:** Re: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery responses; meet-and-confer per today's motion hearing

Here are the topics we'd propose to discuss. Thanks.

- Magellan's and the government's efforts to search for and produce Magellan documents and information responsive to Walgreens' RFPs
- Timeline for making and completing productions
- Certification of completeness

**Michael R. Dziuban**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com


On Dec 20, 2021, at 12:35 PM, Andrew B. Campbell <Andrew.Campbell@ag.tn.gov> wrote:


[WARNING: External Email]

Michael:

Can you circulate the agenda?  Thanks.

Andrew B. Campbell, Esq.
Senior Assistant Attorney General
Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
p. 615.532.0356
Andrew.Campbell@ag.tn.gov
<image001.jpg>

---

**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Thursday, December 16, 2021 8:56 AM
**To:** Rose, Erika E. <EERose@magellanhealth.com>; Andrew B. Campbell
<Andrew.Campbell@ag.tn.gov>; Tony Hullender <Tony.Hullender@ag.tn.gov>; Nate Casey
<Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed
<RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; John
Collins <JCollins@maynardcooper.com>; Clint Woodfin (cwoodfin@spicerfirm.com)
<cwoodfin@spicerfirm.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery
responses; meet-and-confer per today's motion hearing


Thanks, all.  3:30pm ET on 12/20 works for us.  We will circulate a calendar invitation and
dial-in to this group and will follow up with an agenda.

Michael

**Michael R. Dziuban**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379

MDziuban@gibsondunn.com • www.gibsondunn.com

**From:** Rose, Erika E. <EERose@magellanhealth.com>
**Sent:** Wednesday, December 15, 2021 5:54 PM
**To:** Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>; Dziuban, Michael R.
<MDziuban@gibsondunn.com>; Tony Hullender <Tony.Hullender@ag.tn.gov>; Nate Casey
<Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed
<RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; John
Collins <JCollins@maynardcooper.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery
responses; meet-and-confer per today's motion hearing

 [WARNING: External Email]

Thank you, Andrew. Please also include John David Collins (copied here) on the invite for Monday
afternoon along with the specific list of topics/RFPs to discuss. Maynard Cooper & Gale will be
assisting us with e-discovery and privilege/relevance review.

Thanks!

**Erika E. Rose**
**Vice President and Associate General Counsel, Litigation**
**Magellan Health**

8621 Robert Fulton Drive
Columbia, Maryland 21046
**O** 410-953-2419
magellanhealth.com

<image002.png>

***Confidentiality Notice*** This email, and any documents, files, or previous messages attached to
it, are **attorney-client privileged information** and/or **attorney work-product. Do not forward or
copy this message without the express consent of the Magellan Legal Department.** If you have
received this email in error, please immediately notify me, and destroy the original email and its
attachments without reading or saving them. Thank you. This electronic message transmission
contains information belonging to Magellan Health Services that is solely for the recipient named
above and which may be confidential or privileged. MAGELLAN HEALTH SERVICES EXPRESSLY
PRESERVES AND ASSERTS ALL PRIVILEGES AND IMMUNITIES APPLICABLE TO THIS TRANSMISSION. If
you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this
communication is STRICTLY PROHIBITED. If you have received this electronic transmission in error,
please notify us by telephone at (410) 953-4701 or (800) 458-2740 ext. 34701. Thank you.

**From:** Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>
**Sent:** Wednesday, December 15, 2021 5:46 PM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Tony Hullender
<Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE)
<Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed
<RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Rose, Erika
E. <EERose@magellanhealth.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery
responses; meet-and-confer per today's motion hearing

EXTERNAL: **This email originated from outside of the organization. Do not click on any links or open any attachments unless you trust the sender and know the content is safe.**

Michael:

I have conferred with Magellan, and the only time that all parties are available for a meet-and-confer prior to Christmas is Monday, December 20th, after 3:30 PM (ET). Please let us know if this is acceptable.

In addition, please forward an outline of your anticipated topics of discussion to us, and to Erika Rose (VP and Associate General Counsel, Litigation) who I have copied on this email. Thank you.

