IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA and STATE OF TENNESSEE,

    *Plaintiffs*,

v.

WALGREEN CO.,

    *Defendant*.

Case No. 2:21-CV-00080-JRG-CRW

## PLAINTIFFS' FIRST DISCOVERY REQUESTS TO DEFENDANT

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the State of Tennessee ("Tennessee" or "the government") hereby requests Defendant to serve written responses to the following Interrogatories under oath and to respond to the following Requests for Production of Documents within 30 days.

### INSTRUCTIONS AND DEFINITIONS

The following instructions and definitions apply to the Interrogatories and Requests for Production:

### INSTRUCTIONS

1. Productions that include claims of privilege or confidentiality (resulting in documents, or portions of documents, being withheld) shall be accompanied by a Privilege Log and, if appropriate, a Redaction Log, that identifies the document(s) by Bates range and the basis

EXHIBIT A

for each claim of privilege. Please produce the Privilege Log electronically in Excel or Word format and for any document withheld on the ground of any claimed privilege include:

    (a) the name and title of the author (and if different, the preparer and signatory);

    (b) the name(s) and title(s) of the individual(s) to whom the document was addressed;

    (c) the name(s) and title(s) of the individuals to whom the document or a copy of the document was sent or to whom the document or a copy, or any part thereof, was shown;

    (d) the date of the document;

    (e) a brief description of the subject matter;

    (f) a statement of the specific basis on which the privilege is claimed; and

    (g) the Request(s) to which it is responsive.

When a requested document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible. If a privilege is asserted with regard to a part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document is redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

    2.    Documents in electronic form, including electronic mail, shall be produced in a manner and form to be agreed to by the parties.

# DEFINITIONS

1. The "65 TennCare recipients" means:

    1. Amy Moffitt
    2. Amy Sizemore
    3. Angela Mullins
    4. Anne Gilkerson
    5. Anthony Travis
    6. April Roach
    7. Billy Johns
    8. Bonnie Bolin
    9. Brittany Franklin
    10. Charity Galensky
    11. Cheryl Saylors
    12. Cheryl Tippins
    13. Chester Keasling
    14. Christina Beason
    15. Christina Schettler
    16. Christine Nordgren
    17. Dalena Johnson
    18. Danny Caldwell
    19. Derek Hughes
    20. Diane Sutton
    21. Donna Baker
    22. Edward Stetter
    23. Ginger Shelton
    24. Gwen North
    25. Jacquegwyne Rader
    26. Jamie Ricker
    27. Jennifer Morgan
    28. Kathy Grooms
    29. Katie Huff
    30. Kenneth Mullins
    31. Kevin Fitts
    32. Kimberly Goodman
    33. Kristen Johnson
    34. Kristen Shanks
    35. Kristie Guinn
    36. Lauren Peters
    37. Mary Cook
    38. Mary Nelson
    39. Megan Grady
    40. Michael Rogers (aka Michael Rodgers)
    41. Myra Brown
    42. Noel Day
    43. Patricia Baldwin
    44. Raymond Pierce
    45. Ricky Crum

46. Robin Lamb
47. Sabrina House
48. Sandra Porter
49. Scott Williams
50. Sidney Cox
51. Stephen Goff
52. Susan Parshall
53. Susan Plemons
54. Talaina (Handy) Malone
55. Tammy Shelton
56. Thelma Jones
57. Tiffany Metcalf
58. Tiffany Sells
59. Timothy Aiken
60. Timothy Johnson
61. Tonya Forrester
62. Trinity Sells
63. William Clapper
64. William Foye Jr.
65. William Young

2. "Alleged Overpayment" means the payments that Walgreen Co. received from TennCare for the Relevant Drugs in connection with the 65 TennCare recipients.

3. "Amber Reilly" and "Reilly" means the Registered Store Manager of the Kingsport Pharmacy as identified at paragraphs 39-40 of the Complaint.

4. "Document" or "Documents" means any written, printed, typed, electronically produced or graphic matter of any kind or nature however produced or reproduced, currently in your possession, custody, or control, including any writings, drawings, graphs, charts, photographs, sound recordings, images, phono-records, and other data and data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form.

