## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## GREENEVILLE DIVISION

UNITED STATES OF AMERICA and STATE OF TENNESSEE,

*Plaintiffs,*

V.

WALGREEN CO.,

*Defendant.*

Case No. 2:21-CV-00080-JRG-CRW

### WALGREENS' RESPONSES AND OBJECTIONS TO
### PLAINTIFFS' FIRST DISCOVERY REQUESTS

In accordance with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendant Walgreen Co. ("Walgreens" or the "Company"), by and through its undersigned attorneys, hereby object and respond to Plaintiffs' First Discovery Requests (together, the "Requests," and separately, as applicable, the "Interrogatories" and "RFPs"), as follows.

### GENERAL OBJECTIONS

Walgreens makes the following general objections to the Requests ("General Objections"), which form a part of Walgreens' response to each and every Request, and are set forth here to avoid repetition and duplication. These General Objections are incorporated into each specific response to the numbered Requests below as if fully repeated therein, and are intended, and shall be deemed, to be in addition to any specific objection included in any response below. Although Walgreens may specifically invoke some or all of these General Objections in a response to a specific Request, failure to mention a General Objection specifically is not a waiver of any General Objection.

**EXHIBIT**

B

1.     Walgreens objects to the Requests to the extent that they (i) exceed the scope of permissible discovery; (ii) improperly attempt to impose on Walgreens an unreasonable burden or expense; (iii) seek information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case; or (iv) seek to impose any requirements beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Tennessee, or any order of the Court.

2.     Walgreens objects to the Requests to the extent they are inconsistent with the terms and conditions of the Protective Order entered in this action (ECF 52, Nov. 10, 2021). Walgreens' responses and any related productions of documents are subject to the terms and conditions of the Protective Order.

3.     Walgreens objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, and any other privilege, protection, immunity, or obligation of confidentiality recognized by the Federal Rules, Federal statute, or any other applicable federal or state rule or law. Specific objections on grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Walgreens does not object to a Request on the basis of an applicable privilege. Any information disclosed in response to the Requests is disclosed without waiving or intending to waive, but on the contrary, preserving and intending to preserve each of these privileges, protections, immunities, and obligations. Any inadvertent disclosure of privileged or protected information is not and shall not be deemed to be a waiver of the applicable privileges, protections, immunities, or obligations. Pursuant to the Protective Order in this case, in the event of an inadvertent disclosure of privileged information, such information must be sequestered immediately upon request, and the receiving party must follow the other steps set forth

2

in the Protective Order concerning the inadvertent production of privileged information. Pursuant to Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B), Walgreens reserves any and all rights to seek the return or destruction of any and all privileged information inadvertently produced in response to the requests, regardless of whether sequestered in accordance with the Protective Order.

4.      Walgreens objects to the Interrogatories in particular to the extent that they seek information contained in documents that Walgreens expects to produce in response to Plaintiffs' RFPs. Pursuant to Rule 33(d) of the Federal Rules, Walgreens respectfully refers Plaintiffs to information contained in those documents.

5.      Walgreens objects to the "Instructions" and "Definitions" to the extent they purport to impose requirements beyond the scope of Rules 26, 33, and 34 of the Federal Rules of Civil Procedure.

6.      Walgreens objects to the definition of "Employee" as overbroad, vague, and confusing, including insofar as it includes "independent contractor[s], consultant[s], [and] agent[s]." Walgreens further objects to the definition of "Employee" insofar as it calls for a legal conclusion regarding, among other things, a given individual's employment status and authority to act on behalf of Walgreens.

7.      Walgreens' responses to these Requests have been prepared in accordance with the Federal Rules and pursuant to a reasonably diligent search for the documents and information requested. The scope of the investigation conducted to locate responsive documents and information has been limited to making inquiries to those Walgreens employees most likely to be knowledgeable about the specific matters at issue, and to reviewing Walgreens files in which information related to such matters ordinarily would be expected to be found. To the extent that

this discovery purports to require or define an investigation that exceeds the foregoing scope, Walgreens objects thereto on the grounds that such a requirement or definition (a) exceeds the scope of permissible discovery, and (b) improperly attempts to impose upon Walgreens an unreasonable burden and expense.

8. Walgreens' discovery efforts are ongoing, and the responses and objections herein are based on Walgreens' present knowledge, information and belief. Accordingly, without in any way obligating itself to do so, Walgreens reserves the right to supplement these responses pursuant to Federal Rule of Civil Procedure 26(e) at any time based on any facts or circumstances that may come to Walgreens' attention during the course of discovery. Furthermore, Walgreens reserves the right to rely on documents, evidence, and other matters in addition to the documents and information produced in response to the Requests, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not been located despite diligent and good-faith efforts.

