IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA and
STATE OF TENNESSEE,

        Plaintiffs,

v.                              Case No. 2:21-CV-000080-JRG-CRW

WALGREEN CO.,

        Defendant.

**REPLY BRIEF IN SUPPORT OF STATE OF TENNESSEE'S MOTION TO COMPEL**

In further support of its motion to compel, D.E. 112, Plaintiff State of Tennessee ("State"), pursuant to Local Rule 7.1(c) and by and through its undersigned attorneys, respectfully files this reply brief.

## I. INTRODUCTION

At every turn in its response, Walgreens emphasizes the sanctity of the attorney-client privilege and how it should not be waived lightly. While the State generally agrees with the latter proposition, it does not fit the bill here. Here, try as it might, Walgreens simply cannot escape the fact that it – not the State – voluntarily put its internal investigation at issue. Twice. Walgreens made its own bed here, not the State.

The State did not "force" Walgreens to tout the details and supposed findings of its internal investigation. Walgreens did so voluntarily in both its motion to dismiss and its discovery responses.

## II. LAW AND ARGUMENT

**A. The attorney-client privilege is not unassailable and is, as here, subject to waiver in appropriate circumstances.**

The State of course recognizes that the attorney-client privilege is one of the oldest and most important privileges in the law. *See In re Blue Cross Blue Shield Antitrust Litig.*, 2016 WL 7026339, at *5 (N.D. Ala. Oct. 18, 2016) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). But "even it is not entirely sacrosanct."[1] *See id*; *see also Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 610 (S.D.N.Y 2014) (same); *Barker ex rel. United States v. Columbus Reg'l Healthcare Sys., Inc.*, 2014 WL 4287744, at *1 (M.D. Ga. Aug. 29, 2014) (holding that the attorney-client privilege is "not sacrosanct" as there are sometimes "interests that outweigh the values supporting this important privilege"). For example, when a litigant "makes a knowing and intentional waiver of the attorney-client privilege for its own purposes, fundamental fairness dictates that the party be required to produce all communications related to the same subject matter of the disclosed communications." *Procter & Gamble Co. v. Team Techs., Inc.*, 2013 WL 3778740, at *2 (S.D. Ohio July 18, 2013).

Waiver exists here because Walgreens cannot have it both ways – having touted its internal investigation in an attempt to have the reverse FCA claim dismissed, and then selectively

---

[1] Walgreens claims that the State "does not dispute that Walgreens' internal investigation is protected by the attorney-client privilege and the work product doctrine." D.E. 113, p. 1 (Page ID # 1998). The State in fact argued that, "[e]ven assuming the attorney-client privilege and/or work product doctrine were otherwise applicable to Walgreens' internal investigation documents – which cannot be determined because Walgreens has yet to produce a privilege log – those protections have been waived because Walgreens cannot affirmatively use its internal investigation as a sword, but also use it as shield by refusing to produce to the State those very internal investigation documents in discovery." D.E. 112, p. 7 (Page ID # 1939). In other words, the State simply conceded for the sake of argument at this stage (because it does not yet have the Walgreens' privilege log required by Fed. R. Civ. P. 26(b)(5)(A)) that, even if these discovery protections/privileges are applicable, they have nonetheless been waived. (The State raised Walgreens' failure to provide a privilege log in both its March 4 and March 16 "meet and confer" letters to defense counsel.) If appropriate, therefore, the State reserves the right to seek other appropriate relief upon receipt of the required privilege log.

2

disclosing only favorable information/conclusions in its discovery responses, the State is now entitled to receive and review Walgreens' full investigative file documents.[2]

The privilege waiver issue has been addressed by federal courts in the context of a motion to dismiss. In *Brewer v. Hall*, 2005 WL 2219304, at *1 (E.D.N.Y. Sept. 12, 2005), for example, the plaintiff filed suit against "the Village," contending that its "use of its personnel to perform traffic enforcement was unlawful." In support of the Village's motion to dismiss the second amended complaint, the Village attached the affidavit of the mayor, Staller, which stated that the employee duty assignments were made upon the advice of counsel, who advised that park rangers could issue traffic tickets and informations and that a police officer, Morales, could enforce the traffic laws "on a 24-hour basis." *Id.* The plaintiffs argued "that the submission of this affidavit in connection with defendants' motion to dismiss is the functional equivalent of asserting an advice

