# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF TENNESSEE,<br><br>        Plaintiffs,<br><br>  v.<br><br>WALGREEN CO.,<br><br>        Defendant. | Case No. 21-cv-00080-JRG-CRW |

## DEFENDANT WALGREEN CO.'S FIRST SET OF
## REQUESTS FOR PRODUCTION TO PLAINTIFFS

In accordance with Federal Rules of Civil Procedure 26 and 34, Defendant Walgreen Co. ("Walgreens") propounds the following First Set of Requests for Production on Plaintiffs the United States of America and the State of Tennessee, to produce the documents and electronically stored information described below for inspection and copying at the offices of Gibson, Dunn & Crutcher LLP, 1050 Connecticut Avenue NW, Washington, DC 20036, or at such other location as may be mutually agreed upon by counsel, in the manner and within the deadline prescribed by the Federal Rules of Civil Procedure, and in accordance with the definitions and instructions below:

### DEFINITIONS

Unless a contrary meaning appears in context, the following definitions apply:

1.     "Action" means the case entitled *United States & State of Tennessee v. Walgreen Co.*, Civil Action No. 21-cv-00080-JRG-CRW, pending in the United States District Court for the Eastern District of Tennessee.

2. "Agreement" means any contract, undertaking, commitment, arrangement, bargain, deal, pact or understanding entered into by any person, whether written or oral.

3. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all responses that might otherwise be construed to be outside its scope, or in other words, to give each request its broadest possible meaning.

4. "Any" shall be construed to mean "all," and "all" shall be construed to mean "any."

5. "CMS" refers to the federal Centers for Medicare and Medicaid Services, and any person or persons acting on behalf of them, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

6. "Communication(s)" and "communicate(d)" shall mean any oral or written exchange of words, thoughts, or ideas with another person or entity, whether in person, in a group, by telephone, by letter, by fax, by electronic mail, by text message, by instant message, or otherwise. "Communication(s)" and "communicate(d)" shall include, without limitation, correspondence, conversations, dialogues, discussions, consultations, and documents of any type.

7. "Complaint" means the Complaint filed in this Action on May 10, 2021 (ECF No. 1).

8. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

9. "Criterion" and "criteria" mean any and all of the following: requirement, prerequisite, standard, qualification, specification, benchmark, practice, instruction, directive, recommendation, suggestion, advice, precedent, or rule in relation to which a given piece of information is evaluated, analyzed, considered, or compared.

10. "Date" means the exact day, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

11. "Document(s)" shall be construed in the broadest sense possible under the Federal Rules of Civil Procedure, and shall mean all written, printed, typed, transcribed, encoded, punched, recorded, taped, filmed, or other graphic or audio material of every kind and description whatsoever from which information can be obtained, including without limitation correspondence, tape recordings, videotapes, electronic mail, text messages, and any information stored on computers, computer disks, databases, cellular phones, tablets, and other electronic devices, and removable media of any kind, and shall include all drafts and nonidentical copies of documents.

12. "Electronic device" shall mean any laptop computer, desktop computer, tablet computer, cellular phone, smart phone, personal digital assistant, or similar device.

13. Unless otherwise specified, the term "Four DAAs" means one or more of the following direct-acting antiviral medications to treat Hepatitis C: Harvoni®, Sovaldi®, Daklinza®, and Viekira Pak®. The term "Four DAAs" shall be interpreted to include any of these drugs regardless of dosage or method of administration, and regardless of how the document in question refers to them, whether that be by brand name, active ingredient name, national drug code ("NDC"), drug class, or otherwise.

14. "Kingsport Specialty Pharmacy" refers to Walgreens Specialty Pharmacy #13980, located at 130 West Ravine Road, Suite 101, Kingsport, Tennessee 37660.

15. "Magellan" means Magellan Medicaid Administration, Inc., and any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing.

