# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA and
STATE OF TENNESSEE,

        Plaintiffs,

v.

WALGREEN CO.,

        Defendant.

Case No. 21-cv-00080-JRG-CRW

**DEFENDANT WALGREEN CO.'S SECOND SET OF
REQUESTS FOR PRODUCTION TO PLAINTIFFS**

In accordance with Federal Rules of Civil Procedure 26 and 34, Defendant Walgreen Co. ("Walgreens") propounds the following Second Set of Requests for Production on Plaintiffs the United States of America and the State of Tennessee, to produce the documents and electronically stored information described below for inspection and copying at the offices of Gibson, Dunn & Crutcher LLP, 1050 Connecticut Avenue NW, Washington, DC 20036, or at such other location as may be mutually agreed upon by counsel, in the manner and within the deadline prescribed by the Federal Rules of Civil Procedure, and in accordance with the definitions and instructions below:

**DEFINITIONS**

Unless a contrary meaning appears in context, the following definitions apply:

1.    "Action" means the case entitled *United States & State of Tennessee v. Walgreen Co.*, Civil Action No. 21-cv-00080-JRG-CRW, pending in the United States District Court for the Eastern District of Tennessee.

2. "Agreement" means any contract, undertaking, commitment, arrangement, bargain, deal, pact or understanding entered into by any person, whether written or oral.

3. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all responses that might otherwise be construed to be outside its scope, or in other words, to give each request its broadest possible meaning.

4. "Any" shall be construed to mean "all," and "all" shall be construed to mean "any."

5. "CMS" refers to the federal Centers for Medicare and Medicaid Services, and any person or persons acting or who have acted on behalf of them, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

6. "Communication(s)" and "communicate(d)" shall mean any oral or written exchange of words, thoughts, or ideas with another person or entity, whether in person, in a group, by telephone, by letter, by fax, by electronic mail, by text message, by instant message, or otherwise. "Communication(s)" and "communicate(d)" shall include, without limitation, correspondence, conversations, dialogues, discussions, consultations, and documents of any type.

7. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

8. "Criterion" and "criteria" mean any and all of the following: requirement, prerequisite, standard, qualification, specification, benchmark, practice, instruction, directive, recommendation, suggestion, advice, precedent, or rule in relation to which a given piece of information is evaluated, analyzed, considered, or compared.

9. "Document(s)" shall be construed in the broadest sense possible under the Federal Rules of Civil Procedure, and shall mean all written, printed, typed, transcribed, encoded, punched, recorded, taped, filmed, or other graphic or audio material of every kind and description

whatsoever from which information can be obtained, including without limitation correspondence, tape recordings, videotapes, electronic mail, text messages, and any information stored on computers, computer disks, databases, cellular phones, tablets, and other electronic devices, and removable media of any kind, and shall include all drafts and nonidentical copies of documents.

10. Unless otherwise specified, the term "Four DAAs" means one or more of the following direct-acting antiviral medications to treat Hepatitis C: Harvoni®, Sovaldi®, Daklinza®, and Viekira Pak®. The term "Four DAAs" shall be interpreted to include any of these drugs regardless of dosage or method of administration, and regardless of how the document in question refers to them, whether that be by brand name, active ingredient name, national drug code ("NDC"), drug class, or otherwise.

11. "HHS" refers to the U.S. Department of Health and Human Services, all of its components, offices, bureaus, agencies, centers, and other units, and any person or persons acting or who have acted on behalf of any of the foregoing, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

12. "Hepatitis C Medicaid Affinity Group" means the Hepatitis C Medicaid Affinity Group convened by HHS, and any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing. Current information on the Hepatitis C Medicaid Affinity Group is available at the following link: https://www.hhs.gov/hepatitis/hepatitis-c-medicaid-affinity-group/index.html.

13. "Hepatitis C Medication" means any of the Four DAAs, any of the Other DAAs, and any Non-DAA.

14. "Magellan" means Magellan Medicaid Administration, Inc., and any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing.

