# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA and
STATE OF TENNESSEE,

                Plaintiffs,

    v.

WALGREEN CO.,

                Defendant.

Case No. 21-cv-00080-JRG-CRW

**DEFENDANT WALGREEN CO.'S THIRD SET OF
REQUESTS FOR PRODUCTION TO PLAINTIFFS**

In accordance with Federal Rules of Civil Procedure 26 and 34, Defendant Walgreen Co. ("Walgreens") propounds the following Third Set of Requests for Production on Plaintiffs the United States of America and the State of Tennessee, to produce the documents and electronically stored information described below for inspection and copying at the offices of Gibson, Dunn & Crutcher LLP, 1050 Connecticut Avenue NW, Washington, DC 20036, or at such other location as may be mutually agreed upon by counsel, in the manner and within the deadline prescribed by the Federal Rules of Civil Procedure, and in accordance with the definitions and instructions below:

**DEFINITIONS**

Unless a contrary meaning appears in context, the following definitions apply:

1.      "Action" means the case entitled *United States & State of Tennessee v. Walgreen Co.*, Civil Action No. 21-cv-00080-JRG-CRW, pending in the United States District Court for the Eastern District of Tennessee.

2. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all responses that might otherwise be construed to be outside its scope, or in other words, to give each request its broadest possible meaning.

3. "Any" shall be construed to mean "all," and "all" shall be construed to mean "any."

4. "CMS" refers to the federal Centers for Medicare and Medicaid Services, and any person or persons acting or who have acted on behalf of them, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

5. "Communication(s)" and "communicate(d)" shall mean any oral or written exchange of words, thoughts, or ideas with another person or entity, whether in person, in a group, by telephone, by letter, by fax, by electronic mail, by text message, by instant message, or otherwise. "Communication(s)" and "communicate(d)" shall include, without limitation, correspondence, conversations, dialogues, discussions, consultations, and documents of any type.

6. "Criterion" and "criteria" mean any and all of the following: requirement, prerequisite, standard, qualification, specification, benchmark, practice, instruction, directive, recommendation, suggestion, advice, precedent, or rule in relation to which a given piece of information is evaluated, analyzed, considered, or compared.

7. "Date" means the exact day, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

8. "Document(s)" shall be construed in the broadest sense possible under the Federal Rules of Civil Procedure, and shall mean all written, printed, typed, transcribed, encoded, punched, recorded, taped, filmed, or other graphic or audio material of every kind and description whatsoever from which information can be obtained, including without limitation correspondence, tape recordings, videotapes, electronic mail, text messages, and any information stored on

computers, computer disks, databases, cellular phones, tablets, and other electronic devices, and removable media of any kind, and shall include all drafts and nonidentical copies of documents.

9. "DOJ" refers to the U.S. Department of Justice, all of its components, offices, bureaus, agencies, centers, and other units, and any person or persons acting or who have acted on behalf of any of the foregoing, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

10. "Electronic device" shall mean any laptop computer, desktop computer, tablet computer, cellular phone, smart phone, personal digital assistant, or similar device.

11. Unless otherwise specified, the term "Four DAAs" means one or more of the following direct-acting antiviral medications to treat Hepatitis C: Harvoni®, Sovaldi®, Daklinza®, and Viekira Pak®. The term "Four DAAs" shall be interpreted to include any of these drugs regardless of dosage or method of administration, and regardless of how the document in question refers to them, whether that be by brand name, active ingredient name, national drug code ("NDC"), drug class, or otherwise.

12. "Hepatitis C Medication" means any of the Four DAAs, any Other DAA, and any Non-DAA.

13. "HHS" refers to the U.S. Department of Health and Human Services, all of its components, offices, bureaus, agencies, centers, and other units, and any person or persons acting or who have acted on behalf of any of the foregoing, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

14. "Magellan" means Magellan Medicaid Administration, Inc., and any parent, subsidiary, affiliate, predecessor, or successor entity of it, any department or business unit of any

such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing.

15. Unless otherwise specified, the term "Non-DAAs" means any medication, other than a direct-acting antiviral medication, indicated for the treatment of Hepatitis C and covered at any time by TennCare (regardless of whether it was ever subject to any prior authorization requirements). The term "Non-DAAs" shall be interpreted to include any of these drugs regardless of dosage or method of administration, and regardless of how the document in question refers to them, whether that be by brand name, active ingredient name, NDC, drug class, or otherwise.

16. "OptumRx" means OptumRx, Inc., and any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing.

17. Unless otherwise specified, the term "Other DAAs" means all other direct-acting antiviral medications indicated for the treatment of Hepatitis C and covered at any time by TennCare (regardless of whether they were ever subject to prior authorization requirements) but not otherwise listed in the definition of "Four DAAs" above. The term "Other DAAs" shall be interpreted to include any of these drugs regardless of dosage or method of administration, and regardless of how the document in question refers to them, whether that be by brand name, active ingredient name, NDC, drug class, or otherwise.

