# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF TENNESSEE, <br><br>        Plaintiffs, <br><br>  v. <br><br>WALGREEN CO., <br><br>        Defendant. | Case No. 21-cv-00080-JRG-CRW |

## DEFENDANT WALGREEN CO.'S FIRST SET OF
## INTERROGATORIES TO PLAINTIFF THE UNITED STATES OF AMERICA

In accordance with Federal Rules of Civil Procedure 26 and 33, Defendant Walgreen Co. ("Walgreens") propounds the following First Set of Interrogatories on Plaintiff the United States of America, and requests that they be answered separately, fully, and under oath, within 30 days from the date of service, and in accordance with the definitions and instructions below:

## DEFINITIONS

Unless a contrary meaning appears in context, the following definitions apply:

1. "Action" means the case entitled *United States & State of Tennessee v. Walgreen Co.*, Civil Action No. 21-cv-00080-JRG-CRW, pending in the United States District Court for the Eastern District of Tennessee.

2. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all responses that might otherwise be construed to be outside its scope, or in other words, to give each request its broadest possible meaning.

3. "Any" shall be construed to mean "all," and "all" shall be construed to mean "any."

4. "CMS" refers to the federal Centers for Medicare and Medicaid Services, and any person or persons acting on behalf of them, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

5. "Communication(s)" and "communicate(d)" shall mean any oral or written exchange of words, thoughts, or ideas with another person or entity, whether in person, in a group, by telephone, by letter, by fax, by electronic mail, by text message, by instant message, or otherwise. "Communication(s)" and "communicate(d)" shall include, without limitation, correspondence, conversations, dialogues, discussions, consultations, and documents of any type.

6. "Complaint" means the Complaint filed in this Action on May 10, 2021 (ECF No. 1).

7. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

8. "Criterion" and "criteria" mean any and all of the following: requirement, prerequisite, standard, qualification, specification, benchmark, practice, instruction, directive, recommendation, suggestion, advice, precedent, or rule in relation to which a given piece of information is evaluated, analyzed, considered, or compared.

9. "Date" means the exact day, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

10. "Describe" when used in reference to an event or transaction means, at a minimum, to: (i) identify the sources from which the information was derived; (ii) identify all parties to the event or transaction; (iii) state the date, time, and place at which the event or transaction took place; (iv) set forth the statements made and actions taken by each party to the event or transaction; and (v) identify each document containing information concerning each such event or transaction.

With respect to communications, "describe" means to state the person(s) who made the communication, the person(s) to whom the communication was directed, the date of the communication, the substance of the communication and the method of communication (i.e., whether by telephone, letter, in person, or through some other means).

11. "Document(s)" shall be construed in the broadest sense possible under the Federal Rules of Civil Procedure, and shall mean all written, printed, typed, transcribed, encoded, punched, recorded, taped, filmed, or other graphic or audio material of every kind and description whatsoever from which information can be obtained, including without limitation correspondence, tape recordings, videotapes, electronic mail, text messages, and any information stored on computers, computer disks, databases, cellular phones, tablets, and other electronic devices, and removable media of any kind, and shall include all drafts and nonidentical copies of documents.

12. "Document Hold" means an act, process, or mechanism that an organization or individual uses to preserve electronically stored information and/or documents when litigation is reasonably anticipated.

13. "DOJ" refers to the U.S. Department of Justice and all components, agencies, bureaus, and offices thereof, as well as any person or persons acting on behalf of any of the foregoing, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

14. "Electronic device" shall mean any laptop computer, desktop computer, tablet computer, cellular phone, smart phone, personal digital assistant, or similar device.

15. Unless otherwise specified, the term "Four DAAs" means one or more of the following direct-acting antiviral medications to treat Hepatitis C: Harvoni®, Sovaldi®, Daklinza®, and Viekira Pak®. The term "Four DAAs" shall be interpreted to include any of these

drugs regardless of dosage or method of administration, and regardless of how the document in question refers to them, whether that be by brand name, active ingredient name, national drug code ("NDC"), drug class, or otherwise.

16. "HHS" refers to the U.S. Department of Health and Human Services, all of its components, offices, bureaus, agencies, centers, and other units, and any person or persons acting on behalf of any of the foregoing, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

17. "Hepatitis C Medication" means any of the Four DAAs, any of the Other DAAs, and any Non-DAA.

