# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA and
STATE OF TENNESSEE,

        Plaintiffs,

v.

WALGREEN CO.,

        Defendant.

Case No. 21-cv-00080-JRG-CRW

**DEFENDANT WALGREEN CO.'S SECOND SET OF**
**INTERROGATORIES TO PLAINTIFF THE UNITED STATES OF AMERICA**

In accordance with Federal Rules of Civil Procedure 26 and 33, Defendant Walgreen Co. ("Walgreens") propounds the following Second Set of Interrogatories on Plaintiff the United States of America, and requests that they be answered separately, fully, and under oath, within 30 days from the date of service, and in accordance with the definitions and instructions below:

**DEFINITIONS**

Unless a contrary meaning appears in context, the following definitions apply:

1.     "Action" means the case entitled *United States & State of Tennessee v. Walgreen Co.*, Civil Action No. 21-cv-00080-JRG-CRW, pending in the United States District Court for the Eastern District of Tennessee.

2.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all responses that might otherwise be construed to be outside its scope, or in other words, to give each request its broadest possible meaning.

3.     "Any" shall be construed to mean "all," and "all" shall be construed to mean "any."

4. "CMS" refers to the federal Centers for Medicare and Medicaid Services, and any person or persons acting on behalf of them, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

5. "Communication(s)" and "communicate(d)" shall mean any oral or written exchange of words, thoughts, or ideas with another person or entity, whether in person, in a group, by telephone, by letter, by fax, by electronic mail, by text message, by instant message, or otherwise. "Communication(s)" and "communicate(d)" shall include, without limitation, correspondence, conversations, dialogues, discussions, consultations, and documents of any type.

6. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

7. "Criterion" and "criteria" mean any and all of the following: requirement, prerequisite, standard, qualification, specification, benchmark, practice, instruction, directive, recommendation, suggestion, advice, precedent, or rule in relation to which a given piece of information is evaluated, analyzed, considered, or compared.

8. "Date" means the exact day, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

9. "Describe" when used in reference to an event or transaction means, at a minimum, to: (i) identify the sources from which the information was derived; (ii) identify all parties to the event or transaction; (iii) state the date, time, and place at which the event or transaction took place; (iv) set forth the statements made and actions taken by each party to the event or transaction; and (v) identify each document containing information concerning each such event or transaction. With respect to communications, "describe" means to state the person(s) who made the communication, the person(s) to whom the communication was directed, the date of the

communication, the substance of the communication and the method of communication (i.e., whether by telephone, letter, in person, or through some other means).

10. "Document(s)" shall be construed in the broadest sense possible under the Federal Rules of Civil Procedure, and shall mean all written, printed, typed, transcribed, encoded, punched, recorded, taped, filmed, or other graphic or audio material of every kind and description whatsoever from which information can be obtained, including without limitation correspondence, tape recordings, videotapes, electronic mail, text messages, and any information stored on computers, computer disks, databases, cellular phones, tablets, and other electronic devices, and removable media of any kind, and shall include all drafts and nonidentical copies of documents.

11. "Document Hold" means an act, process, or mechanism that an organization or individual uses to preserve electronically stored information and/or documents when litigation is reasonably anticipated.

12. "DOJ" refers to the U.S. Department of Justice and all components, agencies, bureaus, and offices thereof, as well as any person or persons acting on behalf of any of the foregoing, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

13. "Electronic device" shall mean any laptop computer, desktop computer, tablet computer, cellular phone, smart phone, personal digital assistant, or similar device.

14. "ESI" means electronically-stored information and shall include, without limitation, email and any information stored on computers, computer disks, databases, cellular phones, tablets, cloud media, removable media, and other electronic devices or media.

15. "HHS" refers to the U.S. Department of Health and Human Services, all of its components, offices, bureaus, agencies, centers, and other units, and any person or persons acting

on behalf of any of the foregoing, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives.

