# EXHIBIT F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA and )
STATE OF TENNESSEE, )
                                   )
     Plaintiffs, )     No. 2:21-cv-80-JRG-CRW
                                   )
     v. )
                                   )
WALGREEN CO., )
                                   )
     Defendant. )

---

**THE UNITED STATES OF AMERICA'S OBJECTIONS AND RESPONSES TO WALGREEN CO.'S FIRST SET OF INTERROGATORIES**

---

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff United States of America ("United States"), by and through undersigned counsel, serves its objections and responses to Walgreens' First Set of Interrogatories ("Interrogatories"). These responses are based upon information currently known to the United States and will be revised, corrected, supplemented, amended, and clarified to the extent provided by Rule 26 as discovery proceeds.

**GENERAL OBJECTIONS TO ALL DEFINITIONS, INSTRUCTIONS & INTERROGATORIES**

1. By making the accompanying responses and objections to Defendant's Interrogatories, the United States does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of any documents, testimony, or information into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, privilege, or admissibility. Further, the United States makes the responses and objections herein without in any way implying that it considers the information requested to be relevant or material to the subject matter of this action.

1

2. The United States objects to these Interrogatories to the extent they seek to impose upon the government any requirements beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Tennessee, or any order of the Court.

3. Under Federal Rule of Evidence 502, Federal Rule of Civil Procedure 26(b)(5)(B), other related sources of law, and the parties' Stipulated Protective Order [Doc. 52], the United States reserves any and all rights to seek the return, sequestration, or destruction of any and all privileged information it inadvertently produces in response to the Interrogatories.

4. The specific responses to each Interrogatory incorporate each of the General Objections set forth above and the Specific Objections to Definitions and Instructions set forth below. These Objections are included here to avoid duplication and needless repetition. These Objections form a part of each specific Response and the failure to reference these Objections in a particular Response does not waive any of the Objections.

### SPECIFIC OBJECTIONS TO DEFINITIONS

The United States makes the following specific objections to the definitions set forth by Walgreens:

24. "Plaintiffs" means the United States of America and/or the State of Tennessee, and includes any agency, bureau, department, component, program, office, or authority within the government of either of them, and includes counsel for any such agency, bureau, department, component, program, office, or authority within the government of either Plaintiff.

**OBJECTION:** The United States objects to this Definition to the extent it includes any and all federal agencies, including the numerous governmental agencies not relevant to the claims or defenses in this matter. The United States contends that the only federal departments

and agencies relevant to this case are those whose area of responsibility include administration of the Medicaid program or investigation and litigation of civil False Claims Act cases. Consequently, the United States construes the definition of "Plaintiffs" (insofar as it pertains to the United States) to mean the Civil Division of the Department of Justice, the United States Attorney's Office for the Eastern District of Tennessee, and the United States Department of Health and Human Services (HHS), including the Office of Inspector General (HHS-OIG) and the Centers for Medicare and Medicaid Services (CMS).

31. "You," "your," "yours," and "yourselves" mean Plaintiff the United States of America in this Action, and any person or persons acting or who have acted on behalf of the United States of America, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives. For the avoidance of doubt, "you" includes CMS, HHS, Magellan, and OptumRx.

**OBJECTION:** The United States objects to this Definition to the extent it includes Magellan and OptumRx. By contract, Magellan Medicaid Administration, Inc., and OptumRx, Inc., are (or were) deemed independent contractors to the State of Tennessee. The United States was not a party to the contracts between the State of Tennessee and Magellan or OptumRx, and there was no agency relationship between Magellan or OptumRx and the United States. The United States further objects to the definition of "You" to the extent that it seeks to include federal agencies not relevant to the claims or defenses in this matter. The United States contends that the only federal departments and agencies relevant to this case are those whose area of responsibility include administration of the Medicaid program or investigation and litigation of civil False Claims Act cases. Consequently, the United States construes the definition of "You"

3

to mean the Civil Division of the Department of Justice, the United States Attorney's Office for the Eastern District of Tennessee, and HHS (including HHS-OIG and CMS).

**SPECIFIC RESPONSES & OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1**

Identify all persons who have knowledge of the facts alleged in the Complaint and, for each such person, identify the particular paragraph(s) of the Complaint and the fact(s) therein that the person has knowledge of.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome and incapable of comprehensive response to the extent that it seeks the identity of "all" persons with "knowledge" of the facts alleged in the Complaint. Subject to the foregoing objections and without waiver thereof, the United States refers Defendant to Plaintiffs' Joint Rule 26(a)(1) disclosure tendered on August 24, 2021, and to the State of Tennessee's Responses to Defendant's First Set of Interrogatories, Response No. 1.

