# EXHIBIT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA and STATE OF TENNESSEE, | ) ) ) | |
| Plaintiffs, | ) ) | No. 2:21-cv-80-JRG-CRW |
| v. | ) ) ) | |
| WALGREEN CO., | ) ) | |
| Defendant. | ) ) | |

## THE UNITED STATES OF AMERICA'S OBJECTIONS AND RESPONSES TO WALGREEN CO.'S SECOND SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff United States of America ("United States"), by and through undersigned counsel, serves its objections and responses to Walgreens' Second Set of Interrogatories ("Interrogatories"). These responses are based upon information currently known to the United States and will be revised, corrected, supplemented, amended, and clarified to the extent provided by Rule 26 as discovery proceeds.

### GENERAL OBJECTIONS TO ALL DEFINITIONS, INSTRUCTIONS & INTERROGATORIES

1. By making the accompanying responses and objections to Defendant's Interrogatories, the United States does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of any documents, testimony, or information into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, privilege, or admissibility. Further, the United States makes the responses and objections herein without in any way implying that it considers the information requested to be relevant or material to the subject matter of this action.

1

2. The United States objects to these Interrogatories to the extent they seek to impose upon the government any requirements beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Tennessee, or any order of the Court.

3. Under Federal Rule of Evidence 502, Federal Rule of Civil Procedure 26(b)(5)(B), other related sources of law, and the parties' Stipulated Protective Order [Doc. 52], the United States reserves any and all rights to seek the return, sequestration, or destruction of any and all privileged information it inadvertently produces in response to the Interrogatories.

4. The specific responses to each Interrogatory incorporate each of the General Objections set forth above and the Specific Objections to Definitions and Instructions set forth below. These Objections are included here to avoid duplication and needless repetition. These Objections form a part of each specific Response and the failure to reference these Objections in a particular Response does not waive any of the Objections.

## SPECIFIC OBJECTIONS TO DEFINITIONS

The United States makes the following specific objections to the definitions set forth by Walgreens:

20. "Plaintiffs" means the United States of America and/or the State of Tennessee, and includes any agency, bureau, department, component, program, office, or authority within the government of either of them, and includes counsel for any such agency, bureau, department, component, program, office, or authority within the government of either Plaintiff.

**OBJECTION:** The United States objects to this Definition to the extent it includes any and all federal agencies, including the numerous governmental agencies not relevant to the claims or defenses in this matter. The United States contends that the only federal departments

2

and agencies relevant to this case are those whose area of responsibility include administration of the Medicaid program or investigation and litigation of civil False Claims Act cases. Consequently, the United States construes the definition of "Plaintiffs" (insofar as it pertains to the United States) to mean the Civil Division of the Department of Justice, the United States Attorney's Office for the Eastern District of Tennessee, and the United States Department of Health and Human Services (HHS), including the Office of Inspector General (HHS-OIG) and the Centers for Medicare and Medicaid Services (CMS).

26. "You," "your," "yours," and "yourselves" mean Plaintiff the United States of America in this Action, and any person or persons acting or who have acted on behalf of the United States of America, including but not limited to employees, attorneys, agents, advisors, investigators, and representatives. For the avoidance of doubt, "you" includes CMS, HHS, Magellan, and OptumRx.

**OBJECTION:** The United States objects to this Definition to the extent it includes Magellan and OptumRx. By contract, Magellan Medicaid Administration, Inc., and OptumRx, Inc., are (or were) deemed independent contractors to the State of Tennessee. The United States was not a party to the contracts between the State of Tennessee and Magellan or OptumRx, and there was no agency relationship between Magellan or OptumRx and the United States. The United States further objects to the definition of "You" to the extent that it seeks to include federal agencies not relevant to the claims or defenses in this matter. The United States contends that the only federal departments and agencies relevant to this case are those whose area of responsibility include administration of the Medicaid program or investigation and litigation of civil False Claims Act cases. Consequently, the United States construes the definition of "You"

to mean the Civil Division of the Department of Justice, the United States Attorney's Office for the Eastern District of Tennessee, and HHS (including HHS-OIG and CMS).

**SPECIFIC RESPONSES & OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 17**

Describe the United States' process for determining whether to request and/or implement a Document Hold in connection with this Action and/or the investigation that preceded it, including but not limited to the criteria the United States considered when deciding whether to request and/or implement a Document Hold for any custodians affiliated with the United States, as well as the identities of all persons who had responsibility for, or involvement in, the process of determining whether to request and/or implement a Document Hold.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Additionally, the United States objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client and deliberative process privileges, and the attorney work product doctrine.

**INTERROGATORY NO. 18**

State when any person affiliated with the United States with responsibility for developing and/or implementing Document Holds first had any communication with (1) any person affiliated with HHS, and (2) any person otherwise affiliated with either Plaintiff, relating to whether to request and/or implement a Document Hold for this Action or any investigation that preceded it.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Additionally, the United States objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client and deliberative process privileges, and the attorney work product doctrine.

4

## INTERROGATORY NO. 19

State when any person affiliated with the United States with responsibility for developing and/or implementing Document Holds first had any communication with (1) any person affiliated with TennCare, (2) any person affiliated with Magellan, and (3) any person otherwise affiliated with either Plaintiff, relating to whether to request and/or implement a Document Hold for this Action or any investigation that preceded it.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Additionally, the United States objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client and deliberative process privileges, the attorney work product doctrine, and the joint prosecution/common interest doctrine.

## INTERROGATORY NO. 20

Identify all persons affiliated with the United States who were included in any Document Hold implemented by the United States (regardless of when the persons were added to the Document Hold), and who have since informed the United States that they possess no relevant documents, emails, or other data, and for each such person, describe (1) the process that each person took to reach this determination, and (2) the process that you took to verify the determination.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Additionally, the United States objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client and deliberative process privileges, and the attorney work product doctrine.

