# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF TENNESSEE,<br><br>    *Plaintiffs*,<br><br> v.<br><br>WALGREEN CO.,<br><br>    *Defendant*. | Case No. 2:21-CV-00080-JRG-CRW |

## PLAINTIFFS' RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs United States of America and State of Tennessee (collectively, "Plaintiffs" or "the government") hereby tender these Responses to Defendant Walgreen Co.'s ("Walgreens" or "Defendant") First Requests for Production of Documents.

### GENERAL OBJECTIONS TO ALL DEFINITIONS, INSTRUCTIONS AND REQUESTS

These responses are made solely for the purpose of this action. The responses, including any production of documents, are subject to the terms and conditions of any protective order(s) entered in this action, and certain documents shall be withheld from production pending the entry of an appropriate protective order.

Plaintiffs object to these Requests to the extent they seek to impose upon the government any requirements beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Tennessee, or any order of the Court.

Plaintiffs' investigation of the facts is on-going. Accordingly, the following responses are

given without prejudice to their right to produce subsequently discovered material, and Plaintiffs reserve the right to supplement these responses pursuant to Rule 26(e), Fed. R. Civ. P.

By these responses and production of documents, Plaintiffs do not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of any documents, testimony, or information into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, privilege, or admissibility. Further, Plaintiffs make responses and objections herein without in any way implying that they consider the documents requested to be relevant or material to the subject matter of this action. No admission of any nature is to be implied or inferred from these responses.

Plaintiffs reserve the right to assert privilege for any privileged document that is inadvertently produced in response to these requests for production of documents. In the event such documents are inadvertently produced, such production by Plaintiffs of a document containing attorney-client communication, attorney work-product or otherwise privileged information shall not constitute a waiver of privilege and such document or documents shall be returned to Plaintiffs immediately upon request. Included in this reservation are not only documents promulgated by Plaintiffs but also any documents produced by Plaintiffs that may have been promulgated by others.

Pursuant to Federal Rule of Evidence 502, Federal Rule of Civil Procedure 26(b)(5)(B), other related sources of law, and the protective order which the parties intend to seek, Plaintiffs reserve any and all rights to seek the return, sequestration, or destruction of any and all privileged information inadvertently produced in response to the requests.

Plaintiffs object to these Requests to the extent that they seek documents that are in the possession, custody, or control of Defendant, because such documents are at least equally available

to Defendant as they are to Plaintiffs. Plaintiffs also object to these Requests to the extent that they seek documents that can be obtained in a more convenient and less burdensome manner from some other source (including, but not limited to, a public source).

When Plaintiffs respond that they will produce documents in response to a Request, they will produce non-privileged documents to the extent that such documents exist and can be identified through a reasonable search of files and other repositories likely to contain responsive material. By stating that they will produce documents, Plaintiffs do not represent that responsive, non-privileged documents in fact exist, or that they are within its possession, custody, or control, but rather state that they will undertake a reasonable search for responsive documents and will produce any responsive, non-privileged documents identified by that search. Further, to the extent that any Request pertains to "communications" within the relevant time frame, production of non-privileged/non-protected documents will require a list of search terms as agreed upon between adversary counsel.

The specific responses to each Request for Production incorporate each of the General Objections set forth above and the Specific Objections to Definitions and Instructions set forth below. These Objections are included here to avoid duplication and needless repetition. These Objections form a part of each specific Response and the failure to reference these Objections in a particular Response does not waive any of the Objections.

**SPECIFIC OBJECTIONS TO DEFINITIONS**

Plaintiffs object to the definition of "Plaintiffs" as including "any agency, bureau, department, component, program, office, or authority within the government of either of them, and includ[ing] counsel for any such agency, bureau, department, component, program, office, or authority within the government of either Plaintiff." This definition is overly and unreasonably

3

broad, such that it includes any and all federal or state agencies, including the numerous governmental agencies not relevant to the claims or defenses in this matter. Plaintiffs contend that the only departments and agencies relevant to this case are those whose area of responsibility include administration of the TennCare/Medicaid pharmacy benefit or investigation and litigation of civil False Claims Act cases. Consequently, the Plaintiffs construe the definition of "Plaintiffs" to mean only the United States Attorney's Office for the Eastern District of Tennessee; the Office of the Attorney General for the State of Tennessee; the Tennessee Bureau of Investigation, Medicaid Fraud Control Unit; the Department of Health and Human Services (HHS); and the Tennessee Department of Finance and Administration.

