# EXHIBIT L

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF TENNESSEE, <br><br>      *Plaintiffs*, <br><br>   v. <br><br> WALGREEN CO., <br><br>      *Defendant*. | Case No. 2:21-CV-00080-JRG-CRW |

## STATE OF TENNESSEE'S RESPONSES TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES

Plaintiff State of Tennessee ("Tennessee" or "the State") hereby tenders these Responses to Defendant Walgreen Co.'s ("Walgreens" or "Defendant") First Set of Interrogatories.

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

The State's responses and objections are based upon information now known. The State continues to investigate the facts pertaining to this action. Accordingly, the following responses are given without prejudice to their right to produce subsequently discovered material, and the State reserves the right to supplement these responses pursuant to Rule 26(e), Fed. R. Civ. P.

In providing responses to these Interrogatories, the State does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

     (a)    all objections as to competency, relevancy, materiality, and admissibility of evidence for any purpose in any subsequent proceeding or the trial of this action, of any of the answers or the subject matter thereof;

(b) the right to object to the use of any of the responses herein in any subsequent proceedings, including the trial of this or any other action, on any ground;

(c) all objections as to vagueness and ambiguity;

(d) the right to object on any ground at any time to a demand for further response to these or other discovery requests or any other discovery procedures involving or relating to the subject matter of the discovery request responded to herein;

(e) the right at any time to revise, correct, supplement, or clarify any of the responses propounded herein;

(f) the right to make additional objections as may be deemed appropriate upon further review of information or documents.

The State has used reasonable diligence to locate information based on an inquiry of those persons who reasonably may be expected to possess responsive information. Reference to relevant, non-privileged documents in response to a particular Interrogatory should not be construed to mean that documents containing information responsive to the discovery request exists, but only that responsive information is likely to be contained in those documents to the extent they are found to exist.

Each Interrogatory response is subject to the General Objections set forth herein.

1. The State objects to the Interrogatories to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

2. The State objects to the Interrogatories to the extent they seek to elicit information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other rule of privilege, protection, or confidentiality.

2

3.    The State objects to the Interrogatories to the extent they seek disclosure of opinions, mental impressions, legal theories, or strategies of the State or its counsel, or other representatives.

4.    The State objects to the Interrogatories to the extent they call for information within Defendant's knowledge or to which Defendant has equal access, or the identification or production of documents which Defendant already has in her possession or control, on the grounds that they are unduly burdensome, oppressive, harassing, vexatious, not proportional to the needs of the case, and go beyond any legitimate need of Defendant for discovery.

5.    The State objects to the Interrogatories to the extent they seek to impose a burden not contemplated by the Federal Rules of Civil Procedure or to alter or expand the State's obligations thereunder.

6.    The State objects to the Interrogatories to the extent they seek information that is not within the State's possession, care, custody, or control, on the grounds that they are overly broad, unduly burdensome, oppressive, harassing, vexatious, not proportional to the needs of the case, and seek discovery beyond that which is permitted by the Federal Rules of Civil Procedure.

7.    The State objects to the Interrogatories to the extent they contain terms or phrases that are undefined and are, therefore, vague, ambiguous, and capable of various interpretations.

8.    The State objects to the Interrogatories to the extent they seek to elicit discovery of information prepared in anticipation of litigation or for trial by the State.

9.    The State objects to the Interrogatories to the extent they seek disclosure of information that constitutes trade secrets, proprietary information, or other confidential materials of the State, TennCare, or any other agent of the State.

10.     The State objects to each Interrogatory to the extent that it seeks an answer regarding "each," "all," "every," or "any" person(s), document(s), communication(s) or fact(s), as overly broad, unduly burdensome, not proportional to the needs of the case, and otherwise seeking discovery beyond that which is permitted by the Federal Rules of Civil Procedure.

11.     The State objects to the Interrogatories as premature to the extent that Defendant has not provided the State with all information and documents relating to the claims at issue, and discovery of facts relating to the claims at issue is ongoing.

12. The United States of America has asserted the investigative files and law enforcement privileges, and the attorney work-product privilege, with regard to the investigative files of the Tennessee Bureau of Investigation and the contents thereof. *See In re Green Grand Jury Proceedings*, 492 F.3d 976 (8th Cir. 2007); *In re Dep't of Investigation*, 856 F.2d 481 (2d Cir. 2007). Accordingly, in furtherance of the common interest agreement between the United States of America and the State of Tennessee, *see, e.g., Boyd v. ComData Network, Inc.*, 88 S.W.3d 203 (Tenn. Ct. App. 2002), the State shall not disclose the substance or content of these files.

### SPECIFIC OBJECTIONS TO DEFINITIONS

1.     The State objects to the definition of "Plaintiffs" as including "any agency, bureau, department, component, program, office, or authority within the government of either of them, and includ[ing] counsel for any such agency, bureau, department, component, program, office, or authority within the government of either Plaintiff." This definition is overly and unreasonably broad, such that it includes any and all federal or state agencies, including the numerous governmental agencies not relevant to the claims or defenses in this matter. The State contends that the only state departments and agencies relevant to this case are those whose area of responsibility include administration of the TennCare/Medicaid pharmacy benefit or investigation and litigation of civil False Claims Act cases. Consequently, the State construes the definition of "Plaintiffs" (insofar as it pertains to Tennessee) to

4

mean only the Office of the Attorney General for the State of Tennessee; the Tennessee Bureau of Investigation, Medicaid Fraud Control Unit; and the Tennessee Department of Finance and Administration.

