# EXHIBIT M

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF TENNESSEE,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>WALGREEN CO.,<br><br>    *Defendant*. | Case No. 2:21-CV-00080-JRG-CRW |

## PLAINTIFFS' RESPONSES TO DEFENDANT'S THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs United States of America and State of Tennessee (collectively, "Plaintiffs" or "the government") hereby tender these Responses to Defendant Walgreen Co.'s ("Walgreens" or "Defendant") Third Requests for Production of Documents.

## GENERAL OBJECTIONS TO ALL DEFINITIONS, INSTRUCTIONS AND REQUESTS

These responses are made solely for the purpose of this action. The responses, including any production of documents, are subject to the terms and conditions of any protective order(s) entered in this action, and certain documents shall be withheld from production pending the entry of an appropriate protective order.

Plaintiffs object to these Requests to the extent they seek to impose upon the government any requirements beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Tennessee, or any order of the Court.

Plaintiffs' investigation of the facts is on-going. Accordingly, the following responses are given without prejudice to their right to produce subsequently discovered material, and Plaintiffs reserve the right to supplement these responses pursuant to Rule 26(e), Fed. R. Civ. P.

By these responses and production of documents, Plaintiffs do not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of any documents, testimony, or information into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, privilege, or admissibility. Further, Plaintiffs make responses and objections herein without in any way implying that they consider the documents requested to be relevant or material to the subject matter of this action. No admission of any nature is to be implied or inferred from these responses.

Plaintiffs reserve the right to assert privilege for any privileged document that is inadvertently produced in response to these requests for production of documents. In the event such documents are inadvertently produced, such production by Plaintiffs of a document containing attorney-client communication, attorney work-product or otherwise privileged information shall not constitute a waiver of privilege and such document or documents shall be returned to Plaintiffs immediately upon request. Included in this reservation are not only documents promulgated by Plaintiffs but also any documents produced by Plaintiffs that may have been promulgated by others.

Pursuant to Federal Rule of Evidence 502, Federal Rule of Civil Procedure 26(b)(5)(B), other related sources of law, and the protective order which the parties intend to seek, Plaintiffs reserve any and all rights to seek the return, sequestration, or destruction of any and all privileged information inadvertently produced in response to the requests.

Plaintiffs object to these Requests to the extent that they seek documents that are in the possession, custody, or control of Defendant, because such documents are at least equally available to Defendant as they are to Plaintiffs. Plaintiffs also object to these Requests to the extent that they seek documents that can be obtained in a more convenient and less burdensome manner from some other source (including, but not limited to, a public source).

When Plaintiffs respond that they will produce documents in response to a Request, they will produce non-privileged documents to the extent that such documents exist and can be identified through a reasonable search of files and other repositories likely to contain responsive material. By stating that they will produce documents, Plaintiffs do not represent that responsive, non-privileged documents in fact exist, or that they are within its possession, custody, or control, but rather state that they will undertake a reasonable search for responsive documents and will produce any responsive, non-privileged documents identified by that search. Further, to the extent that any Request pertains to "communications" within the relevant time frame, production of non-privileged/non-protected documents will require a list of search terms as agreed upon between adversary counsel.

The United States of America asserts the investigative files and law enforcement privileges, and the attorney work-product privilege, with regard to the investigative files of the Tennessee Bureau of Investigation and the contents thereof. *See In re Green Grand Jury Proceedings*, 492 F.3d 976 (8th Cir. 2007); *In re Dep't of Investigation*, 856 F.2d 481 (2d Cir. 2007). Accordingly, Plaintiffs shall not disclose the substance or content of these files.

The specific responses to each Request for Production incorporate each of the General Objections set forth above and the Specific Objections to Definitions and Instructions set forth

3

below.  These Objections are included here to avoid duplication and needless repetition.  These Objections form a part of each specific Response and the failure to reference these Objections in a particular Response does not waive any of the Objections.

