IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA and STATE OF TENNESSEE,

    Plaintiffs,

 v.

WALGREEN CO.,

    Defendant.

Case No. 2:21-CV-00080-JRG-CRW

**UNOPPOSED MOTION FOR LIMITED
EXTENSION OF FACT DISCOVERY**

  Walgreen Co. ("Walgreens") regretfully submits this unopposed motion for a limited extension of the fact discovery deadline for six additional weeks, because Plaintiffs, the United States and the State of Tennessee (collectively, "the government"), still have not produced the long-overdue discovery that Walgreens has requested. This limited extension will not change the trial date of February 21, 2023. Counsel for the government have informed Walgreens that they do not oppose this request, and they have agreed to the proposed limited extension schedule below.

  Walgreens reluctantly requests a limited extension of the fact discovery deadline, from June 27 to August 19, in order to give the government more time to produce discovery. On February 22, 2022, as the Court may recall, Walgreens opposed the government's motion for an extension of the discovery deadlines based on the expectation that the government would comply with their discovery obligations, and produce relevant materials according to the discovery rules applicable to all parties before this Court. *See* ECF 85. Unfortunately, in contrast with Walgreens' compliance with the government's document requests, the government has yet to produce a significant volume of information and documents that Walgreens has been seeking for many

months. Walgreens' motion to compel the United States to produce numerous categories of documents and information is pending before the Court. *See* ECF 116. Briefing on that motion will not be complete until May 27, only one month prior to the current close of fact discovery. Walgreens has met and conferred with the government about multiple other outstanding discovery requests. If the government continues to refuse to comply with those requests, Walgreens will have no choice but to file another motion to compel.[1]

Walgreens has no choice but to seek this limited extension so the government has more time to produce materials Walgreens must have before it can take certain depositions. Walgreens first noticed depositions in January and February, but has postponed them for months on end in hopes of having the relevant discovery in hand. Walgreens respectfully submits that it will be severely prejudiced if it must take certain depositions by the current fact discovery deadline (June 27) without having received many documents to which it is entitled. For example, on January 14, 2022, Walgreens noticed the deposition of John Coster, a critical witness in relation to CMS Release No. 172. Four months later, the United States continues to refuse to produce significant and relevant information relating to CMS Release No. 172, not to mention Coster's responsive electronic communications, all of which are subjects of Walgreens' pending motion to compel. Walgreens would suffer severe prejudice if forced to take Coster's deposition without such discovery in hand.

Walgreens has carefully limited this extension request so that it does *not* change the trial date. If the Court grants this unopposed request, the expert discovery and dispositive motions

---

[1] Notably, it was only after Walgreens filed two motions to compel Magellan to produce documents, and then met and conferred numerous times with the State, that the State finally made additional productions starting on April 18—over eight months after Walgreens first served requests for production, and over six months after Walgreens first proposed search terms.

2

schedule would follow accordingly. Walgreens and the government have conferred, and have agreed to these proposed limited extension dates:

| Discovery Category | Current Deadline | Limited Extension Request |
|---|---|---|
| Fact Discovery | June 27, 2022 | August 19, 2022 |
| Plaintiffs' Expert Disclosures | July 1, 2022 | August 19, 2022 |
| Defendant's Expert Disclosures | August 1, 2022 | September 19, 2022 |
| Expert Discovery | August 19, 2022 | October 17, 2022 |
| Objections to Expert Testimony | August 29, 2022 | October 28, 2022 |
| Mediation Notice | August 29, 2022 | August 29, 2022 |
| Dispositive Motions | September 15, 2022 | October 28, 2022 |
| Trial Date | February 21, 2023 | February 21, 2023 |

Of course, this revised schedule can only hold if the government uses the additional time to comply fully with its discovery obligations. Additional foot-dragging almost certainly would require an additional extension, which almost certainly would impact the trial date. Once the government produces the materials that it has yet to produce and that remain the subject of Walgreens' motion to compel and other outstanding discovery requests, Walgreens remains committed to moving expeditiously to prepare for and then take certain depositions based on those materials.

For the foregoing reasons, Walgreens respectfully moves the Court for a limited fact discovery extension.

3

Date: May 23, 2022                                      Respectfully submitted,

                                                        /s/ *Reed Brodsky*

Clint J. Woodfin #016346                                Reed Brodsky* (NY Bar #2843019)
SPICER RUDSTROM, PLLC                                   GIBSON, DUNN & CRUTCHER LLP
800 S. Gay Street, Suite 1400                           200 Park Avenue
Knoxville, TN 37929                                     New York, NY 10166-0193
Tel.: (865) 673-8516                                    Tel.: (212) 351-5334
cwoodfin@spicerfirm.com                                 rbrodsky@gibsondunn.com

                                                        Jonathan M. Phillips* (DC Bar #989061)
                                                        Michael R. Dziuban* (DC Bar #1034156)
                                                        GIBSON, DUNN & CRUTCHER LLP
                                                        1050 Connecticut Avenue NW
                                                        Washington, DC 20036-5306
                                                        Tel.: (202) 955-8500
                                                        jphillips@gibsondunn.com
                                                        mdziuban@gibsondunn.com

                                                        *Attorneys for Defendant Walgreen Co.*
                                                        **Admitted pro hac vice*

## CERTIFICATE OF SERVICE

   I hereby certify that on May 23, 2022, the Clerk of Court was requested to file the foregoing Motion. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

            /s/ *Reed Brodsky*
            Reed Brodsky

            *Attorney for Defendant Walgreen Co.*