Andrew B. Campbell, Esq.
Senior Assistant Attorney General
Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
p. 615.532.0356
Andrew.Campbell@ag.tn.gov
<image001.jpg>

**From:** Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>
**Sent:** Wednesday, December 15, 2021 8:39 AM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Tony Hullender
<Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE)
<Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed
<RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery

responses; meet-and-confer per today's motion hearing

Michael:

Thanks for the discovery responses, which we will review.

I will forward the dates you have provided to Magellan and get back to you.

Andrew B. Campbell, Esq.
Senior Assistant Attorney General
Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
p. 615.532.0356
Andrew.Campbell@ag.tn.gov
<image001.jpg>

---

**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Tuesday, December 14, 2021 9:08 PM
**To:** Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>; Tony Hullender
<Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE)
<Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed
<RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>
**Subject:** U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery responses;
meet-and-confer per today's motion hearing

Counsel:

First, attached please find an electronic copy of Walgreens' responses to Plaintiffs' first set of
requests for discovery. We are also sending hard copies.

Second, and further to Judge Wyrick's oral order today, please advise as to your and
Magellan's availability in the following timeframes for a telephonic meet-and-confer. For the
sake of everyone's schedules, we would prefer to conduct the meet-and-confer before the
upcoming holidays. If none of these times work, however, we can provide dates for the week
of 12/27.

Friday, 12/17: any time except 9-10am ET and 2-3pm ET
Monday, 12/20: any time after 1:30pm ET
Tuesday, 12/21: before 10am ET or after 5:30pm ET
Wednesday, 12/22: any time
Thursday, 12/23: any time

In keeping with the Court's instructions, we expect that whoever from Magellan participates
will be someone with knowledge of and authority over discovery, including electronic
discovery. Similarly, if Magellan indicates to you that they will not participate in the meet-
and-confer, please notify us of that as soon as possible, so that we can bring it to the Court's

attention.

Thanks,

Michael

**Michael R. Dziuban**

<span style="color:#4A7EBB">GIBSON DUNN</span>

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 ▪ M: +1 571.239.1379
MDziuban@gibsondunn.com ▪ www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

# EXHIBIT G

| | |
|---|---|
| **From:** | John David Collins |
| **To:** | Dziuban, Michael R.; Andrew B. Campbell; Tony Hullender; Nate Casey; McConkey, Robert (USATNE) |
| **Cc:** | Phillips, Jonathan M.; Brodsky, Reed; Katterhagen, Jillian N.; Clint Woodfin (cwoodfin@spicerfirm.com); Todd Panciera |
| **Subject:** | RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens" discovery responses; meet-and-confer per today"s motion hearing |
| **Date:** | Thursday, January 20, 2022 7:20:30 PM |
| **Attachments:** | image008.png |
| | image009.png |
| | image010.png |
| | image011.png |
| | image012.png |
| | image016.png |
| | MGLN Custodians Dates of Employment (06258993-3x80C68).XLSX |

**[WARNING: External Email]**

Michael:

We are in receipt of your email below, as well as your two late evening emails from Friday, January 14, 2022. I was disappointed to read that you are abandoning the plan for ESI discovery we discussed with you last month, which we have undertaken considerable expense to execute. Over the holiday weekend we began transmitting Magellan files for processing by our new e-discovery vendor – you may recall that our previous vendor conflicted out (presumably due to their engagement by your firm), which we only recently learned about on December 30, 2021. Given these facts, it should be obvious to you that we will not be in a position to search and produce data for 69 Magellan custodians (more than 1 TB of e-mail) in nine days' time. However, we hope to be in a position to begin running search terms and report initial findings next week. Based on those findings, we can discuss the scope and proportionality of your requests as well as a protocol for the production of ESI.

With respect to your specific questions, we have prepared the following update:

1.  First, regarding the data we have on file for Magellan's 8 corporate custodians (including Leslie Pittman and Timothy Sawyers), Magellan was able to identify approximately 320 GB of data in these mailboxes. The records for these 8 custodians were transmitted to our vendor and should be available to query soon. Additionally, we exported the mailboxes of 5 PA "priority" custodians for study based on the list you provided in your January 14, 2022 email.