5. "Employee" means any person, manager, officer, or director, including independent contractor, consultant, or agent, who has acted on behalf of Walgreen Company, the Kingsport Pharmacy, or who has performed any service for these persons or entities, or under their name (whether on a full-time, part-time, commission, or other basis, and whether paid or unpaid).

6. "Identify" shall have the following meanings as the context shall make appropriate:

   (a) When referring to a natural person, his or her full name, present or last known home and business addresses, each phone number including work and mobile personal phone numbers, all email addresses including work and personal email addresses, and his or her business affiliation during the period to which the interrogatory response refers and at present (or last known);

   (b) When used in reference to an organization or entity, the full legal name, the form of such organization or entity, the name of the jurisdiction under whose laws it is or was organized, and the address of its principal place of business;

   (c) When used in reference to a document:

      (1) the type of document (e.g., letter, memorandum, etc.), its subject, and its date;

      (2) the identity of the person who prepared the document and all persons to whom it was sent;

      (3) the date or dates of preparation thereof;

      (4) the identity of each person who presently has custody, control, or possession thereof (and, if any such document was, but is no longer, in the possession, custody, or control of the Defendants, state what disposition was made of it and when and why it was disposed of); and

      (5) notwithstanding the foregoing, when an interrogatory asks for the identity of any document, you may, in lieu of identifying such document, produce a copy of the document, together with a statement as to the interrogatory to which it responds.

   (d) When used in reference to an act, instance, occurrence, transaction, occasion, oral discussion, conversation, communication or event, the date upon which it occurred and the place it occurred, the identity, including address, of each person who participated therein or who was present when it occurred, its substance (*i.e.,* what was said and by whom and/or what transpired) and the identity of each document which, in whole or in part, was the subject of the act or in which the act is manifested, referred to, recorded, reflected, or expressed.

7. "TennCare" means the Bureau of TennCare and its former Pharmacy Benefits Manager, Magellan Medicaid Administration.

8. "Relevant Drugs" means the Hepatitis C direct acting antiviral medications Viekira Pak®, Harvoni®, Sovaldi®, and Daklinza®.

9. "Kingport Pharmacy" means the pharmacy identified in ¶ 3 of the Complaint.

10. Unless otherwise stated, "relevant time period" means October 1, 2014 through December 31, 2016.

11. "You" or "your" means any and all of the following: Walgreen Co. and the Kingsport Pharmacy.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person who participated in, or was consulted regarding, the preparing of your responses to these discovery requests, and to each person identified, describe that person's role.

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify the steps that you have taken to investigate and/or verify the amount of the Alleged Overpayment, including the "investigation" referenced at Doc. #17, PageID# 134. Include in your response the date that each identified step was taken, all facts gathered during the investigation, all persons contacted and/or interviewed, and all conclusions reached as a consequence of the investigation.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify the number of prescriptions for the Relevant Drugs filled by the Kingsport Pharmacy—broken down by month, payor source, and amount paid—for the time period of January 1, 2014, through December 31, 2016.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify all your relevant pharmacy employee policies, training materials, and/or protocols that were in effect during the relevant time period that are applicable to the submission of false claims and/or unauthorized alteration of documents by your pharmacy employees, including all "policies" referred to by Defendant at Doc. #39, PageID# 354.

**RESPONSE:**

**INTERROGATORY NO. 5:** Identify all of Walgreens' audit processes and procedures with respect to its pharmacies, including an explanation as to whether such audits are pre-scheduled or random, a thorough discussion of items Walgreen examines during an audit of a pharmacy, and information as to whether the Kingsport Pharmacy ever had been the subject of an audit during Ms. Reilly's tenure.

**RESPONSE:**

**INTERROGATORY NO. 6:** Identify all individuals interviewed by Walgreen's Asset Protection Investigation Team, including David Quillen, and summarize the substance of those interviews.

**RESPONSE:**

**INTERROGATORY NO. 7:** Identify all of Amber Reilly's duties and responsibilities as a Registered Store Manager of the Kingsport Pharmacy.

**RESPONSE:**


**INTERROGATORY NO. 8:** Identify how much money you paid per prescription for each of the Relevant Drugs during the relevant time period.