9. By submitting the responses and objections herein, Walgreens does not make any admission of any nature, including but not limited to any admission relating to the relevance of the requested information. Walgreens does not waive, and hereby expressly reserves, its right to assert any and all objections as to the authenticity, relevance, competency, materiality or admissibility of any documents, testimony, or information into evidence in this action, or in any other proceedings. Unless expressly stated, Walgreens does not admit, adopt, or acquiesce to any factual or legal contention, assertion, assumption, characterization or implication contained in the Requests.

10. Walgreens anticipates making a rolling production of documents responsive to the Requests for Production in particular.

11. Walgreens is willing to meet and confer with Plaintiffs with respect to any issues relating to these Objections and Responses.

### SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person who participated in, or was consulted regarding, the preparing of your responses to these discovery requests, and to each person identified, describe that person's role.

### RESPONSE:

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Other than the extent to which Walgreens' responses to Plaintiffs' Interrogatories were compiled by Walgreens' counsel with the assistance of Walgreens' in-house legal personnel, the following current and former Walgreens individuals are ultimately responsible for the information necessary for the responses:

- Denis Barron, Manager, Pharmacy & Retail Operations Projects

- Andrew Beinlich, former Sr. Business Analyst, Pharmacy & Retail Operations & Planning

- Keith Ford, Area Healthcare Supervisor

- David Quillen, Manager, Asset Protection Solutions

- Katha Wilson, former Director of Compliance Education & Training

5

**INTERROGATORY NO. 2:**

Identify the steps that you have taken to investigate and/or verify the amount of the Alleged Overpayment, including the "investigation" referenced at Doc. #17, PageID# 134. Include in your response the date that each identified step was taken, all facts gathered during the investigation, all persons contacted and/or interviewed, and all conclusions reached as a consequence of the investigation.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine. Walgreens further objects to this Interrogatory on the basis that it is overbroad, unduly burdensome, and seeks irrelevant information that is not proportional to the needs of this case.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Shortly after the Tennessee Bureau of Investigation ("TBI") served subpoenas on Walgreens in early June 2016, Walgreens' in-house counsel initiated an internal investigation. The purpose of this investigation was to obtain relevant facts for purposes of providing legal advice to Walgreens regarding Amber Reilly's potential misconduct identified by the TBI subpoenas. Pursuant to that investigation, the Company's in-house counsel directed Walgreens' Asset Protection Solutions ("APS") team to collect certain information necessary for providing legal advice to the Company. In the course of the investigation, Walgreens' counsel, and/or APS personnel acting at counsel's direction, conducted interviews, gathered and reviewed documents, and responded to requests for

6

information and documents from the government.  During the investigation, Walgreens also terminated Reilly, as well as three Specialty Billing Technicians at the Kingsport Specialty Pharmacy (Brianna Brock, Jennifer Watts, and Tiffany Gordon).

The investigation did not conclude with any "verif[ication]" of the alleged overpayments. The government provided a chart in which it compared, for the patients at issue, the patients' fibrosis scores as reflected in records Walgreens understands the government obtained from the patients' physicians, against the patients' fibrosis scores as reflected in records allegedly submitted to TennCare in order for the patients to receive the Relevant Drugs.  The chart also included notations indicating whether the government believed a given patient's drug lab test results and/or allergies had been misrepresented in the prior authorization documentation submitted to TennCare. Walgreens evaluated the foregoing information, along with documents available to it relating to the patients at issue, including patient files and prior authorization notes made available to it by the government.  However, the foregoing information did not permit the Company to "verify" overpayments for the patients at issue because, among other reasons, it appeared that the information the government alleged had been altered in the prior authorization documents was apparent to Magellan when it reviewed and approved the prior authorization requests at issue.  The information available to Walgreens also did not allow the Company to reach any conclusion that the patients at issue had not been clinically eligible for the Relevant Drugs; where the information available to Walgreens did enable an analysis of clinical eligibility, it appeared that the patients *were* clinically eligible even if the extent to which they met TennCare's prior authorization criteria was in dispute.