---

[2] The cases cited by Walgreens do not dictate a contrary result. In *Harrison v. Proctor & Gamble Distrib., LLC*, 2016 WL 11642223, at *3 (S.D. Ohio Nov. 10, 2016), for example, the defendant's answer claimed that it was not liable for punitive damages because of its "good faith efforts to comply with the law and/or Plaintiff's failure to seek relief in accordance therewith." The district court, in finding waiver of the attorney-client privilege inappropriate, noted that "the fact that a good faith defense was raised does not indicate that attorney communications will be relied upon in presenting the defense." *Id.* The district court relied upon the defendant's representation that its "'good faith' defense and any similar defenses [relied] on the basis of its policies and procedures, the internal investigation conducted by P&G's HR group, and other relevant facts, but not on the basis of employees' internal consultations with [corporate counsel] Ms. Kruse for the purposes of the company obtaining legal advice." *Id.* at *3. Here, Walgreens' discovery responses make clear that its internal investigation was in fact directed by counsel and for the purpose of rendering legal advice, in addition to touting its ultimate findings, all of which purport to be helpful to Walgreens (including, for example, that it could not verify "overpayments"). Walgreens claimed in the memorandum in support of its motion to dismiss that for reverse FCA purposes "a repayment obligation can only exist once a company has 'identified' an overpayment, by showing at least reckless disregard of its existence." D.E. 17, p. 2 (Page ID #132). In fairness, Walgreens cannot be allowed to tout in detail its investigation, which supposedly verified no overpayments, and then shield it from discovery. For that same reason, *Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*, 951 F. Supp. 679, 688-89 (W.D. Mich. 1996), is inapposite because there – unlike here – the defendant "did not reveal any of the [internal] Report, nor did it summarize evidence contained in the Report. The references to the Report were general in nature and lacking substantive content."

3

of counsel defense which operates as a waiver of any privilege the defendants might possess concerning the advice rendered by counsel." *Id.* at *1.[3]

The district court held that "the Village initially waived the attorney-client privilege by deciding to publish the Village Attorney's opinion. The defendants' subsequent reliance on this opinion in its submission to the court reinforces the conclusion that a waiver occurred and that the subject matter of this opinion should be subject to examination by plaintiffs' counsel. *It would be fundamentally unfair to allow the defendants to rely on the Staller affidavit to influence the judicial process and then to restrict the plaintiffs from inquiring into the basis for the opinion.*" *See id.* at *2 (emphasis added); *see also In re Subpoena Duces Tecum Served on Willkie Farr & Gallagher*, 1997 WL 118369, at *3-*4 (S.D.N.Y. Mar. 14, 1997)[4] (finding waiver of privilege where corporation used the privilege as "both a sword and shield in litigation" when it used auditor's report (that was derived from attorney-client privileged material) in support of its motion to dismiss the complaint, but asserted privilege as a basis for not disclosing the report).

---

[3] Moreover, numerous courts have appropriately held that "subject to" and "without waiving" objections are improper under the Federal Rules of Civil Procedure. *See Bilek v. Nat'l Congress of Employees*, 2021 WL 4032952, at *1 (N.D. Ill. Feb. 8, 2021) ("HII's 'without waiving its objections' feint is improper under the Federal Rules of Civil Procedure and meaningless because neither Plaintiff nor the Court can tell whether that means HII is producing all documents it has in its possession that would be responsive to RFP No. 17, or that otherwise responsive documents are being withheld based on objections HII has asserted."); *Liguria Foods, Inc. v. Griffith Lab., Inc.*, 320 F.R.D. 168, 187 (N.D. Iowa 2017) ("Many federal courts have opined that 'subject to' or 'without waiving' objections are misleading, worthless and without legitimate purpose or effect. . . . Such an objection and answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court. Further, such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered." (quoting Chief Justice Menis E. Ketchum II, *Impeding Discovery: Eliminating Worthless Interrogatory Instructions and Objections*, W. Va. Law. 18, 19 (June 2012)). This, of course, is exactly what Walgreens did in its discovery responses before going on to describe and tout its internal investigation. *See* D.E. 12-2.

[4] The State would note that the district court's analysis in *Willkie* of whether work product protection applied as an initial matter was rejected in *In re Weatherford Int'l Sec. Litig.*, 2013 WL 12185082, at *3 (S.D.N.Y. Nov. 19, 2013). *Weatherford*, however, does not cast doubt on the waiver analysis employed by the *Willkie* court.

4

Walgreens' assertion that it "…never affirmatively relied on or placed at issue any legal advice or work product of its internal investigation" is belied by the paragraph of the memorandum in support of its motion to dismiss that begins with the words in bold type "***Walgreens' internal investigation***." *See* D.E. 17, p. 22 (Page ID # 152) (emphasis in original). While the State mentioned the investigation in its Complaint, Walgreens argues that the entire Complaint is deficient because it "does not allege any specific steps Walgreens' internal investigation should have taken but did not take." *Id.* Walgreens also faulted the Complaint for being "devoid of critical details that could suggest the steps Walgreens did take amounted to a 'fail[ure] to take *reasonable* steps." *Id.* (alteration and emphasis in original.) How could the State remedy what Walgreens described as a failure to allege more detail about its internal investigation if Walgreens would not let the State see it?

**B.     The State cannot be treated less favorably than a private litigant would in the same circumstances.**

Government entities are "subject to the same rules as private litigants" and "should occupy no position, better, or worse, than any other litigant, unless some special circumstance exists" (such as refusing to compel the government to produce interagency advisory opinions). *See Brown v. United States*, 58 F.R.D. 599, 601-02 (D.S.C. 1973); *see also United States v. Standard Oil Co.*, 21 F. Supp. 645, 659 n.7 (S.D. Cal. 1937) (holding that "under our American doctrine of judicial supremacy, which makes courts final arbiters of the constitutional validity of a statute, the government of the United States, when confronted with a statute not of its own making, may, like any other litigant, assert its inconsistency with the fundamental law of the land, the Constitution.").