Case 2:21-cv-00080-JRG-CRW   Document 116-2   Filed 05/05/22   Page 4 of 15   PageID #: 2091

3

16. "Medicaid Drug Rebate Program" means the rebate program authorized by Section 1927 of the Social Security Act, 42 U.S.C. § 1396r–8.

17. Unless otherwise specified, the term "Non-DAAs" means any medication, other than a direct-acting antiviral medication, indicated for the treatment of Hepatitis C and covered at any time by TennCare (regardless of whether it was ever subject to any prior authorization requirements). The term "Non-DAAs" shall be interpreted to include any of these drugs regardless of dosage or method of administration, and regardless of how the document in question refers to them, whether that be by brand name, active ingredient name, NDC, drug class, or otherwise.

18. "OptumRx" means OptumRx, Inc., and any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing.

19. Unless otherwise specified, the term "Other DAAs" means all other direct-acting antiviral medications indicated for the treatment of Hepatitis C and covered at any time by TennCare (regardless of whether they were ever subject to prior authorization requirements) but not otherwise listed in the definition of "Four DAAs" above. The term "Other DAAs" shall be interpreted to include any of these drugs regardless of dosage or method of administration, and regardless of how the document in question refers to them, whether that be by brand name, active ingredient name, NDC, drug class, or otherwise.

20. "Person" or "persons" means any natural person, corporation, proprietorship, partnership, trust, association, firm, or any other entity, and shall include each and every person or entity, without regard to whether the singular or plural versions of the words person or entity are used.

21. "Plaintiffs" means the United States of America and/or the State of Tennessee, and includes any agency, bureau, department, component, program, office, or authority within the government of either of them, and includes counsel for any such agency, bureau, department, component, program, office, or authority within the government of either Plaintiff.

22. "Rebate" means any price concession or discount paid or otherwise granted by one person to another.

23. "Relating to" and "relate to" mean directly or indirectly mentioning, describing, pertaining to, concerning, embodying, constituting, supporting, corroborating, proving, evidencing, showing, refuting, disputing, rebutting, contradicting, controverting, being connected with, or reflecting upon the subject matter of the specific request.

24. "TennCare" refers to the Medicaid program for the State of Tennessee, and any person or persons acting on behalf of it, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

25. "TennCare Preferred Drug List" refers to the document referred to by that name in the Complaint, and to any prior or subsequent versions of the Preferred Drug List, as well as to any other TennCare prescription drug formulary.

26. "Unit Rebate Amount" and "URA" mean the rebate amount calculated for a particular drug by that drug's manufacturer and/or by CMS under the Medicaid Drug Rebate Program.

27. "Walgreens" means Defendant Walgreen Co., and any parent, subsidiary, affiliate, predecessor or successor entity of it, and any department or business unit of any of the foregoing.

28. "You," "your," "yours," and "yourselves" mean either or both of the Plaintiffs in this Action, and any person or persons acting or who have acted on behalf of either or both of

them, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

29. Except as specifically provided, words imparting the singular shall include the plural and vice versa, and words imparting the present tense shall include the past and future tenses and vice versa, as necessary to give each request its broadest possible meaning.

## GENERAL INSTRUCTIONS

1. These requests call for the production of all non-privileged materials responsive to the requests below that are in your possession, custody, or control, including the possession, custody, or control of any person acting on your behalf, including but not limited to attorneys, agents, advisors, investigators, representatives, and employees, regardless of location. For the avoidance of doubt, documents in the possession, custody, or control of any of your attorneys, agents, advisors, investigators, representatives, or employees will be deemed in your possession, custody, or control regardless of the time period in which such person(s) acted on your behalf.

2. Unless otherwise specified, these requests call for the production of materials concerning the period between October 1, 2014 to December 31, 2016, inclusive.

3. If you withhold any document (or any portion of any document) under a claim of privilege, you must produce, in accordance with Federal Rule of Civil Procedure 26, a written privilege log setting forth the information necessary for Walgreens to ascertain whether the privilege properly applies.