15. Unless otherwise specified, the term "Non-DAAs" means any medication, other than a direct-acting antiviral medication, indicated for the treatment of Hepatitis C and covered at any time by TennCare (regardless of whether it was ever subject to any prior authorization requirements). The term "Non-DAAs" shall be interpreted to include any of these drugs regardless of dosage or method of administration, and regardless of how the document in question refers to them, whether that be by brand name, active ingredient name, NDC, drug class, or otherwise.

16. "OptumRx" means OptumRx, Inc., and any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing.

17. Unless otherwise specified, the term "Other DAAs" means all other direct-acting antiviral medications indicated for the treatment of Hepatitis C and covered at any time by TennCare (regardless of whether they were ever subject to prior authorization requirements) but not otherwise listed in the definition of "Four DAAs" above. The term "Other DAAs" shall be interpreted to include any of these drugs regardless of dosage or method of administration, and regardless of how the document in question refers to them, whether that be by brand name, active ingredient name, NDC, drug class, or otherwise.

18. "Patients at Issue" means the 65 TennCare enrollees listed in the chart at paragraph 88 of the Complaint.

19. "Plaintiffs" means the United States of America and/or the State of Tennessee, and includes any agency, bureau, department, component, program, office, or authority within the government of either of them, and includes counsel for any such agency, bureau, department, component, program, office, or authority within the government of either Plaintiff.

20. "Pricing Arrangement" means any agreement, understanding, or arrangement by which any rebate, supplemental rebate, discount, or other price reduction or offset was granted.

21. "Rebate" means any price concession or discount paid or otherwise granted by one person to another.

22. "Relating to" and "relate to" mean directly or indirectly mentioning, describing, pertaining to, concerning, embodying, constituting, supporting, corroborating, proving, evidencing, showing, refuting, disputing, rebutting, contradicting, controverting, being connected with, or reflecting upon the subject matter of the specific request.

23. "TennCare" refers to the Medicaid program for the State of Tennessee, and any person or persons acting or who have acted on behalf of it, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

24. "TennCare Preferred Drug List" refers to the document referred to by that name in the Complaint, and to any prior or subsequent versions of the Preferred Drug List, as well as to any other TennCare prescription drug formulary.

25. "You," "your," "yours," and "yourselves" mean either or both of the Plaintiffs in this Action, and any person or persons acting or who have acted on behalf of either or both of them, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives. For the avoidance of doubt, "you" includes CMS, HHS, Magellan, and OptumRx.

26. Except as specifically provided, words imparting the singular shall include the plural and vice versa, and words imparting the present tense shall include the past and future tenses and vice versa, as necessary to give each request its broadest possible meaning.

## GENERAL INSTRUCTIONS

1. These requests call for the production of all non-privileged materials responsive to the requests below that are in your possession, custody, or control, including the possession, custody, or control of any person acting or purporting to act, or who have acted or purported to act, on your behalf, including but not limited to attorneys, agents, advisors, investigators, representatives, and employees, regardless of location. For the avoidance of doubt, documents in the possession, custody, or control of any of your attorneys, agents, advisors, investigators, representatives, or employees will be deemed in your possession, custody, or control regardless of the time period in which such person(s) acted on your behalf.

2. Unless otherwise specified, these requests call for the production of materials concerning the period between October 1, 2014 and the present.

3. If you withhold any document (or any portion of any document) under a claim of privilege, you must produce, in accordance with Federal Rule of Civil Procedure 26, a written privilege log setting forth the information necessary for Walgreens to ascertain whether the privilege properly applies.

4. If information is redacted from a document produced in response to a request, identify the redaction by stamping the word "REDACTED" on the document at each place where information has been redacted. Separately log each redaction on the privilege log, setting forth the information necessary for Walgreens to ascertain whether the privilege properly applies.

5. If any requested document has been lost or destroyed, state the circumstances of its loss or destruction, including the identity of the person(s) having knowledge of the circumstances of its loss or destruction and the date of its loss or destruction.

6. Documents in electronic form, including electronic mail, shall be produced in a manner and form to be agreed to by the parties.

7. You are under a continuous obligation to supplement your response to these requests under the circumstances specified in Federal Rule of Procedure 26(e). If, after producing any responsive documents, you obtain or become aware of additional responsive material, you must provide that material in a supplemental production.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 31:**

Documents and data reflecting all offsets to sums paid by TennCare for prescriptions for the Four DAAs for the Patients at Issue, including but not limited to rebates, discounts, and other reductions to the costs ultimately incurred by TennCare for the drugs.