18. "Plaintiffs" means the United States of America and/or the State of Tennessee, and includes any agency, bureau, department, component, program, office, or authority within the government of either of them, and includes counsel for any such agency, bureau, department, component, program, office, or authority within the government of either Plaintiff.

19. "Relating to" and "relate to" mean directly or indirectly mentioning, describing, pertaining to, concerning, embodying, constituting, supporting, corroborating, proving, evidencing, showing, refuting, disputing, rebutting, contradicting, controverting, being connected with, or reflecting upon the subject matter of the specific request.

20. "Release No. 172" refers to the document entitled CMS Medicaid Drug Rebate Program Notice, Release No. 172, Assuring Medicaid Beneficiaries Access to Hepatitis C (HCV) Drugs (Nov. 5, 2015), available at https://www.medicaid.gov/medicaid-chip-program-information/by-topics/prescription-drugs/downloads/rx-releases/state-releases/state-rel-172.pdf.

21. "Retention Policy" shall mean any policy, procedure, or practice for the preservation or retention of information in the ordinary course of business.

22. "TBI" means the Tennessee Burau of Investigation and any person or persons acting on behalf of it, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

23. "TennCare" refers to the Medicaid program for the State of Tennessee, and any person or persons acting or who have acted on behalf of it, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

24. "You," "your," "yours," and "yourselves" mean either or both of the Plaintiffs in this Action, and any person or persons acting or who have acted on behalf of either or both of them, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives. For the avoidance of doubt, "you" includes CMS, HHS, Magellan, and OptumRx.

25. Except as specifically provided, words imparting the singular shall include the plural and vice versa, and words imparting the present tense shall include the past and future tenses and vice versa, as necessary to give each request its broadest possible meaning.

# GENERAL INSTRUCTIONS

1. These Requests for Production ("Requests") call for the production of all non-privileged materials responsive to the Requests below that are in your possession, custody, or control, including the possession, custody, or control of any person acting or purporting to act, or who have acted or purported to act, on your behalf, including but not limited to attorneys, agents, advisors, investigators, representatives, and employees, regardless of location. For the avoidance of doubt, documents in the possession, custody, or control of any of your attorneys, agents, advisors, investigators, representatives, or employees will be deemed in your possession, custody, or control regardless of the time period in which such person(s) acted on your behalf.

2. Unless otherwise specified, these Requests call for the production of materials concerning the period between October 1, 2014 and the present.

3. If you withhold any document (or any portion of any document) under a claim of privilege, you must produce, in accordance with Federal Rule of Civil Procedure 26, a written privilege log setting forth the information necessary for Walgreens to ascertain whether the privilege properly applies.

4. If information is redacted from a document produced in response to a Request, identify the redaction by stamping the word "REDACTED" on the document at each place where information has been redacted. Separately log each redaction on the privilege log, setting forth the information necessary for Walgreens to ascertain whether the privilege properly applies.

5. If any requested document has been lost or destroyed, state the circumstances of its loss or destruction, including the identity of the person(s) having knowledge of the circumstances of its loss or destruction and the date of its loss or destruction.

6. Documents in electronic form, including electronic mail, shall be produced in a manner and form to be agreed to by the parties.

7. You are under a continuous obligation to supplement your response to these Requests under the circumstances specified in Federal Rule of Procedure 26(e). If, after producing any responsive documents, you obtain or become aware of additional responsive material, you must provide that material in a supplemental production.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 41:**

Copies of all Document Holds and Retention Polices referred to in Plaintiff the State of Tennessee's November 17, 2021 Responses to Walgreens' First Set of Interrogatories, including but not limited to the Document Holds implemented by TennCare and Magellan in anticipation of this Action and/or in connection with this Action, any other Document Holds Tennessee claims resulted in the preservation of information relevant to this Action, and TBI Policy 8-8-001.

**REQUEST FOR PRODUCTION NO. 42:**

All documents reflecting or relating to the following Records Disposition Authorizations ("RDAs") identified in Plaintiff the State of Tennessee's November 17, 2021 Responses to Walgreens' First Set of Interrogatories:

- RDA #SW41, Fraud Investigations
- RDA #11194, Pharmacy Rebate and Other Pricing Records
- RDA #656, Medical Claims Records
- RDA #2047, TennCare Provider Applications and Related Information
- RDA #11266, Division of TennCare Contracts and Grants

**REQUEST FOR PRODUCTION NO. 43:**

To the extent not covered by Request No. 42 above, all documents reflecting all Retention Policies developed and/or implemented by each Plaintiff.