18. The term "identify" as used herein has the following meanings:

   a. when used in reference to a natural person, "identify" means to provide, to the extent known, the person's full name (including any maiden name, prior name, "nickname," or variation in spelling), present or last known residence, home and business telephone number, job title and present business address and dates of employment, or, if unknown, his or her last known job title and business address, and his or her present or last known employer and dates of employment;

   b. when used in reference to an artificial person (e.g., corporation, partnership, or business), "identify" means to state the person's full name and business address;

   c. when used in reference to a document (including electronically stored information), "identify" means and includes the name and contact information of the document's custodian, the document's location, and a reasonably complete description of the document, including the following: (i) the type of document (e.g., letter or memorandum), and if electronically stored information, the software application used to create it (e.g., Microsoft Word

or Microsoft Excel); (ii) the document's general subject matter; (iii) the date(s) on which the document was created and revised; (iv) the document's author, recipient(s), their contact information, and their relationship(s) to and among each other; and (v) the occasion and/or circumstances in which the document was prepared;

        d.      when used in reference to an act or event, transaction, occurrence, or instance of any behavior (including, but not limited to, an oral communication, a meeting, conversation, discussion, etc.), "identify" means and includes the date and place, each person present or taking part therein, a complete description of the events, and a complete description of the documents related thereto; and

        e.      in the case of a fact (or all facts), "identify" means and includes a complete description of the fact, your basis for asserting that fact, all persons who have knowledge concerning that fact, and all documents relating to that fact, regardless of whether they support or contradict the fact.

19.    "Magellan" means Magellan Medicaid Administration, Inc., and any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing.

20.    Unless otherwise specified, the term "Non-DAAs" means any medication, other than a direct-acting antiviral medication, indicated for the treatment of Hepatitis C and covered at any time by TennCare (regardless of whether it was ever subject to any prior authorization requirements). The term "Non-DAAs" shall be interpreted to include any of these drugs regardless of dosage or method of administration, and regardless of how the document in question refers to them, whether that be by brand name, active ingredient name, NDC, drug class, or otherwise.

21. "OptumRx" means OptumRx, Inc., and any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing.

22. Unless otherwise specified, the term "Other DAAs" means all other direct-acting antiviral medications indicated for the treatment of Hepatitis C and covered at any time by TennCare (regardless of whether they were ever subject to prior authorization requirements) but not otherwise listed in the definition of "Four DAAs" above. The term "Other DAAs" shall be interpreted to include any of these drugs regardless of dosage or method of administration, and regardless of how the document in question refers to them, whether that be by brand name, active ingredient name, NDC, drug class, or otherwise.

23. "Person" or "persons" means any natural person, corporation, proprietorship, partnership, trust, association, firm, or any other entity, and shall include each and every person or entity, without regard to whether the singular or plural versions of the words person or entity are used.

24. "Plaintiffs" means the United States of America and/or the State of Tennessee, and includes any agency, bureau, department, component, program, office, or authority within the government of either of them, and includes counsel for any such agency, bureau, department, component, program, office, or authority within the government of either Plaintiff.

25. "Reilly Case" means the case entitled *United States v. Reilly*, No. 2:16-cr-00107-JRG.

26. "Relating to" and "relate to" mean directly or indirectly mentioning, describing, pertaining to, concerning, embodying, constituting, supporting, corroborating, proving,

evidencing, showing, refuting, disputing, rebutting, contradicting, controverting, being connected with, or reflecting upon the subject matter of the specific request.

27. "Release No. 172" means the document entitled Medicaid Drug Rebate Program Notice Release No. 172, *Assuring Medicaid Beneficiaries Access to Hepatitis C (HCV) Drugs* (Nov. 5, 2015), available at https://www.medicaid.gov/medicaid-chip-program-information/by-topics/prescription-drugs/downloads/rx-releases/state-releases/state-rel-172.pdf.

28. "State" shall mean to set forth each and every fact relevant to the answer to the Interrogatory and set forth each such fact fully and unambiguously.

29. "TennCare" refers to the Medicaid program for the State of Tennessee, and any person or persons acting on behalf of it, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

30. "Walgreens" means Defendant Walgreen Co., and any parent, subsidiary, affiliate, predecessor or successor entity of it, and any department or business unit of any of the foregoing.

31. "You," "your," "yours," and "yourselves" mean Plaintiff the United States of America in this Action, and any person or persons acting or who have acted on behalf of the United States of America, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives. For the avoidance of doubt, "you" includes CMS, HHS, Magellan, and OptumRx.