16. The term "identify" as used herein has the following meanings:

a. when used in reference to a natural person, "identify" means to provide, to the extent known, the person's full name (including any maiden name, prior name, "nickname," or variation in spelling), present or last known residence, home and business telephone number, job title and present business address and dates of employment, or, if unknown, his or her last known job title and business address, and his or her present or last known employer and dates of employment;

b. when used in reference to an artificial person (e.g., corporation, partnership, or business), "identify" means to state the person's full name and business address;

c. when used in reference to a document (including electronically stored information), "identify" means and includes the name and contact information of the document's custodian, the document's location, and a reasonably complete description of the document, including the following: (i) the type of document (e.g., letter or memorandum), and if electronically stored information, the software application used to create it (e.g., Microsoft Word or Microsoft Excel); (ii) the document's general subject matter; (iii) the date(s) on which the document was created and revised; (iv) the document's author, recipient(s), their contact information, and their relationship(s) to and among each other; and (v) the occasion and/or circumstances in which the document was prepared;

d. when used in reference to an act or event, transaction, occurrence, or instance of any behavior (including, but not limited to, an oral communication, a meeting, conversation, discussion, etc.), "identify" means and includes the date and place, each person

present or taking part therein, a complete description of the events, and a complete description of the documents related thereto; and

    e.  in the case of a fact (or all facts), "identify" means and includes a complete description of the fact, your basis for asserting that fact, all persons who have knowledge concerning that fact, and all documents relating to that fact, regardless of whether they support or contradict the fact.

  17.  "Magellan" means Magellan Medicaid Administration, Inc., and any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing.

  18.  "OptumRx" means OptumRx, Inc., and any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing.

  19.  "Person" or "persons" means any natural person, corporation, proprietorship, partnership, trust, association, firm, or any other entity, and shall include each and every person or entity, without regard to whether the singular or plural versions of the words person or entity are used.

  20.  "Plaintiffs" means the United States of America and/or the State of Tennessee, and includes any agency, bureau, department, component, program, office, or authority within the government of either of them, and includes counsel for any such agency, bureau, department, component, program, office, or authority within the government of either Plaintiff.

  21.  "Relating to" and "relate to" mean directly or indirectly mentioning, describing, pertaining to, concerning, embodying, constituting, supporting, corroborating, proving,

evidencing, showing, refuting, disputing, rebutting, contradicting, controverting, being connected with, or reflecting upon the subject matter of the specific request.

22. "Retention Policy" shall mean any policy, procedure, or practice for the preservation or retention of information in the ordinary course of business.

23. "State" shall mean to set forth each and every fact relevant to the answer to the Interrogatory and set forth each such fact fully and unambiguously.

24. "Tennessee" means the State of Tennessee and all agencies, departments, employees, attorneys, agents, advisors, investigators, and representatives thereof, including but not limited to TennCare, Magellan, and the Office the Attorney General.

25. "United States" means the United States of America and all agencies, departments, employees, attorneys, agents, contractors, advisors, investigators, and representatives thereof, including but not limited to HHS, CMS, and DOJ.

26. "You," "your," "yours," and "yourselves" mean Plaintiff the United States in this Action, and any person or persons acting or who have acted on behalf of the United States of America, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives. For the avoidance of doubt, "you" includes CMS, HHS, Magellan, and OptumRx.

27. Except as specifically provided, words imparting the singular shall include the plural and vice versa, and words imparting the present tense shall include the past and future tenses and vice versa, as necessary to give each request its broadest possible meaning.

28. Terms not specifically defined shall be given their ordinary meaning. If you are unable to understand the meaning of any term, you should immediately seek clarification through your counsel.

# INSTRUCTIONS

1. Any reference to an organization, including without limitation a corporation or government entity, includes its current and former officers, directors, employees, agents and other representatives.

2. Unless otherwise specified, these Interrogatories call for responses concerning the period between October 1, 2014 and the present.