**INTERROGATORY NO. 2**

Identify all persons with knowledge of the Reilly Case, including but not limited to knowledge of documents and/or other information gathered from any source in the course of the investigation, prosecution, and/or resolution of that case.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome and incapable of comprehensive response to the extent that it seeks the identity of "all" persons with "knowledge" of the Reilly Case. Subject to the foregoing objections and without waiver thereof, the United States refers Defendant to the State of Tennessee's Responses to Defendant's First Set of Interrogatories, Response No. 2.

4

**INTERROGATORY NO. 3**

Identify all persons who assisted in the preparation of any of the answers to these Interrogatories, and for each such person, identify the particular Interrogatory answer(s) or portion(s) thereof with which the person assisted.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it seeks information protected by the work-product doctrine and is not discoverable. *See Bose v. Rhodes College*, No. 16-cv-02308, 2017 WL 4479258 (W.D. Tenn. Oct. 6, 2017).

**INTERROGATORY NO. 4**

Identify all persons currently or formerly affiliated with HHS who reviewed prior authorization documents and/or claims for payment for any of the Four DAAs for the patients at issue in this Action, regardless of whether such review occurred at the time the documents and/or claims were submitted, or at any time thereafter.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks the identity of "all" persons currently or formerly "affiliated" with HHS who reviewed prior authorization documents and/or claims for payment for any of the Four DAAs for the patients at issue in this Action. The United States further objects to the extent that this Interrogatory seeks information that is protected by the attorney work product doctrine and deliberative process privileges, and by Federal Rule of Civil Procedure 26(b)(4). Subject to the foregoing objections and without waiver thereof, the United States responds that neither HHS-OIG nor CMS personnel reviewed prior authorization documents and/or claims for payment for any of the four DAAs for the patients at issue in this action at the time the documents and/or claims were submitted. The

United States further responds that HHS-OIG Special Agent Kristine Moore reviewed prior authorization documents and/or claims for payment during the United States' investigation.

**INTERROGATORY NO. 5**

Identify all persons currently or formerly affiliated with DOJ who reviewed prior authorization documents and/or claims for payment for any of the Four DAAs for the patients at issue in this Action, regardless of whether such review occurred at the time the documents and/or claims were submitted, or at any time thereafter.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks the identity of "all" persons currently or formerly "affiliated" with DOJ who reviewed prior authorization documents and/or claims for payment for any of the Four DAAs for the patients at issue in this Action. Subject to the foregoing objections and without waiver thereof, the United States states that DOJ personnel reviewed records including prior authorization documents and/or claims for payment during the United States' investigation. Such reviews, however, are protected by the attorney-client privilege, the work product doctrine, the deliberative process privilege, and by Federal Rule of Civil Procedure 26(b)(4). To the extent that the United States provided Walgreens with information pertaining to those reviews prior to the United States filing its complaint, that information was provided as part of settlement discussions and subject to Rule 408, Fed. R. Evid.

**INTERROGATORY NO. 6**

Identify all other persons currently or formerly affiliated with the United States who reviewed prior authorization documents and/or claims for payment for any of the Four DAAs for

6

the patients at issue in this Action, regardless of whether such review occurred at the time the documents and/or claims were submitted, or at any time thereafter.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks the identity of "all" persons currently or formerly "affiliated" with the United States who reviewed prior authorization documents and/or claims for payment for any of the Four DAAs for the patients at issue in this Action. The United States further objects to the extent that this Interrogatory seeks information that is protected by the attorney work product doctrine and deliberative process privileges, and by Federal Rule of Civil Procedure 26(b)(4). Subject to the foregoing objections and without waiver thereof, the United States refers Defendant to the United States' Responses to Interrogatories 4 and 5, and states that no other federal personnel have reviewed prior authorization documents and/or claims for payment for any of the Four DAAs for the patients at issue in this Action.