## INTERROGATORY NO. 21

If you believe that any Document Holds, aside from any Document Holds directly tied to this Action or the investigation that preceded it, resulted in the preservation of information relevant to this Action, for each such Document Hold, identify and describe the Document Hold, including but not limited to: (1) the matter(s) in connection with which each Document Hold was

5

implemented, and the date(s) on which litigation in each matter was reasonably anticipated; (2) when each Document Hold was implemented; (3) for which custodians each Document Hold was implemented; (4) the scope of each Document Hold, in terms of subject matter, relevant time periods and the types of information to be preserved; (5) the end date, if any, of the Document Hold; and (6) the person(s) affiliated with the United States who had responsibility for, or involvement in, developing and implementing the Document Hold.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Additionally, the United States objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client and deliberative process privileges, and the attorney work product doctrine.

### INTERROGATORY NO. 22

State whether you have undertaken any steps, including any analysis or assessment, to determine whether any information potentially relevant to this Action or to the investigation that preceded it for any custodian was actually preserved by any means, including but not limited to operation of any Retention Policy, any Document Hold not tied directly to this case, or any Document Hold directly tied to this case. Describe any steps taken and the results of any analysis or assessment.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Additionally, the United States objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client and deliberative process privileges, and the attorney work product doctrine. Subject to the foregoing objections and without waiver, the United States responds that counsel for the United States has consulted with relevant agency personnel to identify document retention policies applicable to potentially relevant information, and custodians who possess potentially relevant information to determine how potentially relevant information has been preserved.

### INTERROGATORY NO. 23

Identify any persons affiliated with the United States who would potentially possess discoverable information relevant to this Action or to the investigation that preceded it, and who

were subject neither to a Document Hold directly tied to this Action or the preceding investigation, nor to a Document Hold that would otherwise cover the time period relevant to this Action (regardless of subject-matter).

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Additionally, the United States objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client and deliberative process privileges, and the attorney work product doctrine. The United States further objects to this Interrogatory on the grounds that it is vague, ambiguous and overly broad to the extent that it: (1) seeks information about "any persons affiliated with the United States;" and (2) asks that the United States speculate about persons "who would potentially possess discoverable information" but were not subject to a document hold, without identifying any specific persons.

## INTERROGATORY NO. 24

Identify all custodians affiliated with the United States for whom potentially discoverable information relevant to this Action, or to the investigation that preceded it, was lost or destroyed (1) prior to the implementation of any Document Hold directly tied to this Action, or (2) after the implementation of any such Document Hold.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Additionally, the United States objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client and deliberative process privileges, and the attorney work product doctrine. The United States further objects to this Interrogatory on the grounds that it is vague, ambiguous and overly broad to the extent that it seeks information about all custodians "affiliated" with the United States. Subject to the foregoing objections and without waiver, the United States responds that based on the information gathered to date, it is not aware of any custodian who possessed potentially discoverable information relevant to this Action, or to the investigation that preceded it, that was lost or destroyed either prior to the implementation of any Document Hold related to this Action, or after the implementation of any such Document Hold. Discovery is ongoing, and the United States will supplement its response to this Interrogatory, if appropriate, as discovery proceeds.

## INTERROGATORY NO. 25

Describe all polices relevant to the United States' document retention practices, procedures for the issuance of Document Holds, schedules for the deletion of emails or other electronic

documents in the regular course of business, and the procedures for the deletion and/or storage of any historic emails and/or other electronic documents.

**RESPONSE:** The United States objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Additionally, the United States objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client and deliberative process privileges, and the attorney work product doctrine. The United States further objects to this Interrogatory on the grounds that it is vague, ambiguous and overly broad to the extent that it seeks information, without limitation, about "all polices relevant to the United States' document retention practices, procedures for the issuance of Document Holds, schedules for the deletion of emails or other electronic documents in the regular course of business, and the procedures for the deletion and/or storage of any historic emails and/or other electronic documents."

Dated: February 14, 2022

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

By: */s/ Robert C. McConkey, III*
Robert C. McConkey, III, BPR #018118
Joseph C. Rodriguez, Ohio Bar No. 0072958
Assistant United States Attorneys
800 Market St., Suite 211
Knoxville, TN 37902
(865) 545-4167
robert.mcconkey@usdoj.gov
joe.rodriguez@usdoj.gov

*Counsel for the United States of America*

## VERIFICATION

Pursuant to Fed. R. Civ. P. 33(b)(1)(B), I, Robert C. McConkey, III, as Assistant United States Attorney, verify that the information referenced in the United States' answers to these Interrogatories is true and correct to the best of my knowledge, information and belief.

_____
Robert C. McConkey, III

9

Case 2:21-cv-00080-JRG-CRW   Document 116-8   Filed 05/05/22   Page 10 of 11   PageID #: 2190

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2022, a copy of the foregoing document was served by electronic transmission and/or U.S. Mail, postage prepaid, to the following:

Clint J. Woodfin (BPR 016346)
SPICER RUDSTROM, PLLC
800 S. Gay Street, Suite 1400
Knoxville, TN 37929 New
(865) 673-8516
cwoodfin@spicerfirm.com

Reed Brodsky (NY Bar # 2843019)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
York, NY 10166 0193
 (212) 351-5334
rbrodsky@gibsondunn.com

Michael R. Dziuban (DC Bar # 1034156)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036-5306
(202) 955-8252
mdziuban@gibsondunn.com

*Counsel for Defendants*

                                                 S/ Robert C. McConkey, III
                                                 ROBERT C. McCONKEY, III
                                                 Assistant United States Attorney