Plaintiffs object to the definition of "Four DAAs" as including "one *or more* of the following direct-acting antiviral medications to treat Hepatitis C: Harvoni®, Sovaldi®, Daklinza®, and Viekira Pak®." The definition is overly and unreasonably broad, as well as self-contradictory. Consequently, Plaintiffs construe the definition of "Four DAAs" to mean only Harvoni®, Sovaldi®, Daklinza®, and Viekira Pak®.

Plaintiffs object to the definition of "Magellan" as including "any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing." The definition presumes comprehensive knowledge on the part of Plaintiffs of the corporate structure of Magellan Medicaid Administration, Inc., which Plaintiffs specifically disclaim.

Plaintiffs object to the definition of "OptumRX" as including "any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing."

The definition presumes comprehensive knowledge on the part of Plaintiffs of the corporate structure of OptumRx, Inc., which Plaintiffs specifically disclaim.

**RESPONSES**

**1.** All documents and communications relating to each of the factual allegations you make in the Complaint.

**Response:** OBJECTION. The Request as phrased, seeking all documents and communications "relating" to the Complaint, is vague, overbroad, and incapable of a comprehensive response. Plaintiffs also object to this Request to the extent that it seeks documents, including but not limited to notes or reports concerning witness interviews, that are protected from disclosure by privilege or doctrine, including the attorney-client privilege, the investigative files or law enforcement privilege, the work product doctrine, the joint prosecution/common interest doctrine, and the protections afforded by Federal Rule of Civil Procedure 26(b). Responsive materials being withheld on the basis of this objection will be claimed in accord with Federal Rule of Civil Procedure 26(b)(5)(A). Without waiving these objections, Plaintiffs are compiling for production the following documents.

1. All falsified prior authorization forms and supporting medical documents obtained by the TBI for the 65 enrollees [to be produced upon the preparation and entry of an appropriate protective order].

2. Documents (including prior authorization forms and supporting medical documents) obtained from Magellan, relating to the 65 enrollees, which Magellan received from the Kingsport pharmacy [to be produced upon the preparation and entry of an appropriate protective order].

3. Magellan prior authorization notes/databases provided to TennCare after the Magellan contract expired [to be produced upon the preparation and entry of an appropriate protective order].

4. Documents including unaltered test results and other records obtained from various healthcare providers that rendered treatment or services to the 65 TennCare enrollees at issue [to be produced upon the preparation and entry of an appropriate protective order].

5. Walgreens' contract with Magellan.

6. Magellan's contract with the State.

7. The Preferred Drug List from October 2014 to June of 2016.

8. The Tennessee Pharmacy Manual from October 2014 to June of 2016.

9. Applicable PDL clinical criteria from October 2014 to June of 2016.

10. TennCare Pharmacy Advisory Committee minutes (February 2014 through November 2016).

11. Waiver between HHS and TennCare.

12. Amber Reilly's personnel file, including evaluations and self-evaluations.

13. Amber Reilly's plea agreement.

14. Correspondence dated 11/2/16 from Robert C. McConkey, III and Mary McCullohs to counsel for Walgreens, advising of "false or fraudulent submissions" to Magellan relating to 51 TennCare enrollees.

15. Email dated 3/4/19 (redacted) from Robert C. McConkey, III to counsel for Walgreens, regarding Walgreens' "obligation to return to TennCare/Medicaid the full amount of improperly billed and paid benefits" pursuant to 31 U.S.C. § 3729(a)(1)(G) and Tenn. Code Ann. § 71-5-182(a)(1)(D), (d).

16. The slideshow presentation (redacted) and handouts provided by counsel for Plaintiffs to counsel for Walgreens on 9/28/17 [to be produced upon the preparation and entry of an appropriate Protective Order].

**2.** All documents and communications relating to the case entitled *United States v. Reilly*, No. 2:16-cr-00107-JRG, including but not limited to the following: documents received from the defendant; documents received from Walgreens; documents received from any other third party; documents submitted to the court; notes, reports, and/or transcripts of any witness interviews or proffer sessions; audio and video recordings; and wiretap records.