2.      The State objects to the definition of "Four DAAs" as being "one *or more* of the following direct-acting antiviral medications to treat Hepatitis C: Harvoni®, Sovaldi®, Daklinza®, and Viekira Pak® . . . include[ing] any of these drugs regardless of dosage or method of administration, and regardless of how the document in question refers to them, whether that be by brand name, active ingredient name, national drug code ('NDC'), drug class, or otherwise." The definition is overly and unreasonably broad, as well as self-contradictory. Consequently, the State construes the definition of "Four DAAs" to mean only Harvoni®, Sovaldi®, Daklinza®, and Viekira Pak®, singularly or jointly and regardless of dosage or method of administration.

3.      The State objects to the definition of "Magellan" as including "any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing." The definition presumes comprehensive knowledge on the part of the State of the corporate structure of Magellan Medicaid Administration, Inc., which the State specifically disclaims.

4.      The State objects to the definition of "OptumRx" as including "any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing." The definition presumes comprehensive knowledge on the part of the State of the corporate structure of OptumRx, Inc., which the State specifically disclaims.

5.      The State objects to the definition of "You" as including Magellan and OptumRx. By contract, Magellan Medicaid Administration, Inc., and OptumRx, Inc., are deemed independent contractors to the State of Tennessee, and any agency relationship is specifically disclaimed by the

5

terms of their respective contracts (which were submitted to CMS for review and approval). The State further objects to the inclusion of OptumRx in the definition of "You," as the facts at issue all pertain to the period of time at which Magellan functioned as the Pharmacy Benefits Manager of TennCare, and prior to the commencement of OptumRx as the PBM for TennCare on January 1, 2020. Notwithstanding this objection as it relates to Magellan and OptumRx, the State will continue to request information from such entities and will recite accurately and faithfully the information the State receives from those entities in the applicable responses below. The State further objects to the definition of "You" to the extent that it seeks to include governmental agencies not relevant to the claims or defenses in this matter. Tennessee contends that the only state departments and agencies relevant to this case are those whose area of responsibility include administration of the TennCare/Medicaid pharmacy benefit or investigation and litigation of civil False Claims Act cases. Consequently, the State construes the definition of "You" to mean only the Office of the Attorney General for the State of Tennessee; the Tennessee Bureau of Investigation, Medicaid Fraud Control Unit; and the Tennessee Department of Finance and Administration.

## RESPONSES

Subject to and without waiver or limitation of the foregoing Preliminary Statement and Objections, the State answers Defendant's Interrogatories as follows:

## INTERROGATORIES

**Interrogatory No. 1:** Identify all persons who have knowledge of the facts alleged in the Complaint and, for each such person, identify the particular paragraph(s) of the Complaint and the fact(s) therein that the person has knowledge of.

**Response:** OBJECTION. The Interrogatory as phrased, seeking the identity of "all" persons with "knowledge" of the facts alleged in the Complaint is vague, overly broad and

6

incapable of comprehensive response. The State also objects to this Interrogatory to the extent that it seeks the contents of witness interviews, that are protected from disclosure by privilege or doctrine, including the attorney-client privilege, the investigative files or law enforcement privilege, the work product doctrine, the joint prosecution/common interest doctrine, and the protections afforded by Federal Rule of Civil Procedure 26(b). Without waiving these Objections, the State refers Defendant to the State's Rule 26(a)(1) disclosure tendered on August 24, 2021. By way of further response, the State identifies the following:

- TennCare Reimbursement Requirements, Complaint paras. 24-30

    o TennCare representatives: Renee Williams-Clark, Raymond McIntire, Floyd Price, Annette Dreifke, Andrei Dumitrescu, and David Weeks.

- TennCare Coverage for Hepatitis C Medications, Complaint paras. 31-38

    o TennCare Pharmacy Advisory Committee (2014-2016): Shana Bush, Edward Capparelli, David Collier, Vaughn Frigon, J. Rusty Hailey, Sara Hughes, James Johns, Raymond McIntire, Carol Minor, Joel Phares, Christopher Schwerdt, Eleanor Twigg, Alan Corley, Ernest Jones, Sherry Page, Rodney Poling, Karen Rhea, Renee Williams-Clark, and Victor Wu.

- Amber Reilly's employment with Walgreens, duties, salary, and evaluations, Complaint paras. 39-40, 78-79.

    o Amber Reilly; and

    o employees of Defendant (including Keith Ford), who are in a better position to know the detailed personal, contact, and employment status of Ms. Reilly.

- Amber Reilly's sales visits/details to local providers, Complaint paras. 41-43.

    o Amber Reilly, Keith Ford, Bradley Woolridge, and the physicians (or their staff) whose names appear on the prior authorization forms and supporting medical documents for the 65 TennCare enrollees at issue.

- Amber Reilly's falsification of prior authorization forms and records, Complaint paras. 44-74.

    o Amber Reilly, Brianna Brock Blankenbeckler, David Quillen, all of whom Defendant is in a better position to know the detailed personal, contact, and employment status of as current/former employees of Defendant;

    o medical providers (or their staff) whose names appear on the prior authorization forms and supporting medical documents for the 65 TennCare enrollees at issue;

7

- o Robert "Judd" Jones—a Magellan "provider educator" (*see* § A.6.3. of the Magellan contract)—who may have knowledge of some facts relating to Amber Reilly's falsification of documents; and

- o individuals identified in response to Interrogatory #2, *infra*.

- Walgreen's improved financial performance, Complaint paras. 75-77.