## SPECIFIC OBJECTIONS TO DEFINITIONS

Plaintiffs object to the definition of "Plaintiffs" as including "any agency, bureau, department, component, program, office, or authority within the government of either of them, and includ[ing] counsel for any such agency, bureau, department, component, program, office, or authority within the government of either Plaintiff."  This definition is overly and unreasonably broad, such that it includes any and all federal or state agencies, including the numerous governmental agencies not relevant to the claims or defenses in this matter.  Plaintiffs contend that the only departments and agencies relevant to this case are those whose area of responsibility include administration of the TennCare/Medicaid pharmacy benefit or investigation and litigation of civil False Claims Act cases.  Consequently, the Plaintiffs construe the definition of "Plaintiffs" to mean only the United States Attorney's Office for the Eastern District of Tennessee; the Office of the Attorney General for the State of Tennessee; the Tennessee Bureau of Investigation, Medicaid Fraud Control Unit; the Department of Health and Human Services (HHS); and the Tennessee Department of Finance and Administration.

Plaintiffs object to the definition of "Four DAAs" as including "one *or more* of the following direct-acting antiviral medications to treat Hepatitis C: Harvoni®, Sovaldi®, Daklinza®, and Viekira Pak®."  The definition is overly and unreasonably broad, as well as self-contradictory.  Consequently, Plaintiffs construe the definition of "Four DAAs" to mean only Harvoni®, Sovaldi®,

4

Daklinza®, and Viekira Pak®, singularly or jointly and regardless of dosage or method of administration.

Plaintiffs object to the definition of "Magellan" as including "any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing." The definition presumes comprehensive knowledge on the part of Plaintiffs of the corporate structure of Magellan Medicaid Administration, Inc., which Plaintiffs specifically disclaim.

Plaintiffs object to the definition of "OptumRx" as including "any parent, subsidiary, affiliate, predecessor or successor entity of it, any department or business unit of any such entity, and any employee, attorney, agent, advisor, investigator, or representative of any of the foregoing." The definition presumes comprehensive knowledge on the part of Plaintiffs of the corporate structure of OptumRx, Inc., which Plaintiffs specifically disclaim.

Plaintiffs object to the definition of "You" as including Magellan and OptumRx. By contract, Magellan Medicaid Administration, Inc., and OptumRx, Inc., are deemed independent contractors to the State of Tennessee, and any agency relationship is specifically disclaimed by the terms of their respective contracts (which were submitted to CMS for review and approval). Plaintiffs further object to the inclusion of OptumRx in the definition of "You," as the facts at issue all pertain to the period of time at which Magellan functioned as the Pharmacy Benefits Manager of TennCare, and prior to the commencement of OptumRx as the PBM for TennCare on January 1, 2020. Notwithstanding this objection as it relates to Magellan and OptumRx, Plaintiffs will continue to request information from such entities and will recite accurately and faithfully the information received from those entities in the applicable responses below.

**RESPONSES**

**41.** Copies of all Document Holds and Retention Policies referred to in Plaintiff the State of Tennessee's November 17, 2021 Responses to Walgreens' First Set of Interrogatories, including but not limited to the Document Holds implemented by TennCare and Magellan in anticipation of this Action and/or in connection with this Action, any other Document Holds Tennessee claims resulted in the preservation of information relevant to this Action, and TBI Policy 8-8-001.

**Response:** OBJECTION. The Request seeks information that is protected by the attorney-client and work product privileges. In addition, the Request does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert. Without waiving this Objection, Defendant is directed to the State's responses to Interrogatory #18 and #20 as further supplemented by State counsel's letters of January 14, 2022 and February 14, 2022, and the Records Disposition Authorizations tendered therewith. By way of further response, and without waiving this Objection, the State hereby tenders a copy of TBI Policy #8-8-001.

**42.** All documents reflecting or relating to the following Records Disposition Authorizations ("RDAs") identified in Plaintiff the State of Tennessee's November 17, 2021 Responses to Walgreens' First Set of Interrogatories:

- RDA #SW41, Fraud Investigations
- RDA #11194, Pharmacy Rebate and Other Pricing Records
- RDA #656, Medical Claims Records
- RDA #2047, TennCare Provider Applications and Related Information
- RDA #11266, Division of TennCare Contracts and Grants

**Response:** OBJECTION. The Request—which seeks the production of all documents "reflecting or relating to" certain RDAs—is overbroad, ambiguous, and incapable of a comprehensive response. In addition, the Request does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant

6

may assert. Without waiving this Objection, Defendant is directed to State counsel's letters of January 14, 2022 and February 14, 2022, and the Records Disposition Authorizations tendered therewith.