2.  Regarding our archived data (i.e., e-mail that pre-dates Magellan's migration to O365), some historical files that were not migrated to O365 were retained in .pst file format in a separate archive folder. These are available beyond Magellan's standard retention period, likely because they were subject to a legal hold, or because they serve a specific business purpose (for example, a tax record). In their current format outside the O365 environment, analysis of the contents of these historical files is a highly manual process. To facilitate review of these records, the .pst files will be exported to our e-discovery vendor along with the rest of our e-mail files. We will provide further updates, including file sizes and date ranges, as that information becomes available.

3.  The custodian totals we previously provided to you in our January 12, 2022 spreadsheet included the counts of active as well as archived (pre-2017) data. In their current format in O365, determining precise date ranges for these records would require Magellan to put eyes on potentially thousands of individual e-mail records. Once this data is fully within our vendor's e-discovery environment, however, more advanced software tools can be employed

to quickly determine the date ranges for these records.

4. Through additional research, Magellan has now identified records (and can provide file counts for) all 61 prior authorization custodians, including Kimberly Barnes, who was previously omitted due to accidental oversight. An updated version of Magellan's January 12 spreadsheet with this information is attached.

As a final point, I disagree with your characterizations of my client's efforts to provide discovery in this matter. I also disagree with your suggestion that Magellan (a non-party) is an "agent of the state" for purposes of *any* request for production of documents/ESI that Walgreens serves on TennCare and that concepts of burden, relevance and proportionality for some reason do not apply to Magellan. Nevertheless, we have voluntarily responded to your inquiries (data/bytes per custodian, PA employment/termination dates, etc.), worked with our vendor to process data for 13 custodians (thus far), and attempted to cooperate with you to establish a process that will allow us to evaluate and provide a reasonable and proportional response to your ESI requests. We will update you once the data submitted to our vendor has been processed and search terms are run.

Best Regards,

JDC

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card
—
1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.



**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Wednesday, January 19, 2022 3:22 PM
**To:** John David Collins <JCollins@maynardcooper.com>; Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>; Tony Hullender <Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed <RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Todd Panciera <TPanciera@maynardcooper.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery responses; meet-and-confer per today's motion hearing

John David:

We have not received a response to our email below from 1/14. This is just the latest in a series of delays by Magellan since our requests were served in August 2021. These delays are causing real prejudice to Walgreens, especially in light of the discovery deadlines that the court has imposed in this case. Your client has had months to conduct these searches, and its significant delays in doing so have cost our client months of time. We have a discovery schedule to keep and depositions to take. We initially agreed to <u>start</u> collection and production with a group of priority custodians to facilitate more prompt responses and progress, but that has not happened. Accordingly, we must now insist on production of <u>all</u> responsive materials in short order, regardless of the order in which the named custodians' data is collected and produced.

To avoid further delays and ensure that we can bring this matter to the court's attention in a timely fashion should that be necessary, please produce**, no later than January 28, 2022**, all responsive, non-privileged documents for the following sets of email custodians:

- The 44 prior authorization reviewers who your 1/12 spreadsheet indicated have data available (i.e., anyone with a number in the "Size (Bytes)" column);

- all corporate custodians (in the second tab of the Excel tracker) who have data available; and

- any custodians who do not have data available in Office 365 but do have data available in some form outside of O365.

We are willing to receive productions on a rolling basis.

As an interim step in advance of January 28, and in order to facilitate any refinements we may wish to make to the scope of our requests regarding email search and review, by **COB tomorrow, January 20**, we would like answers to the questions set forth in our 1/14 email. These are questions that could and should have had answers weeks, if not months, ago, and again the failure to provide a response constitutes yet more delay that we will bring to the court's attention if this is not rectified.

Best regards,

Michael

**Michael R. Dziuban**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

---

**From:** Dziuban, Michael R.
**Sent:** Friday, January 14, 2022 10:27 PM
**To:** 'John David Collins' <JCollins@maynardcooper.com>; Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>; Tony Hullender <Tony.Hullender@ag.tn.gov>; Nate Casey

<Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed
<RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Clint
Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Todd Panciera
<TPanciera@maynardcooper.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery
responses; meet-and-confer per today's motion hearing

John David:

Thank you.  Please prioritize search, review, and production of data for the following seven
custodians:

   1. Bueno, Julie

   2. Johnson, Tiffany

   3. Okaro, Obinna

   4. Pittman, Leslie

   5. Quintana, Christine

   6. Sawyers, Timothy

   7. Vaughan, Ashley

As discussed previously, Walgreens' position is that data should be searched and produced for
all custodians.  We are providing the above list of priority custodians for the sake of moving
this review along as quickly as possible, but the entire search, review, and production in
response to our RFPs must be completed as soon as possible.