**RESPONSE:**


**INTERROGATORY NO. 9:** Have you obtained a statement relating to Amber Reilly, Brianna Brock and/or the Alleged Overpayment from any person not a party to this action? If so, then for each statement, state separately:

  a) the name and address of the person who made the statement and the date upon which and location where the statement was made;

  b) the name and address of the person who took the statement and, if recorded, the nature and present location of the recording;

  c) if written, identify any person having custody of the statement or a copy of it, and state whether the statement was signed by the person giving the statement;

  d) identify the statement, including its contents.

**RESPONSE:**


**INTERROGATORY NO. 10:** Identify each person who has knowledge of the facts or information relevant to the subject matter of this action, including the allegations in the Complaint and your responsive pleadings to the Complaint, and for each person identified, provide a summary of the knowledge you understand the person to possess.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all your internal or external audits, reviews, investigations, reports regarding Amber Reilly and/or Brianna Brock during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** If not produced in response to Request #1, produce all investigative files and reports prepared by, and documents and factual data compiled by, Walgreen's Asset Protection Investigation Team, including all investigative files and reports associated with the "investigation" referenced at Doc. #17, PageID# 134.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** If not produced in response to Request #1, produce all reports pertaining to audits, reviews, and/or investigations of the Kingsport Pharmacy for the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Produce all internal or external

complaints and/or reports concerning falsification and/or alteration by Kingsport Pharmacy employees of prior authorization forms, medical records, and/or lab reports for the Relevant Drugs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Produce all internal or external complaints and/or reports concerning falsification and/or alteration by Walgreen employees at locations other than the Kingsport Pharmacy of prior authorization forms, medical records, and/or lab reports prior to December 30, 2016.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Produce all your records and/or or minutes of any annual Director meetings, any written resolutions, and any votes taken regarding the Alleged Overpayment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents related to the monthly and annual income the Kingsport Pharmacy, including income statements and profit and loss statements, from January 1, 2014, through December 31, 2016.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**      Produce your complete personnel files for Amber Reilly and Brianna Brock.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**      Produce all documents that you relied on or referenced in responding to the above interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**      Produce all documents, notes, communications of any kind between you and Amber Reilly.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**      Produce all documents identified in your response to Interrogatory No. 4.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**      Produce all documents which support your response to Interrogatory No. 5.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**      Produce all documents which support

your response to Interrogatory No. 6.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Produce all documents which support your response to Interrogatory No. 7.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Produce all documents which support your response to Interrogatory No. 8.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents identified in your response to Interrogatory No. 9.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Produce all documents identified in page 15, ¶¶ 1-7, of your Rule 26 Initial Disclosure.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Produce all written statements (whether sworn or unsworn) made by, or obtained from, each individual identified at pages 2-13 of your Rule

26 Initial Disclosure.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19:** Produce all documents, electronic records, and communications pertaining to the 65 TennCare recipients who obtained the prescription drugs Harvoni®, Sovaldi®, Daklinza®, and/or Viekira Pak® from the Kingsport Pharmacy.

**RESPONSE:**

Respectfully submitted,

By: HERBERT H. SLATERY III (BPR 009077)
Attorney General and Reporter

/s/ Nate Casey
W. ANTHONY HULLENDER (BPR 019436)
Deputy Attorney General
Medicaid Fraud and Integrity Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 532-2536
Tony.Hullender@ag.tn.gov

ANDREW B. CAMPBELL (BPR 014258)
Senior Assistant Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 532-0356
Andrew.Campbell@ag.tn.gov

NATE CASEY (BPR 031060)
Assistant Attorney General
Medicaid Fraud and Integrity Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-2935
Nate.Casey@ag.tn.gov

MARGARET M. SILLER (BPR 039058)
(admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-1341
Maggie.Siller@ag.tn.gov

*Counsel for the State of Tennessee*

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2021, a copy of the foregoing was served via email and U.S. Mail to the following:

Reed Brodsky (rbrodsky@gibsondunn.com)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

Michael R. Dziuban (mdziuban@gibsondunn.com)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036

Clint J. Woodfin (cwoodfin@spicerfirm.com)
SPICER RUDSTROM, PLLC
800 S. Gay Street, Suite 1400
Knoxville, TN 37929

Robert C. McConkey, III, BPR #018118
Joseph C. Rodriguez, Ohio Bar No. 0072958
Assistant United States Attorneys
800 Market St., Suite 211
Knoxville, TN 37902

/s/ Nate Casey
NATE CASEY