Case 2:21-cv-00080-JRG-CRW   Document 112-2   Filed 04/06/22   Page 7 of 34   PageID #: 1970

**INTERROGATORY NO. 3:**

Identify the number of prescriptions for the Relevant Drugs filled by the Kingsport Pharmacy—broken down by month, payor source, and amount paid—for the time period of January 1, 2014, through December 31, 2016.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this Interrogatory on the basis that it seeks irrelevant information that is not proportional to the needs of this case, including insofar as it seeks information about prescriptions filled after Reilly's employment with Walgreens was terminated on July 8, 2016. Walgreens further objects that the Interrogatory is vague, overbroad, and unduly burdensome, including insofar as the phrase "amount paid" is vague and undefined, and insofar as the Interrogatory purports to require a written response that would necessitate the review of large volumes of prescription data where the burden of deriving the relevant information is substantially the same for Plaintiffs as for Walgreens.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Pursuant to Federal Rule of Civil Procedure 33(d), Walgreens will produce documents reflecting the number of prescriptions for the Relevant Drugs filled by the Kingsport Specialty Pharmacy in the period between January 1, 2014 and December 31, 2016, and reflecting the dates, payors, and the amounts Walgreens received from those payors for the Relevant Drug prescriptions.

**INTERROGATORY NO. 4:**

Identify all your relevant pharmacy employee policies, training materials, and/or protocols that were in effect during the relevant time period that are applicable to the submission of false claims and/or unauthorized alteration of documents by your pharmacy employees, including all "policies" referred to by Defendant at Doc. #39, PageID# 354.

8

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects that the Interrogatory is vague, overbroad, and unduly burdensome, including insofar as the word "protocols" is vague and undefined, and insofar as the Interrogatory purports to require a written response that would necessitate the review of numerous documents where the burden of deriving the relevant information is substantially the same for Plaintiffs as for Walgreens.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Pursuant to Federal Rule of Civil Procedure 33(d), Walgreens will produce the following documents that are responsive to this Interrogatory:

- Walgreens' Code of Conduct and Business Ethics;
- Walgreens' Code of Business Conduct Questionnaire;
- Walgreens' False Claims Act Policy
- Compliance Overview training materials;
- Fraud, Waste and Abuse training materials; and
- Working with Government Payers training materials.

**INTERROGATORY NO. 5:**

Identify all of Walgreens' audit processes and procedures with respect to its pharmacies, including an explanation as to whether such audits are pre-scheduled or random, a thorough discussion of items Walgreen examines during an audit of a pharmacy, and information as to whether the Kingsport Pharmacy ever had been the subject of an audit during Ms. Reilly's tenure.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Nothing in this

9

response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine. Walgreens further objects to this Interrogatory on the basis that it is overbroad, unduly burdensome, and seeks irrelevant information that is not proportional to the needs of this case.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Walgreens had a number of audit processes and procedures with respect to its pharmacies. They included: (1) Customer Focus Visits; (2) District Manager Store Walks and Local Specialty Visits; (3) District Manager and Pharmacy Specialist Supervisor HSRx Visits; and (4) Compliance Visits.

*Customer Focus Visits.* These audits occurred several times a year, and could be scheduled in advance or conducted randomly without prior announcement. In general, Customer Focus Visits followed a standard rubric focused on four components: Customer Experience; Engagement; Efficiency; and Execution. The Customer Experience category assessed issues such as store cleanliness and attentiveness of team members to pharmacy customers. The Engagement category covered topics such as appropriate interactions between facility leadership and staff and whether staff were educating customers. The Efficiency category included an assessment of whether teams were staffed appropriately, and whether facility leadership was adhering to protocols such as locking safes, conducting bag checks, and securing funds. The Execution category assessed, among other things, whether the facility was displaying appropriate materials, ensuring aisles were clean, and ensuring doorways were appropriately marked.

During the Relevant Time Period (as defined in the Requests), Customer Focus Visits occurred at the Kingsport Specialty Pharmacy on or about the following dates: November 5, 2015; December 12, 2015; December 21, 2015; January 7, 2016; March 23, 2016; April 7, 2016; May 31, 2016; and June 6, 2016. In addition to the standard rubric focused on Customer Experience,

10

Engagement, Efficiency, and Execution, these visits included meetings between the District Manager who conducted the audit and pharmacy personnel.

*District Manager Store Walks and Local Specialty Visits*.  Walgreens conducted District Manager Store Walks and Local Specialty Visits from time to time.  District Manager Store Walks followed a standard process.  They addressed, among other things: issues identified in prior audits; a review of the facility's operating statement; planning processes; customer care; team member engagement; performance management; facility operations; the core competencies of personnel; and the culture of the Company.  In addition, District Manager Store Walks included meetings between the District Manager who conducted the audit and pharmacy personnel.