The State asks for no special treatment here. On the other hand, the State should not be disadvantaged relative to a private litigant in the same circumstances when it is indeed entirely Walgreen's voluntary litigation decisions that have placed it in its current predicament.

**C. Walgreens' waiver of the attorney-client privilege and work product protection is final, even if it did not succeed on its motion to dismiss.**

Having voluntarily placed its internal investigation at issue, the waiver is complete and final. "[O]nce the privilege is waived with regard to a particular communication, it is lost forever and may not be asserted later in the same proceeding or in another proceeding." *See* 1 David M. Greenwald, *Testimonial Privileges* § 1:75 (3d ed.); *see also In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 307 (6th Cir. 2002) (holding that the standard for waiving the attorney-client privilege is the same for the work product doctrine – once there is a waiver, it "is complete and final"). *Genentech, Inc. v. United States Int'l Trade Comm'n*, 122 F.3d 1409, 1416 (Fed. Cir. 1997) ("When the attorney-client privilege has been waived, whatever the subject matter of the waiver, the privilege is gone." (quoting Paul R. Rice, *Attorney-Client Privilege in the United States* § 9:85, at 9-295 (1993)).[5]

That Walgreens did not actually prevail on its motion to dismiss is simply irrelevant – Walgreens cannot "unwaive" the privilege. *See Reitz v. City of Mt. Juliet*, 680 F. Supp. 2d 888, 892-95 (M.D. Tenn. 2010).

---

[5] Upon receipt of Walgreens' answer, *see* D.E. 111, the State's counsel, on April 6, 2022, wrote to Walgreen's counsel asserting that the answer was deficient for several reasons. Following a telephonic meet and confer the next day, Walgreens' counsel replied indicating that it "strongly disagreed" with the State's position that the Answer was deficient but agreed to amend its answer in the interest of narrowing the dispute. Walgreens has yet to file its amended answer. Accordingly, the State is unaware of what additional or different defenses it may assert upon the filing of its amended answer. In any event, as noted above, Walgreens' waiver was already complete by the time it filed its original answer.

**D.  Even if the motion to compel is denied, there is no justification for an award of attorney fees to Walgreens.**

Lastly, Walgreens claims that the State's motion to compel is "frivolous" and thus entitles it to an award of attorney fees. As noted herein and in its opening brief, the State's motion to compel is entirely appropriate and should be granted in all respects. Nonetheless, even if the Court is disinclined to grant the motion to compel, Walgreens should not be awarded its attorney fees in opposing the motion to compel because the motion was "substantially justified." Fed. R. Civ. P. 37(a)(5)(B). A motion is "'substantially justified' if it raises an issue about which 'there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 765 (6th Cir. 2005) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). The motion need not be "'justified to a high degree,' but rather 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce*, 487 U.S. at 565).

Walgreens voluntarily touted its internal investigation in both its motion to dismiss and its discovery responses – certainly a reasonable person, at a minimum, could and would conclude that the State was substantially justified in seeking to compel the documents underlying the internal investigation. *See Gazvoda v. Secretary of Homeland Security*, 258 F. Supp. 3d 799, 827 (E.D. Mich. 2017) (holding that denial of defendant's motion for protective order did not warrant award of attorney fees because the defense's legal argument "was not patently unreasonable."); *Sessoms v. Ghertner & Co.*, 2006 WL 1102323, at *5 (M.D. Tenn. Apr. 25, 2006) (holding that denial of defendant's motion to strike did not warrant award of attorney fees because "[r]easonable people could certainly differ as to the propriety" of defendants' failure to disclose witness identities in discovery "as evidenced by this Court's need to analyze and parse the relevant rules."). Finally,

the award of attorneys' fees would be wholly inappropriate because Walgreens still has not provided the State with a privilege log regarding its investigative file documents.

### III. CONCLUSION

For all of the foregoing reasons, as well as those set forth in its motion to dismiss, D.E. 112, the State respectfully requests that the Court grant the instant motion and issue in all respects.

Respectfully submitted,

/s/ Jef Feibelman
Jef Feibelman (BPR #007677)
Jonathan P. Lakey (BPR#16788)
Melissa A. Maravich (BPR #013876)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, Tennessee 38103
(901) 524-5000
jfeibelman@bpjlaw.com
mmaravich@bpjlaw.com
jlakey@bpjlaw.com

HERBERT H. SLATERY III
Attorney General and Reporter

By: /s/ David M. Rudolph
David M. Rudolph (BPR #13402)
Assistant Attorney General
One Commerce Square
40 South Main Street, Suite 1014
Memphis, Tennessee 38103-1877
(901) 543-4162
David.Rudolph@ag.tn.gov

/s/ W. Anthony Hullender
W. Anthony Hullender (BPR #019436)
Senior Assistant Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 532-2536
Tony.Hullender@ag.tn.gov

*Counsel for State of Tennessee*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 27, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                /s/ Jef Feibelman
                                                Jef Feibelman