4. If information is redacted from a document produced in response to a request, identify the redaction by stamping the word "REDACTED" on the document at each place where information has been redacted. Separately log each redaction on the privilege log, setting forth the information necessary for Walgreens to ascertain whether the privilege properly applies.

5. If any requested document has been lost or destroyed, state the circumstances of its loss or destruction, including the identity of the person(s) having knowledge of the circumstances of its loss or destruction and the date of its loss or destruction.

6. Documents in electronic form, including electronic mail, shall be produced in a manner and form to be agreed to by the parties.

7. You are under a continuous obligation to supplement your response to these requests under the circumstances specified in Federal Rule of Procedure 26(e). If, after producing any responsive documents, you obtain or become aware of additional responsive material, you must provide that material in a supplemental production.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications relating to each of the factual allegations you make in the Complaint.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications relating to the case entitled *United States v. Reilly*, No. 2:16-cr-00107-JRG, including but not limited to the following: documents received from the defendant; documents received from Walgreens; documents received from any other third party; documents submitted to the court; notes, reports, and/or transcripts of any witness interviews or proffer sessions; audio and video recordings; and wiretap records.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications relating to any patient at issue in this Action.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications relating to the review, approval, and/or rejection of any prior authorization request for any of the Four DAAs in connection with prescriptions filled, or sought to be filled, for any patient at issue in this Action from the Kingsport Specialty Pharmacy.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications, concerning the period from January 1, 2010 to the present, relating to the content, development, implementation, application, and revision of the TennCare Preferred Drug List as related to the Four DAAs, to all Other DAAs, and to all Non-DAAs.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications, concerning the period from January 1, 2010 to the present, reflecting or relating to any training given to any person who reviewed, or who was tasked with reviewing, prior authorization requests for prescriptions for the Four DAAs in connection with actual or potential coverage of those prescriptions by TennCare and/or Magellan.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications, concerning the period from January 1, 2010 to the present, reflecting or relating to any criteria used for coverage or payment, by TennCare and/or Magellan, for the Four DAAs, any Other DAAs, and/or any Non-DAAs, and/or to the development, selection, implementation, and application of any such criteria by or for TennCare and/or Magellan.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications, concerning the period from January 1, 2010 to the present, relating to whether any criteria considered, proposed, or used for coverage of or payment

for the Four DAAs, Other DAAs, or Non-DAAs by TennCare did or could result in the denial of coverage to TennCare beneficiaries seeking any drug for an FDA-approved indication.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications, concerning the period from January 1, 2010 to the present, relating to whether any criteria considered, proposed, or used for coverage of or payment for the Four DAAs, any Other DAAs, and/or any Non-DAAs by TennCare complied with federal requirements concerning access to covered medications by Medicaid beneficiaries, including but not limited to the requirements of Section 1927 of the Social Security Act, 42 U.S.C. § 1396r–8.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications, concerning the period from January 1, 2010 to the present, relating to CMS federal financial participation payment requirements concerning coverage of the Four DAAs, other DAAs, and/or Non-DAAs.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications reflecting or relating to medical and/or pharmacy claims data relating to all TennCare beneficiaries during claim years 2010 through 2020.

**REQUEST FOR PRODUCTION NO. 12:**

All cost reports submitted by TennCare to CMS concerning reimbursement for coverage of any Hepatitis C treatment or medication provided to any TennCare beneficiary.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications relating to the quarterly URAs for each of the Four DAAs, for all other DAAs, and/or for all Non-DAAs.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications relating to any rebate agreement between TennCare and any pharmaceutical manufacturer related to any of the Four DAAs, to all Other DAAs, and/or to all Non-DAAs.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications relating to utilization management of the Four DAAs, including but not limited to documents reflecting or relating to any drug utilization review that TennCare or Magellan performed, or in which either or both of them participated.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications reflecting or concerning any audits regarding pharmacy claims for payment for prescriptions of the Four DAAs (whether or not the Four DAAs were the specific or sole focus of the audits).