**REQUEST FOR PRODUCTION NO. 32:**

For the period between January 1, 2010 and the present, all documents and communications relating to any rebate agreement between HHS and any pharmaceutical manufacturer related to any of the Four DAAs, to any of the Other DAAs, and/or to any of the Non-DAAs.

**REQUEST FOR PRODUCTION NO. 33:**

For the period between January 1, 2010 and the present, all documents sufficient to identify any other Pricing Arrangements between either Plaintiff and any pharmaceutical manufacturer related to any of the Four DAAs, to all Other DAAs, and/or to all Non-DAAs.

**REQUEST FOR PRODUCTION NO. 34:**

For the period between January 1, 2010 and the present, all communications between TennCare and/or HHS, on the one hand, and any pharmaceutical manufacturer, on the other hand, relating to any and all significant, clinically meaningful therapeutic advantages of any of the Four DAAs over any other Hepatitis C Medication included on the TennCare Preferred Drug List.

**REQUEST FOR PRODUCTION NO. 35:**

For the period between January 1, 2010 and the present, all communications between TennCare and/or HHS, on the one hand, and any pharmaceutical manufacturer, on the other hand, relating to access to any of the Four DAAs by TennCare enrollees, including but not limited to any restrictions on such access imposed by TennCare.

**REQUEST FOR PRODUCTION NO. 36:**

All communications between you, on the one hand, and any pharmaceutical manufacturer, on the other hand, concerning this Action.

**REQUEST FOR PRODUCTION NO. 37:**

All documents relating to the Hepatitis C Medicaid Affinity Group, including but not limited to the following: documents relating to the group's formation, purpose, and activities; documents relating to criteria for joining and/or participating in the group; and documents sufficient to identify individual participants in the group.

**REQUEST FOR PRODUCTION NO. 38:**

All documents relating to Plaintiff the State of Tennessee's participation in the Hepatitis C Medicaid Affinity Group, including but not limited to the following: documents sufficient to identify persons who participated in the group on behalf of Tennessee; documents relating to any activities by or involving the group and related to Tennessee; any reports or other documents

created by or for the group and related to Tennessee; and all communications between and among participants in the group and relating to Tennessee.

**REQUEST FOR PRODUCTION NO. 39:**

All documents relating to Plaintiff the State of Tennessee's status as a "Previous Year State" participant in the Hepatitis C Medicaid Affinity Group, as denoted in the following map appearing on the current homepage of the group.



**REQUEST FOR PRODUCTION NO. 40:**

All documents relating to any efforts undertaken by the Hepatitis C Medicaid Affinity Group to increase access by TennCare beneficiaries to the Four DAAs or to Other DAAs.

Date: November 3, 2021

Clint J. Woodfin #016346
SPICER RUDSTROM, PLLC
800 S. Gay Street, Suite 1400
Knoxville, TN 37929
Tel.: (865) 673-8516
cwoodfin@spicerfirm.com

/s/ *Michael R. Dziuban*
Reed Brodsky (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 351-5334
Fax: (212) 351-6235
rbrodsky@gibsondunn.com

Michael R. Dziuban (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 955-8252
Fax: (202) 530-4247
mdziuban@gibsondunn.com

*Attorneys for Defendant Walgreen Co.*

# CERTIFICATE OF SERVICE

I, Michael Dziuban, hereby certify that on this 3rd day of November 2021, a copy of the foregoing document was served via email and U.S. mail on the following:

Robert C. McConkey, III
Assistant United States Attorney
800 Market St., Suite 211
Knoxville, TN 37902
robert.mcconkey@usdoj.gov

Andrew B. Campbell
Senior Assistant Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202-0207
Andrew.Campbell@ag.tn.gov

W. Anthony Hullender
Deputy Attorney General
Medicaid Fraud and Integrity Division
P.O. Box 20207
Nashville, TN 37202-0207
Tony.Hullender@ag.tn.gov

/s/ *Michael R. Dziuban*
Michael R. Dziuban

*Attorney for Defendant Walgreen Co.*