**REQUEST FOR PRODUCTION NO. 44:**

All documents reflecting any other policy, procedure, or practice related to document management, storage, or preservation by or for either Plaintiff.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and communications in which any of the RDAs identified in Request No. 42 above, any Retention Policy, and/or any Document Hold was identified to or described to any person who may have, or may have had, information relevant to this Action.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and communications reflecting or relating to the subject matter of, scope of, data sources covered by, and custodians who received, all Document Holds identified or referred to in Plaintiff the State of Tennessee's response to Interrogatory No. 18 in Walgreens' First Set of Interrogatories, regardless of whether the Document Holds were tied directly to this Action.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and communications reflecting or relating to the subject matter of, scope of, data sources covered by, and custodians who received, any Document Holds that Plaintiff the United States implemented in anticipation of this Action and/or in connection with this Action and/or the investigation underlying this Action, and any other Document Holds that are not directly tied to this Action but that Plaintiff the United States believes resulted in the preservation of information relevant to this Action.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and communications reflecting or relating to each Plaintiff's procedures for determining whether and when to implement, and for implementing and enforcing, a Document Hold in connection with an investigation involving possible violations of any healthcare fraud, waste, and abuse law, including but not limited to the federal False Claims Act, the Tennessee Medicaid False Claims Act, and related common-law theories under which monies may be repayable to the State and/or federal governments.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and communications related to each Plaintiff's procedure for determining whether and when to implement, and for implementing and enforcing, a Document Hold in connection with an investigation involving a potential Medicaid overpayment to any person in connection with goods or services for which Medicaid coverage was sought.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and communications related to each Plaintiff's procedure for determining whether, when, and how to implement or enforce a Document Hold in connection with an investigation involving, as applicable, a state Medicaid program, a state law enforcement agency, the Tennessee Bureau of Investigation, CMS, HHS, the Tennessee Office of the Attorney General, and/or the U.S. Department of Justice or any office, component, contractor, agent, or affiliate of any of the foregoing.

**REQUEST FOR PRODUCTION NO. 51:**

All communications between and/or among any of the U.S. Attorney's Office for the Eastern District of Tennessee, DOJ, the Tennessee Office of the Attorney General, HHS, CMS, TennCare, Magellan, TBI, OptumRx, and/or any other person, relating to the preservation of information in connection with the underlying investigation leading to this Action, in anticipation of this Action, and/or in connection with this Action.

**REQUEST FOR PRODUCTION NO. 52:**

For any person who would potentially possess information relevant to this Action or to the investigation that preceded it, all documents and communications relating to any analysis or assessment undertaken by or for either Plaintiff of whether such information was actually

10

preserved by operation of any Retention Policy or any Document Hold, including but not limited to any Document Hold not directly tied to this Action.

**REQUEST FOR PRODUCTION NO. 53:**

For any person affiliated with either Plaintiff who was included in any Document Hold and who has informed either Plaintiff that they possess no documents, emails, or other information relevant to this Action, all documents and communications reflecting or relating to (1) any process that the person undertook to reach that determination, and (2) any process undertaken by or for either Plaintiff to verify the determination.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to identify the full names, titles and positions, dates of hiring and, if applicable, dates of separation for all persons who have, may have, had, or may have had information relevant to this Action.

**REQUEST FOR PRODUCTION NO. 55:**

Documents sufficient to identify the first date on which each Plaintiff took any of the following steps related to, as applicable, this Action or the investigation that preceded it: (1) received any allegation, complaint, or other communication that led to the investigation of the Reilly Case; (2); referred the Reilly matter for investigation; (3) began investigating Amber Reilly; (4) began investigating Walgreens; (5) formally opened any investigation covered by (3) or (4) above, if such formal opening was not contemporaneous with the beginning of the investigation; (6) communicated with any person outside either Plaintiff, other than Walgreens, about any such investigation; (7) first determined that an overpayment may have occurred related to the Reilly Case; (8) first quantified any such alleged overpayment; (9) first had any internal discussion about a possible lawsuit against Walgreens related to the Reilly Case; (10) first had any internal

discussion about any other possible legal action against Walgreens related to the Reilly Case; (11) formally sought authority to file suit against Walgreens related to the Reilly Case; (12) formally sought authority to take any other legal action against Walgreens related to the Reilly Case; (13) received any authority referenced in (11) or (12) above; (14) began drafting the Complaint; and (15) received internal approval to file the Complaint.

**REQUEST FOR PRODUCTION NO. 56:**

For each case, other than this Action, in connection with which you implemented any Document Hold that may have resulted in the preservation of information relevant to this Action, (i) all documents and communications reflecting the Document Hold; (ii) all documents and communications related to the commencement of the case, including but not limited to all pleadings and filings in the case (if applicable); and (iii) documents sufficient to identify or describe the circumstances in which the Document Hold was implemented, including but not limited to when the Document Hold was implemented relative to all of the events listed in Request No. 55 above, to the extent those events are applicable to the case in question.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to identify the structure and organization, during the relevant time period, of all departments, branches, sections, divisions, or other organizational units within each of TennCare, Magellan, OptumRx, TBI, the Tennessee Office of the Attorney General, HHS, CMS, the U.S. Attorney's Office for the Eastern District of Tennessee, and the Civil Division of DOJ.