32. Except as specifically provided, words imparting the singular shall include the plural and vice versa, and words imparting the present tense shall include the past and future tenses and vice versa, as necessary to give each request its broadest possible meaning.

33. Terms not specifically defined shall be given their ordinary meaning. If you are unable to understand the meaning of any term, you should immediately seek clarification through your counsel.

**INSTRUCTIONS**

1. Any reference to an organization, including without limitation a corporation or government entity, includes its current and former officers, directors, employees, agents and other representatives.

2. Unless otherwise specified, these Interrogatories call for responses concerning the period between October 1, 2014 and the present.

3. Answer each Interrogatory separately and fully in accordance with Federal Rule of Civil Procedure 33. If you object to a portion of any Interrogatory, answer all portions to which you have no objection. If you cannot fully respond to any Interrogatory after exercising diligence to secure the information to do so, then you should respond to such Interrogatory to the fullest extent possible, and should indicate the reason(s) for failing to respond fully. Further, you should provide all available information relating to the Interrogatory, state whatever information or knowledge you have about the unanswered portion of the Interrogatory, and identify the person or persons who can more fully respond to the Interrogatory.

4. In responding to each Interrogatory, provide all information in your possession, custody, or control, including information in the possession, custody, or control of your attorneys, agents, employees, consultants, advisors, and any other persons or entities acting or purporting to act, or who have acted or purported to act, on your behalf. Information is deemed to be in your "control" if any of your attorneys, agents, employees, consultants, or advisors, or any other persons or entities acting or purporting to act, or who have acted or purported to act, on your behalf have

actual knowledge of the information or if you have the right to access or secure the information from another person or public or private entity having actual knowledge thereof.

5. All objections to any information to be provided pursuant to these Interrogatories must be made in a written response and served on undersigned counsel within the time designated for responding to these Interrogatories, and any such objection shall state with specificity all grounds therefor.

6. If you claim that the attorney-client privilege or any other privilege, protection, or immunity is applicable to any Interrogatory, or to any document the production of which is sought by these Interrogatories, do the following for each Interrogatory or document:

    a. State the kind of privilege or immunity you contend applies and the basis for the assertion of the privilege;

    b. State the date of the information or document in question;

    c. Identify each and every person who received the information or document; and

    d. Provide a description of the nature of the information or document.

7. The fact that your investigation is continuing or that discovery is not complete does not excuse you from answering each Interrogatory based on the knowledge you currently possess; if your investigation is continuing or discovery is not yet complete with respect to the matter inquired into, however, please state as much in your answer.

8. Each Interrogatory shall be construed independently and not with reference to any other Interrogatory for the purpose of limitation.

9. If, in response to any of the following Interrogatories, you identify, refer to, or describe a document that has previously been produced in this Action, include in your identification, reference, or description the Bates number(s) for that document.

10. These Interrogatories are continuing in nature so as to require you to promptly amend or supplement your responses if you obtain further or different information than that you have already provided.

11. Unless otherwise stated, each Interrogatory calls for the production of all responsive information concerning the applicable period, including but not limited to information sent or received at any time during the applicable period, and any information relating to the applicable period regardless of when that information was created, revised, sent, or received.

12. The definitions and instructions used herein are chosen for clarification and the convenience of the Parties, and should not be construed as admissions.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all persons who have knowledge of the facts alleged in the Complaint and, for each such person, identify the particular paragraph(s) of the Complaint and the fact(s) therein that the person has knowledge of.

### INTERROGATORY NO. 2

Identify all persons with knowledge of the Reilly Case, including but not limited to knowledge of documents and/or other information gathered from any source in the course of the investigation, prosecution, and/or resolution of that case.

**INTERROGATORY NO. 3**

Identify all persons who assisted in the preparation of any of the answers to these Interrogatories, and for each such person, identify the particular Interrogatory answer(s) or portion(s) thereof with which the person assisted.

**INTERROGATORY NO. 4**

Identify all persons currently or formerly affiliated with HHS who reviewed prior authorization documents and/or claims for payment for any of the Four DAAs for the patients at issue in this Action, regardless of whether such review occurred at the time the documents and/or claims were submitted, or at any time thereafter.

**INTERROGATORY NO. 5**

Identify all persons currently or formerly affiliated with DOJ who reviewed prior authorization documents and/or claims for payment for any of the Four DAAs for the patients at issue in this Action, regardless of whether such review occurred at the time the documents and/or claims were submitted, or at any time thereafter.