3. Answer each Interrogatory separately and fully in accordance with Federal Rule of Civil Procedure 33. If you object to a portion of any Interrogatory, answer all portions to which you have no objection. If you cannot fully respond to any Interrogatory after exercising diligence to secure the information to do so, then you should respond to such Interrogatory to the fullest extent possible, and should indicate the reason(s) for failing to respond fully. Further, you should provide all available information relating to the Interrogatory, state whatever information or knowledge you have about the unanswered portion of the Interrogatory, and identify the person or persons who can more fully respond to the Interrogatory.

4. In responding to each Interrogatory, provide all information in your possession, custody, or control, including information in the possession, custody, or control of your attorneys, agents, employees, consultants, advisors, and any other persons or entities acting or purporting to act, or who have acted or purported to act, on your behalf. Information is deemed to be in your "control" if any of your attorneys, agents, employees, consultants, or advisors, or any other persons or entities acting or purporting to act, or who have acted or purported to act, on your behalf have actual knowledge of the information or if you have the right to access or secure the information from another person or public or private entity having actual knowledge thereof.

5. All objections to any information to be provided pursuant to these Interrogatories must be made in a written response and served on undersigned counsel within the time designated for responding to these Interrogatories, and any such objection shall state with specificity all grounds therefor.

6. If you claim that the attorney-client privilege or any other privilege, protection, or immunity is applicable to any Interrogatory, or to any document the production of which is sought by these Interrogatories, do the following for each Interrogatory or document:

    a. State the kind of privilege or immunity you contend applies and the basis for the assertion of the privilege;

    b. State the date of the information or document in question;

    c. Identify each and every person who received the information or document; and

    d. Provide a description of the nature of the information or document.

7. The fact that your investigation is continuing or that discovery is not complete does not excuse you from answering each Interrogatory based on the knowledge you currently possess; if your investigation is continuing or discovery is not yet complete with respect to the matter inquired into, however, please state as much in your answer.

8. Each Interrogatory shall be construed independently and not with reference to any other Interrogatory for the purpose of limitation.

9. If, in response to any of the following Interrogatories, you identify, refer to, or describe a document that has previously been produced in this Action, include in your identification, reference, or description the Bates number(s) for that document.

10. These Interrogatories are continuing in nature so as to require you to promptly amend or supplement your responses if you obtain further or different information than that you have already provided.

11. Unless otherwise stated, each Interrogatory calls for the production of all responsive information concerning the applicable period, including but not limited to information sent or received at any time during the applicable period, and any information relating to the applicable period regardless of when that information was created, revised, sent, or received.

12. The definitions and instructions used herein are chosen for clarification and the convenience of the Parties, and should not be construed as admissions.

## INTERROGATORIES

### INTERROGATORY NO. 17

Describe the United States' process for determining whether to request and/or implement a Document Hold in connection with this Action and/or the investigation that preceded it, including but not limited to the criteria the United States considered when deciding whether to request and/or implement a Document Hold for any custodians affiliated with the United States, as well as the identities of all persons who had responsibility for, or involvement in, the process of determining whether to request and/or implement a Document Hold.

### INTERROGATORY NO. 18

State when any person affiliated with the United States with responsibility for developing and/or implementing Document Holds first had any communication with (1) any person affiliated with HHS, and (2) any person otherwise affiliated with either Plaintiff, relating to whether to request and/or implement a Document Hold for this Action or any investigation that preceded it.

**INTERROGATORY NO. 19**

State when any person affiliated with the United States with responsibility for developing and/or implementing Document Holds first had any communication with (1) any person affiliated with TennCare, (2) any person affiliated with Magellan, and (3) any person otherwise affiliated with either Plaintiff, relating to whether to request and/or implement a Document Hold for this Action or any investigation that preceded it.