**INTERROGATORY NO. 7**

Describe any and all training, instruction, or guidance given or communicated by CMS or HHS to any person or group of persons affiliated with TennCare or Magellan, in the period from January 1, 2010 to the present, concerning criteria for the approval of claims for payment for any Hepatitis C Medication.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Subject to the foregoing objection and without waiver thereof, the United States responds that CMS is the agency within HHS that has responsibility for the administration and oversight of the Medicaid program. The United States responds further that CMS did not provide training, instruction, or guidance specifically

7

and directly to TennCare or Magellan concerning criteria for the approval of claims for payment for any Hepatitis C Medication. The United States further responds that on or about November 5, 2015, CMS's Center for Medicaid and CHIP Services issued CMS Medicaid Drug Rebate Program Notice, Release No. 172, *Assuring Medicaid Beneficiaries Access to Hepatitis C (HCV) Drugs* ("Release No. 172") to all state technical contacts for state Medicaid programs that provide coverage of prescription drugs. Release No. 172 was issued as guidance to encourage states to review their HCV drug prior authorization and utilization management criteria to promote patient access. The United States further responds that in or about September 2016, John M. Coster, CMS's Director for the Division of Pharmacy of CMS's Center for Medicaid and CHIP Services, gave a presentation to a group of HHS representatives and interested outside groups regarding Medicaid coverage of Hepatitis C drugs. For further response, the United States directs Defendant to the presentation, a copy of which is attached.

**INTERROGATORY NO. 8**

Identify all persons with knowledge of federal financial participation in TennCare between January 1, 2010 and the present.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and incapable of a meaningful response to the extent that it seeks the identity of "all" persons with "knowledge" of federal financial participation in TennCare. Subject to the foregoing and without waiver thereof, the United States acknowledges that it pays a portion of all Medicaid costs. The federal funds are known as the Federal Financial Participation, or FFP. The FFP differs by state and by fiscal year, and is based on each state's *per capita* income. The percentage contribution is known as the Federal Medical Assistance Percentage (FMAP). The FMAP for each state and each year is published in

the Federal Register. Additionally, the FMAP for each state and year from fiscal year 2010 through fiscal year 2017 can be found at https://aspe.hhs.gov/federal-medical-assistance-percentages-or-federal-financial-participation-state-assistance-expenditures. The United States reserves the right to supplement its response to this Interrogatory after further discussion with counsel for Defendant.

**INTERROGATORY NO. 9**

For the period from January 1, 2010 to the present, identify all persons affiliated with CMS or HHS with responsibility for, or knowledge of, the development, implementation, review, and/or revision of any regulations, policy, or guidance relating to coverage for any Hepatitis C Medication.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and incapable of a meaningful response to the extent that it seeks the identity of "all" persons "affiliated" with CMS or HHS with "knowledge" of the development, implementation, review and/or revision of any regulations, policy, or guidance related to coverage for any Hepatitis C Medication. Subject to the foregoing objection and without waiver thereof, the United States responds that neither CMS nor HHS developed, implemented or reviewed any regulations, policies or guidance relating to Medicaid coverage for any Hepatitis C Medication, other than the guidance set forth in CMS Release No. 172. For further response, the United States identifies the following individuals who had responsibility for or knowledge of the development and issuance of CMS Release No. 172:

    a) Emeka Egwim, former Pharmacist, Division of Pharmacy, Center for Medicaid and CHIP Services, Centers for Medicare & Medicaid Services (April 2013 – October 2018);

9

b) Alissa DeBoy, current Director and former Deputy Director, Disabled and Elderly Health Programs Group, Center for Medicaid and CHIP Services, Centers for Medicare & Medicaid Services;

c) John Coster, Director, Division of Pharmacy, Center for Medicaid and CHIP Services, Centers for Medicare & Medicaid Services

d) Christine Hinds, Health Insurance Specialist, Division of Pharmacy, Center for Medicaid and CHIP Services, Centers for Medicare & Medicaid Services.

**INTERROGATORY NO. 10**

Identify all changes made to any federal regulations, policy, or guidance relating to coverage for any Hepatitis C Medication in the period January 1, 2010 to the present, and describe the reasons for those changes.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Subject to the foregoing objection and without waiver thereof, the United States responds that there were no changes made to any federal regulations or policies relating to Medicaid coverage for any Hepatitis C Medication from January 1, 2010 to the present. The United States further responds that that the only guidance related to Medicaid coverage of Hepatitis C Medications was CMS Release No. 172. For further response, see Response to Interrogatory No. 7.

**INTERROGATORY NO. 11**

For the period January 1, 2010 to the present, describe any reviews (including the outcomes and conclusions thereof) CMS or HHS performed of whether TennCare's prior authorization requirements for the Four DAAs, the Other DAAs, and/or any Non-DAAs complied with federal law governing restrictions on access to covered medications, including but not limited to Section 1927 of the Social Security Act, 42 U.S.C. § 1396r–8.