**Response:** OBJECTION. The Request as phrased, seeking all documents and communications "relating" to the *Reilly* case, is vague, overbroad, and incapable of a comprehensive response. Plaintiffs also object to this Request to the extent that it seeks documents, including but not limited to notes or reports concerning witness interviews, that are protected from disclosure by privilege or doctrine, including the attorney-client privilege, the investigative files or law enforcement privilege, the work product doctrine, and the protections afforded by Federal Rule of Civil Procedure 26(b). Responsive materials being withheld on the basis of this objection will be claimed in accord with Federal Rule of Civil Procedure 26(b)(5)(A). Without waiving these objections, *see* Response to Request #1, *supra*.

**3.** All documents and communications relating to any patient at issue in this Action.

6

**Response:** OBJECTION. The Request as phrased is vague, overbroad, incapable of a comprehensive response, and arguably encompasses documents, including but not limited to notes or reports concerning witness interviews, that are protected from disclosure by privilege or doctrine, including the attorney-client privilege, the investigative files or law enforcement privilege, the work product doctrine, the joint prosecution/common interest doctrine, and the protections afforded by Federal Rule of Civil Procedure 26(b). Without waiving this Objection, *see* Response to Request #1, *supra*.

**4.** All documents and communications relating to the review, approval, and/or rejection of any prior authorization request for any of the Four DAAs in connection with prescriptions filled, or sought to be filled, for any patient at issue in this Action from the Kingsport Specialty Pharmacy.

**Response:** OBJECTION. The Request as phrased is vague, overbroad, incapable of a comprehensive response, and arguably encompasses analytic documents created and/or exchanged between counsel which are privileged. Without waiving this Objection, *see* Response to Request #1, *supra*.

**5.** All documents and communications, concerning the period from January 1, 2010 to the present, relating to the content, development, implementation, application, and revision of the TennCare Preferred Drug List as related to the Four DAAs, to all Other DAAs, and to all Non-DAAs.

**Response:** OBJECTION. The Request as phrased seeks the production of documents outside of the relevant timeframe, and therefore is unduly burdensome and disproportionate to the needs of this case. Moreover, documentation pertaining to the "development, implementation, and application" of the TennCare PDL is irrelevant—especially with respect to medications not at issue in this litigation—and potentially includes documents (to the extent they exist) protected by the attorney-client and deliberative process privileges. Without waiving this Objection, *see* Response to Request #1, *supra*, which includes documentation pertaining to the content of the PDL, together with any revisions thereto, as related to the treatment of Hepatitis C for the time period of October 2014 through June 2016.

**6.** All documents and communications, concerning the period from January 1, 2010 to the present, reflecting or relating to any training given to any person who reviewed, or who was tasked with reviewing, prior authorization requests for prescriptions for the Four DAAs in connection with actual or potential coverage of those prescriptions by TennCare and/or Magellan.

**Response:** OBJECTION. The Request as phrased seeks the production of documents outside of the relevant timeframe, and therefore is unduly burdensome and disproportionate to the needs of this case. Subject to and without waiving this Objection, Plaintiffs will produce any documents responsive to this Request that are not privileged or otherwise protected from disclosure.

**7.** All documents and communications, concerning the period from January 1, 2010 to the present, reflecting or relating to any criteria used for coverage or payment, by TennCare and/or Magellan, for the Four DAAs, any Other DAAs, and/or any Non-DAAs, and/or to the development, selection, implementation, and application of any such criteria by or for TennCare and/or Magellan.

**Response:** OBJECTION. The Request as phrased seeks the production of documents outside of the relevant timeframe, and therefore is unduly burdensome and disproportionate to the needs of this case. Moreover, documentation pertaining to "criteria used for coverage" of "Other DAAs and/or Non-DAAs" not at issue in this litigation is irrelevant. Plaintiffs also object to this Request to the extent that it seeks documents (to the extent they exist) that are protected from disclosure by privilege or doctrine, including the attorney-client privilege and/or the deliberative process privilege. Without waiving this Objection, *see* Response to Request #1, *supra*, which includes documentation pertaining the PDL clinical criteria, together with any revisions thereto, as related to the treatment of Hepatitis C for the DAAs at issue for the time period of October 2014 through June 2016.