  - o This is information within Defendant's knowledge or which Defendant has equal access to.

- Walgreen's notice of the Conduct, Complaint paras. 81-85.

  - o David Quillen, Walgreens' Investigator;

  - o Other Walgreens personnel (some of whom may be identified in its Rule 26 disclosure) who were aware of subpoenas served upon Walgreens and of Amber Reilly's guilty plea;

  - o William West, Esq. Samuel T. Bowman, Esq., Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 211 Commerce Street, Nashville, TN 37201;

  - o Mary McCullohs, Senior Counsel, Office of the Tennessee Attorney General; and

  - o Robert C. McConkey, III, Office of US Attorney (Eastern District), Assistant U.S. Attorney.


**Interrogatory No. 2**: Identify all persons with knowledge of the Reilly Case, including but not limited to knowledge of documents and/or other information gathered from any source in the course of the investigation, prosecution, and/or resolution of that case.

**Response:** OBJECTION. The Interrogatory as phrased, seeking the identity of "all" persons with "knowledge" of the Reilly Case is vague, overly broad, unduly burdensome, disproportionate to the needs of the case, and incapable of comprehensive response. The State also objects to this Interrogatory to the extent that it seeks the contents of witness interviews, that are protected from disclosure by privilege or doctrine, including the attorney-client privilege, the investigative files or law enforcement privilege, the work product doctrine, the joint prosecution/common interest doctrine, and the protections afforded by Federal Rule of Civil Procedure 26(b). Subject to these Objections, the State identifies the following:

**Kristine Moore,** United States Department of Health and Human Services Office of Inspector General

8

**Carl Richard Walker,** Assistant Special Agent in Charge, Tennessee Bureau of Investigation

**Scotty Ferguson,** Assistant Special Agent in Charge, Tennessee Bureau of Investigation

**Stephanie Y. Richey,** Investigator (current), Office of the Tennessee Attorney General

**Elizabeth Lehner,** former Fraud Investigator, TennCare Office of Program Integrity

**Christine Thompson,** CPC, CFE, CPIP Program Integrity Investigator, Bureau of TennCare

**Max Garner, CFE,** former Investigations Manager, Office of Program Integrity, Bureau of TennCare

**Tina Hawkins, PharmD,** Sr. Director of Clinical Account Services, Magellan Health

**Justin Johnson,** Clinical Project Manager, Magellan Health

**Amy Webb,** Account Operations - Contract Manager, Magellan Rx Management

**Patty Hoofnagle, MSc, AHFI,** VP, SIU Investigations, Special Investigations Unit, Magellan Health, Inc.

**Timothy C. Harker,** Assistant United States Attorney, United States Attorney's Office, Eastern District of Tennessee

**Robert C. McConkey, III,** Assistant United States Attorney, United States Attorney's Office, Eastern District of Tennessee

**Jennie Carter,** Health Care Data Analyst (former as of 1/21), Office of Tennessee Attorney General

**Mary McCullohs,** Senior Counsel (current), Office of the Tennessee Attorney General

**Jessica Myers,** Assistant Attorney General (former as of 4/18), Office of the Tennessee Attorney General

**Kelly Horejs,** Assistant Attorney General (former as of 8/19), Office of the Tennessee Attorney General

**David Quillen,** Walgreens' Investigator, and other Walgreens personnel (some of whom may be identified in its Rule 26 disclosure) who were aware of the Reilly Case and of Amber Reilly's guilty plea.

9

**Interrogatory No. 3:** Identify all persons who assisted in the preparation of any of the answers to these Interrogatories, and for each such person, identify the particular Interrogatory answer(s) or portion(s) thereof with which the person assisted.

**Response:** OBJECTION. The Interrogatory seeks information protected by the work-product doctrine and is not discoverable. *See Bose v. Rhodes College*, No. 16-cv-02308, 2017 WL 4479258 (W.D. Tenn. Oct. 6, 2017).

**Interrogatory No. 4:** Identify all persons currently or formerly affiliated with TennCare who reviewed prior authorization documents and/or claims for payment for any of the four DAAs for the patients at issue in this Action, regardless of whether such review occurred at the time the documents and/or claims were submitted, or at any time thereafter.

**Response:** OBJECTION. The Interrogatory as phrased, seeking the identity of "all" persons "affiliated" with TennCare who reviewed prior authorization documents and/or claims after the relevant claims for the four DAAs were authorized and paid for, it is vague, overly broad, unduly burdensome, disproportionate to the needs of the case, and incapable of comprehensive response. In addition, to the extent that the Interrogatory seeks disclosure of individuals who have reviewed prior authorization documents and/or claims in furtherance of this civil action, it seeks information protected by the work-product privilege and is not discoverable. Without waiving these Objections, TennCare personnel did not review prior authorization documents and/or claims for payment for any of the four DAAs for the patients at issue in this action at the time the documents and/or claims were submitted. Defendant is further referred to the response to Interrogatory #6, *infra*.

**Interrogatory No. 5:** Identify all persons currently or formerly affiliated with the State of Tennessee who reviewed prior authorization documents and/or claims for payment for any of the four DAAs for the patients at issue in this Action, regardless of whether such review occurred at the time the documents and/or claims were submitted, or at any time thereafter.