**43.** To the extent not covered by Request No. 42 above, all documents reflecting all Retention Policies developed and/or implemented by each Plaintiff.

**Response:** OBJECTION. The Request—which seeks the production of "all" Retention Policies promulgated by the United States and State of Tennessee—is overbroad, ambiguous, incapable of a comprehensive response, and irrelevant.

**44.** All documents reflecting any other policy, procedure, or practice related to document management, storage, or preservation by or for either Plaintiff.

**Response:** OBJECTION. The Request seeks information that is protected by the attorney-client, work product, and deliberative process privileges. In addition, the Request does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert. Without waiving this Objection, Defendant is directed to State counsel's letters of January 14, 2022 and February 14, 2022, and the Records Disposition Authorizations tendered therewith. Defendant is also directed to United States' counsel letter of February 7, 2022. By way of further response, and without waiving this Objection, the State hereby tenders a copy of TBI Policy #8-8-001.

**45.** All documents and communications in which any of the RDAs identified in Request No. 42 above, any Retention Policy, and/or any Document Hold was identified to or described to any person who may have, or may have had, information relevant to this Action.

**Response:** OBJECTION. The Request seeks information that is protected by the attorney-client and work product privileges. In addition, the Request does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert.

**46.** All documents and communications reflecting or relating to the subject matter of, scope of, data sources covered by, and custodians who received, all Document Holds identified or referred to in Plaintiff the State of Tennessee's response to Interrogatory No. 18 in Walgreens' First Set of Interrogatories, regardless of whether the Document Holds were tied directly to this Action.

**Response:** OBJECTION. The Request seeks information that is protected by the attorney-client and work product privileges. In addition, the Request does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert. Finally, the subject matter and scope of prior litigation holds also is irrelevant, because—as set forth in response to Interrogatory #18—once a litigation hold is implemented "all emails (and attachments thereto) . . . are preserved automatically, without regard to topic or subject matter."

**47.** All documents and communications reflecting or relating to the subject matter of, scope of, data sources covered by, and custodians who received, any Document Holds that Plaintiff the United States implemented in anticipation of this Action and/or in connection with this Action and/or the investigation underlying this Action, and any other Document Holds that are not directly tied to this Action but that Plaintiff the United States believes resulted in the preservation of information relevant to this Action.

**Response:** OBJECTION. The Request seeks information that is protected by the attorney-client and work product privileges. In addition, the Request does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert.

**48.** All documents and communications reflecting or relating to each Plaintiff's procedures for determining whether and when to implement, and for implementing and enforcing, a Document Hold in connection with an investigation involving possible violations of any healthcare fraud, waste, and abuse law, including but not limited to the federal False Claims Act,

8

Case 2:21-cv-00080-JRG-CRW Document 116-14 Filed 05/05/22 Page 9 of 19 PageID #: 2282

the Tennessee Medicaid False Claims Act, and related common-law theories under which monies may be repayable to the State and/or federal governments.

**Response:** OBJECTION. The Request seeks information that is protected by the attorney-client, work product, and deliberative process privileges. In addition, the Request does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert.

**49.** All documents and communications related to each Plaintiff's procedure for determining whether and when to implement, and for implementing and enforcing, a Document Hold in connection with an investigation involving a potential Medicaid overpayment to any person in connection with goods or services for which Medicaid coverage was sought.

**Response:** OBJECTION. The Request seeks information that is protected by the attorney-client, work product, and deliberative process privileges. In addition, the Request does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert.

**50.** All documents and communications related to each Plaintiff's procedure for determining whether, when, and how to implement or enforce a Document Hold in connection with an investigation involving, as applicable, a state Medicaid program, a state law enforcement agency, the Tennessee Bureau of Investigation, CMS, HHS, the Tennessee Office of the Attorney General, and/or the U.S. Department of Justice or any office, component, contractor, agent, or affiliate of any of the foregoing.

**Response:** OBJECTION. The Request seeks information that is protected by the attorney-client, work product, and deliberative process privileges. In addition, the Request does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert.

**51.** All communications between and/or among any of the U.S. Attorney's Office for the Eastern District of Tennessee, DOJ, the Tennessee Office of the Attorney General, HHS, CMS, TennCare, Magellan, TBI, OptumRx, and/or any other person, relating to the preservation of information in connection with the underlying investigation leading to this Action, in anticipation of this Action, and/or in connection with this Action.