Please also provide an update as soon as possible on the following:

   1. **Existence of data for corporate custodians.**  Your spreadsheet on 1/12 did not include
      this, and it is critical that we understand the answer to this question for all custodians
      and not just the prior authorization reviewers.  Among other things, if data for
      custodians Pittman and Sawyers (on our list above) does not exist, please notify us of
      that as soon as possible so that we can identify other priority corporate custodians.

   2. **O365 Migration.**  You stated in your email on 1/12 that "[t]he pattern suggests that
      those without identifiable data terminated prior to the date (July 2017) data was
      migrated over to O365 for all Magellan employees.  Magellan's IT department is
      attempting to determine whether any steps can be taken to ascertain whether data exists
      in some archived format outside of 0365 for these PAs."
      a. Do you have an update on whether data exists in other archived forms?

      b. For custodian Kimberly Barnes, no data exists despite that person being
         terminated after 7/2017.  What accounts for that?

3. **Date breakdown of data.** Has your client taken any steps to determine whether data from 2014-2016 exists within the data for those custodians terminated after July 2017, or whether that data is limited to data from 2016/2017 forward?

4. **Responsible person.** For our awareness, we would appreciate if you could provide us with the name(s) of the person(s) at your client who are assisting with the search for and analysis of this data.

Best regards,

Michael

**Michael R. Dziuban**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

**From:** John David Collins <JCollins@maynardcooper.com>
**Sent:** Friday, January 14, 2022 4:21 PM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>; Tony Hullender <Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed <RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>; Todd Panciera <TPanciera@maynardcooper.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery responses; meet-and-confer per today's motion hearing

[WARNING: External Email]

Michael: Have you made any determination as to the priority of the PA custodians based on the information we provided to you on 1/7 and 1/12? Although we have concerns and reserve all rights to object to the number of custodians, time-frame, etc. (issues raised during our call), it would nevertheless be helpful if you could prioritize the PA custodians (by providing for example the top 5) based on the information currently at your disposal so that Magellan's efforts to process/pull that data will not be unnecessarily delayed. Please advise. Have a nice weekend.

JDC

**John David Collins**
Shareholder | Insurance & Financial Services Litigation

P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.



---

**From:** John David Collins <JCollins@maynardcooper.com>
**Sent:** Wednesday, January 12, 2022 4:17 PM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Andrew B. Campbell
<Andrew.Campbell@ag.tn.gov>; Tony Hullender <Tony.Hullender@ag.tn.gov>; Nate Casey
<Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed
<RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Clint
Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery
responses; meet-and-confer per today's motion hearing

We have updated the spreadsheet to reflect the volume of data (size/bites) that Magellan has been
able to identify for the PAs. This includes both archived data and active data in O365. The pattern
suggests that those without identifiable data terminated prior to the date (July 2017) data was
migrated over to O365 for all Magellan employees. Magellan's IT department is attempting to
determine whether any steps can be taken to ascertain whether data exists in some archived format
outside of O365 for these PAs. Also "Zhaquaia Boyd" and Zhaquaia Napper" are the same person
(name change) so I removed "Zhaquaia Boyd" from the list to avoid confusion. Let me know if you
have any questions.

JDC

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.

**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Wednesday, January 12, 2022 1:23 PM
**To:** John David Collins <JCollins@maynardcooper.com>; Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>; Tony Hullender <Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed <RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery responses; meet-and-confer per today's motion hearing

John David:

We have not heard back from you.  The prejudice to our client grows each and every day.  We need this information no later than COB today, January 12.  Time is of the essence.