Local Specialty Visits could be scheduled in advance or conducted randomly without prior announcement.  Local Specialty Visits followed a standard process.  They addressed, among other things: employee engagement; customer service; facility updates including pharmacy operations; a review of policies related to prescription integrity; a payor and pharmaceutical compliance assessment; a business performance, outreach and sales evaluation; core competencies; and the facility's leadership.  The payor and pharmaceutical compliance assessment evaluated inventory for limited distribution drugs and ensured the facility maintained proper documentation for refill requests and shipping activity.  The business performance, outreach, and sales component included a review of the facility's operating statement, an assessment of the communication of performance goals to staff, and a discussion of the business.

On or about November 14, 2014, and on or about December 26, 2014, there were District Manager Store Walks at the Kingsport Specialty Pharmacy.  In addition, there were Local Specialty Visits at the Kingsport Specialty Pharmacy, on or about the following dates: January 27, 2016; February 25, 2016; and March 20, 2016.

*District Manager and Pharmacy Specialist Supervisor HSRx Visits.* District Manager and Pharmacy Supervisor HSRx Visits ("HSRx Supervisory Visits") occurred on a monthly basis, and could be scheduled in advance or conducted randomly without prior announcement. The HSRx Supervisory Visits followed a standard process. They addressed, among other things: the facility's strengths and opportunities; the facility's business through detailing and other methods; team member engagement; and performance of personnel.

During the Relevant Time Period, there were HSRx Supervisory Visits at the Kingsport Specialty Pharmacy on or about the following dates: January 16, 2015; January 30, 2015; March 17, 2015; and October 28, 2015.

*Compliance Visits.* Compliance Visits occurred monthly beginning in or about May 2016, and were typically conducted randomly without prior announcement. Compliance Visits followed a standard list of ten questions. Five questions addressed retail issues, and five questions addressed pharmacy issues. The retail-specific questions varied and generally focused on compliance and operations. The pharmacy-specific questions covered, among other things: invoicing approvals and pending cases; document records for past prescriptions; verification of computer sign-ins; safe key/combination accessibility; practices for verifying patient addresses and phone numbers; confirmation that technician and pharmacist certifications were valid, current, and properly displayed; and verification of DEA registrations and pharmacy permits. Store managers were required to take corrective actions arising out of Compliance Visits, including following up with pharmacy staff regarding any issues.

During the Relevant Time Period, Compliance Visits took place at the Kingsport Specialty Pharmacy on or about May 2, 2016; June 3, 2016; July 14, 2016; August 2, 2016; September 2, 2016; October 5, 2016; November 7, 2016; and December 2, 2016.

**INTERROGATORY NO. 6:**

Identify all individuals interviewed by Walgreen's Asset Protection Investigation Team, including David Quillen, and summarize the substance of those interviews.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this Interrogatory on the basis that it is overbroad, unduly burdensome, and not proportional to the needs of this case. Walgreens further objects on the basis that this Interrogatory calls for information protected by the attorney-client privilege and the work product doctrine, including but not limited to insofar as it seeks information regarding steps taken and decisions made in the course of the Company's investigation of the matters underlying the allegations in this litigation. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

**INTERROGATORY NO. 7:**

Identify all of Amber Reilly's duties and responsibilities as a Registered Store Manager of the Kingsport Pharmacy.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this Interrogatory on the basis that it calls for information already within Plaintiffs' possession, custody, or control and/or that can be obtained from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Pursuant to Federal Rule of Civil Procedure 33(d), Walgreens will search for and produce copies

13

of any and all job descriptions for Reilly's position as Registered Store Manager – On-Site Pharmacy in the Relevant Time Period.

## INTERROGATORY NO. 8:

Identify how much money you paid per prescription for each of the Relevant Drugs during the relevant time period.

## RESPONSE:

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this Interrogatory on the basis that it seeks irrelevant information that is not proportional to the needs of this case. Walgreens further objects that the Interrogatory is vague, overbroad, and unduly burdensome, including because it purports to require information beyond the scope of prescriptions Walgreens filled for TennCare enrollees, and because the phrase "paid per prescription" is vague and confusing. Insofar as the Interrogatory purports to seek information about the acquisition prices Walgreens paid for the Relevant Drugs, Walgreens further objects that such information is competitively sensitive and/or subject to legal obligations of confidentiality, and that such information is irrelevant to this case.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Pursuant to Federal Rule of Civil Procedure 33(d), Walgreens will produce documents sufficient to identify the profits, if any, that it earned on prescriptions for the Relevant Drugs for TennCare enrollees during the Relevant Time Period.