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications, concerning the period from January 1, 2010 to the present, concerning the actual or potential effects on regulated entities of any and all legal provisions requiring the reporting and returning of overpayments made by any federal or state healthcare program, including but not limited to records concerning the actual or potential effects of such provisions' time limits for the return of overpayments on the conduct and/or resolution of federal or state investigations or enforcement actions under the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, the Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-181 *et seq.*, or other applicable law.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications between Plaintiffs, on the one hand, and Magellan or OptumRx, on the other hand, relating to any of the allegations in this Action.

**REQUEST FOR PRODUCTION NO. 19:**

All communications between Plaintiffs, on the one hand, and any employee, representative, or attorney of Walgreens, on the other hand, relating to any of the allegations in this Action.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications between Plaintiffs, on the one hand, and any other person, on the other hand, relating to any of the allegations in this Action.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications relating to any other investigations or proceedings, whether criminal, civil, administrative, or otherwise, relating to any of the allegations in this Action.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications relating to any efforts considered or undertaken by Plaintiffs and/or Magellan to recoup from any source any portion of the losses claimed in the Complaint.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show the corporate structure and organization of Magellan, and of any office or unit of Magellan responsible, in whole or in part, for reviewing prior authorization requests for prescription drugs covered by TennCare.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications relating to the selection of Magellan as TennCare's pharmacy benefits manager, or relating to negotiations between TennCare and Magellan over the agreement by which Magellan would serve in that capacity.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications relating to the selection of OptumRx as TennCare's pharmacy benefits manager, or relating to negotiations between TennCare and OptumRx over the agreement by which OptumRx would serve in that capacity.

**REQUEST FOR PRODUCTION NO. 26:**

All documents received pursuant to any subpoena, Civil Investigative Demand, voluntary request, or other legal process you have issued or will issue in the future related to the allegations in this Action.

**REQUEST FOR PRODUCTION NO. 27:**

All affidavits, declarations, statements, or recordings obtained by Plaintiffs relating to any allegation in the Complaint, and all documents relating to any such affidavits, declarations, statements, or recordings.

**REQUEST FOR PRODUCTION NO. 28:**

All documents identified or referred to in your Initial Disclosures provided pursuant to Rule 26(a).

**REQUEST FOR PRODUCTION NO. 29:**

All documents you rely upon or refer to in responding to Walgreens' interrogatories in this Action.

**REQUEST FOR PRODUCTION NO. 30:**

All documents provided to or considered by any expert witness you engage during the course of this Action.

Date: August 2, 2021

Clint J. Woodfin #016346
SPICER RUDSTROM, PLLC
800 S. Gay Street, Suite 1400
Knoxville, TN 37929
Tel.: (865) 673-8516
cwoodfin@spicerfirm.com

/s/ *Michael R. Dziuban*
Reed Brodsky (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 351-5334
Fax: (212) 351-6235
rbrodsky@gibsondunn.com

Michael R. Dziuban (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 955-8252
Fax: (202) 530-4247
mdziuban@gibsondunn.com

*Attorneys for Defendant Walgreen Co.*

## CERTIFICATE OF SERVICE

I, Michael Dziuban, hereby certify that on this 2nd day of August 2021, a copy of the foregoing document was served via email on the following:

Robert C. McConkey, III
Assistant United States Attorney
800 Market St., Suite 211
Knoxville, TN 37902
robert.mcconkey@usdoj.gov

Andrew B. Campbell
Senior Assistant Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202-0207
Andrew.Campbell@ag.tn.gov

W. Anthony Hullender
Deputy Attorney General
Medicaid Fraud and Integrity Division
P.O. Box 20207
Nashville, TN 37202-0207
Tony.Hullender@ag.tn.gov

/s/ *Michael R. Dziuban*
Michael R. Dziuban

*Attorney for Defendant Walgreen Co.*