**REQUEST FOR PRODUCTION NO. 58:**

All documents and communications relating to the development, drafting, promulgation, and implementation of, and to the reason(s) for developing, drafting, promulgating and/or

implementing, Release No. 172, including but not limited to drafts of Release No. 172, research memoranda, medical studies, internal communications, and notes, as well as any communications with TennCare related to Release No. 172.

**REQUEST FOR PRODUCTION NO. 59:**

All internal CMS documents and communications, concerning the period from January 1, 2010 to the present, relating to any criteria used, proposed, or considered by any state Medicaid program, including but not limited to TennCare, for coverage of or payment for any Hepatitis C Medication, including but not limited to documents and communications related to whether such criteria were consistent with the Social Security Act or the policy goals of the joint federal-state Medicaid program, and/or whether the criteria did or could result in the denial of coverage to Medicaid beneficiaries seeking any medically necessary drug for an FDA-approved indication.

**REQUEST FOR PRODUCTION NO. 60:**

All documents and communications, concerning the period from January 1, 2010 to the present, relating to TennCare's applications to operate, or to continue operating, as a special demonstration project authorized by the Secretary of the Department of Health and Human Services under the waiver authority conferred by 42 U.S.C. § 1315, including but not limited to documents and communications relating to any of the following: the reason(s) and considerations underlying TennCare's applications; any notice-and-comment process related to any of the applications; any public forum held prior to the submission of an application or upon the application being granted; CMS's decisions to grant TennCare's applications; the evaluations and considerations underlying those decisions; any monitoring of TennCare's status as a special demonstration project; any complaints that TennCare was not complying with the terms of the special demonstration project set by CMS; any plan submitted by TennCare to CMS for evaluating

the program; all reports TennCare has submitted to CMS or to any other person related to its status as a special demonstration project; and/or any other communications with CMS.

**REQUEST FOR PRODUCTION NO. 61:**

All documents and communications, concerning the period from January 1, 2010 to the present, relating to the cost-effectiveness of any of the Four DAAs.

**REQUEST FOR PRODUCTION NO. 62:**

For the period from October 1, 2014 to the present, all communications within either or both of the Plaintiffs, between or among the Plaintiffs, or between either of the Plaintiffs on the one hand and Magellan or OptumRx on the other hand, related to DAA coverage requirements, including but not limited to the reasons for imposing any coverage limitation, the cost implications of limiting or not limiting access to DAAs, and/or reasons for removing any coverage limitation.

**REQUEST FOR PRODUCTION NO. 63:**

For the period from October 1, 2014 to the present, all communications within either or both of the Plaintiffs, between or among the Plaintiffs, or between either of the Plaintiffs on the one hand and Magellan or OptumRx on the other hand, reflecting or relating to any attempt to identify or quantify the overpayments Plaintiffs allege in the Complaint.

**REQUEST FOR PRODUCTION NO. 64:**

Copies of all TennCare contracts with managed care organizations for the period from January 1, 2010 to the present.

Date: January 10, 2022

Clint J. Woodfin #016346
SPICER RUDSTROM, PLLC
800 S. Gay Street, Suite 1400
Knoxville, TN 37929
Tel.: (865) 673-8516
cwoodfin@spicerfirm.com

/s/ *Michael R. Dziuban*
Reed Brodsky (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 351-5334
Fax: (212) 351-6235
rbrodsky@gibsondunn.com

Jonathan M. Phillips (admitted *pro hac vice*)
Michael R. Dziuban (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 955-8500
Fax: (202) 530-4247
jphillips@gibsondunn.com
mdziuban@gibsondunn.com

*Attorneys for Defendant Walgreen Co.*

# CERTIFICATE OF SERVICE

I, Michael Dziuban, hereby certify that on this 10th day of January 2022, a copy of the foregoing document was served via email and U.S. mail on the following:

Robert C. McConkey, III
Assistant United States Attorney
800 Market St., Suite 211
Knoxville, TN 37902
robert.mcconkey@usdoj.gov

Andrew B. Campbell
Senior Assistant Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202-0207
Andrew.Campbell@ag.tn.gov

W. Anthony Hullender
Deputy Attorney General
Medicaid Fraud and Integrity Division
P.O. Box 20207
Nashville, TN 37202-0207
Tony.Hullender@ag.tn.gov

/s/ *Michael R. Dziuban*
Michael R. Dziuban

*Attorney for Defendant Walgreen Co.*