**INTERROGATORY NO. 6**

Identify all other persons currently or formerly affiliated with the United States who reviewed prior authorization documents and/or claims for payment for any of the Four DAAs for the patients at issue in this Action, regardless of whether such review occurred at the time the documents and/or claims were submitted, or at any time thereafter.

**INTERROGATORY NO. 7**

Describe any and all training, instruction, or guidance given or communicated by CMS or HHS to any person or group of persons affiliated with TennCare or Magellan, in the period from

January 1, 2010 to the present, concerning criteria for the approval of claims for payment for any Hepatitis C Medication.

**INTERROGATORY NO. 8**

Identify all persons with knowledge of federal financial participation in TennCare between January 1, 2010 and the present.

**INTERROGATORY NO. 9**

For the period from January 1, 2010 to the present, identify all persons affiliated with CMS or HHS with responsibility for, or knowledge of, the development, implementation, review, and/or revision of any regulations, policy, or guidance relating to coverage for any Hepatitis C Medication.

**INTERROGATORY NO. 10**

Identify all changes made to any federal regulations, policy, or guidance relating to coverage for any Hepatitis C Medication in the period January 1, 2010 to the present, and describe the reasons for those changes.

**INTERROGATORY NO. 11**

For the period January 1, 2010 to the present, describe any reviews (including the outcomes and conclusions thereof) CMS or HHS performed of whether TennCare's prior authorization requirements for the Four DAAs, the Other DAAs, and/or any Non-DAAs complied with federal law governing restrictions on access to covered medications, including but not limited to Section 1927 of the Social Security Act, 42 U.S.C. § 1396r–8.

**INTERROGATORY NO. 12**

Identify all current and former CMS or HHS employees and affiliates who participated in or supported (including but not limited to via research or analysis) the drafting of Release No. 172.

**INTERROGATORY NO. 13**

For the period between January 1, 2010 and the present, describe any communications between CMS or HHS, on the one hand, and any representative of either Plaintiff, on the other hand, relating to Release No. 172.

**INTERROGATORY NO. 14**

Identify all persons from whom you sought or obtained documents, communications, and/or other information in the course of any investigation or prosecution related to the subject matter of this Action and that preceded this Action, including but not limited to the Reilly Case.

**INTERROGATORY NO. 15**

Identify the date(s) on which you implemented a Document Hold related to this Action, and describe the scope of that Document Hold, including but not limited to the subject matters, custodians, covered document repositories, covered electronically stored information, specific email accounts and addresses, covered time periods, how the Document Hold was communicated to relevant custodians, and how the Document Hold was implemented.

**INTERROGATORY NO. 16**

Describe any efforts you have undertaken to recoup any of the losses you claim in the Complaint to have suffered, including but not limited to administrative recoupment actions and civil or administrative efforts to enforce the restitution judgment issued in the Reilly Case. For any such effort or action described, identify the amount you sought and any amount you obtained.

Date: October 8, 2021

| | |
|---|---|
| Clint J. Woodfin #016346<br>SPICER RUDSTROM, PLLC<br>800 S. Gay Street, Suite 1400<br>Knoxville, TN 37929<br>Tel.: (865) 673-8516<br>cwoodfin@spicerfirm.com | /s/ *Michael R. Dziuban*<br>Reed Brodsky (admitted *pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel.: (212) 351-5334<br>Fax: (212) 351-6235<br>rbrodsky@gibsondunn.com<br><br>Michael R. Dziuban (admitted *pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue NW<br>Washington, DC 20036<br>Tel.: (202) 955-8252<br>Fax: (202) 530-4247<br>mdziuban@gibsondunn.com |

*Attorneys for Defendant Walgreen Co.*

# CERTIFICATE OF SERVICE

I, Michael Dziuban, hereby certify that on this 8th day of October 2021, a copy of the foregoing document was served via email and U.S. mail on the following at the following addresses:

Robert C. McConkey, III
Assistant United States Attorney
U.S. Attorney's Office for the Eastern District of Tennessee
800 Market St., Suite 211
Knoxville, TN 37902
robert.mcconkey@usdoj.gov

Andrew B. Campbell
Senior Assistant Attorney General
Public Interest Division
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202-0207
Andrew.Campbell@ag.tn.gov

W. Anthony Hullender
Deputy Attorney General
Medicaid Fraud and Integrity Division
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202-0207
Tony.Hullender@ag.tn.gov

/s/ *Michael R. Dziuban*
Michael R. Dziuban

*Attorney for Defendant Walgreen Co.*