**INTERROGATORY NO. 20**

Identify all persons affiliated with the United States who were included in any Document Hold implemented by the United States (regardless of when the persons were added to the Document Hold), and who have since informed the United States that they possess no relevant documents, emails, or other data, and for each such person, describe (1) the process that each person took to reach this determination, and (2) the process that you took to verify the determination.

**INTERROGATORY NO. 21**

If you believe that any Document Holds, aside from any Document Holds directly tied to this Action or the investigation that preceded it, resulted in the preservation of information relevant to this Action, for each such Document Hold, identify and describe the Document Hold, including but not limited to: (1) the matter(s) in connection with which each Document Hold was implemented, and the date(s) on which litigation in each matter was reasonably anticipated; (2) when each Document Hold was implemented; (3) for which custodians each Document Hold was implemented; (4) the scope of each Document Hold, in terms of subject matter, relevant time periods and the types of information to be preserved; (5) the end date, if any, of the Document

Hold; and (6) the person(s) affiliated with the United States who had responsibility for, or involvement in, developing and implementing the Document Hold.

**INTERROGATORY NO. 22**

State whether you have undertaken any steps, including any analysis or assessment, to determine whether any information potentially relevant to this Action or to the investigation that preceded it for any custodian was actually preserved by any means, including but not limited to operation of any Retention Policy, any Document Hold not tied directly to this case, or any Document Hold directly tied to this case. Describe any steps taken and the results of any analysis or assessment.

**INTERROGATORY NO. 23**

Identify any persons affiliated with the United States who would potentially possess discoverable information relevant to this Action or to the investigation that preceded it, and who were subject neither to a Document Hold directly tied to this Action or the preceding investigation, nor to a Document Hold that would otherwise cover the time period relevant to this Action (regardless of subject-matter).

**INTERROGATORY NO. 24**

Identify all custodians affiliated with the United States for whom potentially discoverable information relevant to this Action, or to the investigation that preceded it, was lost or destroyed (1) prior to the implementation of any Document Hold directly tied to this Action, or (2) after the implementation of any such Document Hold.

**INTERROGATORY NO. 25**

Describe all polices relevant to the United States' document retention practices, procedures for the issuance of Document Holds, schedules for the deletion of emails or other electronic

documents in the regular course of business, and the procedures for the deletion and/or storage of any historic emails and/or other electronic documents.

Date: January 10, 2022

| | |
|---|---|
| Clint J. Woodfin #016346<br>SPICER RUDSTROM, PLLC<br>800 S. Gay Street, Suite 1400<br>Knoxville, TN 37929<br>Tel.: (865) 673-8516<br>cwoodfin@spicerfirm.com | /s/ *Michael R. Dziuban*<br>Reed Brodsky (admitted *pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel.: (212) 351-5334<br>Fax: (212) 351-6235<br>rbrodsky@gibsondunn.com<br><br>Jonathan M. Phillips (admitted *pro hac vice*)<br>Michael R. Dziuban (admitted *pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue NW<br>Washington, DC 20036<br>Tel.: (202) 955-8500<br>Fax: (202) 530-4247<br>jphillips@gibsondunn.com<br>mdziuban@gibsondunn.com |

*Attorneys for Defendant Walgreen Co.*

# CERTIFICATE OF SERVICE

I, Michael Dziuban, hereby certify that on this 10th day of January 2022, a copy of the foregoing document was served via email and U.S. mail on the following at the following addresses:

Robert C. McConkey, III
Assistant United States Attorney
U.S. Attorney's Office for the Eastern District of Tennessee
800 Market St., Suite 211
Knoxville, TN 37902
robert.mcconkey@usdoj.gov

Andrew B. Campbell
Senior Assistant Attorney General
Public Interest Division
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202-0207
Andrew.Campbell@ag.tn.gov

W. Anthony Hullender
Deputy Attorney General
Medicaid Fraud and Integrity Division
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202-0207
Tony.Hullender@ag.tn.gov

/s/ *Michael R. Dziuban*
Michael R. Dziuban

*Attorney for Defendant Walgreen Co.*