**RESPONSE:** The United States objects to this Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege and/or the

deliberative process privilege. Subject to the foregoing objection and without waiver thereof, that United States responds that neither CMS nor HHS performed any reviews for the period January 1, 2010 to the present regarding whether TennCare's prior authorization requirements for the Four DAAs, the Other DAAs, and/or any Non-DAAs complied with federal law governing restrictions on access to covered medications, including but not limited to Section 1927 of the Social Security Act, 42 U.S.C. § 1396r–8. For further response, the United States notes that TennCare operates as a special demonstration project authorized by the Secretary of the United States Department of Health and Human Services under the waiver authority conferred by 42 U.S.C. § 1315 As such, the TennCare Waiver explicitly exempts TennCare from the formulary requirements of Section 1927(d)(4) of the Social Security Act., which include prior authorization.

**INTERROGATORY NO. 12**

Identify all current and former CMS or HHS employees and affiliates who participated in or supported (including but not limited to via research or analysis) the drafting of Release No. 172.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks to identify "all" current and former CMS or HHS employees and "affiliates" who "participated in" or "supported" the drafting of Release No. 172. Subject to the foregoing objection and without waiver thereof, see Response to Interrogatory No. 9, which identifies current and former CMS employees who had responsibility for or knowledge of the development and issuance of CMS Release No. 172.

## INTERROGATORY NO. 13

For the period between January 1, 2010 and the present, describe any communications between CMS or HHS, on the one hand, and any representative of either Plaintiff, on the other hand, relating to Release No. 172.

**RESPONSE:** The United States objects to this Interrogatory to the extent that it seeks information protected by attorney client privilege and/or the attorney work product doctrine Subject to foregoing objection and without waiver thereof, as of the date of these responses the United States has not identified any responsive, nonprivileged communications.

## INTERROGATORY NO. 14

Identify all persons from whom you sought or obtained documents, communications, and/or other information in the course of any investigation or prosecution related to the subject matter of this Action and that preceded this Action, including but not limited to the Reilly Case.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that, as phrased, it is vague, overly broad, unduly burdensome, disproportionate to the needs of the case, and incapable of a comprehensive response, in that it seeks the identify of "all" persons from whom "information" was sought. Additionally, the interrogatory as phrased seeks information that is protected from disclosure by the investigative files and law enforcement privileges, and the attorney work-product doctrine. Subject to the foregoing objection, and without waiver thereof, the United States responds that that the documents and information referenced in this Interrogatory were obtained during the course of a joint federal/state investigation, conducted by the Tennessee Bureau of Investigation, HHS-OIG, the United States Attorney's Office for the Eastern District of Tennessee, and the Tennessee Attorney General's Office. This joint investigation obtained information from multiple sources, including (a) physicians (or their staff)

whose names appear on the prior authorization forms and supporting medical documents for the 65 TennCare enrollees at issue, (b) Walgreens personnel, (c) Magellan personnel, (d) Amber Reilly, and (e) Brianna Brock Blankenbeckler. The parties associated with the investigations include:

**Kristine Moore,** Special Agent, United States Department of Health and Human Services Office of Inspector General, 404 James Robertson Pkwy, Ste. 1504, Nashville, TN 37219, (615) 736-5209, Kristine.Moore@oig.hhs.gov

**Carl Richard Walker** and **Scotty Ferguson**, Tennessee Bureau of Investigation, 901 R.S. Gass Blvd, Nashville, TN 37216, (423) 762-2624 (Walker), (423) 854-5135 (Ferguson), richy.walker@tn.gov; scotty.ferguson@tn.gov

**Stephanie Y. Richey,** Investigator (current), Office of the Tennessee Attorney General, Post Office Box 20207, Nashville, TN 37202, (615) 532-3382, (615) 708-5191, Stephanie.richey@ag.tn.gov

**Elizabeth Lehner,** former Fraud Investigator, TennCare Office of Program Integrity, 310 Great Circle Rd, Nashville, TN 37243, (740) 272-7012 (cell)

**Christine Thompson,** CPC, CFE, CPIP Program Integrity Investigator, Bureau of TennCare 310 Great Circle Rd., Nashville, TN 37243, p. 615-507-6381, Christine.L.Thompson@tn.gov