**8.** All documents and communications, concerning the period from January 1, 2010 to the present, relating to whether any criteria considered, proposed, or used for coverage of or payment for the Four DAAs, Other DAAs, or Non-DAAs by TennCare did or could result in the denial of coverage to TennCare beneficiaries seeking any drug for an FDA-approved indication.

**Response:** OBJECTION. The Request as phrased seeks the production of documents outside of the relevant timeframe, and therefore is unduly burdensome and disproportionate to the needs of this case. Moreover, documentation pertaining to criteria "considered, proposed, or used for coverage" of "Other DAAs or Non-DAAs" not at issue in this litigation is irrelevant. Plaintiffs also object to this Request to the extent that it seeks documents (to the extent they exist) that are protected from disclosure by privilege or doctrine, including the attorney-client privilege and/or the deliberative process privilege. Without waiving this Objection, *see* Response to Request #1, *supra*, which includes documentation pertaining to the proposed PDL clinical criteria as related to the treatment of Hepatitis C for the DAAs at issue for the time period of October 2014 through June 2016.

9. All documents and communications, concerning the period from January 1, 2010 to the present, relating to whether any criteria considered, proposed, or used for coverage of or payment for the Four DAAs, any Other DAAs, and/or any Non-DAAs by TennCare complied with federal requirements concerning access to covered medications by Medicaid beneficiaries, including but not limited to the requirements of Section 1927 of the Social Security Act, 42 U.S.C. § 1396r–8.

**Response:** OBJECTION. The Request as phrased seeks the production of documents outside of the relevant timeframe, and therefore is unduly burdensome and disproportionate to the needs of this case. Moreover, documentation pertaining to criteria "considered, proposed, or used for coverage" of "Other DAAs and/or Non-DAAs" not at issue in this litigation is irrelevant. Plaintiffs also object to this Request to the extent that it seeks documents (to the extent they exist) that are protected from disclosure by privilege or doctrine, including the attorney-client privilege and/or the deliberative process privilege. Subject to and without waiving this Objection, *see* Response to Request #1, *supra*, which includes documentation pertaining the proposed PDL clinical criteria as related to the treatment of Hepatitis C for the DAAs at issue for the time period of October 2014 through June 2016. Additionally, Plaintiffs will produce any other documents responsive to this Request that are not privileged or otherwise protected from disclosure.

10. All documents and communications, concerning the period from January 1, 2010 to the present, relating to CMS federal financial participation payment requirements concerning coverage of the Four DAAs, other DAAs, and/or Non-DAAs.

**Response:** OBJECTION. The Request as phrased seeks the production of documents outside of the relevant timeframe, and therefore is unduly burdensome and disproportionate to the

needs of this case. Moreover, documentation pertaining to the "participation payment requirements" relating to "other DAAs, and/or Non-DAAs" not at issue in this litigation is irrelevant. Finally, to the extent that the Request seeks the production of "*all* documents and communications" pertaining to the "federal financial participation payment requirements concerning coverage of" the four DAAs at issue—without further description or qualification—it is vague, ambiguous and incapable of a comprehensive response. Subject to and without waiving this Objection, Plaintiffs will produce any documents responsive to this Request that are not privileged or otherwise protected from disclosure.

11. All documents and communications reflecting or relating to medical and/or pharmacy claims data relating to all TennCare beneficiaries during claim years 2010 through 2020.

**Response:** OBJECTION. The Request as phrased seeks the production of documents outside of the relevant timeframe, and wholly irrelevant to the substantive issues of this case, and therefore is unduly burdensome and disproportionate to the needs of this case. Subject to and without waiving this Objection, *see* Response to Request #1, *supra*, which includes documentation pertaining the claims related to the 65 TennCare enrollees at issue.

12. All cost reports submitted by TennCare to CMS concerning reimbursement for coverage of any Hepatitis C treatment or medication provided to any TennCare beneficiary.