**Response:** OBJECTION. The Interrogatory as phrased, seeking the identity of "all" persons "affiliated" with the State who reviewed prior authorization documents and/or claims after the relevant claims for the four DAAs were authorized and paid for, it is vague, overly broad, unduly burdensome, disproportionate to the needs of the case, and incapable of comprehensive response. In addition, to the extent that the Interrogatory seeks disclosure of individuals who have reviewed prior authorization documents and/or claims in furtherance of this civil action, it seeks

10

information protected by the work-product privilege and is not discoverable. Without waiving these Objections, the State of Tennessee did not review prior authorization documents or claims for payment for any of the four DAAs for the patients at issue in this action at the time the documents and/or claims were submitted. Defendant is further referred to the response to Interrogatory #6, *infra*.

**Interrogatory No. 6:** Identify all persons currently or formerly affiliated with Magellan who reviewed prior authorization documents and/or claims for payment for any of the four DAAs for the patients at issue in this Action, regardless of whether such review occurred at the time the documents and/or claims were submitted, or at any time thereafter.

**Response:** OBJECTION. The Interrogatory as phrased, seeking the identity of "all" persons "affiliated" with Magellan who reviewed prior authorization documents and/or claims after the relevant claims for the four DAAs were authorized and paid for, it is vague, overly broad, unduly burdensome, disproportionate to the needs of the case, and incapable of comprehensive response. Without waiving this Objection, the State identifies the following persons, as made known to it by Magellan, who only may be contacted through Magellan counsel:

| | |
|---|---|
| kjbell- Bell, Kiara | msdesai- Desai, Mona |
| Cequintana- Quintana, Christine | Dlinzie- Linzie, Danielle |
| aavaughan- Vaughan, Ashley | zmboyd- Boyd, Zhaquaia |
| vamireles- Mireles, Victoria | jlau - Lau, Jeanette |
| cvjacobs- Jacobs, Chrishanda | mlarnold- Arnold, Matessa |
| rrfingles- Fingles, Rand | rsmahoney- Mahoney, Robert |
| hmwood - Wood, Harrell | mbduley - Duley, Michael |
| rjholder – Holder, Robert J. | jbaiter- Baiter, Jeff |
| hrim- Rim, Heidy | mswright- Wright, Matt |
| tljohnson2 – Johnson, Tiffany L. | screed- Reed, Stephanie |
| ljambawai- Jambawai, Lucia | awu1- Wu, Angela |
| tsbrabham- Brabham, Tanya | mcopeland1- Copeland, Mikal |
| jlbueno – Bueno, Julie L. | ssaslam- Aslam, Syeda |
| rajohnson3 – Johnson, Rachel | alarson- Larson, Amy |
| eaedwards- Edwards, Elaine | ccausevic - Bergmann, Chelsea |
| ljfichtinger - Fichtinger, Linda-Marika J. | mstreicher- Matthew Streicher |
| jsalinas- Juan Salinas | rclawrence- Lawrence, Ramona |
| vvvasilev - Vasilev, Veselin | mcromartie - Cromartie, Matiya |
| sfienup- Fienup, Spencer | amcollins- Collins, Audrey |
| ashaw- Shaw, Amy | dmbarnett- Barnett, DeMarco Sr |
| ttterrell- Terrell, Torsha | cacrossland- Crossland, Candice |
| onokaro- Okaro, Obinna | lfoster - Foster, Lataya |
| drhawkins- Hawkins, Delos R. | bkiel- Kiel, Brittany |
| cecampbell- Campbell, Camellia | maaron- Aaron, Monica |

11

mkschmitt- Schmitt, Mary
sswhite- White, Sherona
lrslaughter - Slaughter, Leslie R.
slgray- Gray, Sandra
sbragg - Van Orden, Sarah
dpham- Pham, David
rawarsaw- Warsaw, Rebecca

Zmnapper - Zhaquaia Napper
Txtaylor - Tiana Gunther
mbroadbent- Mindy Broadbent
rpalmer1 - Rachelle Palmer
jxrowland - Jessica Rowland
lgordon - LaTarsha Gordon

The State does not possess contact information for these individuals.

**Interrogatory No. 7:** Identify, within the meaning of the above definition, the 61 "[c]urrent or former employees who were involved with the prior authorization process for the 65 patients at issue in this case" and who appear in Exhibit 1 to your Initial Disclosures dated August 24, 2021.

**Response:** Defendant is referred to the response to Interrogatory #6, *supra*.

**Interrogatory No. 8:** Describe any and all training, instruction, or guidance given to any individual identified pursuant to Interrogatory 4, 5, 6, or 7 above, in the period from January 1, 2010 to the present, concerning the review of prior authorization requests and/or claims for payment for any Hepatitis C Medication.

**Response:** OBJECTION. The Interrogatory as phrased, seeking "all training, instruction, or guidance" "for any Hepatitis C Medication" is not limited to the Four DAAs at issue in this case and covers a timeframe far beyond the relevant period, and is therefore irrelevant, vague, overly broad, unduly burdensome, and disproportionate to the needs of the case. Subject to this Objection, TennCare provided its PBM—Magellan—with its Clinical Criteria for prior authorization and approval of certain medications, including Hepatitis C Medications. New hire Magellan Pharmacists and Pharmacy Technicians received two weeks of training by Magellan that includes new hire HR training, system training and clinical training on the Clinical Criteria. Over the following two weeks the pharmacist and technicians were shadowed by a lead Pharmacist or veteran Pharmacy Technician who checked their work for accuracy. Criteria changes were communicated and explained by Magellan managers.

12

**Interrogatory No. 9:** Describe the process(es) by which Magellan and OptumRx reviewed prior authorization submissions for Hepatitis C Medications in the period from January 1, 2010, to the present.