**Response:** OBJECTION. The Request seeks information that is protected by the attorney-client, work product, and joint prosecution/common interest privileges. In addition, the Request does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert.

**52.** For any person who would potentially possess information relevant to this Action or to the investigation that preceded it, all documents and communications relating to any analysis or assessment undertaken by or for either Plaintiff of whether such information was actually preserved by operation of any Retention Policy or any Document Hold, including but not limited to any Document Hold not directly tied to this Action.

**Response:** OBJECTION. The Request seeks information that is protected by the attorney-client and work product privileges. In addition, the Request does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert.

**53.** For any person affiliated with either Plaintiff who was included in any Document Hold and who has informed either Plaintiff that they possess no documents, emails, or other information relevant to this Action, all documents and communications reflecting or relating to (1) any process that the person undertook to reach that determination, and (2) any process undertaken by or for either Plaintiff to verify the determination.

**Response:** OBJECTION. The Request seeks information that is protected by the attorney-client and work product privileges. In addition, the Request does not seek information or material

that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert.

**54.** Documents sufficient to identify the full names, titles and positions, dates of hiring and, if applicable, dates of separation for all persons who have, may have, had, or may have had information relevant to this Action.

**Response:** OBJECTION. The Request—which seeks information relating to "all persons who have, may have, had, or may have had information relevant to this Action"—is vague, ambiguous, and incapable of a comprehensive response. Without waiving this Objection, *see* Plaintiffs' Joint Rule 26(a)(1) disclosure tendered on August 24, 2021, the State's Response to Interrogatory #1, 2, 6, 12, and 17; and the United States' Response to Interrogatory # 1, 2, 4, 9, 12, and 14, as well as documents that have been produced in the course of discovery.

**55.** Documents sufficient to identify the first date on which each Plaintiff took any of the following steps related to, as applicable, this Action or the investigation that preceded it: (1) received any allegation, complaint, or other communication that led to the investigation of the Reilly Case; (2); referred the Reilly matter for investigation; (3) began investigating Amber Reilly; (4) began investigating Walgreens; (5) formally opened any investigation covered by (3) or (4) above, if such formal opening was not contemporaneous with the beginning of the investigation; (6) communicated with any person outside either Plaintiff, other than Walgreens, about any such investigation; (7) first determined that an overpayment may have occurred related to the Reilly Case; (8) first quantified any such alleged overpayment; (9) first had any internal discussion about a possible lawsuit against Walgreens related to the Reilly Case; (10) first had any internal discussion about any other possible legal action against Walgreens related to the Reilly Case; (11) formally sought authority to file suit against Walgreens related to the Reilly Case; (12) formally sought authority to take any other legal action against Walgreens related to the Reilly Case; (13)

11

received any authority referenced in (11) or (12) above; (14) began drafting the Complaint; and (15) received internal approval to file the Complaint.

**Response:** OBJECTION. The Request seeks information that is protected by the attorney-client, work product, and joint prosecution/common interest privileges. In addition, the Request is overbroad, unduly burdensome, and does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert. Without waiving this Objection, documents relating to "any allegation, complaint, or other communication that led to the investigation of the Reilly Case" and relating to the initiation of investigations of Reilly and/or Walgreens have been and/or will be produced.

56. For each case, other than this Action, in connection with which you implemented any Document Hold that may have resulted in the preservation of information relevant to this Action, (i) all documents and communications reflecting the Document Hold; (ii) all documents and communications related to the commencement of the case, including but not limited to all pleadings and filings in the case (if applicable); and (iii) documents sufficient to identify or describe the circumstances in which the Document Hold was implemented, including but not limited to when the Document Hold was implemented relative to all of the events listed in Request No. 55 above, to the extent those events are applicable to the case in question.

**Response:** OBJECTION. The Request seeks information that is protected by the attorney-client and work product privileges. In addition, the Request is overbroad, unduly burdensome, and does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert.

57. Documents sufficient to identify the structure and organization, during the relevant time period, of all departments, branches, sections, divisions, or other organizational units within each of TennCare, Magellan, OptumRx, TBI, the Tennessee Office of the Attorney General, HHS, CMS, the U.S. Attorney's Office for the Eastern District of Tennessee, and the Civil Division of DOJ.