Best regards,

Michael

**Michael R. Dziuban**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

**From:** John David Collins <JCollins@maynardcooper.com>
**Sent:** Monday, January 10, 2022 4:22 PM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>; Tony Hullender <Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed <RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery responses; meet-and-confer per today's motion hearing

[WARNING: External Email]

Michael:  Following up on our call Friday, Magellan's IT team is continuing to work to identify the binary data volume for the custodians. I'll get back to you when I have the results of their efforts, hopefully by tomorrow.  Thanks,

JDC

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.



---

**From:** John David Collins <JCollins@maynardcooper.com>
**Sent:** Friday, January 7, 2022 8:01 AM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>; Tony Hullender <Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed <RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery responses; meet-and-confer per today's motion hearing

Good morning.  In connection with our call later this morning I'm attaching an spreadsheet reflecting the employment status of the 62 CMs/reviewers identified by Walgreens.  Thanks,

JDC

**John David Collins**
Shareholder | Insurance & Financial Services Litigation
P: 205.254.1104 | C: 205.515.9120 | F: 205.714.6404
JCollins@maynardcooper.com | V-card

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



ALABAMA | CALIFORNIA | FLORIDA | GEORGIA | NEW YORK | TENNESSEE | TEXAS | WASHINGTON, D.C.



---

**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>

**Sent:** Tuesday, January 4, 2022 10:08 AM
**To:** Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>; John David Collins
<JCollins@maynardcooper.com>; Rose, Erika E. <EERose@magellanhealth.com>; Tony Hullender
<Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE)
<Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed
<RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Clint
Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery
responses; meet-and-confer per today's motion hearing

Andrew:

10:30am ET this Friday, 1/7, works for us.  I will send a calendar invitation and dial-in.

Thanks,

Michael

**Michael R. Dziuban**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

**From:** Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>
**Sent:** Thursday, December 30, 2021 5:41 PM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; John Collins
<JCollins@maynardcooper.com>; Rose, Erika E. <EERose@magellanhealth.com>; Tony Hullender
<Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE)
<Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed
<RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Clint
Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery
responses; meet-and-confer per today's motion hearing

[WARNING: External Email]

Michael:

We are available for a follow-up teleconference on Friday, January 7th, after 10:30 (ET).  I
have spoken with counsel for Magellan, who also advises that he is available.  As she stated
during our last conference call, Ms. Rose is out of the office until January 3; thus, I do not
know whether she will attend the teleconference.

Andrew B. Campbell, Esq.
Senior Assistant Attorney General
Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
p. 615.532.0356
Andrew.Campbell@ag.tn.gov



---

**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Wednesday, December 22, 2021 5:39 PM
**To:** John Collins <JCollins@maynardcooper.com>; Rose, Erika E. <EERose@magellanhealth.com>;
Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>; Tony Hullender <Tony.Hullender@ag.tn.gov>;
Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed
<RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Clint
Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery
responses; meet-and-confer per today's motion hearing

Dear all:

Thank you again for your time on Monday's meet-and-confer. We write to memorialize our
discussion and the steps that each side agreed to take. Those are set forth below in numbered
bullet points, along with further statements of Walgreens' position where applicable.

We remain deeply concerned about the delays to date in searching for responsive Magellan
email data. It is alarmingly clear from Monday's call that the government and Magellan have
made virtually no progress in searching for such data since we served our first Requests for
Production on August 2, 2021, to the point of having not even determined which of the
custodians at issue have data available to be searched. The latter is a basic step that could
have and should have been undertaken months ago. As you know, discovery (both fact and
expert) in this case is currently set to close in late April. We will be on a very tight timeframe
for document production and review, and for depositions, because of the delays to date on the
government's and Magellan's side. If we encounter further delays, we intend to bring this to
the Court's attention as it is causing direct and ongoing prejudice to Walgreens in this matter.

In light of these delays, we would like to reconvene this group at the end of the first week in
January for a status update. By that time, we expect the government and Magellan to have
made significant progress on the applicable items set forth below. For planning purposes,
please let us know your availability on January 6 and January 7 for a follow-up teleconference.

Thank you.