## INTERROGATORY NO. 9:

Have you obtained a statement relating to Amber Reilly, Brianna Brock and/or the Alleged Overpayment from any person not a party to this action? If so, then for each statement, state separately:

14

a) the name and address of the person who made the statement and the date upon which and location where the statement was made;

b) the name and address of the person who took the statement and, if recorded, the nature and present location of the recording;

c) if written, identify any person having custody of the statement or a copy of it, and state whether the statement was signed by the person giving the statement;

d) identify the statement, including its contents.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this Interrogatory on the basis that it is overbroad, unduly burdensome, and not proportional to the needs of this case. Walgreens further objects to this Interrogatory on the basis that the term "statement" is vague and ambiguous. Walgreens further objects on the basis that this Interrogatory calls for information protected by the attorney-client privilege and the work product doctrine, including but not limited to insofar as it seeks information regarding statements made to Walgreens in the course of the Company's investigation of the matters underlying the allegations in this litigation. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Walgreens received written statements from certain individuals in the course of the Company's internal privileged investigation in the immediate wake of the TBI subpoenas. Those statements, and the identities of those who made them, are not subject to disclosure because they are protected by the attorney-client privilege and the work product doctrine, including because: the documents are communications that Walgreens' legal function sought and received in an effort to gather facts

15

for the purpose of rendering legal advice to the Company; the statements are documents created by personnel, acting at the direction of counsel, in reasonable anticipation of litigation; and the statements and the identities of those who gave them reflect the mental impressions, conclusions, opinions, and/or legal theories of Walgreens' counsel. *See Upjohn Co. v. United States*, 449 U.S. 383 (1981); Fed. R. Civ. P. 26(b)(3)(A), (B). To the best of Walgreens knowledge, information, and belief formed after a reasonably diligent inquiry, there are currently no other statements that are responsive to this Interrogatory and that are in Walgreens' possession, custody or control.

**INTERROGATORY NO. 10:**

Identify each person who has knowledge of the facts or information relevant to the subject matter of this action, including the allegations in the Complaint and your responsive pleadings to the Complaint, and for each person identified, provide a summary of the knowledge you understand the person to possess.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this Interrogatory on the basis that it is overbroad, unduly burdensome, and not proportional to the needs of this case. Walgreens further objects on the basis that this Interrogatory calls for information protected by the attorney-client privilege and the work product doctrine, including but not limited to because the Interrogatory calls for information relating to Walgreens' privileged internal investigation of the matters underlying the allegations in this case. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine. Walgreens further objects that this Interrogatory seeks information duplicative of other disclosures Walgreens has already made to Plaintiffs, and that the information the Interrogatory seeks therefore is equally

16

available to Plaintiffs. Walgreens further objects to this Interrogatory insofar as it seeks information related to Walgreens' "responsive pleadings to the Complaint." Walgreens has not answered the Complaint in this case, and under the Federal Rules and the Court's July 16, 2021 Order, Walgreens is not required to do so until 14 days after the Court's entry of an order on Walgreens' Motion to Dismiss. Nor has Walgreens filed any other sort of responsive pleading. *See* Fed. R. Civ. P. 7(a) (listing types of pleadings allowed).

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Walgreens refers Plaintiffs to Section A of Walgreens' Initial Disclosures dated August 23, 2021, for a list of individuals who may have discoverable information. Walgreens further responds that the following individuals have knowledge of the facts or information indicated. This list does not include any in-house or outside counsel who have worked on this matter.

| Name | Role | Summary of Knowledge |
|------|------|----------------------|
| David Colen | Director, Corporate Investigations and Standards | • Walgreens' privileged internal investigation in response to the TBI subpoenas |
| Meryl Felsen | Program Manager, Asset Protection Solutions | • Walgreens' privileged internal investigation in response to the TBI subpoenas |
| Mark Harris | Asset Protection Director | • Walgreens' privileged internal investigation in response to the TBI subpoenas |
| Scott Jonkman | Corporate Manager, APS Health and Wellness | • Walgreens' privileged internal investigation in response to the TBI subpoenas |
| David Quillen | Asset Protection Manager | • Walgreens' privileged internal investigation in response to the TBI subpoenas |

17

| Catherine Stimmel | Manager, Pharmacy Quality Assurance and Patient Safety | • Walgreens' privileged internal investigation in response to the TBI subpoenas |
| --- | --- | --- |

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Produce all your internal or external audits, reviews, investigations, reports regarding Amber Reilly and/or Brianna Brock during the relevant time period.