**Max Garner, CFE,** Investigations Manager (former as of 4/19), Office of Program Integrity, Bureau of TennCare, 310 Great Circle Road, Nashville, TN 37243, 615-720-6707 (cell), max.garner.nashville@gmail.com

**Tina Hawkins, PharmD,** Sr. Director of Clinical Account Services, Magellan Health, 11013 W. Broad Street, Suite 500, Glen Allen, VA 23060, Office: 804-548-0724, Cell: 502-216-6882, KMHawkins@magellanhealth.com

**Timothy C. Harker,** Assistant United States Attorney, United States Attorney's Office, Eastern District of Tennessee, (865) 545-4167, Timothy.Harker@usdoj.gov

**Patty Hoofnagle, MSc, AHFI,** VP, SIU Investigations, Special Investigations Unit, Magellan Health, Inc., (410) 953-4865, pahoofnagle@magellanhealth.com

**Robert C. McConkey, III,** Assistant United States Attorney, United States Attorney's Office, Eastern District of Tennessee, 800 Market Street, Suite 211, Knoxville, TN 37902, (865) 545-4167, Robert.McConkey@usdoj.gov

**Jennie Carter,** Health Care Data Analyst (former as of 1/21), Office of Tennessee Attorney General, P.O. Box 20207, Nashville, Tennessee 37202, (615) 438-0448, jkfrazier09@gmail.com

For further response, Plaintiffs' initial disclosures tendered on August 24, 2021 identify certain individuals who are likely to have discoverable information that Plaintiffs may use to support their claims, as well as the subject matter of that information. In response to previous interrogatories, the United States and/or the State of Tennessee have identified other idividuals who have information related to the allegations in the Complaint. In addition, to the extent not already provided to Walgreens, the United States will produce documents obtained during the government's investigation that relate to the allegations in the Complaint.

**INTERROGATORY NO. 15**

Identify the date(s) on which you implemented a Document Hold related to this Action, and describe the scope of that Document Hold, including but not limited to the subject matters, custodians, covered document repositories, covered electronically stored information, specific email accounts and addresses, covered time periods, how the Document Hold was communicated to relevant custodians, and how the Document Hold was implemented.

**RESPONSE:** The United States objects to this Interrogatory on the ground that it seeks information that is protected by the attorney-client and work product privileges.

**INTERROGATORY NO. 16**

Describe any efforts you have undertaken to recoup any of the losses you claim in the Complaint to have suffered, including but not limited to administrative recoupment actions and civil or administrative efforts to enforce the restitution judgment issued in the Reilly Case. For

14

any such effort or action described, identify the amount you sought and any amount you obtained.

**RESPONSE:** Subject to the General Objections, as of September 18, 2020, the United States had collected $1,564.00 in restitution from Amber Reilly. The United States is seeking updated information and will supplement its response when additional information is received.

Dated: November 22, 2021

Respectfully submitted,

FRANCIS M. HAMILTON III
Acting United States Attorney

By: /s/ Robert C. McConkey, III
Robert C. McConkey, III, BPR #018118
Joseph C. Rodriguez, Ohio Bar No. 0072958
Assistant United States Attorneys
800 Market St., Suite 211
Knoxville, TN 37902
(865) 545-4167
robert.mcconkey@usdoj.gov
joe.rodriguez@usdoj.gov

*Counsel for the United States of America*

# VERIFICATION

Pursuant to Fed. R. Civ. P. 33(b)(1)(B), I, Robert C. McConkey, III, as Assistant United States Attorney, verify that the information referenced in the United States' answers to these Interrogatories is true and correct to the best of my knowledge, information and belief.

*[signature]*
_____
Robert C. McConkey, III

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, a copy of the foregoing document was served by electronic transmission and/or U.S. Mail, postage prepaid, to the following:

Clint J. Woodfin (BPR 016346)
SPICER RUDSTROM, PLLC
800 S. Gay Street, Suite 1400
Knoxville, TN 37929 New
(865) 673-8516
cwoodfin@spicerfirm.com

Reed Brodsky (NY Bar # 2843019)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
York, NY 10166 0193
(212) 351-5334
rbrodsky@gibsondunn.com

Michael R. Dziuban (DC Bar # 1034156)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036-5306
(202) 955-8252
mdziuban@gibsondunn.com

*Counsel for Defendants*

S/ Robert C. McConkey, III
ROBERT C. McCONKEY, III
Assistant United States Attorney