**Response:** OBJECTION. The Request as phrased seeks the production of documents outside of the relevant timeframe, and wholly irrelevant to the substantive issues of this case, and therefore is unduly burdensome and disproportionate to the needs of this case. Finally, documentation pertaining to reimbursements is deemed confidential pursuant to Tenn. Code Ann. § 71-5-142(a). Subject to and without waiving this Objection, documentation pertaining to the Four DAAs at issue, as prescribed to the 65 TennCare enrollees at issue, for the time period of October 2014 through June 2016, shall be compiled and produced upon the entry of an appropriate protective order.

13. All documents and communications relating to the quarterly URAs for each of the Four DAAs, for all other DAAs, and/or for all Non-DAAs.

**Response:** OBJECTION. The Request as phrased has no temporal scope, and therefore is unduly burdensome and disproportionate to the needs of this case. Moreover, documentation pertaining to the "quarterly URAs" for "other DAAs, and/or Non-DAAs" not at issue in this litigation is irrelevant. Finally, documentation pertaining to rebate information is deemed confidential pursuant to Tenn. Code Ann. §§ 71-5-142(a) and 197(d). Without waiving this

Objection, documentation relating to any rebates collected for the Four DAAs at issue, as prescribed to the 65 TennCare enrollees at issue, shall be compiled and produced upon the entry of an appropriate protective order.

14. All documents and communications relating to any rebate agreement between TennCare and any pharmaceutical manufacturer related to any of the Four DAAs, to all Other DAAs, and/or to all Non-DAAs.

**Response:** OBJECTION. The Request as phrased has no temporal scope, and therefore is unduly burdensome and disproportionate to the needs of this case. Moreover, documentation pertaining to rebate agreements for "Other DAAs, and/or [for] Non-DAAs" not at issue in this litigation is irrelevant. Finally, rebate agreements are deemed confidential pursuant to Tenn. Code Ann. §§ 71-5-142(a) and 197(d). Without waiving this Objection, documentation relating to any rebates collected for the Four DAAs at issue, as prescribed to the 65 TennCare enrollees at issue, shall be compiled and produced upon the entry of an appropriate protective order.

15. All documents and communications relating to utilization management of the Four DAAs, including but not limited to documents reflecting or relating to any drug utilization review that TennCare or Magellan performed, or in which either or both of them participated.

**Response:** OBJECTION. The Request as phrased has no temporal scope, and therefore is unduly burdensome and disproportionate to the needs of this case. Moreover, the phrases "utilization management" and "drug utilization review" are undefined and subject to multiple interpretations. Without waiving this Objection, *see* Response to Request #1, *supra*, which includes documentation pertaining to the PDL clinical criteria as related to the treatment of Hepatitis C for the DAAs at issue for the time period of October 2014 through June 2016.

16. All documents and communications reflecting or concerning any audits regarding pharmacy claims for payment for prescriptions of the Four DAAs (whether or not the Four DAAs were the specific or sole focus of the audits).

**Response:** OBJECTION. The Request as phrased has no temporal scope, and therefore is unduly burdensome and disproportionate to the needs of this case. Moreover, the Request as phrased is vague and ambiguous in that it fails to identify the party(ies) conducting the presumed "audits" and the party(ies) subject to the presumed "audits." Finally, to the extent that the Request

seeks the production of "audit" information relating to medications not at issue in this case, the Request seeks irrelevant information. Subject to and without waiving this Objection, Plaintiffs will produce any documents responsive to this Request that are not privileged or otherwise protected from disclosure, and that are related to the Kingsport Specialty Pharmacy.

17. All documents and communications, concerning the period from January 1, 2010 to the present, concerning the actual or potential effects on regulated entities of any and all legal provisions requiring the reporting and returning of overpayments made by any federal or state healthcare program, including but not limited to records concerning the actual or potential effects of such provisions' time limits for the return of overpayments on the conduct and/or resolution of federal or state investigations or enforcement actions under the federal False Claims Act, 31 U.S.C. § 3729 et seq., the Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-181 et seq., or other applicable law.

**Response:** OBJECTION. The Request as phrased seeks the production of documents outside of the relevant timeframe, and therefore is unduly burdensome and disproportionate to the needs of this case. Moreover, the Request as phrased is vague and ambiguous in that the phrase "actual or potential effects" is undefined and subject to multiple interpretations. Finally, to the extent that the Request seeks the disclosure of legal opinions regarding "the reporting and returning of overpayments" and "time limits for the return of overpayments," the Request is improper and seeks information (to the extent it exists) that is protected by the attorney-client and/or attorney work product provisions.