**Response:** OBJECTION. The Interrogatory as phrased, is not limited to the Four DAAs at issue in this case, covers a timeframe far beyond the relevant period, and seeks information related to OptumRx's prior authorization review process, which did not come into effect until 2019 when OptumRx became TennCare's PBM. For these reasons, the Interrogatory is irrelevant, vague, overly broad, unduly burdensome, and disproportionate to the needs of the case. Subject to these Objections, the Pharmacy Technician for Magellan received prior authorization submissions and escalated the prior authorization request to a clinical pharmacist. The clinical pharmacist made the determination by applying TennCare's Clinical Criteria to the information provided.

**Interrogatory No. 10:** Describe the process(es) by which Magellan sought from TennCare, and TennCare provided to Magellan, reimbursement for claims for Hepatitis C Medications.

**Response:** Magellan did not seek reimbursement from TennCare. Pharmacies submitted claims to Magellan. Each week, Magellan sent the claims data to each of the three MCOs (Amerigroup, BCBST or United Healthcare) depending on the source of the claims, broken down by region (East, Middle, West). The MCOs prepared an invoice for each region and submitted to TennCare on Mondays. Payment for paid, adjudicated claims were reimbursed to the pharmacy based on TennCare's pricing algorithm. TennCare paid the MCOs on Wednesdays. The MCOs wired funds to Magellan on Thursdays. Magellan remitted payments to providers (pharmacies) on Fridays. The cost of the drugs did not flow through Magellan's financials. Magellan provided services under the contract for a predetermined monthly administrative fee.

**Interrogatory No. 11:** Identify all committees, working groups, and similar bodies within or affiliated with TennCare, in the period from January 1, 2010 to the present, with any responsibilities relating to development, review, and/or revision of any prior authorization criteria for any Hepatitis C Medication. For each such committee, working group, or similar body that you identify, identify all of its members in the period from January 1, 2010 to the present.

**Response:** OBJECTION. The Interrogatory as phrased, seeking the identity of "all committees, working groups, and similar bodies" is vague, and it covers a timeframe far beyond

13

the relevant period. For these reasons the Interrogatory is irrelevant, vague, overly broad, unduly burdensome, and disproportionate to the needs of the case. Subject to these Objections, the State identifies the TennCare Pharmacy Advisory Committee (2014-2016). These individuals may only be contacted through Attorney General counsel:

| | |
|---|---|
| Shana Bush | Christopher Schwerdt |
| Edward Capparelli | Eleanor Twigg |
| David Collier | Alan Corley |
| Vaughn Frigon | Ernest Jones |
| J. Rusty Hailey | Sherry Page |
| Sara Hughes | Rodney Poling |
| James Johns | Karen Rhea |
| Raymond McIntire | Renee Williams-Clark |
| Carol Minor | Victor Wu |
| Joel Phares | |

Recommendations of the PAC are reviewed, accepted and/or rejected by TennCare's pharmacy unit leadership.

**Interrogatory No. 12:** To the extent not identified in response to Interrogatory 11, identify all persons with knowledge of the development, implementation, review, and/or revision, at any point in the period from January 1, 2010 to the present, of any prior authorization criteria for any Hepatitis C Medication.

**Response:** OBJECTION. The Interrogatory as phrased, seeking the identity of "all persons with knowledge" is so broad and vague, it is not limited to the Four DAAs at issue in this case, and covers a timeframe far beyond the relevant period. For these reasons, this Interrogatory is irrelevant, vague, overly broad, unduly burdensome, disproportionate to the needs of the case, and incapable of comprehensive response. Subject to these Objections, the State identifies the following:

- o Magellan's Clinical Pharmacists Leslie Pittman and Tracey Lovett. These individuals may only be contacted through Magellan counsel.

**Interrogatory No. 13:** For the period January 1, 2010 to the present, describe any reviews (including the outcomes and conclusions thereof) you performed of whether TennCare's prior authorization requirements for the Four DAAs, the Other DAAs, and/or any Non-DAAs complied with federal law governing restrictions on access to covered medications, including but not limited to Section 1927 of the Social Security Act, 42 U.S.C. § 1396r-8.

14

**Response:** OBJECTION. The Interrogatory seeks irrelevant information. As explained in response to Defendant's Motion to Dismiss, TennCare operates as a special demonstration project authorized by the Secretary of the United States Department of Health and Human Services under the waiver authority conferred by 42 U.S.C. § 1315. As such, the TennCare Waiver explicitly exempts TennCare from the formulary requirements of Section 1927(d)(4) of the Social Security Act. TennCare operates within the authority granted to it by the terms of the CMS Waiver. By way of further response, TennCare continually reviews its prior authorization requirements to comply with its waiver and federal law. Such review is documented in the Pharmacy Advisory Committee agendas and minutes, and in actions taken by TennCare—which already have been produced to Walgreens. Defendant is referred to TN-TEMP018509 through 019404, and TN-TEMP019646 through 019940. *See also* TennCare Rules, Chapter 1200-13-16.

**Interrogatory No. 14:** Identify all changes made to TennCare's prior authorization criteria for any Hepatitis C Medication in the period January 1, 2010 to the present, and describe the reasons for those changes.