12

**Response:** OBJECTION. Insofar as the Request seeks information relating to TennCare, the TBI, the Office of the Attorney General and Reporter, HHS, CMS, the U.S. Attorney's Office for the Eastern District of Tennessee, and the Civil Division of DOJ, the Request is overbroad, unduly burdensome, and does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert. Without waiving this objection, the State refers Defendant to its continuing objection to Defendant's definition of "You" as inclusive of Magellan and Optum, and again asserts that the State does not have comprehensive knowledge of, or documents relating to, the corporate structure of either Magellan or Optum. The State further objects to the relevance of the Request as it relates to Optum's corporate structure, as Optum did not become TennCare's Pharmacy Benefits Manager until February 22, 2019.

58. All documents and communications relating to the development, drafting, promulgation, and implementation of, and to the reason(s) for developing, drafting, promulgating and/or implementing, Release No. 172, including but not limited to drafts of Release No. 172, research memoranda, medical studies, internal communications, and notes, as well as any communications with TennCare related to Release No. 172.

**Response:** OBJECTION. The Request seeks information that is overbroad, unduly burdensome, and does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert. In addition, the Request seeks information as it relates to CMS Release #172 and to Section 1927(d)(4) as cited therein. The State's TennCare program is explicitly exempted from the formulary requirements of Section 1927(d)(4) by operation of its Waiver from CMS, as granted pursuant to 42 U.S.C. § 1315. Accordingly, the information sought is irrelevant. Additionally, the United States objects to the Request on the grounds that it seeks information and documents that are protected from disclosure under the attorney-client privilege and the deliberative process privilege. Subject to the foregoing objections and without waiver, to the extent that the United States identifies communications with TennCare related to Release No. 172, they will be produced or identified as privileged.

59. All internal CMS documents and communications, concerning the period from January 1, 2010 to the present, relating to any criteria used, proposed, or considered by any state Medicaid program, including but not limited to TennCare, for coverage of or payment for any Hepatitis C Medication, including but not limited to documents and communications related to whether such criteria were consistent with the Social Security Act or the policy goals of the joint

13

federal-state Medicaid program, and/or whether the criteria did or could result in the denial of coverage to Medicaid beneficiaries seeking any medically necessary drug for an FDA-approved indication.

**Response:** OBJECTION. The Request seeks information that is overbroad, unduly burdensome, and does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert. In addition, the Request seeks information as it relates to CMS Release #172 and to Section 1927(d)(4) as cited therein. The State's TennCare program is explicitly exempted from the formulary requirements of Section 1927(d)(4) by operation of its Waiver from CMS, as granted pursuant to 42 U.S.C. § 1315. Accordingly, the information sought is irrelevant. Additionally, the United States objects to the Request to the extent that it seeks information and documents that are protected from disclosure under the attorney-client privilege and the deliberative process privilege.

**60.** All documents and communications, concerning the period from January 1, 2010 to the present, relating to TennCare's applications to operate, or to continue operating, as a special demonstration project authorized by the Secretary of the Department of Health and Human Services under the waiver authority conferred by 42 U.S.C. § 1315, including but not limited to documents and communications relating to any of the following: the reason(s) and considerations underlying TennCare's applications; any notice-and-comment process related to any of the applications; any public forum held prior to the submission of an application or upon the application being granted; CMS's decisions to grant TennCare's applications; the evaluations and considerations underlying those decisions; any monitoring of TennCare's status as a special demonstration project; any complaints that TennCare was not complying with the terms of the special demonstration project set by CMS; any plan submitted by TennCare to CMS for evaluating the program; all reports TennCare has submitted to CMS or to any other person related to its status as a special demonstration project; and/or any other communications with CMS.

**Response:** OBJECTION. The Request seeks information that is overbroad, unduly

14

burdensome, and does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert. In addition, the Request seeks information as it relates to CMS Release #172 and to Section 1927(d)(4) as cited therein. The State's TennCare program is explicitly exempted from the formulary requirements of Section 1927(d)(4) by operation of its Waiver from CMS, as granted pursuant to 42 U.S.C. § 1315. Accordingly, the information sought is irrelevant. Additionally, the United States objects to the Request to the extent that it seeks information and documents that are protected from disclosure under the attorney-client privilege and the deliberative process privilege. Subject to the foregoing objections and without waiver thereof, the United States responds that documents and information responsive to this Request are publicly available at https://www.medicaid.gov/medicaid/section-1115-demo/demonstration-and-waiver-list/83206.