Topics discussed on 12/20/2021 meet-and-confer:

1. **Employment status of prior authorization reviewers.** Magellan agreed to identify who among the list of 62 Magellan reviewers in the State's response to Interrogatory No. 6 are current employees, and which of the 62 reviewers still have available data for collection, to facilitate Walgreens' selection of 10 priority custodians. Please provide us this information as soon as possible. We expect the information to be readily accessible to Magellan, and it is critical that we know, prior to selecting the 10 priority custodians, who is and is not likely to have data available based on employment information (and the information you provided on the call regarding Magellan's standard 1-year retention policy). The first tab of the attached Excel list has a field that can be populated to indicate which of the 62 reviewers are current employees.

2. **10 priority custodians from among prior authorization reviewers.** Walgreens agreed to provide Magellan with a list of 10 priority custodians and date ranges, for whom data will be collected and search terms run by way of an initial round of searches. As we stated on the call, we want searches run for all 62 reviewers, but we are willing to start with 10 priority custodians and have successive searches run after that. As noted above, we need information about current employment status of the 62 reviewers in order to make an informed selection of the 10 priority custodians.

3. **"Corporate" custodians.** Walgreens agreed to provide a list of "corporate level" custodians, date ranges, and relevant search terms, and Magellan agreed to report back with information about the results of those searches. We agreed that all "corporate level" custodians will be searched at this juncture. Please find the requested custodians in the second tab of the attached Excel list. The search strings to be run are explained in item 4 below, and the date range for these corporate custodians should be January 1, 2010 to the present. Please advise as soon as possible regarding the results of the searches.

4. **Search terms.** Walgreens agreed to review the list of search terms we provided previously to the government, in order to determine if there are any priority searches or if they should be adjusted in any way before being run over Magellan email data.
   a) We are sending separately, via ShareFile (given the document's inclusion of patient names), an updated list of search terms, annotated as follows:
      i. Green highlighting indicates search terms that should be run only across data for the "corporate" custodians identified in the attached custodian list.
      ii. Yellow highlighting indicates search terms that should be run only across data for the 62 reviewer custodians identified in the attached custodian list.
      iii. No highlighting indicates search terms that should be run across data for all custodians.
   We reserve the right to update the search terms, including based on custodian and/or based on Magellan's feedback regarding the hit counts.
   Please let us know as soon as possible of any issues Magellan's e-discovery vendor identifies with the syntax of the search terms, as discussed on the call.

5. **Availability of data for custodians.** Magellan agreed to work with their IT department

to determine, if possible, which custodians have email data available and which do not. We noted that we see this information as germane to discovery in this case, particularly in light of the Court's statements on 12/14 making clear that it sees Magellan as the State's agent for purposes of discovery. Please provide us this information about data availability as soon as possible. We understand that the custodian universe is large, but we expect that the effort to determine data availability will proceed in parallel with the other efforts to run search terms over the 10 priority reviewer custodians and across the corporate custodians.

6. **Certification.** Magellan indicated that it is willing to provide a certification by a records custodian, and to confer with Walgreens over the substance of that certification. Our position is still that the government must make the certification, but we are willing (reserving all rights) to hold that issue in abeyance, pending further progress and in the interest of taking a cooperative approach to discovery.

**Michael R. Dziuban**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

---

**From:** Rose, Erika E. <EERose@magellanhealth.com>
**Sent:** Tuesday, December 21, 2021 8:55 AM
**To:** Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>; Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Cc:** Tony Hullender <Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed <RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; John Collins <JCollins@maynardcooper.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery responses; meet-and-confer per today's motion hearing

[WARNING: External Email]

Michael,

The database product we use for PA request disposition and clinical notes is called "FirstTrax." It is a proprietary integrated software product that connects with FirstRx, which is what we use for claims processing.

I have a mediation today and will be away for the rest of the year. John David will be your primary point of contact for this matter going forward.