### RESPONSE:

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is overbroad, unduly burdensome, and calls for information that is irrelevant and not proportional to the needs of this case. Walgreens further objects on the basis that this RFP calls for information protected by the attorney-client privilege and the work product doctrine, including but not limited to because the RFP calls for materials relating to Walgreens' privileged internal investigation of the matters underlying the allegations in this case. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Walgreens will produce responsive non-privileged documents relating to its investigation in response to the TBI subpoenas, to the extent such documents exist and can be located via a reasonably diligent search.

### REQUEST FOR PRODUCTION NO. 2:

If not produced in response to Request #1, produce all investigative files and reports prepared by, and documents and factual data compiled by, Walgreen's Asset Protection Investigation Team, including all investigative files and reports associated with the "investigation" referenced at Doc. #17, PageID# 134.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is overbroad, unduly burdensome, and calls for information that is irrelevant and not proportional to the needs of this case, including insofar as it lacks a temporal limitation and purports to require production of documents related to investigations completely irrelevant to this case. Walgreens further objects on the basis that this RFP calls for information protected by the attorney-client privilege and the work product doctrine, including but not limited to because the RFP calls for materials relating to Walgreens' privileged internal investigation of the matters underlying the allegations in this case. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. *See* Response to RFP No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

If not produced in response to Request #1, produce all reports pertaining to audits, reviews, and/or investigations of the Kingsport Pharmacy for the relevant time period.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is overbroad, unduly burdensome, and calls for information that is irrelevant and not proportional to the needs of this case. Walgreens further objects on the basis that this RFP calls for information protected by the attorney-client privilege and the work product doctrine. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Walgreens will produce non-privileged documents responsive to this RFP, to the extent that any such documents exist and can be located via a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all internal or external complaints and/or reports concerning falsification and/or alteration by Kingsport Pharmacy employees of prior authorization forms, medical records, and/or lab reports for the Relevant Drugs.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is overbroad, unduly burdensome, and calls for information that is irrelevant and not proportional to the needs of this case, including insofar as it lacks a temporal limitation. Walgreens further objects on the basis that this RFP calls for information protected by the attorney-client privilege and the work product doctrine. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Without conceding the existence or occurrence of any complaints, or the existence of any documents related to any complaints, Walgreens will undertake a reasonably diligent search for non-privileged documents responsive to this RFP, and will produce any such responsive non-privileged documents that can be located via such search.

21

**REQUEST FOR PRODUCTION NO. 5:**

Produce all internal or external complaints and/or reports concerning falsification and/or alteration by Walgreen employees at locations other than the Kingsport Pharmacy of prior authorization forms, medical records, and/or lab reports prior to December 30, 2016.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is overbroad, unduly burdensome, and calls for information that is irrelevant and not proportional to the needs of this case, including but not limited to because it purports to require a search for, and production of, documents without imposing any geographic limitation, and for a time period that extends indefinitely further back in time than the start of the Relevant Time Period. Walgreens further objects on the basis that this RFP calls for information protected by the attorney-client privilege and the work product doctrine. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Walgreens is willing to meet and confer with Plaintiffs regarding this RFP.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all your records and/or or minutes of any annual Director meetings, any written resolutions, and any votes taken regarding the Alleged Overpayment.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is vague, overbroad, unduly burdensome, and calls for information that is irrelevant and not proportional to the needs of this case, including insofar as:

22

(1) the term "Director" is vague and undefined; (2) the RFP lacks a temporal limitation; and (3) the RFP purports to require the production of highly confidential and sensitive information not relevant to the claims or defenses of any party. Walgreens further objects that this RFP calls for information that is unreasonably cumulative or duplicative of information sought by other Requests, and that can be obtained through other discovery that is more convenient, less burdensome, or less expensive. Walgreens further objects on the basis that this RFP calls for information protected by the attorney-client privilege and the work product doctrine. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Walgreens is willing to meet and confer with Plaintiffs regarding this RFP.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents related to the monthly and annual income the Kingsport Pharmacy, including income statements and profit and loss statements, from January 1, 2014, through December 31, 2016.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is vague, overbroad, unduly burdensome, and calls for information that is irrelevant and not proportional to the needs of this case, including insofar as the RFP purports to require the production of highly confidential and sensitive information not relevant to the claims or defenses of any party. Walgreens further objects that this RFP calls for information that is unreasonably cumulative or duplicative of information sought by other

Requests, and that can be obtained through other discovery that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Walgreens will produce profit-and-loss statements for the Kingsport Specialty Pharmacy, to the extent such documents exist and can be located via a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 8:

Produce your complete personnel files for Amber Reilly and Brianna Brock.