18. All documents and communications between Plaintiffs, on the one hand, and Magellan or OptumRx, on the other hand, relating to any of the allegations in this Action.

**Response:** OBJECTION. The Request as phrased seeks the disclosure of documents and information protected by the attorney work-product privilege. Plaintiffs are unaware of any responsive documentation pertaining to OptumRx.

**19.** All communications between Plaintiffs, on the one hand, and any employee, representative, or attorney of Walgreens, on the other hand, relating to any of the allegations in this Action.

**Response:** OBJECTION. Plaintiffs object to this Request to the extent that it seeks documents, including but not limited to notes or reports concerning witness interviews, that are protected from disclosure by privilege or doctrine, including the attorney-client privilege, the investigative files or law enforcement privilege, the work product doctrine, the joint prosecution/common interest doctrine, and the protections afforded by Federal Rule of Civil Procedure 26(b). Responsive materials being withheld on the basis of this objection will be claimed in accord with Federal Rule of Civil Procedure 26(b)(5)(A). Subject to and without waiving this Objection, Plaintiffs will produce any documents responsive to this Request that are not privileged or otherwise protected from disclosure.

**20.** All documents and communications between Plaintiffs, on the one hand, and any other person, on the other hand, relating to any of the allegations in this Action.

**Response:** OBJECTION. The Request as phrased is vague, ambiguous, and overbroad, and therefore is unduly burdensome and disproportionate to the needs of this case. Plaintiffs also object to this Request to the extent that it seeks documents, including but not limited to notes or reports concerning witness interviews, that are protected from disclosure by privilege or doctrine, including the attorney-client privilege, the investigative files or law enforcement privilege, the work product doctrine, the joint prosecution/common interest doctrine, and the protections afforded by Federal Rule of Civil Procedure 26(b). Responsive materials being withheld on the basis of this objection will be claimed in accord with Federal Rule of Civil Procedure 26(b)(5)(A). Subject to and without waiving this Objection, Plaintiffs will produce any documents responsive to this Request that are not privileged or otherwise protected from disclosure.

**21.** All documents and communications relating to any other investigations or proceedings, whether criminal, civil, administrative, or otherwise, relating to any of the allegations in this Action.

**Response:** OBJECTION. The Request as phrased is vague, ambiguous, and overbroad, and therefore is unduly burdensome and disproportionate to the needs of this case. Plaintiffs also object to this Request to the extent that it seeks documents, including but not limited to notes or reports concerning witness interviews, that are protected from disclosure by privilege or doctrine, including the attorney-client privilege, the investigative files or law enforcement privilege, the work product doctrine, the joint prosecution/common interest doctrine, and the protections

13
Case 2:21-cv-00080-JRG-CRW   Document 116-11   Filed 05/05/22   Page 14 of 19   PageID #: 2229

afforded by Federal Rule of Civil Procedure 26(b). Responsive materials being withheld on the basis of this objection will be claimed in accord with Federal Rule of Civil Procedure 26(b)(5)(A).

**22.** All documents and communications relating to any efforts considered or undertaken by Plaintiffs and/or Magellan to recoup from any source any portion of the losses claimed in the Complaint.

**Response:** OBJECTION. To the extent the Request seeks the disclosure of documents and information relating to "efforts considered . . . to recoup . . . any portion of the losses claimed," the Request seeks information (to the extent it exists) that is protected by the attorney-client and/or attorney work product provisions. Subject to and without waiving this Objection, responsive, non-privileged documentation relating to recoupment efforts undertaken by Plaintiffs and/or Magellan shall be compiled and produced.

**23.** Documents sufficient to show the corporate structure and organization of Magellan, and of any office or unit of Magellan responsible, in whole or in part, for reviewing prior authorization requests for prescription drugs covered by TennCare.

**Response:** OBJECTION. To the extent the Request seeks information pertaining to drugs other than the Four DAAs at issue, the Request seeks irrelevant information. Subject to and without waiving this objection, Plaintiffs will produce any documents responsive to this Request that are not privileged or otherwise protected from disclosure.