**Response:** OBJECTION. The Interrogatory is not limited to the Four DAAs at issue in this case and covers a timeframe far beyond the relevant period. For these reasons this Interrogatory is vague, overly broad, unduly burdensome, and disproportionate to the needs of the case. Subject to this Objection, for the Four DAAs at issue, the diagnostic criteria were expanded to include the non-invasive estimates of fibrosis progression sometime in 2014. Acceptable non-invasive alternatives to liver biopsy included the AST to Platelet Ratio Index (APRI) and Fibrosis-4 (FIB-4). Prior authorization criteria of liver fibrosis/scarring decreased from "F3" to "F2" sometime in September or October of 2016. The State believes that the previously produced TennCare provider notice [TN-TEMP024956], dated August 31, 2016, and effective on October 1, 2016, reflects this change in the prior authorization criteria. *See also* TN-TEMP024572 through 024767.

For the relevant period, from 2014 through 2016, and continuing until at least 2018, the State's prior authorization requirements for the Four DAAs regarding substance or alcohol abuse remained unchanged: i.e., if a patient has a prior history of substance or alcohol abuse, then confirmation the patient has completed or is participating in a recovery program, or receiving substance or alcohol abuse counseling services, or seeing an addiction specialist as a part of HCV treatment, and has been free of substance and alcohol abuse for previous 6 months.

**Interrogatory No. 15:** Identify any actions taken by TennCare related to CMS's Medicaid Drug Rebate Program Notice Release No. 172.

**Response:** OBJECTION. The Interrogatory seeks irrelevant information. As explained in response to Defendant's Motion to Dismiss, TennCare operates as a special demonstration project authorized by the Secretary of the United States Department of Health and Human Services under

the waiver authority conferred by 42 U.S.C. § 1315. As such, the TennCare Waiver explicitly exempts TennCare from the formulary requirements of Section 1927(d)(4) of the Social Security Act—i.e., the statutory provision specifically cited in Release No. 172. Accordingly, Release 172 does not apply to TennCare.

**Interrogatory No. 16:** For any review, change, or action identified in Interrogatories 13, 14, and 15, identify any third parties—including but not limited to consultants, experts, accountants, and attorneys—who participated in, advised on, or otherwise have knowledge of the review, change, or action in question.

**Response:** With regard to the change in the prior authorization criteria of liver fibrosis/scarring decreased from "F3" to "F2," as described in Interrogatory #14, Dr. Cody Chastain—an Assistant Professor of Medicine at Vanderbilt University Medical Center—may have been asked to speak on the topic of HCV treatment during a quarterly PAC meeting. At this time, no documentation regarding an appearance by Dr. Chastain has been located.

**Interrogatory No. 17:** Identify all persons from whom you sought or obtained documents, communications, and/or other information in the course of any investigation or prosecution related to the subject matter of this Action and that preceded this Action, including but not limited to the Reilly Case.

**Response:** OBJECTION. Without waiving this Objection, the State avers that the documents and information referenced in this Interrogatory were obtained during the course of a joint federal/state investigation, conducted by the Tennessee Bureau of Investigation, the United States Department of Health and Human Services Office of Inspector General, the United States Attorney's Office for the Eastern District of Tennessee, and the Tennessee Attorney General's Office. This joint investigation obtained information from multiple sources, including (a) physicians (or their staff) whose names appear on the prior authorization forms and supporting medical documents for the 65 TennCare enrollees at issue, (b) Walgreens personnel, (c) Magellan personnel, (d) Amber Reilly, and (e) Brianna Brock Blankenbeckler. The parties associated with the investigation include:

**Kristine Moore,** Special Agent, United States Department of Health and Human Services Office of Inspector General, 404 James Robertson Pkwy, Ste. 1504, Nashville, TN 37219, (615) 736-5209, Kristine.Moore@oig.hhs.gov

16

**Carl Richard Walker** and **Scotty Ferguson**, Tennessee Bureau of Investigation, 901 R.S. Gass Blvd, Nashville, TN 37216, (423) 762-2624 (Walker), (423) 854-5135 (Ferguson), richy.walker@tn.gov; scotty.ferguson@tn.gov

**Stephanie Y. Richey,** Investigator (current), Office of the Tennessee Attorney General, Post Office Box 20207, Nashville, TN 37202, (615) 532-3382, (615) 708-5191, Stephanie.richey@ag.tn.gov

**Elizabeth Lehner,** former Fraud Investigator, TennCare Office of Program Integrity, 310 Great Circle Rd, Nashville, TN 37243, (740) 272-7012 (cell)

**Christine Thompson,** CPC, CFE, CPIP Program Integrity Investigator, Bureau of TennCare 310 Great Circle Rd., Nashville, TN 37243, p. 615-507-6381, Christine.L.Thompson@tn.gov

**Max Garner, CFE,** Investigations Manager (former as of 4/19), Office of Program Integrity, Bureau of TennCare, 310 Great Circle Road, Nashville, TN 37243, 615-720-6707 (cell), max.garner.nashville@gmail.com

**Tina Hawkins, PharmD,** Sr. Director of Clinical Account Services, Magellan Health 11013 W. Broad Street, Suite 500, Glen Allen, VA 23060, Office: 804-548-0724, Cell: 502-216-6882, KMHawkins@magellanhealth.com

**Timothy C. Harker,** Assistant United States Attorney, United States Attorney's Office, Eastern District of Tennessee, (865) 545-4167, Timothy.Harker@usdoj.gov

**Patty Hoofnagle, MSc, AHFI,** VP, SIU Investigations, Special Investigations Unit, Magellan Health, Inc., (410) 953-4865, pahoofnagle@magellanhealth.com

**Robert C. McConkey, III,** Assistant United States Attorney, United States Attorney's Office, Eastern District of Tennessee, 800 Market Street, Suite 211, Knoxville, TN 37902, (865) 545-4167, Robert.McConkey@usdoj.gov

**Jennie Carter,** Health Care Data Analyst (former as of 1/21), Office of Tennessee Attorney General, P.O. Box 20207, Nashville, Tennessee 37202, (615) 438-0448, jkfrazier09@gmail.com

**Interrogatory No. 18:** Identify the date(s) on which you implemented a Document Hold related to this Action, and describe the scope of that Document Hold, including but not limited to

17

the subject matters, custodians, covered document repositories, covered electronically stored information, specific email accounts and addresses, covered time periods, how the Document Hold was communicated to relevant custodians, and how the Document Hold was implemented.