**61.** All documents and communications, concerning the period from January 1, 2010 to the present, relating to the cost-effectiveness of any of the Four DAAs.

**Response:** OBJECTION. The Request seeks information that is overbroad, unduly burdensome, and does not seek information or material that is relevant to any of the claims asserted in this action, or relevant to whatever defenses Defendant may assert. Plaintiffs further object to this Request to the extent that it seeks information and documents that are protected from disclosure under the attorney-client privilege and the deliberative process privilege.

**62.** For the period from October 1, 2014 to the present, all communications within either or both of the Plaintiffs, between or among the Plaintiffs, or between either of the Plaintiffs on the one hand and Magellan or OptumRx on the other hand, related to DAA coverage requirements, including but not limited to the reasons for imposing any coverage limitation, the cost implications of limiting or not limiting access to DAAs, and/or reasons for removing any coverage limitation.

**Response:** OBJECTION. The Request seeks information that is overbroad, unduly burdensome, and—to the extent that it seeks "reasons" for "coverage limitations"—irrelevant. Defendant does not have standing to challenge the "reasons" for the clinical criteria at issue. The Request also seeks information that is protected by the deliberative process privilege. Without waiving this Objection, the State refers Defendant to documents already produced, including the clinical criteria at issue, the minutes of the meetings of the Pharmacy Advisory Committee during the relevant time period, at which such clinical criteria was discussed and recommended, and documentation reflecting TennCare's consideration of the recommendations of the PAC as related to such clinical criteria.

15

**63.** For the period from October 1, 2014 to the present, all communications within either or both of the Plaintiffs, between or among the Plaintiffs, or between either of the Plaintiffs on the one hand and Magellan or OptumRx on the other hand, reflecting or relating to any attempt to identify or quantify the overpayments Plaintiffs allege in the Complaint.

**Response:** OBJECTION. The Request seeks information that is protected by the attorney-client, work product, and joint prosecution/common interest privileges.

**64.** Copies of all TennCare contracts with managed care organizations for the period from January 1, 2010 to the present.

**Response:** OBJECTION. The Request seeks the production of documents wholly irrelevant to this case.

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

By: /s/ Robert C. McConkey, III (*by ABC w/ perm*)
Robert C. McConkey, III, BPR #018118
Joseph C. Rodriguez, Ohio Bar No. 0072958
Assistant United States Attorneys
800 Market St., Suite 211
Knoxville, TN 37902
(865) 545-4167
robert.mcconkey@usdoj.gov
joe.rodriguez@usdoj.gov
*Counsel for the United States of America*

HERBERT H. SLATERY III (BPR 009077)
Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207

/s/ Andrew B. Campbell
W. ANTHONY HULLENDER (BPR 019436)
Deputy Attorney General
Medicaid Fraud and Integrity Division
(615) 532-2536
Tony.Hullender@ag.tn.gov

ANDREW B. CAMPBELL (BPR 014258)
Senior Assistant Attorney General
Public Interest Division
(615) 532-0356
Andrew.Campbell@ag.tn.gov

NATE CASEY (BPR 031060)
Assistant Attorney General
Medicaid Fraud and Integrity Division
(615) 741-2935
Nate.Casey@ag.tn.gov
*Counsel for the State of Tennessee*

17

**CERTIFICATE OF SERVICE**

        I certify that I caused to be served the State's Responses to Defendant's First Set of Interrogatories in the following manner:

By Email (on 2/14/22) and U.S. Mail (on 2/15/22) to:

    Reed Brodsky (rbrodsky@gibsondunn.com)
    GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue
    New York, NY 10166

    Michael R. Dziuban (mdziuban@gibsondunn.com)
    GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue NW
    Washington, DC 20036

    Clint J. Woodfin (cwoodfin@spicerfirm.com)
    SPICER RUDSTROM, PLLC
    800 S. Gay Street, Suite 1400
    Knoxville, TN 37929

                                           /s/ Andrew B. Campbell
                                           Andrew B. Campbell