Thanks,

**Erika E. Rose**

**Vice President and Associate General Counsel, Litigation**
**Magellan Health**

8621 Robert Fulton Drive
Columbia, Maryland  21046
**O** 410-953-2419
magellanhealth.com



***Confidentiality Notice*** This email, and any documents, files, or previous messages attached to it, are **attorney-client privileged information** and/or **attorney work-product. Do not forward or copy this message without the express consent of the Magellan Legal Department.** If you have received this email in error, please immediately notify me, and destroy the original email and its attachments without reading or saving them.  Thank you.  This electronic message transmission contains information belonging to Magellan Health Services that is solely for the recipient named above and which may be confidential or privileged. MAGELLAN HEALTH SERVICES EXPRESSLY PRESERVES AND ASSERTS ALL PRIVILEGES AND IMMUNITIES APPLICABLE TO THIS TRANSMISSION. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this electronic transmission in error, please notify us by telephone at (410) 953-4701 or (800) 458-2740 ext. 34701. Thank you.

**From:** Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>
**Sent:** Monday, December 20, 2021 4:15 PM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Cc:** Rose, Erika E. <EERose@magellanhealth.com>; Tony Hullender <Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed <RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; John Collins <JCollins@maynardcooper.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery responses; meet-and-confer per today's motion hearing

EXTERNAL: **This email originated from outside of the organization. Do not click on any links or open any attachments unless you trust the sender and know the content is safe.**

Michael:

Following up on our conversation today, please find attached the revised list of Walgreens' search terms that I previously forwarded to Magellan.

Thanks.

Andrew B. Campbell, Esq.
Senior Assistant Attorney General
Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
p. 615.532.0356
Andrew.Campbell@ag.tn.gov



---

**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Monday, December 20, 2021 12:03 PM
**To:** Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>
**Cc:** Rose, Erika E. <EERose@magellanhealth.com>; Tony Hullender <Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed <RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; John Collins <JCollins@maynardcooper.com>; Clint Woodfin (cwoodfin@spicerfirm.com) <cwoodfin@spicerfirm.com>
**Subject:** Re: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery responses; meet-and-confer per today's motion hearing

Here are the topics we'd propose to discuss.  Thanks.

- Magellan's and the government's efforts to search for and produce Magellan documents and information responsive to Walgreens' RFPs
- Timeline for making and completing productions
- Certification of completeness

**Michael R. Dziuban**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

On Dec 20, 2021, at 12:35 PM, Andrew B. Campbell <Andrew.Campbell@ag.tn.gov> wrote:

**[WARNING: External Email]**

Michael:

Can you circulate the agenda?  Thanks.

Andrew B. Campbell, Esq.
Senior Assistant Attorney General
Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
p. 615.532.0356
Andrew.Campbell@ag.tn.gov
<image001.jpg>

**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Thursday, December 16, 2021 8:56 AM
**To:** Rose, Erika E. <EERose@magellanhealth.com>; Andrew B. Campbell
<Andrew.Campbell@ag.tn.gov>; Tony Hullender <Tony.Hullender@ag.tn.gov>; Nate Casey
<Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed
<RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; John
Collins <JCollins@maynardcooper.com>; Clint Woodfin (cwoodfin@spicerfirm.com)
<cwoodfin@spicerfirm.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery
responses; meet-and-confer per today's motion hearing

Thanks, all.  3:30pm ET on 12/20 works for us.  We will circulate a calendar invitation and
dial-in to this group and will follow up with an agenda.

Michael

**Michael R. Dziuban**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

**From:** Rose, Erika E. <EERose@magellanhealth.com>
**Sent:** Wednesday, December 15, 2021 5:54 PM
**To:** Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>; Dziuban, Michael R.
<MDziuban@gibsondunn.com>; Tony Hullender <Tony.Hullender@ag.tn.gov>; Nate Casey

<Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE) <Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed
<RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; John
Collins <JCollins@maynardcooper.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery
responses; meet-and-confer per today's motion hearing


**[WARNING: External Email]**

Thank you, Andrew.  Please also include John David Collins (copied here) on the invite for Monday
afternoon along with the specific list of topics/RFPs to discuss.  Maynard Cooper & Gale will be
assisting us with e-discovery and privilege/relevance review.


Thanks!