## RESPONSE:

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is vague, overbroad, unduly burdensome, and calls for information that is irrelevant and not proportional to the needs of this case, including insofar as the term "personnel files" is vague and undefined. Walgreens further objects to the extent that this RFP calls for information protected by the attorney-client privilege and the work product doctrine. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Walgreens will produce non-privileged documents responsive to this RFP, to the extent such documents exist and can be located via a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 9:

Produce all documents that you relied on or referenced in responding to the above interrogatories.

24

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is vague, overbroad, unduly burdensome, and calls for information that is irrelevant and not proportional to the needs of this case. Walgreens further objects to the extent that this RFP calls for information protected by the attorney-client privilege and the work product doctrine, including insofar as the RFP purports to require production of documents Walgreens "relied on" for its interrogatory responses, such that the RFP therefore calls for the disclosure of attorney mental impressions. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Walgreens will produce non-privileged documents responsive to this RFP and referenced in Walgreens' responses to Plaintiffs Interrogatories.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents, notes, communications of any kind between you and Amber Reilly.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is vague, overbroad, unduly burdensome, and calls for information that is irrelevant and not proportional to the needs of this case, including insofar as the RFP lacks a temporal limitation and purports to require production of documents unrelated to the patients at issue or to the Relevant Drugs. Walgreens further objects to the extent that this RFP calls for information protected by the attorney-client privilege and the work product doctrine, including but not limited to because the RFP calls for materials relating to Walgreens' privileged

25

internal investigation of the matters underlying the allegations in this case. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Walgreens will produce responsive non-privileged documents reflecting communications between Reilly and other Walgreens personnel relating to Hepatitis C, the Relevant Drugs, and/or the patients at issue, to the extent such documents exist and can be located via a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents identified in your response to Interrogatory No. 4.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is unreasonably cumulative and duplicative of Interrogatory No. 4.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. *See* Response to Interrogatory No. 4, in which Walgreens states that it will produce the documents identified therein pursuant to Federal Rule of Civil Procedure 33(d).

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents which support your response to Interrogatory No. 5.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is overbroad, unduly burdensome, not proportional to the needs of this case, and unreasonably cumulative and duplicative of Interrogatory No. 5. Walgreens

26

further objects to the extent that this RFP calls for information protected by the attorney-client privilege and the work product doctrine, including insofar as the RFP purports to require production of documents Walgreens that "support" Walgreens' response to Interrogatory No. 5, such that the RFP therefore calls for the disclosure of attorney mental impressions. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Walgreens will produce responsive non-privileged documents reflecting the audits and reviews of the Kingsport Specialty Pharmacy referenced in Walgreens' response to Interrogatory No. 5, to the extent such documents exist and can be located via a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents which support your response to Interrogatory No. 6.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is unreasonably cumulative and duplicative of Interrogatory No. 6. Walgreens further objects to this RFP on the basis that it is unduly burdensome and not proportional to the needs of this case. Walgreens further objects on the basis that this RFP calls for information protected by the attorney-client privilege and the work product doctrine, including but not limited to insofar as it seeks information regarding steps taken and decisions made in the course of the Company's investigation of the matters underlying the allegations in this litigation. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

27

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents which support your response to Interrogatory No. 7.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is unreasonably cumulative and duplicative of Interrogatory No. 7. Walgreens further objects to the extent that this RFP calls for information protected by the attorney-client privilege and the work product doctrine, including insofar as the RFP purports to require production of documents Walgreens that "support" Walgreens' response to Interrogatory No. 7, such that the RFP therefore calls for the disclosure of attorney mental impressions. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. *See* Response to Interrogatory No. 7, in which Walgreens states that, pursuant to Federal Rule of Civil Procedure 33(d), it will search for and produce copies of any and all job descriptions for Reilly's position as Registered Store Manager – On-Site Pharmacy in the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents which support your response to Interrogatory No. 8.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it seeks irrelevant information that is not proportional to the needs of this case. Walgreens further objects that the RFP is overbroad and unduly burdensome, including because it purports to require information beyond the scope of prescriptions Walgreens filled for TennCare enrollees. Insofar as the RFP purports to seek information about the acquisition