**24.** All documents and communications relating to the selection of Magellan as TennCare's pharmacy benefits manager, or relating to negotiations between TennCare and Magellan over the agreement by which Magellan would serve in that capacity.

**Response:** OBJECTION. The Request seeks information that is irrelevant to the substantive issues of this case.

14
Case 2:21-cv-00080-JRG-CRW   Document 116-11   Filed 05/05/22   Page 15 of 19   PageID #: 2230

**25.** All documents and communications relating to the selection of OptumRx as TennCare's pharmacy benefits manager, or relating to negotiations between TennCare and OptumRx over the agreement by which OptumRx would serve in that capacity.

**Response:** OBJECTION. The Request seeks information that is irrelevant to the substantive issues of this case.

**26.** All documents received pursuant to any subpoena, Civil Investigative Demand, voluntary request, or other legal process you have issued or will issue in the future related to the allegations in this Action.

**Response:** OBJECTION. The Request as phrased seeks information that is subject to the attorney work-product privilege and the investigative files or law enforcement privilege. Plaintiffs also object to this Request to the extent that it seeks to impose upon the government a requirement beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Tennessee, or any order of the Court. Moreover, while Tennessee has issued no Civil Investigative Demand at this time, to the extent that it may do so in the future, such materials are confidential pursuant to Tenn. Code Ann. § 8-6-407.

**27.** All affidavits, declarations, statements, or recordings obtained by Plaintiffs relating to any allegation in the Complaint, and all documents relating to any such affidavits, declarations, statements, or recordings.

**Response:** OBJECTION. To the extent that such documents currently exist, or may exist in the future pursuant to the governments' on-going investigation, such materials are subject to the attorney work-product privilege.

**28.** All documents identified or referred to in your Initial Disclosures provided pursuant to Rule 26(a).

**Response:** *See* Response to Request #1, *supra*.

**29.** All documents you rely upon or refer to in responding to Walgreens' interrogatories in this Action.

**Response:** At this time, no Interrogatories have been served by Defendant. Accordingly, Plaintiffs reserve all rights and objections relating to this request.

**30.** All documents provided to or considered by any expert witness you engage during the course of this Action.

**Response:** Plaintiffs' expert witness disclosures shall be made in accordance with the Scheduling Order entered by the Court on August 17, 2021, or any subsequent order that the Court may enter.

Respectfully submitted,

FRANCIS M. HAMILTON III
Acting United States Attorney

By: /s/ Robert C. McConkey, III (*by ABC w/ perm*)
Robert C. McConkey, III, BPR #018118
Joseph C. Rodriguez, Ohio Bar No. 0072958
Assistant United States Attorneys
800 Market St., Suite 211
Knoxville, TN 37902
(865) 545-4167
robert.mcconkey@usdoj.gov
joe.rodriguez@usdoj.gov

*Counsel for the United States of America*

HERBERT H. SLATERY III (BPR 009077)
Attorney General and Reporter

/s/ Andrew B. Campbell
W. ANTHONY HULLENDER (BPR 019436)
Deputy Attorney General
Medicaid Fraud and Integrity Division
P.O. Box 20207
Nashville, TN 37202-0207

16

(615) 532-2536
Tony.Hullender@ag.tn.gov

ANDREW B. CAMPBELL (BPR 014258)
Senior Assistant Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 532-0356
Andrew.Campbell@ag.tn.gov

NATE CASEY (BPR 031060)
Assistant Attorney General
Medicaid Fraud and Integrity Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-2935
Nate.Casey@ag.tn.gov

MARGARET M. SILLER (BPR 039058)
(admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-1341
Maggie.Siller@ag.tn.gov

*Counsel for the State of Tennessee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2021, a copy of the foregoing was served via email to the following:

Reed Brodsky (rbrodsky@gibsondunn.com)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

Michael R. Dziuban (mdziuban@gibsondunn.com)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036

Clint J. Woodfin (cwoodfin@spicerfirm.com)
SPICER RUDSTROM, PLLC
800 S. Gay Street, Suite 1400
Knoxville, TN 37929

/s/ Andrew B. Campbell
Andrew B. Campbell