**Response:** OBJECTION. This Interrogatory seeks information that is protected by the attorney-client and work product privileges. Responsive materials being withheld on the basis of this objection will be claimed in accord with Federal Rule of Civil Procedure 26(b)(5)(A). Without waiving this Objection, State records are retained and destroyed based on their Records Disposition Authorization (RDA) categories. The following RDAs are relevant to this Interrogatory and are summarized here:

- RDA #SW41, Fraud Investigations: this series documents the investigations that are undertaken based on complaints or referrals received involving but not limited to alleged non-profit fraud, license fraud, medical fraud and the abuse of state funded benefits. Records include, but are not limited to, research investigation notes, correspondence, files relative to investigation and any pertinent law enforcement data. Confidential investigations shall be kept under agency specific RDA. 10-year retention period. Managed Care Operations Division/Provider Integrity Unit. Records Owner-Keith Gaither/Records Contact-Floyd Price.

- RDA #11194, Pharmacy rebate and other pricing records: these records consist of claims information, financial records, payments and correspondence involving the federal and state supplemental drug rebate program for Medicaid such as copies of quarterly invoices and documentation, as well as any other records related to drug pricing issues or analysis. 10-year retention period. Medical Division/Pharmacy Unit. Records Owner-Victor Wu/Records Contact-Renee Williams.

- RDA #656, Medical Claims Records: this RDA covers records used in processing claims for payment by Health Care Finance & Administration such as records generated from manage care entities containing information on claims they have paid or denied for various medical services provided to our enrollees. These records contain data from current operations as well as archived data that is used in analysis of long-term medical cost trends and patterns. 20-year retention period. Information Systems Division/Technology Unit. Records Owner-Hugh Hale/Records Contact-Max Arnold.

- RDA #2047, TennCare provider applications and related information: includes but not limited to information submitted to the Division of TennCare by providers to be registered for TennCare Health Care Programs. 10-year retention period. Medical Division/Provider Services Unit. Records Owner-Victor Wu/Records Contact-Dennis Elliott.

- RDA #11266, Division of TennCare Contracts and Grants: Documents relating to contracts and grants between state agencies and vendors. Records include the final contract, Grants, Requests for Proposals (RFP) documents, Requests for Information (RFI) documents, bid evaluation documents, statements of work, deliverable documentation, change order

18

documentation, correspondence, monitoring documentation, reports and other related documents. 10-year retention period. Fiscal Division/Contracts Unit. Records Owner-William Aaron/Records Contact-Matt Brimm.

Therefore, State records that are relevant to this litigation are preserved and retained as a matter of course pursuant to State law.

Notwithstanding these RDAs, the following Litigation Holds were issued:

**TENNCARE**

- In response to a request transmitted on December 3, 2020, TennCare implemented its litigation hold on May 12, 2021, for the following custodians: Renee Williams-Clark, Raymond McIntire, Floyd Price, Annette Dreifke, Andrei Dumitrescu, Kristen Wolf, Elizabeth Lehner (separated 9/24/21), and David Weeks. These custodians have been, and are, subject to prior litigation holds (which remain in effect) for other litigation matters. As a consequence, all emails (and attachments thereto) of these custodians are preserved automatically, without regard to topic or subject matter. Also, on May 12-13, 2021, TennCare implemented a litigation hold on Robert Bushong and Cindi Furlough. However, both Mr. Bushong and Ms. Furlough subsequently advised that—after review—they had no documents, emails or data relating to the facts of this case. Accordingly, Mr. Bushong and Ms. Furlough have been released from the litigation hold. On October 29, 2021, additional TennCare personnel have been included in the hold. These individuals are: Aaron Butler, Vaughn Frigon, Stephen M. Smith, Victor Wu, and David Collier—who also are subject to pre-existing litigation holds. All custodians subject to the litigation hold for this action have been instructed of their on-going duty to preserve all documents now in existence or created or received later (which contain electronic documents and e-mails as well as hard-copy documents), which contain information that is relevant to, or that may reasonably lead to the discovery of information relevant to, the subject matter of this litigation. Custodians are instructed that this information includes—for the time period of January 1, 2014 to the present—all (a) communications related to Walgreens, the Kingsport Pharmacy, Amber Reilly, the 65 TennCare enrollees at issue, (b) claims data related to those persons and entities, (c) communications between TennCare and any of those persons or entities, (d) guidance and policies of the State of Tennessee, CMS, HRSA, or TennCare that refer or relate to coverage for Hepatitis C drugs. Custodians also are instructed to preserve data broadly and that, when in doubt, information should be saved. With regard to non-email electronic documents, custodians further are instructed to save such documents only on secured, backed-up network drives, not local hard drives or removable storage mediums. Custodians also are instructed to locate and preserve all hard-copy document files.

  In addition, James "Rusty" Hailey was subject to pre-existing and still active litigation holds at the time of his separation from TennCare.