**Erika E. Rose**
**Vice President and Associate General Counsel, Litigation**
**Magellan Health**


8621 Robert Fulton Drive
Columbia, Maryland  21046
**O** 410-953-2419
magellanhealth.com


<image002.png>




***Confidentiality Notice*** This email, and any documents, files, or previous messages attached to
it, are **attorney-client privileged information** and/or **attorney work-product. Do not forward or
copy this message without the express consent of the Magellan Legal Department.** If you have
received this email in error, please immediately notify me, and destroy the original email and its
attachments without reading or saving them.  Thank you.  This electronic message transmission
contains information belonging to Magellan Health Services that is solely for the recipient named
above and which may be confidential or privileged. MAGELLAN HEALTH SERVICES EXPRESSLY
PRESERVES AND ASSERTS ALL PRIVILEGES AND IMMUNITIES APPLICABLE TO THIS TRANSMISSION. If
you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this
communication is STRICTLY PROHIBITED. If you have received this electronic transmission in error,
please notify us by telephone at (410) 953-4701 or (800) 458-2740 ext. 34701. Thank you.


**From:** Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>
**Sent:** Wednesday, December 15, 2021 5:46 PM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Tony Hullender

<Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE)
<Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed
<RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>; Rose, Erika
E. <EERose@magellanhealth.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery
responses; meet-and-confer per today's motion hearing

EXTERNAL: **This email originated from outside of the organization. Do not click on any links or open any attachments unless you trust the sender and know the content is safe.**

Michael:

I have conferred with Magellan, and the only time that all parties are available for a meet-and-confer prior to Christmas is Monday, December 20th, after 3:30 PM (ET). Please let us know if this is acceptable.

In addition, please forward an outline of your anticipated topics of discussion to us, and to Erika Rose (VP and Associate General Counsel, Litigation) who I have copied on this email. Thank you.

Andrew B. Campbell, Esq.
Senior Assistant Attorney General
Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
p. 615.532.0356
Andrew.Campbell@ag.tn.gov
<image001.jpg>

**From:** Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>
**Sent:** Wednesday, December 15, 2021 8:39 AM
**To:** Dziuban, Michael R. <MDziuban@gibsondunn.com>; Tony Hullender
<Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE)
<Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed
<RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>
**Subject:** RE: U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery
responses; meet-and-confer per today's motion hearing

Michael:

Thanks for the discovery responses, which we will review.

I will forward the dates you have provided to Magellan and get back to you.

Andrew B. Campbell, Esq.

Senior Assistant Attorney General
Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
p. 615.532.0356
Andrew.Campbell@ag.tn.gov
<image001.jpg>

**From:** Dziuban, Michael R. <MDziuban@gibsondunn.com>
**Sent:** Tuesday, December 14, 2021 9:08 PM
**To:** Andrew B. Campbell <Andrew.Campbell@ag.tn.gov>; Tony Hullender
<Tony.Hullender@ag.tn.gov>; Nate Casey <Nate.Casey@ag.tn.gov>; McConkey, Robert (USATNE)
<Robert.McConkey@usdoj.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Brodsky, Reed
<RBrodsky@gibsondunn.com>; Katterhagen, Jillian N. <JKatterhagen@gibsondunn.com>
**Subject:** U.S. & Tenn. v. Walgreen Co., No. 21-cv-00080-JRG-CRW - Walgreens' discovery responses;
meet-and-confer per today's motion hearing

Counsel:

First, attached please find an electronic copy of Walgreens' responses to Plaintiffs' first set of
requests for discovery. We are also sending hard copies.

Second, and further to Judge Wyrick's oral order today, please advise as to your and
Magellan's availability in the following timeframes for a telephonic meet-and-confer. For the
sake of everyone's schedules, we would prefer to conduct the meet-and-confer before the
upcoming holidays. If none of these times work, however, we can provide dates for the week
of 12/27.

Friday, 12/17: any time except 9-10am ET and 2-3pm ET
Monday, 12/20: any time after 1:30pm ET
Tuesday, 12/21: before 10am ET or after 5:30pm ET
Wednesday, 12/22: any time
Thursday, 12/23: any time

In keeping with the Court's instructions, we expect that whoever from Magellan participates
will be someone with knowledge of and authority over discovery, including electronic
discovery. Similarly, if Magellan indicates to you that they will not participate in the meet-
and-confer, please notify us of that as soon as possible, so that we can bring it to the Court's
attention.

Thanks,

Michael

**Michael R. Dziuban**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
O: +1 202.955.8252 • M: +1 571.239.1379
MDziuban@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.