28

prices Walgreens paid for the Relevant Drugs, Walgreens further objects that such information is competitively sensitive and/or subject to legal obligations of confidentiality, and that such information is irrelevant to this case. Walgreens further objects to the extent that this RFP calls for information protected by the attorney-client privilege and the work product doctrine, including insofar as the RFP purports to require production of documents Walgreens that "support" Walgreens' response to Interrogatory No. 8, such that the RFP therefore calls for the disclosure of attorney mental impressions. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. *See* Walgreens' Response to Interrogatory No. 8, in which Walgreens states that, pursuant to Federal Rule of Civil Procedure 33(d), Walgreens will produce documents sufficient to identify the profits, if any, that it earned on prescriptions for the Relevant Drugs for TennCare enrollees during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents identified in your response to Interrogatory No. 9.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is overbroad, unduly burdensome, and not proportional to the needs of this case. Walgreens further objects on the basis that this RFP calls for information protected by the attorney-client privilege and the work product doctrine, including but not limited to insofar as it seeks information regarding statements made to Walgreens in the course of the Company's investigation of the matters underlying the allegations in this litigation. Nothing in

this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. *See* Walgreens' Response to Interrogatory No. 9.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents identified in page 15, ¶¶ 1-7, of your Rule 26 Initial Disclosure.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Subject to and without waiving the foregoing objections, Walgreens responds as follows. Walgreens will produce non-privileged documents responsive to this RFP, to the extent such documents exist and can be located via a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all written statements (whether sworn or unsworn) made by, or obtained from, each individual identified at pages 2-13 of your Rule 26 Initial Disclosure.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is overbroad, unduly burdensome, and not proportional to the needs of this case. Walgreens further objects on the basis that this RFP calls for information protected by the attorney-client privilege and the work product doctrine, including but not limited to insofar as it seeks information regarding statements made to Walgreens in the course of the Company's investigation of the matters underlying the allegations in this litigation. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

30

Subject to and without waiving the foregoing objections, Walgreens responds as follows. To the best of Walgreens knowledge, information, and belief formed after a reasonably diligent inquiry, there are currently no non-privileged statements that are responsive to this Interrogatory and that are in Walgreens' possession, custody or control.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all documents, electronic records, and communications pertaining to the 65 TennCare recipients who obtained the prescription drugs Harvoni®, Sovaldi®, Daklinza®, and/or Viekira Pak® from the Kingsport Pharmacy.

**RESPONSE:**

Walgreens repeats and incorporates the General Objections above. Walgreens further objects to this RFP on the basis that it is overbroad, unduly burdensome, and not proportional to the needs of this case. Walgreens further objects on the basis that this RFP calls for information protected by the attorney-client privilege and the work product doctrine, including but not limited to insofar as it seeks information relating to Walgreens' privileged investigation of the matters underlying the allegations in this litigation. Nothing in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Walgreens responds as follows. Walgreens will produce non-privileged documents responsive to this RFP, to the extent such documents exist and can be located via a reasonably diligent search.

31

Date: December 14, 2021

Clint J. Woodfin #016346
SPICER RUDSTROM, PLLC
800 S. Gay Street, Suite 1400
Knoxville, TN 37929
Tel.: (865) 673-8516
cwoodfin@spicerfirm.com

/s/ *Michael R. Dziuban*

Reed Brodsky (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 351-5334
Fax: (212) 351-6235
rbrodsky@gibsondunn.com

Jonathan M. Phillips (admitted *pro hac vice*)
Michael R. Dziuban (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 955-8500
Fax: (202) 530-4247
jphillips@gibsondunn.com
mdziuban@gibsondunn.com

*Attorneys for Defendant Walgreen Co.*

32

**VERIFICATION**

I verify under penalty of perjury that the Responses to Plaintiffs' Interrogatories contained in the foregoing document are true and correct to the best of my knowledge, information, and belief as of this *14* day of December, 2021.

_____
Keith Ford

## CERTIFICATE OF SERVICE

I, Michael Dziuban, hereby certify that on this 14th day of December 2021, a copy of the foregoing document was served via email and U.S. mail on the following at the following addresses:

Robert C. McConkey, III
Assistant United States Attorney
U.S. Attorney's Office for the Eastern District of Tennessee
800 Market St., Suite 211
Knoxville, TN 37902
robert.mcconkey@usdoj.gov

Andrew B. Campbell
Senior Assistant Attorney General
Public Interest Division
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202-0207
Andrew.Campbell@ag.tn.gov

W. Anthony Hullender
Deputy Attorney General
Medicaid Fraud and Integrity Division
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202-0207
Tony.Hullender@ag.tn.gov

/s/ *Michael R. Dziuban*
Michael R. Dziuban

*Attorney for Defendant Walgreen Co.*