19

**MAGELLAN**

- In response to a request transmitted on December 3, 2020, Magellan has advised only that it opened its litigation hold on February 15, 2021, and that it utilizes CounselLink. Further inquiry related to this Interrogatory should be directed to Magellan through its counsel.

**OPTUM**

- In response to a request transmitted on October 28, 2021, Optum—on November 3, 2021—objected to the imposition of a broad preservation notice that predates its services as TennCare's PBM. On November 4, 2021, and without waiving its objection, Optum issued a litigation hold for the following categories of records:

  o For the time period February 1, 2019 through the present, all guidance and policies of the State of Tennessee, CMS, HRSA, or TennCare that refer or relate to coverage for Hepatitis C drugs;

  o For the time period February 1, 2019 through the present, records related to Prior Authorization Requests pertaining to TennCare patients, specifically:
    - all notes (whether in hardcopy or electronically stored) pertaining to such Prior Authorization Requests;
    - all documentation accompanying such Prior Authorization Requests;
    - all emails and faxes associated with such Prior Authorization Requests;
    - all checklists used by OptumRx pharmacists to evaluate Prior Authorization Requests against coverage criteria.

  o For the time period January 1, 2014 through the present, records relating to investigations, audits, evaluations, or inspections of:
    - Walgreens;
    - the Kingsport Pharmacy; and
    - Amber Reilly.

  Further inquiry related to this Interrogatory should be directed to Optum through its counsel

**TENNESSEE BUREAU OF INVESTIGATIONS**

- The TBI's case file remains in open status. Accordingly, all documents and information relating to the case file remain preserved pursuant to TBI regulations and record-retention protocols. *See* TBI Policy 8-8-001, ¶¶ D, G, and H.

**Interrogatory No. 19:** Describe any efforts you have undertaken to recoup any of the

losses you claim in the Complaint to have suffered, including but not limited to administrative

recoupment actions and civil or administrative efforts to enforce the restitution judgment issued in the Reilly Case. For any such effort or action described, identify the amount you sought and any amount you obtained.

**Response:** Subject to the General Objections, the State has not taken any actions to enforce the restitution judgment issued against Amber Reilly. The State has produced documentation (TN-TEMP019501) which suggests that, for 4 of the 65 enrollees at issue, Magellan may have approved claims for one of the Four DAAs, which were paid to Walgreen, and that sometime later Magellan may have denied the claims and sought to recover the payments from Walgreen. Magellan, however, has advised that, upon researching those claims, its records show no evidence of recoupment and that there are no adjustments or cash receipts posted to the account associated with Walgreens Kingsport Store (NPI# 1245542737).

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Renee Williams-Clark, hereby verify under penalty of perjury that the responses to Interrogatories 1-5, 8 (as pertaining to TennCare), 10 (as pertaining to TennCare), 11-17, 18 (as pertaining to TennCare), and 19 (as pertaining to TennCare) set forth above are true, accurate, and complete to the best of my knowledge, information and belief, and that the responses to Interrogatories 6, 7, 8 (as pertaining to Magellan), 9, 10 (as pertaining to Magellan), 18 (as pertaining to Magellan), and 19 accurately recite information received by me or my counsel from Magellan management. I further verify under penalty of perjury that the response to Interrogatory 18 (as pertaining to OptumRx and the TBI) accurately recites information received by me or my counsel from OptumRx and the TBI.

_____

Renee Williams-Clark

_____

Date

22

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Renee Williams-Clark, hereby verify under penalty of perjury that the responses to Interrogatories 1-5, 8 (as pertaining to TennCare), 10 (as pertaining to TennCare), 11-17, 18 (as pertaining to TennCare), and 19 (as pertaining to TennCare) set forth above are true, accurate, and complete to the best of my knowledge, information and belief, and that the responses to Interrogatories 6, 7, 8 (as pertaining to Magellan), 9, 10 (as pertaining to Magellan), 18 (as pertaining to Magellan), and 19 accurately recite information received by me or my counsel from Magellan management. I further verify under penalty of perjury that the response to Interrogatory 18 (as pertaining to OptumRx and the TBI) accurately recites information received by me or my counsel from OptumRx and the TBI.



Renee Williams-Clark

_11/17/2021_
Date

Respectfully submitted,

HERBERT H. SLATERY III (BPR 009077)
Attorney General and Reporter

/s/ Andrew B. Campbell
W. ANTHONY HULLENDER (BPR 019436)
Deputy Attorney General
Medicaid Fraud and Integrity Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 532-2536
Tony.Hullender@ag.tn.gov

ANDREW B. CAMPBELL (BPR 014258)
Senior Assistant Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 532-0356
Andrew.Campbell@ag.tn.gov

NATE CASEY (BPR 031060)
Assistant Attorney General
Medicaid Fraud and Integrity Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-2935
Nate.Casey@ag.tn.gov

MARGARET M. SILLER (BPR 039058) (ad-
mitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-1341
Maggie.Siller@ag.tn.gov

*Counsel for the State of Tennessee*

## CERTIFICATE OF SERVICE

I certify that on November 17, 2021, I caused to be served the State's Responses to Defendant's First Set of Interrogatories in the following manner:

By Email and U.S. Mail to:

Reed Brodsky
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
rbrodsky@gibsondunn.com

Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
mdziuban@gibsondunn.com

Clint J. Woodfin
SPICER RUDSTROM, PLLC
800 S. Gay Street, Suite 1400
Knoxville, TN 37929
cwoodfin@spicerfirm.com

/s/ Andrew B. Campbell
Andrew B. Campbell
Senior Assistant Attorney General